UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ABSOLUTE ACTIVIST VALUE MASTER FUND LIMITED, ABSOLUTE EAST WEST FUND LIMITED, ABSOLUTE EAST WEST MASTER FUND LIMITED, ABSOLUTE EUROPEAN CATALYST FUND LIMITED, ABSOLUTE GERMANY FUND LIMITED, ABSOLUTE INDIA FUND LIMITED, ABSOLUTE OCTANE FUND LIMITED, ABSOLUTE OCTANE MASTER FUND LIMITED, and ABSOLUTE RETURN EUROPE FUND LIMITED,

  Plaintiffs,

v.          Case No: 2:15-cv-328-FtM-29DNF

SUSAN ELAINE DEVINE,

  Defendant.

_____

**ORDER**

  This matter comes before the Court on plaintiffs' Motion to Extend the Temporary Restraining Order (Doc. #13) filed on July 10, 2015.

  On July 1, 2015, the Court granted plaintiffs' *Ex Parte* Motion for a Temporary Restraining Order (TRO), and temporarily restrained and enjoined defendant Susan Elaine Devine from transferring or dissipating any assets. (Doc. #10.) The Court found that plaintiffs "have demonstrated a substantial likelihood of success on the merits of their RICO claims" and that they "are likely to demonstrate that Devine was unjustly enriched and that

her continued retention of the Penny Stock Scheme proceeds would violate good conscience and fundamental principles of justice or equity." (Id. at 59-60.)  The Court further concluded that "the likelihood of irreparable injury is great because Devine will continue to dissipate and conceal the Penny Stock Scheme proceeds absent injunctive relief."  (Id. at 61.)

In balancing the harm to the parties, the Court noted that "[t]he TRO will allow the parties to maintain the status quo thereby ensuring that Devine will not have an opportunity to use or conceal the Penny Stock Scheme proceeds."  (Id. at 62.) Because the TRO could be modified to accommodate reasonable living expenses and attorneys' fees, the Court ultimately determined that the balance of harm weighed in favor of the Funds.  (Id.)  Finally, the Court concluded that the "entry of a TRO in this matter would serve the public interest" because "it is in the public interest to protect against fraud and to make victims of fraud whole." (Id.)

The TRO was entered on July 1, 2015, at 12:54 p.m., and states that it will "remain in effect for **fourteen (14) days**, unless the Court, for good cause shown, extends it for a like period."  (Id. at 67.)  The Order further states that a hearing will be held on July 24, 2014, "at which time Devine and/or any other affected persons may challenge the appropriateness of the Temporary Restraining Order and move to dissolve the same and at which time the Court will hear argument on plaintiffs' requested Preliminary

Injunction." (Id.) Plaintiffs now move to extend the TRO, presently set to expire on July 15, 2015, by fourteen days.

Rule 65(b)(2) of the Federal Rules of Civil Procedure states that a TRO issued without notice "expires at the time after entry--not to exceed 14 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record." Fed. R. Civ. P. 65(b)(2). Ordinarily, "a showing that the grounds for originally granting the temporary restraining order continue to exist should be sufficient" for a TRO to be extended. 11A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 2953 (3d. ed. 2015).

In this case, the Court finds that the circumstances warranting the imposition of the TRO against Devine remain unchanged. Thus, a fourteen-day extension will continue to maintain the status quo and ensures that Devine will not have an opportunity to use or conceal the Penny Stock Scheme proceeds. The extension will also allow the Court to hold a hearing on plaintiffs' motion for a preliminary injunction. For good cause shown, plaintiffs' motion for a fourteen-day extension will be granted.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' Motion to Extend the Temporary Restraining Order (Doc. #13) is **GRANTED.** The Temporary Restraining Order

(Doc. #10) shall remain in effect for an additional **fourteen (14) days.**

    **DONE and ORDERED** at Fort Myers, Florida, this   14th   day of July, 2015.

 

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record