# EXHIBIT 15

[Logo:] Federal Ministry of the Confederation

**Signature package**

Federal criminal tribunal                    [stamp:] received May 20, 2015
Criminal affairs court
Case postale 2720
CH-6501 Bellinzona

Federal prosecutor:                          Graziella de Falco Haldemann
Federal prosecutor:                          Luc Leimgruber
Assistant federal prosecutor:                Cynthia Beauverd
Legal collaborator:                          Stéphanie Tumini
Clerk:                                       Françoise Kress
Case no.:                                    SV 09.135-FAL
**Lausanne, May 19, 2015**

**Notice of accusation**
**pursuant to Art. 324 et seq. CPP**

In the case SV.09.0135-FAL

| | |
|---|---|
| Accused | **Urs MEISTERHANS**, born on ██████████, originally from Illnau-Effretikon, domiciled at ██████████, 8307 Effretikon, |
| | Assisted by Counselor Stefan DISCH, AVOCATS-CH, chemin des Trois-Rois 2, case postale 5843, 1002 Lausanne |
| Infractions | Aggravated money-laundering (Art. 305bis ch. 1 and 2 CP), Securities fraud (Art. 251 CP) and Negligence in financial operations (Art. 305ter CP) |
| Language of the proceedings | French |

Public ministry of the MFC Confederation
Françoise Kress
Route de Chavannes 31
Case postale
1001 Lausanne
tel: +41 58 480 57 90 Fax +41 58 483 33 20
www.bundesanwaltschaft.ch

Proceedings number: SV.09.0135-FAL

| | |
|---|---|
| Detention | Start of detention: July 22, 2009/Released: October 15, 2009 |
| | Start of detention: December 16, 2014/Released: December 19, 2014 |

Complainants (Art. 118 et seq. CPP):

ABSOLUTE RETURN EUROPE FUND LIMITED
ABSOLUTE EUROPEAN CATALYST FUND LIMITED
ABSOLUTE GERMANY FUND LIMITED
ABSOLUTE EAST WEST FUND LIMITED
ABSOLUTE EAST WEST MASTER FUND LIMITED
ABSOLUTE OCTANE FUND LIMITED
ABSOLUTE OCTANE MASTER FUND LIMITED
ABSOLUTE INDIA FUND LIMITED
ABSOLUTE ACTIVIST VALUE MASTER FUND LIMITED
ABSOLUTE ACTIVIST VALUE FUND LIMITED
ABSOLUTE ACTIVIST VALUE FUND LP
ABSOLUTE EAST WEST FUND LP
ABSOLUTE OCTANE FUND LP

represented by Counselor Jean-Marc CARNICE, BCCC AVOCATS Sàrl, rue Jacques-Balmat 5, case postale 5839, 1211 Geneva 11

| | |
|---|---|
| Remark | Psychiatric evaluation on-going |

Sent to the Court of criminal affairs of the Federal criminal tribunal (three-judge composition, Art. 36 par. 1 LOAP).

Proceedings number: SV.09.0135-FAL

**Table of contents**

I.        Alleged actions (Art. 325 par. 1 letter f CPP)……………………………………… 4
1.        Aggravated money-laundering (Art. 305bis ch. 1 and 2 CP)……………………………   4
1.1      Criminal origin of the laundered assets (prior infraction)………………………………  4
1.2      Acts of obstruction…………………………………………………………………… 6
1.2.1    By commission…………………………………………………………………………… 6
1.2.1.1  First phase: transfers of criminally acquired assets from bank accounts with BANQUE SCS
         ALLIANCE SA, in Zurich, to the accounts of OCEAN OFFSHORE BANK SA (in Singapore),
         SINITUS LTD (in Australia), IBEX ENERGY LTD (in Norway) and ALAN PARTNERS SA (in
         Switzerland) ........................................................................................................ 6
1.2.1.2  Second phase: Transfers of criminally acquired assets from the accounts of IBEX ENERGY LTD (in
         Norway), SINITUS LTD (in Australia), and ALAN PARTNERS SA (in Switzerland)................10
1.2.1.3  Third phase: Other acts of obstruction made following the resignation of Florian HOMM ...........17
1.2.2    By omission..........................................................................................................36
1.3      **Knowledge of the criminal origin of the laundered assets and intent to hinder the discovery of**
         **these assets**.......................................................................................................**36**
1.3.1    Knowledge of Florian HOMM ...........................................................................37
1.3.2    False identities of Florian HOMM ....................................................................38
1.3.3    Dissimulation of Florian HOMM's assets greater than USD 50 million......................................39
1.3.4    Sequence of events ..............................................................................................40
1.4      **Aggravating circumstances**................................................................................**48**
2.        **Securities fraud (Art. 251 ch. 1 CP) and negligence in financial operations (Art. 305ter CP)48**
2.1      **Use of Florian HOMM's false passport**                                                    48
2.2      **False forms A** ..................................................................................................**49**
2.2.1    Designation of Colin TRAINOR as the beneficial owner .................................................49
2.2.2    Designation of third parties as beneficial owners ...........................................................50
II.       **Civil arguments (Art. 326 par. 1 let. a CPP)……………………………………….. 54**
III.      **Coercive measures (Art. 326 par. 1 let. b CPP)…………………………………….. 55**
IV.       **Seized objects and valuables (Art. 326 par. 1 let. c CPP)…………………………….. 55**
1        **Assets……………………………………………………………………………….. 55**
2        **Objects……………………………………………………………………………….. 59**
V.        **Requisition for sanctions (Art. 326 par. 1 let. f CPP)………………………………….. 60**
VI.       **Costs of the action (Art. 326 par. 1 let. d CPP)…………………………………….. 60**
VII.      **Motion to be cited during debate (Art. printed 326 par. 1 let. h CPP)………………….....60**

Proceedings number: SV.09.0135-FAL

### I.      Alleged actions (Art. 325 par. 1 subparagraph f CPP)

### 1.      Aggravated money laundering (Art. 305bis ch. 1 and 2 CP)

Urs MEISTERHANS is accused of having committed acts, in Switzerland and from Switzerland, as part of his activity as a financial intermediary, a member of the board of directors and partner, within the SINITUS AG company, in Küsnacht, at least between May 2006 and February 2011, particularly through the following companies: SINITUS AG, SINITUS LTD, SINITUS SERVICES LTD, IBEX ENERGY LTD, OCEAN OFFSHORE BANK SA, ENERGY EIAC CAPITAL LTD, ALLEN PARTNERS SA, ADMEREX LTD, STELLAR PARTNERS LTD, RAMO LTD, GLOBAL TRADE GROUP LTD, ROSEWOOD CONSULTANT LTD, PLANTATION FOUNDATION, DONALDSON VENTURES SA, capable of hindering the identification of the origin, discovery, and confiscation, of property in the amount of at least USD 54,805,840, which he knew or at the very least should have presumed came from fraud committed by Florian HOMM through his activity as *Chief Investment Officer* (hereinafter: CIO) within the investment fund management company ABSOLUTE CAPITAL MANAGEMENT HOLDINGS LTD (hereinafter: ACMH) harming investors of these investment funds (hereinafter: the Absolute Funds) managed by ACMH.

### 1.1      Criminal origin of the laundered assets (prior infraction)

On March 6, 2013, the US Department of Justice filed a criminal complaint against Florian HOMM (**ref. 1**) and, on March 19, 2013, a notice of accusation (**ref. 2**) with the federal District Court of the United States, Central District for the State of California. The counts of the accusation against Florian HOMM are namely as follows:
- Title 18, United States Code, section 1349: Attempt and conspiracy [to commit securities fraud]
- Title 18, United States code, section 1348: Securities and commodities fraud,
- Title 18, United States code, section 1343: Fraud by wire, radio, or television

Substantively, the US Department of Justice alleged that Florian HOMM committed a fraud, at least between September 2004 and February 2008, involving several millions of dollars (USD) to the detriment of investors in several Absolute Funds which he managed in his position as CIO within the ACMH company (formed on August 26, 2004 in the Cayman Islands, and listed on the London stock market since March 3, 2006). The US Department of Justice was able to establish that Florian HOMM, with his accomplices (namely Sean EWING, Colin HEATHERINGTON, and Todd FICETO) cause the Absolute Funds to invest in small-cap companies listed on the stock market ("Penny Stocks"), through the intermediary of the broker-trader HUNTER WORLD MARKETS INCORPORATED in which Florian HOMM was a 50% shareholder, to then manipulate the price of these shares fraudulently. This system of manipulation primarily consisted in paired orders or "cross-trades" between the different Absolute Funds and in the fixing the share price of these "Penny Stocks" at the end of the day or month.

Proceedings number: SV.09.0135-FAL

These manipulations had the effect of increasing the "Penny Stock" share price and thereby the portfolio value of the Absolute Funds ("Net Asset Value," hereinafter "NAV"), thereby misleading investors of the Absolute Funds managed by ACMH about the actual value of the "Penny Stock" shares and the NAV.

The increase in the Absolute Funds' NAV allowed ACMH, that being its shareholders and its directors, to receive significant dividends and management and performance fees in the form of bonuses, which were calculated as a proportion of the NAV in light of its increase. Hence, in his capacity as CIO and majority shareholder of ACMH, Florian HOMM received significant monies as bonuses and dividends coming directly from the fraudulent system that he had implemented with his accomplices within ACMH. Furthermore, Florian HOMM drew substantial profits resulting from the sale, on his own behalf, of the "Penny Stock" shares (the price which had been manipulated) to the Absolute Funds at an elevated price. Moreover, Florian HOMM, as the majority shareholder of ACMH was able to benefit from the increase in the price of his ACMH shares, the value of which grew greater following the increase in NAV, and the considerable proceeds engendered by the sale of his ACMH shares.

The fraud was discovered following Florian HOMM's resignation from ACMH on September 18, 2007, when the Absolute Funds found themselves having non-liquid positions amounting to more than 200,000,000 USD. It should be noted that in April 2006 already, a former ACMH employee named Darius PARSI had issued an alert, under the cover of anonymity (Joseph ARNESS) about the manipulations observed in the management of the ABSOLUTE Funds by Florian HOMM, manipulations which were brought to the light of day by the American authorities following said resignation. In this alert, Darius PARSI identified, in particular, the company SPEUTZ AG (which became MISTRAL MEDIA AG) the share price which was allegedly manipulated (**ref. 3**).

Following an arrest warrant from the American authorities, Florian HOMM was arrested on March 8, 2013 in Italy. On May 12, 2014, the Administrative tribunal for the region of Lazio rejected Florian HOMM's appeal against his extradition to the United States. He appealed to the European Court of Human Rights which gave Italy a deadline to allow him guarantees that extradition to the United States would comply with the European human rights convention. Florian HOMM was released on June 3, 2014 due to administrative reasons applicable to the Italian regulations pertaining to extradition and is supposedly currently in Germany (**ref. 4**). Florian HOMM remains to this day sought by the American authorities.

In the context of the criminal proceedings brought in the United States, other arrest warrants and criminal complaints have been issued by the American authorities, particularly against Sean EWING (arrest warrant and criminal complaint of August 20, 2013) and Colin HEATHERINGTON (arrest warrant of October 8, 2013 and criminal complaint of October 20, 2013). Furthermore, several decisions to sequester assets have been pronounced, namely those respecting Susan DEVINE (former spouse of Florian HOMM) dated February 28, 2014 and Sean EWING dated February 7, 2014 and July 2, 2014 (**ref. 5**). Confiscation of the assets of Todd FICETO was also ordered on August 11, 2014 by the UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION.

It should be noted that, in parallel to the criminal prosecution conducted by the Los Angeles prosecutor's office, the SECURITIES AND EXCHANGE COMMISSION (hereinafter the SEC) is also conducting an

Proceedings number: SV.09.0135-FAL

administrative procedure for the same set of facts (**ref. 6**), which has been suspended, in this case, due to the ongoing criminal investigation.

The acts alleged against Florian HOMM in the United States may be characterized under Swiss law as fraud as understood by Art. 146 CP and aggravated bad faith management as understood by Art. 158 ch. 1 §3 CP, which are infractions that are criminal in nature.

Finally, it is important to emphasize that Florian HOMM is also sought in Switzerland for professional fraud, aggravated money laundering, and securities fraud, in the proceedings SV.09.0135-FAL. The unjust enrichment occurred in large part in Switzerland in an amount of 115,000,000 USD, particularly through the receipt of monies coming from HUNTER WORLD MARKETS INCORPORATED, dividends and bonuses from ACMH, as well as through the filing and sale of ACMH shares, to bank accounts in Switzerland at BANQUE SCS ALLIANCE SA, later becoming CBH COMPAGNIE BANCAIRE HELVETIQUE SA, in Zurich. These are the assets that were laundered in part by Urs MEISTERHANS. Hence, the acts alleged against Florian HOMM in Switzerland, in particular professional fraud and aggravated money laundering, must also be found as a prior infraction for the money laundering of which Urs MEISTERHANS is accused in the present proceedings.

**1.2**        **Acts of obstruction**

**1.2.1**        **By commission**

*Before the resignation of Florian HOMM from ACMH on September 18, 2007*

**1.2.1.1**        <u>**First phase:**</u> **Transfers of assets having a criminal origin from bank accounts with BANQUE SCS ALLIANCE SA in Zurich to accounts at OCEAN OFFSHORE BANK SA (in Singapore), SINITUS LTD (in Australia), IBEX ENERGY LTD (in Norway), and ALLEN PARTNERS SA (in Switzerland)**

Urs MEISTERHANS is accused of having committed, in his capacity as a financial intermediary, member of the board of directors and partner, within SINITUS AG, in Küsnacht, in particular, by engaging in actions designed to obstruct the identification of the origin, discovery, and confiscation of a total amount of at least USD 54,805,840, from the headquarters of this company, from May 2006 to August 2007, such amount being the result of the fraudulent acts alleged against Florian HOMM. He is also accused of having organized, from Switzerland, the dissimulation of these assets by providing Florian HOMM and his wife at that time, Susan DEVINE HOMM, bank accounts in names of offshore structures, abroad and in Switzerland, which he controlled from Switzerland with the purpose of removing them from seizure by justice and the harmed parties, and he did this by participating as a co-perpetrator in the following transfers:

1) A transfer in the amount of EUR 1,000,000 on May 26, 2006, on the order of Florian HOMM dated May 23, 2006, from account no. ▮2127 in the name of Florian HOMM with the BANQUE SCS ALLIANCE SA, in Zurich, to account no. ▮2070 in the name of OCEAN OFFSHORE BANK SA with COMMERZBANK (SOUTHEAST ASIA) LTD in Singapore (**Ref. 7**).

Proceedings number: SV.09.0135-FAL

2)  a transfer in the amount of EUR 3,000,000 on May 26, 2006, at the order of Florian HOMM dated May 23, 2006, from account no. █2538 in the name of CSI ASSET MANAGEMENT ESTABLISHMENT with BANQUE SCS ALLIANCE SA, in Zurich, to account no., to account no. ████2070 in the name of OCEAN OFFSHORE BANK SA with COMMERZBANK (SOUTHEAST ASIA) LTD in Singapore (**Ref. 8**).

3)  A transfer in the amount of EUR 6,200,000 (out of a total amount of EUR 8,000,000) on May 26, 2006, at the order of Florian HOMM on May 23, 2006, from account no. █2352 in the name of LOYR STIFTUNG with BANQUE SCS ALLIANCE SA, in Zurich, to account no. ████2070 in the name of OCEAN OFFSHORE BANK SA with COMMERZBANK (SOUTHEAST ASIA) LTD in Singapore (**Ref. 9**).

4)  A transfer in the amount of EUR 1,400,000 on August 31, 2006, at the order of Florian HOMM on August 28, 2006, from account no. █2127 in the name of Florian HOMM with BANQUE SCS ALLIANCE SA, in Zurich, to the account in the name of SINITUS LTD (client number █0400 and reference SIT02AOBU) with INVESTEC BANK (AUSTRALIA) LTD in Australia (previously NM ROTHSCHILD & SONS (AUSTRALIA) LTD) (**Ref. 10**).

5)  A transfer in the amount of USD 1,000,000 on December 8, 2006, at the order of Florian HOMM on December 5, 2006, from account no. █2127 in the name of Florian HOMM with BANQUE SCS ALLIANCE SA, in Zurich, to account number ████1719 in the name of IBEX ENERGY LTD at DNB NOR BANK ASA, in Norway (**Ref. 11**).

6)  A transfer in the amount of EUR 500,000 (of the total amount of EUR 1,000,000) on March 15, 2007, at the order of Florian HOMM on March 14, 2007, from account no. █2127 in the name of Florian HOMM with BANQUE SCS ALLIANCE SA, in Zurich, to account no. ████2256 in the name of ALLEN PARTNERS SA at UBS AG, in Zug (**Ref. 12**).

7)  A transfer in the amount of EUR 7,700,000 on May 7, 2007, at the order of Florian HOMM on May 3, 2007, from account number █2538 in the name of CSI ASSET MANAGEMENT ESTABLISHMENT with BANQUE SCS ALLIANCE SA, in Zurich, to account no. ████2256 in the name of ALLEN PARTNERS SA at UBS AG, in Zug (**Ref. 13**).

8)  A transfer in the amount of EUR 9,500,000 on May 31, 2007, at the order of Florian HOMM on May 29, 2007, from account no. █2538 in the name of CSI ASSET MANAGEMENT ESTABLISHMENT with BANQUE SCS ALLIANCE SA, in Zurich, to account number ████1719 in the name of IBEX ENERGY LTD at DNB NOR BANK ASA, in Norway (**Ref. 14**).

9)  A transfer in the amount of EUR 4,000,000 on June 19, 2007, at the order of Florian HOMM on June 15, 2007, from account no. █2538 in the name of CSI ASSET MANAGEMENT ESTABLISHMENT with BANQUE SCS ALLIANCE SA, in Zurich, to the account in the name of SINITUS LTD (client number █0440 and reference SIT02AOBU) with INVESTEC BANK (AUSTRALIA) LTD in Australia (previously NM ROTHSCHILD & SONS (AUSTRALIA) LTD) (**Ref. 15**).

10) A transfer in the amount of EUR 4,600,000 on July 30, 2007, at the order of Florian HOMM on July 25, 2007, from account number █2127 in the name of Florian HOMM with BANQUE SCS ALLIANCE SA, in Zurich, to the account in the name of SINITUS LTD (client number █0440 and reference SIT02AOBU) with INVESTEC BANK (AUSTRALIA) LTD in Australia (previously NM ROTHSCHILD & SONS (AUSTRALIA) LTD) (**Ref. 16**)

11) A transfer in the amount of EUR 2,500,000 on August 21, 2007 from account number █2127 in the name of Florian HOMM with BANQUE SCS ALLIANCE SA, in Zurich,

Proceedings number: SV.09.0135-FAL

to the account in the name of SINITUS LTD (client number █0440 and reference SIT02AOBU) with INVESTEC BANK (AUSTRALIA) LTD in Australia (previously NM ROTHSCHILD & SONS (AUSTRALIA) LTD) (**Ref. 17**),

It is stated that Urs MEISTERHANS, on behalf of Florian HOMM and Susan DEVINE HOMM, held and managed the assets transferred to the accounts of OCEAN OFFSHORE BANK SA, SINITUS LTD, IBEX ENERGY LTD, and ALLEN PARTNERS SA, and did so from his office at SINITUS AG in Küsnacht (**Ref. 18**),

It is, however, stated that Urs MEISTERHANS was acting on behalf of Florian HOMM within SINITUS AG, under cover of Florian HOMM's false Irish identity, that being Colin TRAINOR (**Ref. 19**),

It is stated that Urs MEISTERHANS was employed by SINITUS AG from 1999 to January 2013, was a member of the board of directors from February 2000 until March 2008 and from June 2009 to January 2013, as well as being a shareholder in the company (**Ref. 20**),

It is stated that the companies SINITUS AG in Küsnacht and SINITUS LTD in the island of Maurice, since 2001 at least and up to March 2011, belonged to the directors of SINITUS AG, that being Urs MEISTERHANS, Judith HAMBURGER, and Ulrich WERTHMULLER (replaced by Beat STEIMEN from 2005 until the end of 2009), with a stake of one third for each, and starting in April 2011, to Urs MEISTERHANS exclusively (**Ref. 21**),

It is stated that SINITUS AG was engaging in an activity as a financial intermediary, as understood by Art. 2 par. 3 LBA, and it was, in this respect, affiliated with a self-regulating body (hereinafter OAR) up until July 20, 2013, the date on which SINITUS AG no longer had authorization to operate as a financial intermediary, following which the FINMA delivered a decision on January 14, 2014, amended on January 27, 2014, by which it appointed an investigator, Limited the powers of the SINITUS AG bodies, and pronounced a freezing of all bank accounts and deposits held by SINITUS AG or those to which it was economically entitled (**Ref. 22**),

It is stated that SINITUS AG was placed in liquidation by a decision of the FINMA of October 17, 2014 (**Ref. 23**) and that the initiation of bankruptcy proceedings was ordered on February 25, 2015 and published in the *Feuille officielle suisse du commerce* (FOSC - the Swiss Official Commercial Gazette) on March 13, 2015 (**Ref. 24**),

It is stated that the amounts transferred to the financial vehicles controlled by Urs MEISTERHANS, that being in total EUR 40,400,000 and USD 1,000,000 (ch. 1 to 11), constitute one part of the proceeds drawn by Florian HOMM from his fraud committed in his capacity as CIO within the ACMH company between September 2004 and February 2008 at least (**Ref. 25**),

It is stated that the proceeds from this fraud were deposited in Switzerland to the bank accounts of Florian HOMM, CSI ASSET MANAGEMENT ESTABLISHMENT and LOYR STIFTUNG, with BANQUE SCS ALLIANCE SA, in Zurich, whose economic successors in interest named on the respective A forms were Florian HOMM, Susan DEVINE (former spouse of Florian HOMM according to the judgment of divorce of May 21, 2007) and/or their children (**Ref. 26**),

It is stated that these transfers occurred after the alert issued in April 2006 by a former ACMH employee by the name of Darius PARSI, under cover of anonymity, regarding irregularities observed in the management of the ABSOLUTE Funds by Florian HOMM.

Proceedings number: SV.09.0135-FAL

It is stated that Urs MEISTERHANS was the person who organized these asset transfers from Switzerland and that he had "carte blanche" from Florian HOMM to create the arrangements (**Ref. 27**),

It is stated that Urs MEISTERHANS provided the banks in question with false information, as well as false documents to show the origin and economic background of these asset transfers (**Ref. 28**),

It is stated that Urs MEISTERHANS was a director, general manager, and sole employee of the OCEAN OFFSHORE BANK SA (registered in São Tomé), who engaged in his activities from Switzerland, and was beneficiary of a an individual power of signature for the account of this entity with COMMERZBANK (SOUTHEAST ASIA) LTD in Singapore. In this capacity, he provided the bank account information for said account to Susan DEVINE (**Ref. 29**) and that he was in possession, at his office of SINITUS AG in Küsnacht, of payment orders given by Florian HOMM related to the aforementioned transfers in points 1) to 3) in the total amount of EUR 12,000,000 made on that account (**Ref. 30**),

It is stated that Urs MEISTERHANS was the director of SINITUS LTD (registered in the island of Maurice), that he was authorized to give instructions concerning the bank account opened in the name of this company with INVESTEC BANK (AUSTRALIA) LTD in Australia, to which the aforementioned transfers in points 4), 9) to 11) in the amount of EUR 12,500,000 in all were made, and that to do this, he provided Andreas SCHAER, the personal assistant to the HOMM family who was notably in charge of their finances, with the account information in USD and EUR at INVESTEC BANK (AUSTRALIA) LTD (**Ref. 31**),

It is stated that Urs MEISTERHANS was director of IBEX ENERGY LTD (registered in the British Virgin Islands), that he had a power of signature for the bank account of this entity with DNB NOR BANK ASA in Norway to which the aforementioned amounts in points 5) and 8) amounting to USD 1,000,000 and EUR 9,500,000 were transferred, and that to do this, he provided Andreas SCHAER with the bank account information for the account of IBEX ENERGY LTD at DNB NOR BANK ASA in Norway (**Ref. 32**),

It is stated that Urs MEISTERHANS was director of ALLEN PARTNERS SA through GOLD COAST DIRECTORS LTD, that he possessed a power of signature for the bank account of that entity with UBS AG, Zug to which the aforementioned amounts in points 6) and 7) in the total amount of EUR 8,200,000 were transferred (**Ref. 33**),

It is stated that Urs MEISTERHANS was the manager of SINITUS AG, Zurich, starting on November 13, 2002, for the mandate ▮▮▮▮▮▮0-GES pertaining to the client ALLEN PARTNERS SA (**Ref. 34**),

It is stated that the company ALLEN PARTNERS SA was tasked with investments on behalf of and in the name of Florian HOMM (**Ref. 35**),

It is stated that Urs MEISTERHANS misled the bank UBS AG, Zug by hiding from it the fact that the actual economic successor in interest for the assets deposited, in March and May 2007, in the total amount of EUR 8,700,000 to account no. ▮▮▮▮2256 in the name of ALLEN PARTNERS SA was Florian HOMM and not Victoria Lynne BRADBURN, who was shown

Proceedings number: SV.09.0135-FAL

as the economic successor in interest on the A form, dated June 15, 2004 and signed in Küsnacht by Urs MEISTERHANS (**Ref. 36**),

It is stated that, according to the declarations by Victoria BRADBURN, of November 25, 2014, she is not the economic beneficiary of said account (**Ref. 37**).

> **1.2.1.2**   <u>Second phase</u>: **Transfers of assets criminal in origin from bank accounts of IBEX ENERGY LTD (in Norway), SINITUS LTD (in Australia) and ALLEN PARTNERS SA (in Switzerland)**

> *1.2.1.2.1*    *Transfers of assets criminal in origin from the bank account for IBEX ENERGY LTD (in Norway) to bank accounts in Switzerland was economic beneficiary was Colin TRAINOR and successive transactions*

Urs MEISTERHANS is accused of having committed actions, in his capacity as a financial intermediary, member of the board of directors, and partner, within SINITUS AG, in Küsnacht, by particularly acting from the headquarters of this company, between January and September 2007, which were designed to hinder the identification of the origin, discovery, and confiscation of assets arising from the acts of fraud alleged against Florian HOMM, for the purpose of removing them from being subject to seizure by justice and the harmed parties, and did so by ordering from Switzerland the execution of the following transfers, and by proceeding with the successive transactions on behalf of Florian HOMM:

12) a transfer in the amount of USD 2,620,000 on January 24, 2007, at the order of Urs MEISTERHANS on January 24, 2007, from account number ████ 1719 in the name of IBEX ENERGY LTD at DNB NOR BANK ASA in Norway, to account no. ████ 2674 in the name of ENERGY EIAC CAPITAL LTD at UBS AG, in Zug, for which the economic beneficiary named on the A form is Colin TRAINOR (**Ref. 38**),

13) a transfer in the amount of EUR 500,000 on January 24, 2007, at the order of Urs MEISTERHANS on January 17, 2007, from account no. ████ 2674 in the name of ENERGY EIAC CAPITAL LTD at UBS AG, in Zug to account no. ████ 676-1 in the name of Colin TRAINOR at CREDIT SUISSE AG, in Zurich (**Ref. 39**),

14) a transfer in the amount of USD 12,900,000 on September 7, 2007, at the order of Urs MEISTERHANS on August 31, 2007, from account number ████ 1719 in the name of IBEX ENERGY LTD at DNB NOR BANK ASA, in Norway, to account no. ████ 1446 (which became no. ████ 1001) in the name of SINITUS AG at REICHMUTH & CO, in Luzerne, for which the economic beneficiary named on the A form is Colin TRAINOR (**see Ref. 11 and 14**),

15) a cash withdrawal of the aforementioned amount of USD 12,900,000 made by Urs MEISTERHANS on September 7, 2007 from account number ███ 1446 in the name of SINITUS AG at REICHMUTH & CO, in Luzerne (**Ref. 40**),

16) a cash transfer of the aforementioned amount of USD 12,900,000 ordered by Urs MEISTERHANS on September 7, 2007 to account number ███ 1447 in the name of ENERGY EIAC CAPITAL LTD at REICHMUTH & CO, in Luzerne, for which the economic beneficiary named on the A form is Colin TRAINOR (**see Ref. 40**),

Proceedings number: SV.09.0135-FAL

It is stated that the amounts of USD 12,900,000 and USD 1,000,000 (from the amount of USD 2,620,000) constitute one part of the proceeds drawn by Florian HOMM from his fraud which had been transferred to account no. ▮▮▮▮1719 in the name of IBEX ENERGY LTD at DNB NOR BANK ASA in Norway from the accounts of Florian HOMM and CSI ASSET MANAGEMENT ESTABLISHMENT at BANQUE SCS ALLIANCE SA, in Zurich (see supra transfers no. 5 and 8) (**Ref.41**),

It is stated, that during the search and seizure of the 25th and April 2013, in Urs MEISTERHANS' office, a handwritten note was found bearing the date of July 11, 2008 and the signature of Urs MEISTERHANS, in which the following is particularly indicated: "*CT (new line) CS EUR 1.2 (new line) Energy EIAC / UBS EUR 1.7 (new line) do / Reichmuth US$ 12 (new line) EUR 10*" (**Ref. 42**),

It is stated that Urs MEISTERHANS, on May 11, 2006, via the ST. VINCENT TRUST SERVICE LIMITED company, created the offshore company ENERGY EIAC CAPITAL LTD domiciled in St. Vincent & the Grenadines, for which he was director and for which the beneficial owner is Colin TRAINOR. (**Ref. 43**),

It is stated that, on May 11, 2006, Urs MEISTERHANS signed the four certificates of 100 bearer shares for the ENERGY EIAC CAPITAL LTD company, which were found in the office of Urs MEISTERHANS at SINITUS AG (**Ref. 44**),

It is stated that Urs MEISTERHANS acted, through GOLD-COAST OF DIRECTORS LTD, as the sole member of the Board of directors and "manager" of the ENERGY EIAC CAPITAL LTD company pursuant to a "MANDATE AGREEMENT" dated May 11, 2006, signed by Colin TRAINOR and Urs MEISTERHANS for GOLD-COAST DIRECTORS LTD (**Ref. 45**),

It is stated that, according to the document entitled "Certificate of Incorporation with List of Directors," GOLD-COAST DIRECTORS LTD and Urs MEISTERHANS are shown as directors of the ENERGY EIAC CAPITAL LTD (**Ref. 46**),

It is stated that Urs MEISTERHANS was the manager at SINITUS AG, as of May 11, 2006, for the mandate ▮▮▮▮ ▮▮▮▮5-GES pertaining to the client ENERGY EIAC CAPITAL LTD (**Ref. 47**),

It is stated that Urs MEISTERHANS, On December 22, 2006, opened account no. ▮▮▮▮2674 in the name of ENERGY EIAC CAPITAL LTD with UBS AG in Zug, in which he possessed a signing power through GOLD-COAST DIRECTORS LTD (**Ref. 48**),

It is stated that, Urs MEISTERHANS, signed, in Küsnacht, form A dated December 19, 2006, designating Colin TRAINOR As the beneficial owner of the assets deposited in the aforementioned account (**Ref. 49),**

It is stated that Urs MEISTERHANS, on January 8, 2007, opened account no. ▮▮▮▮676-1 in the name of Colin TRAINOR at CREDIT SUISSE AG, Zurich, in which he possessed an individual power of signature (**Ref. 50**),

Proceedings number: SV.09.0135-FAL

It is further alleged that Urs MEISTERHANS signed, in Zürich, form A dated December 23, 2006 and also bearing the signature of Colin TRAINOR, designating Colin TRAINOR as being the beneficial owner of the assets deposited into the aforementioned account opened in the name of Colin TRAINOR at CREDIT SUISSE AG, in Zürich

It is further alleged that Urs MEISTERHANS, on September 3, 2007, opened account numbers ███ 1446 (which became no. ██████ 1001) in the name of SINITUS AG and ███ 1447 in the name of ENERGY EIAC CAPITAL LTD at REICHMUTH & CO, in Luzerne, over which she had a power signature (**Ref. 51**).

It is further alleged that Urs MEISTERHANS, in Küsnacht, signed the forms A dated August 31, 2007 pertaining to the accounts for SINITUS AG and ENERGY EIAC CAPITAL LTD at REICHMUTH & CO, in Luzerne, designating Colin TRAINOR as being the beneficial owner of the assets deposited in these accounts (**Ref. 52**).

It is further alleged that account no. ███ 1447 in the name of ENERGY EIAC CAPITAL LTD at REICHMUTH & CO, in Luzerne, was closed on January 6, 2009 at the order of Urs MEISTERHANS on December 24, 2008 (**Ref. 53**).

It is further alleged that Colin TRAINOR is the false Irish identity of Florian HOMM (of which Urs MEISTERHANS was aware at the time of the alleged acts (see infra pt. 1.3).

It is further alleged that Urs MEISTERHANS misled the banks UBS AG, CREDIT SUISSE AG and REICHMUTH & CO by delivering to them a copy of Florian HOMM's false Irish passport made out in the name of Colin TRAINOR and by thereby hiding from them the actual identity of the contracting party, as well as by giving false information about the origin of the assets deposited in the aforementioned accounts (**Ref. 54**).

It is further alleged that Urs MEISTERHANS managed in Switzerland, from his office at SINITUS AG, in Küsnacht, Florian HOMM's assets under the cover of his false Irish identity column TRAINOR (**Ref. 55**), by hiding this fact from the other members of the SINITUS AG Board of directors, the Compliance manager for SINITUS AG, and the OAR.

It is further alleged that the assets deposited into account no. ██████ 2674 in the name of ENERGY EIAC CAPITAL LTD at UBS AG, in Zug, account no. ██ 676-1 in the name of Colin TRAINOR at CREDIT SUISSE AG, Zürich, and account no. ███ 1230 (formerly ███ 1446) in the name of SINITUS AG at REICHMUTH & CO, in Luzerne, are the subject of seizures ordered respectively on August 25, 2009, August 27, 2009, and March 10, 2011 (**Ref. 56**).

### 1.2.1.2.2    Transfers of criminally acquired assets from the account of SINITUS LTD in Australia to the account in the name of SINITUS AG at BANQUE PASCHE SA, in Zürich, and successive transactions made on this account on behalf of Florian HOMM

Urs MEISTERHANS is accused of having committed, in his capacity as financial intermediary, member of the board of directors, and partner at SINITUS AG, in Küsnacht, by acting in particular from the headquarters of this company, from May 2007 to September 2007, acts

Proceedings number: SV.09.0135-FAL

designed to hinder the identification of the origin, the discovery, and confiscation of assets arising from the acts of fraud alleged against Florian HOMM, with the purpose of removing them from seizure by Justice and the harmed parties, and did this by ordering from Switzerland, on behalf of Florian HOMM, the following transfers from the account of SINITUS LTD at INVESTEC BANK AUSTRALIA) LTD, in Australia to the account for SINITUS AG at BANQUE PASCHE SA, in Zürich, as well as by performing the following transactions from this account:

17. one transfer in the amount of USD 4,000,000 on May 14, 2007 at the order of Urs MEISTERHANS on May 13, 2007, from the account in the name of SINITUS LIMITED (customer number ██0440 and reference SIT02AOBU), at INVESTEC BANK AUSTRALIA) LTD in Australia to account no. ███4017 in the name of SINITUS AG at BANQUE PASCHE SA, in Zürich (**Ref. 57**),

18. a cash withdrawal of USD 2,000,000 made by Urs MEISTERHANS on May 18, 2007 from account no. ███4017 in the name of SINITUS AG at BANQUE PASCHE SA, in Zürich (**Ref. 58**),

19. a transfer in the amount of USD 6,000,000 on June 8, 2007, at the order of Urs MEISTERHANS on June 70,007, from the account in the name of SINITUS LIMITED (customer number ██0440 and reference SIT02AOBU), at INVESTEC BANK AUSTRALIA) LTD in Australia, to account no. ███4017 in the name of SINITUS AG at BANQUE PASCHE SA, in Zürich (**Ref. 59**),

20. the purchase of USD 8,305,110 in return for AUD 9,900,000, on June 15, 2007 in account no. ███4017 in the name of SINITUS AG at BANQUE PASCHE SA, in Zürich performed at the order of Urs MEISTERHANS (**Ref. 60**),

21. the subscription, on June 15, 2007, of HONAN HOLDINGS PTY LTD bonds having a value of AUD 10,000,000 (of which AUD 9,900,000 resulted from the aforementioned currency exchange transaction) performed at the order of Urs MEISTERHANS from account no. ███4017 in the name of SINITUS AG at BANQUE PASCHE SA, in Zürich (account no. ███4017 in the name of SINITUS AG at BANQUE PASCHE SA, in Zürich (**Ref. 61**),

22. one transfer in an amount of USD 500,000 on September 17, 2007, at the order of Urs MEISTERHANS on September 14, 2007, from account no. ███4017 in the name of SINITUS AG at BANQUE PASCHE SA, in Zürich to account no.█████618-1 in the name of Colin TRAINOR at PRIMER BANCO DEL ISTMO SA in Panama (**Ref. 62**),

It is further alleged that the analysis of the account in the name of SINITUS AG at BANQUE PASCHE SA, in Zürich allowed the finding that the purpose of this account was to allow the implementation of a financial montage, in the form of a bond issued by HONAN HOLDINGS PTY LTD, allowing this company, namely, to bring assets into Australia in the form of a loan and, in parallel, to have them leave Australia in the form of interest (**Ref. 63**).

It is further alleged that the assets used in this montage came, in June 2005 and March 2007, in the amount of AUD 40 million from John Thomas HONAN (alias Dick HONAN) via various companies, and in June 2007 from SINITUS LAMENTED from its account at INVESTEC BANK AUSTRALIA) LTD, in Australia, in the amount of AUD 10 million.

It is further alleged that this SINITUS LTD account had been credited, between August 31, 2006 and August 21, 2007, with assets amounting to EUR 12,500,000 in all, coming from the account of Florian HOMM and CSI ASSET MANAGEMENT at BANQUE SCS ALLIANCE SA, in Zurich, which were the results of the acts of fraud alleged against Florian HOMM.

Proceedings number: SV.09.0135-FAL

It is further alleged that Urs MEISTERHANS hid from BANQUE PASCHE SA, in Zürich, the actual identity of the beneficial owner of the assets deposited in this account, by falsely designating, on the form A dated November 23, 2000 and the form A dated March 28, 2008, SINITUS AG than Matthew Frazer NASH as being the beneficial owner (**Ref. 64**).

It is further alleged that Matthew Frazer NASH stated that he was not the beneficial owner of the assets deposited in this account (**Ref. 65**).

It is further alleged that Urs MEISTERHANS provided the concerned banks with false information about Matthew Frazer NASH to complete the customer profiles pertaining to the identification of the beneficial owner.

It is further alleged that Urs MEISTERHANS, on July 26, 2012, sent to BANQUE PASCHE SA, in Zürich, a form T dated July 26, 2012 and bearing his signature, designating PRINCETON UNIVERSITY as being the beneficial owner of the assets deposited in the account in the name of SINITUS AG opened at said bank.

It is further alleged that BANQUE PASCHE SA, did not apply said form T due to a lack of clarification about the change in beneficial owner and irregularities observed in this form.

It is further alleged that the assets deposited into the account in the name of SINITUS AG at BANQUE PASCHE SA, in Zürich were the subject of a seizure ordered on June 9, 2011 (**Ref. 66**).

### 1.2.1.2.3    Transfers of comely acquired assets from the account for ALLEN PARTNERS SA at UBS AG, Zug, to accounts abroad

Urs MEISTERHANS is accused of having committed, in his capacity as a financial intermediary, a member of the board of directors and partner at SINITUS AG, in Küsnacht, by acting in particular from the headquarters of this company, from March 2007 to October 2007, acts designed to hinder the identification of the origin, discovery, and confiscation of assets arising from acts of fraud alleged against Florian HOMM, with the purpose of removing them from seizure by justice and harmed parties, and did this by ordering from Switzerland, on behalf of Florian HOMM, the following transfers from account no. ████2256 in the name of ALLEN PARTNERS SA at UBS AG, Zug:

23) five transfers in a total amount of EUR 999,488, of which at least EUR 500,000 was criminally acquired, between March 30, 2007 and July 18, 2007, at the order of Urs MEISTERHANS on March 22, 2007, April 22, 2007, May 22, 2007, June 22, 2007, and July 22, 2007, in favor of RICH GERMANY GMBH, account no. IBAN DE████████████4300 at SPARKASSE NUERNBERG in Germany (**Ref. 67**),

24) two transfers in a total amount of EUR 50,000 on July 9 and 29, 2007, at the order of Urs MEISTERHANS on July 5 and 26, 2007, in favor of INVESPAN ANSTALT (**Ref. 68**).

Proceedings number: SV.09.0135-FAL

25) one transfer in the amount of EUR 500,000 on June 4, 2007, at the order of Urs MEISTERHANS on May 31, 2007, in favor of Ismail Hakki SIMSEK, account no. ███ 7300 at COMMERZBANK AG in Germany (**Ref. 69**),

26) one transfer in the amount of EUR 300,000 on June 15, 2007, at the order of Urs MEISTERHANS on June 14, 2007, in favor of LIFEJACK AG, account no. IBAN DE██████████1300 at COMMERZBANK AG in Germany (see **Ref. 13**),

27) one transfer in the amount of USD 5,000,000 on September 14, 2007, at the order of Urs MEISTERHANS on September 11, 2007, in favor of HYCARBEX AMERICAN ENERGY INC., account no. ███████ 0201 at PICIC COMMERCIAL BANK LIMITED in Pakistan (see **Ref. 13**),

28) one transfer in the amount of EUR 3,000,000 on October 11, 2007, at the order of Urs MEISTERHANS on October 9, 2007, in favor of VERTICAL FINANCIAL HOLDING ESTABLISHMENT, account no. IBAN MC██████████1T03 at BANK JULIUS BAER (MONACO) S.A.M. (formerly ING BARING PRIVATE BANK) in Monaco (see **Ref. 13**).

It is further alleged that Florian HOMM had transferred, on March 15 and May 7, 2007, from his account and that of CSI ASSET MANAGEMENT at BANQUE SCS ALLIANCE SA, in Zurich, a part of the proceeds drawn from his fraud in the amount of EUR 8,200,000 in total to the account of ALLEN PARTNERS SA, at UBS AG, Zug (see supra transfers nos. 6 and 7).

It is recalled that the company ALLEN PARTNERS SA was tasked with investments in the name of Florian HOMM (**Ref. 70**).

It is recalled that these facts were hidden from the bank by Urs MEISTERHANS by falsely designating Victoria Lynn BRADBURN on the form A as being the beneficial owner, even though according to the latter's own statements of November 25, 2014, she was not the beneficial owner of said account (**Ref. 71**).

It is further alleged that the two transfers in a total amount of EUR 50,000, made on July 9 and 29, 2007, are related to the rental of a villa in Majorca by Urs MEISTERHANS on behalf of Florian HOMM (see **Ref. 68**).

It is further alleged that the transfers in favor of RICH GERMANY GMBH, Ismail Hakki SIMSEK and LIFEJACK AG were all made at the request of Florian HOMM (**Ref. 72**).

It is further alleged that the transfer of EUR 3,000,000 on October 11, 2007, made following Florian HOMM's resignation from ACMH, corresponded, according to JULIUS BAER (MONACO) S.A.M. in a dividend of EUR 3,668,814, following deduction of costs associated with DONALDSON VENTURES SA of EUR 668,000, which was owed to the ultimate shareholder of DONALDSON VENTURES SA, that being VERTICAL FINANCIAL HOLDING ESTABLISHMENT, following the sale of the company MASS RESPONSE GMBH to AUSTRIAN TELEKOM (**Ref. 73).**

However, it is further alleged that analysis of the account of ALLEN PARTNERS SA, at UBS AG, Zug was able to show that the amount of EUR 3,000,000 came in reality from the sale of ACMH shares and ACMH dividends received by CSI ASSET MANAGEMENT ESTABLISHMENT (**Ref. 74**), that being the proceeds drawn by Florian HOMM from his criminal activities.

Proceedings number: SV.09.0135-FAL

It is further alleged that the beneficial owner of the bank account in the name of VERTICAL FINANCIAL HOLDING ESTABLISHMENT at JULIUS BAER (MONACO) S.A.M. in Monaco is namely Jacob AGAM, a friend of Florian HOMM (**Ref. 75**).

It is also stated that a dividend of EUR 3,660,814 was credited on October 4, 2007 to the account in the name of DONALDSON VENTURES SA at UBS AG in Singapore by VERTICAL TWISTER B.V. as part of the sale of MASS RESPONSE GMBH (MRS) (**Ref. 76**).

It is further alleged that, during the search and seizure operations of April 25 and 26, 2013 of the SINITUS AG premises, a notice of credit was found for the account in the name of DONALDSON VENTURES SA at UBS AG in Singapore (**Ref. 77**).

It is further alleged that, during these same search and seizure operations, in Urs MEISTERHANS' office, the above-mentioned handwritten note was found (**see Ref. 42**) bearing the date of July 11, 2008 and the signature of Urs MEISTERHANS, in which reference is specifically made to "*Donaldson/UBS S EUR 5.5*" under the title "*in transit*," it being recalled that in the same note, reference is made to the accounts of "CT" (Colin TRAINOR) at "CS," "UBS" and "Reichmuth."

It is further alleged that, during the search and seizure operations of the SINITUS AG premises on April 25 and 26, 2013, a close order was found dated February 23, 2010 for the account in the name of DONALDSON VENTURES SA at UBS AG in Singapore, which bears the signature of Judith HAMBURGER and Urs MEISTERHANS. In this order, a request is made to transfer all assets in the account to the account in the name of DONALDSON VENTURES SA at PRIVATBANK IHAG ZURICH AG in Switzerland (**Ref. 78**).

It is further alleged that the amount of EUR 377,574 was transferred on April 9, 2010 from the account in the name of DONALDSON VENTURES SA at UBS AG in Singapore to the account bearing the same name at PRIVATBANK IHAG ZURICH AG.

It is further alleged that Urs MEISTERHANS, in his capacity as director of the DONALDSON VENTURES SA company undertook the steps to open, on February 4, 2010, the account in the name of DONALDSON VENTURES SA at PRIVATBANK IHAG ZURICH AG, and, on the form A, designated Patrick Noel VAN GEYZEL KELAART as being the beneficial owner.

It is further alleged that the account in the name of DONALDSON VENTURES SA at PRIVATBANK IHAG ZURICH AG was closed on July 11, 2012, at the order of Urs MEISTERHANS on May 29, 2012, by which he asked said account to be closed and that the assets in the account to be transferred to the account of the same name at BANK VONTOBEL AG in Zürich, for which the beneficial owner is Patrick Noel VAN GEYZEL KELAART.

It is further alleged that this account is currently the subject of a criminal seizure ordered on October 17, 2014 (**Ref. 79**).

Proceedings number: SV.09.0135-FAL

*Following Florian HOMM's resignation from ACMH on September 18, 2007*

### 1.2.1.3        Third phase: Other acts of obstruction made following the resignation of Florian HOMM

#### 1.2.1.3.1        Gold transactions

Urs MEISTERHANS is accused of having committed, in his capacity as a financial intermediary, member of the board of directors, and partner at SINITUS AG, in Küsnacht, by acting in particular from the headquarters of this company, between September 2007 and February 2011, acts designed to hinder the identification of the origin, discovery, and confiscation of assets arising from the acts of fraud alleged against Florian HOMM, with the purpose of removing them from seizure by Justice and harmed parties, and did this by ordering or by performing, on behalf of Florian HOMM, the following operations:

*Operations involving 150 kg of gold:*

29. purchase of 150 kg of gold (contained in boxes nos. 879 to 884), on September 28, 2007 from CREDITS REESE AG, Zürich, by CSI MANAGEMENT ESTABLISHMENT, from its account no. ███████8.001.EUR from BANQUE SCS ALLIANCE SA, for an amount of EUR 2,508,750 (**Ref. 80**),
30. delivery of 100 kg of gold to boxes nos. 880 to 883, on October 23, 2007 by Urs MEISTERHANS, via SECUREPOST AG, to UBS AG, Küsnacht, to be credited to account no. ██████2674 in the name of ENERGY EIAC CAPITAL LTD at UBS AG, in Zug, for which Colin TRAINOR is designated as being the beneficial owner (**see Ref. 80**),
31. sale of 100 kg of gold on October 23, 2007 (posting date: October 25, 2007) to UBS AG, Switzerland, in an amount of CHF 2,849,715 credited to bank account no. ██████2674 in the name of ENERGY EIAC CAPITAL LTD at UBS AG, in Zug, (**see Ref. 80**),
32. delivery of 47 kg of gold (of the remaining 50 kg of gold) on October 23, 2007 to CREDIT SUISSE AG, Küsnacht (**see Ref. 80**),
33. sale of 47 kg of gold on October 23, 2007 (posting date October 25, 2007) to CREDIT SUISSE AG, at the order of Urs MEISTERHANS, in an amount of CHF 1,337,855, credited to bank account no. ██████676-1 in the name of Colin TRAINOR at CREDIT SUISSE AG, Zürich (**see Ref. 80**).

It is further alleged that the purchase of the 150 kg of gold was financed using funds resulting from the sale, on September 26, 2007, by CSI MANAGEMENT ESTABLISHMENT of 10,000,000 shares of ACMH from its account no. ██████.0002.GBP at BANQUE SCS ALLIANCE SA, Zürich, for a net amount of GBP 3,520,000 credited to said account on September 26, 2007.

It is further alleged that the document entitled BOERSENABRECHNUNG dated September 25, 2007 regarding this operation was found, during the search and seizure operations of the SINITUS AG, Küsnacht, premises on April 25 and 26, 2013 in the office of Urs MEISTERHANS (**Ref. 81**).

Proceedings number: SV.09.0135-FAL

It is further alleged that the debit notice pertaining to the purchase of the 150 kg of gold by CSI MANAGEMENT ESTABLISHMENT, from its account no. ███████.001.EUR at BANQUE SCS ALLIANCE SA, in the amount of EUR 2,508,7500 was found , during the search and seizure operations of the SINITUS AG, Küsnacht, premises on April 25 and 26, 2013 in the office of Urs MEISTERHANS (**Ref. 82**)

It is further alleged that a document entitled "Sengungsbordereau no. 28816" from CREDIT SUISSE AG, attesting to the delivery by this bank of 150 kg of gold to BANQUE SCS ALLIANCE SA into boxes no. 879 to 884, and bearing a handwritten note indicating 147 kg, was found during the search and seizure operations of the SINITUS AG, Küsnacht, premises on April 25 and 26, 2013 in the office of Urs MEISTERHANS (**Ref. 83**).

It is further alleged that , during the search and seizure operations of the SINITUS AG, Küsnacht, premises on April 25 and 26, 2013 in the office of Urs MEISTERHANS, was found a document entitled "Lieferschein/Auftrag" dated September 28, 2007, according to which MSE delivered, at the order of CREDIT SUISSE UETLIHOF, Zürich to BANQUE SCS ALLIANCE SA, Zürich, six boxes bearing numbers 879 to 884, with a total weight of 153.3 kg (**Ref. 84**).

It is further alleged that, during the search and seizure operations of the SINITUS AG, Küsnacht, premises on April 25 and 26, 2013 in the office of Urs MEISTERHANS, was found the unsigned withdrawal slip for 150 kg of gold acquired from the account for CSI MANAGEMENT ESTABLISHMENT at BANQUE SCS ALLIANCE SA, Zürich (**Ref. 85**)

It is further alleged that the withdrawal slip for the 150 kg of gold, dated September 28, 2007, received from BANQUE SCS ALLIANCE SA, bears the signature of Silvio VOGT, director of CSI MANAGEMENT ESTABLISHMENT at JURACTA TREUUNTERNEHMEN REG, in Vaduz, as of September 27, 2007 (**Ref. 86**).

It is further alleged that, during his deposition of October 18, 2013, Silvio VOGT confirmed that he signed this withdrawal slip for 150 kg of gold from his office in Liechtenstein but denies ever having had these 150 kg of gold in his possession.

Furthermore, Silvio VOGT acknowledged that his "Vertragspartner" (contracting party) in the context of his mandate for CSI MANAGEMENT ESTABLISHMENT was Urs MEISTERHANS and that the gold transactions had been planned by the latter (**Ref. 87**).

Accordingly, Urs MEISTERHANS orchestrated the purchase of 150 kg of gold on September 28, 2007 by CSI MANAGEMENT ESTABLISHMENT, from its account no. ███████.001.EUR at BANQUE SCS ALLIANCE SA, for which the beneficial owner was Florian HOMM, and the delivery of 147 kg of this gold to UBS AG, Küsnacht, on October 23, 2007, in order to sell and credit the proceeds from the sale, in the amount of CHF 4,187,570 in all (CHF 2,849,715 + CHF 1,337,855), to accounts in which Florian HOMM was no longer indicated as being the beneficial owner, but instead his false identity of Colin TRAINOR.

These acts of obstruction performed by Urs MEISTERHANS allowed Florian HOMM to receive, in Switzerland, under the cover of his false identity, Colin TRAINOR, more than CHF 4,000,000 corresponding to the proceeds from the sale of 147 kg of gold.

It is further alleged that all of the above-mentioned operations (nos. 29 to 33) were performed following the resignation and flight of Florian HOMM on September 18, 2007.

Proceedings number: SV.09.0135-FAL

*Transactions involving 243 kg of gold:*

34)  purchase of 118 kg of gold by SINITUS AG from UBS AG, Switzerland, at the order of Urs MEISTERHANS in an amount of USD 2,802,541, from the account of SINITUS LTD with INVESTEC BANK (AUSTRALIA) LTD dated October 5, 2007 (**Ref. 88**),

35)  purchase of 125 kg of gold by SINITUS AG from UBS AG, Switzerland, at the order of Urs MEISTERHANS in an amount of USD 3,641,360, from the account of SINITUS LTD with INVESTEC BANK (AUSTRALIA) LTD dated January 28, 2008 (**Ref. 88**),

36)  sale of 243 kg of gold (118 kg + 125 kg) to UBS AG, Switzerland, at the order of Urs MEISTERHANS, on February 4, 2008 in an amount of USD 7,223,118, credited to bank account no. ███████0705 in the name of RAMO LTD with UBS AG, Zug, dated February 4, 2008 (**Ref. 88**),

37)  transfer of USD 1,823,000, dated February 4, 2008, at the order of Urs MEISTERHANS on January 31, 2008, from bank account no. ███████0705 in the name of RAMO LTD, with UBS AG, Zug, to account no. ███████2674 for ENERGY EIAC CAPITAL LTD at UBS AG, Zug, for which Colin TRAINOR is designated at being the beneficial owner. (**see Ref. 88**),

It is stated that Florian HOMM, between August 31, 2006 and August 21, 2007, had transferred from his account and that of CSI ASSET MANAGEMENT ESTABLISHMENT at BANQUE SCS ALLIANCE SA, in Zurich, one part of the proceeds drawn from his fraud in an amount of EUR 12,500,000 in all to the SINITUS account with INVESTEC BANK (AUSTRALIA) LTD (see supra transfers no. 4, 9, to 11).

It is stated that all of the aforementioned operations (no. 34 to 37) were performed following the resignation and flight of Florian HOMM on September 18, 2007.

It is stated that Urs MEISTERHANS, acted from Switzerland, particularly from his office at SINITUS AG, in Küsnacht (**Ref. 89**),

it being stated that these obstructive actions performed by Urs MEISTERHANS allowed Florian HOMM to repatriate his criminally-acquired gains into Switzerland, namely under the cover of his false identity, Colin TRAINOR, by interrupting the tracking of the financial flows.

It is stated that, according to the A forms dated July 31, 2003 and February 1, 2005, signed by Urs MEISTERHANS, associated with account no. ███████0705 in the name of RAMO LTD, with UBS AG in Zug, the beneficial owner of the assets filed in this account was Annamaria Alexandra STANCIULESCU, respectively Hans Rudolf KUNZ (**Ref. 90**), whereas in reality, the actual beneficial owner of the assets resulting from the sale of 243 kg of gold was Florian HOMM.

It is stated that Urs MEISTERHANS had a power signature over the aforementioned account (**Ref. 91**),

It is stated that account no. ███████0705, in the name of RAMO LTD with UBS AG, Zug, was closed on August 25, 2010, at the order of Urs MEISTERHANS dated August 5, 2010, and the balance was transferred to account number ███████3367 for RAMO LTD limited with the bank

Proceedings number: SV.09.0135-FAL

PICTET & CIE BANQUIERS in Geneva, the assets of which were the subject of a seizure ordered on May 19, 2011 (**Ref. 92**),

It is stated that according to the form A of September 3, 2003, signed by Urs MEISTERHANS and Michel VONLANTHEN, the beneficial owner for the assets deposited in account number ▉▉▉3367 in the name of RAMO LTD, with PICTET & CIE BANQUIERS, is Annamaria Alexandra STANCIULESCU, which does not comport with reality.

***Transactions involving 149 kg of gold:***

38)　　purchase of approximately 149 kg of gold (12 bars) by SINITUS LTD, on July 31, 2007, from its account with INVESTEC BANK (AUSTRALIA) LTD (client no. ▉0440 and reference SITO2A OBU), at the order of Urs MEISTERHANS in an amount of EUR 2,336,284 debited on August 2, 2007 (**Ref. 93**),

39)　　deposit of this 149 kg of gold into account no. ▉▉▉5239 in the name of SINITUS TRUSTEE LTD at JULIUS BAER & CO AG, in Zurich, dated February 17, 2009 and the sale of this gold, dated February 20, 2009, at the order of Urs MEISTERHANS, in an amount of GBP 3,247,338 credited on that same day to the GBP account number ▉▉▉▉▉▉02.01 for the customer SINITUS TRUSTEE LTD (**Ref. 94**),

40)　　conversion into USD, on February 20, 2009, of the proceeds from the sale of the gold, i.e. USD 4,610,570, in account no. ▉▉▉.5239 in the name of SINITUS TRUSTEE LTD with JULIUS BAER & CO AG, in Zurich (**Ref. 95**),

41)　　conversion into CHF, on March 6, 2009, of the aforementioned amount (USD 2,209,006) that being CHF 2,600,000, in account no. ▉▉▉.5239 in the name of SINITUS TRUSTEE LTD with JULIUS BAER & CO AG, in Zurich, on the order of Urs MEISTERHANS (**Ref. 96**),

42)　　transfer of an amount of CHF 2,600,000, on March 6, 2009, from account no. ▉▉▉.5239 at JULIUS BAER & CO AG, in Zurich, to account no. ▉▉▉▉▉6.266 in the name of RAMO LTD at ZUERCHER KANTONALBANK in Zurich, on the order of Urs MEISTERHANS on March 4, 2009 (**Ref. 97**),

43)　　transfer of an amount of CHF 900,000, on February 15, 2011, from account no. ▉▉▉▉▉6.266 at RAMO LTD to ZUERCHER KANTONATIONALBANK, in Zurich, to account no. ▉▉▉3367 in the name of RAMO LTD at PICTET & CIE BANQUIERS in Geneva, on the order of Urs MEISTERHANS on February 11, 2011 (**Ref. 98**),

It is stated that Florian HOMM, on June 20 and July 31, 2007, had transferred from his account and that of CSI ASSET MANAGEMENT ESTABLISHMENT with BANQUE SCS ALLIANCE SA, in Zurich, to the account of SINITUS LTD with INVESTEC BANK (AUSTRALIA) LTD, in Australia, amounts totaling EUR 4,000,000 and EUR 4,600,000, coming from his criminal activities (see supra transfers no. 9 and 10),

It is recalled that the purchase of the 149 kg of gold was made on July 31, 2007 from the account in the name of SINITUS LTD with INVESTEC BANK (AUSTRALIA) LTD,

It is stated that this gold had been deposited in Switzerland with UBS AG, in Zurich, and subsequently, was deposited with COSMOTRANS AG, in Zurich, from August 2007 to February 2009 (**Ref. 99**),

Proceedings number: SV.09.0135-FAL

It is stated that all of the transactions that followed this purchase of gold (nos. 39 to 43) were performed following the resignation and flight of Florian HOMM on September 18, 2007,

It is stated that all of the aforementioned operations were ordered by Urs MEISTERHANS, who acted from Switzerland, particularly from his office at SINITUS AG, in Küsnacht (**Ref. 100**),

It is stated that Urs MEISTERHANS had an individual power of signature through the intermediary of GOLD-COAST DIRECTORS LTD in account no. ▮▮▮.5239 in the name of SINITUS TRUSTEE LTD with JULIUS BAER & CO AG, in Zurich (**Ref. 101**),

It is stated that, according to the form A dated May 28, 2008, and bearing the signature of Judith HAMBURGER, the economic beneficiaries of the assets deposited in the account for SINITUS TRUSTEE LTD with JULIUS BAER & CO AG were Sergey KUZNETSOV, Alexander MYACHIN and Alexander BARMASHOV (**Ref. 102**),

It is stated, however, that these persons named on the form A, were not the economic beneficiaries of the 149 kg of gold, respectively the proceeds from the sale of this cold, filed in the account in the name of SINITUS TRUSTEE LTD with JULIUS BAER & CO AG, since the assets having finance the purchase of this gold came from Florian HOMM (**Ref. 103**),

It is stated that account number ▮▮▮6.266 in the name of RAMO LTD with ZUERCHER KANTONALBANK, in Zurich, was opened on March 2, 2009, at the request of Urs MEISTERHANS (**Ref. 104**), that being several days before the transfer of one part of the proceeds resulting from the sale of said gold, that being CHF 2,600,000 coming from SINITUS TRUSTEE LTD with JULIUS BAER & CO AG, dated March 6, 2009,

It is stated that according to the form A dated February 20, 2009, signed by Urs MEISTERHANS, the beneficial owner of the assets deposited in the account in the name of RAMO LTD with ZUERCHER KANTONALBANK, is Hans Rudolf KUNZ (**Ref. 105**), the former chairman of the board of directors of SINITUS AG from April 1, 2010 until March 22, 2012.

It is stated that Urs MEISTERHANS had an individual power of signature in the name of RAMO LTD with ZUERCHER KANTONALBANK, in Zurich (**Ref. 106**),

It is stated that, no other amount apart from that of CHF 2,600,000 coming from SINITUS TRUSTEE LTD, was credited to the aforementioned account until February 15, 2011, the date on which the amount of CHF 900,000 (see supra transfer no. 42) was transferred to account no. ▮▮▮3367 in the name of RAMO LTD at PICTET & CIE BANQUIERS, in Geneva (**Ref. 107**),

It is stated that according to the form A of September 3, 2003, signed by Urs MEISTERHANS and Michel VONLANTHEN, the beneficial owner for the assets deposited in account number ▮▮▮3367 in the name of RAMO LTD, with PICTET & CIE BANQUIERS, is Annamaria Alexandra STANCIULESCU (**Ref. 108**), which does not comport with reality,

It is stated that account no. ▮▮▮3367 of RAMO LTD with the bank PICTET & CIE BANQUIERS, in Geneva, was the subject of a seizure ordered on May 19, 2011 (**Ref. 109**),

Proceedings number: SV.09.0135-FAL

It is stated that account no. ███████6.266, in the name of RAMO LTD with ZUERCHER KANTONALBANK, in Zurich, was closed on October 10, 2014, at the order of Urs MEISTERHANS dated September 29, 2014, and the balance was transferred to an account with the BANK OF BARODA in Dubai (**Ref. 110**).

### *1.2.1.3.2 Transfers of criminally-acquired assets abroad or to Switzerland from accounts in Switzerland whose beneficial owner is Colin TRAINOR and successive transactions*

Urs MEISTERHANS is accused of having committed, in his capacity as a financial intermediary, member of the board of directors and partner, at SINITUS AG, in Küsnacht, by acting, in particular, from the headquarters of this company, between November 2007 and August 2010, actions designed to hinder the identification and origin, discovery and confiscation of valuable assets arising from the fraudulent acts of which Florian HOMM is accused, with the purpose of removing them from seizure by justice and harmed parties, and did so by ordering the following transfers, on behalf of Florian HOMM, from accounts in Switzerland whose beneficial owner is Colin TRAINOR, Florian HOMM's false identity, and by proceeding with the following successive transactions:

44)     two transfers in a total amount of USD 1,139,280 on October 30 and November 14, 2007, at the order of Urs MEISTERHANS on November 9, 2007 (regarding the second transfer), then from account no. ███████ ██2674 in the name of ENERGY EIAC CAPITAL LTD At UBS AG in Zug, to account no. ███████4813 in the name of HMY YACHT SALES INC. ESCROW with BANK OF AMERICA in the United States, having as reference *"purchaser Colin Trainor Vessel: Reel Extreme"* and *"VESSEL: M.Y. VIKING REEL EXTREME"* (**Ref.111**),

45)     seven transfers in a total amount of USD 125,830 made between October 30, 2007 and September 5, 2008 at the order of Urs MEISTERHANS, from account no. ███████2674 in the name of ENERGY EIAC CAPITAL LTD with UBS AG in Zug, in favor of DAVID J GIANONE INC, having as reference *"Colin TRAINER," "Colin TRAINOR," "EXPENSES M.Y. VIKING REAL EXTREME"* or *"MY Reel Extreme"* (**see Ref. 111**),

46)     six transfers in a total amount of USD 65,347 made between December 31, 2007 and September 12, 2008 at the order of Urs MEISTERHANS, from account no. ███████2674 in the name of ENERGY EIAC CAPITAL LTD with UBS AG in Zug, in favor of DELFINO MARITIME AGENCY SA, having as reference *"Name of Vessel: Reel Extreme for Panama Canal"* namely (**see Ref. 111**),

47)     four transfers in a total amount of USD 43,695 made between February 13, 2008 and September 12, 2008 at the order of Urs MEISTERHANS, from account no. ███████2674 in the name of ENERGY EIAC CAPITAL LTD with UBS AG in Zug, in favor of ISOBUNKERS LLC having as reference *"Reel Extreme"* (**see Ref. 111**),

48)     two transfers in a total amount of USD 9,183 made on April 24 and June 2, 2008 at the order of Urs MEISTERHANS, from account no. ███████2674 in the name of ENERGY EIAC CAPITAL LTD with UBS AG in Zug, in favor of CRISTOBAL MARINE REPAIR SA having as reference *"VESSEL: M.Y. VIKING REEL EXTREME"* (**see Ref.111**),

49)     to transfers in a total amount of USD 10,529 on May 8 and July 1, 2008, at the order of Urs MEISTERHANS, from account number ███████2674 in the name of

Proceedings number: SV.09.0135-FAL

ENERGY EIAC CAPITAL LTD at UBS AG in Zug, in favor of FALCON ELECTRONICS, having as reference "*MY VIKING REEL EXTREME*," namely (**see Ref. 111**),

50) four transfers in a total amount of USD 10,000 made on May 9, 2008 at the order of Urs MEISTERHANS, from account no. ⬛2674 in the name of ENERGY EIAC CAPITAL LTD with UBS AG in Zug, in favor of Jeremy CORUM, having as reference "*MY VIKING REEL EXTREME*" (**see Ref. 111**),

51) one transfer in a total amount of USD 15,000 made on May 15, 2008 at the order of Urs MEISTERHANS, from account no. ⬛2674 in the name of ENERGY EIAC CAPITAL LTD with UBS AG in Zug, in favor of FUERTE AMADOR RESORT + MARINA, having as reference "*MY VIKING REEL EXTREME*" (**see Ref. 111**),

52) two transfers in a total amount of USD 224,068 made on June 30 and August 12, 2008 at the order of Urs MEISTERHANS, from account no. ⬛2674 in the name of ENERGY EIAC CAPITAL LTD with UBS AG in Zug, in favor of ELITE DIESEL SERVICE LLC, having as reference "*REEL EXTREME*," namely (**see Ref. 111**),

53) one transfer in an amount of USD 790,000 on December 20, 2007, at the order of Urs MEISTERHANS on December 17, 2007, according to instructions transmitted by Florian HOMM via email (prodiplomat@hushmail.com) on December 18, 2007 using his false identity of Colin TRAINOR, from account no. ⬛2674 in the name of ENERGY EIAC CAPITAL LTD at UBS AG, Zug, to account no. IBAN CH⬛0000 in the name of BOMBOLI TRADING SA at PICTET & CIE BANQUIERS in Switzerland (**Ref. 112**),

54) one transfer in an amount of USD 6,795 made on January 4, 2008 at the order of Urs MEISTERHANS, from account no. ⬛2674 in the name of ENERGY EIAC CAPITAL LTD with UBS AG to account no. ⬛298-1 in the name of SINITUS AG with POSTFINANCE AG (**Ref. 113**),

55) one transfer in an amount of USD 500,000 made on March 10, 2008 at the order of Urs MEISTERHANS, from account no. ⬛1447 in the name of ENERGY EIAC CAPITAL LTD with REICHMUTH & CO, in Luzerne, to account no. ⬛9317, in the name of ENERGY INFRASTRUCTURE ACQUISITION CORP with JP MORGAN CHASE in the United States (**Ref. 114**),

56) one transfer in an amount of USD 100,000 on May 23, 2008, at the order of Urs MEISTERHANS on May 21, 2008, according to instructions transmitted by Florian HOMM via email (prodiplomat@hushmail.com) using his false identity of Colin TRAINOR, from account no. ⬛2674 in the name of ENERGY EIAC CAPITAL LTD at UBS AG, in Zug, to account no. IBAN ES⬛3812 in the name of FAIRLAND at CAIXABANK S.A in Spain (**Ref. 115**),

57) one transfer in an amount of USD 595,000 on June 12, 2008, at the order of Urs MEISTERHANS on June 10, 2008, according to instructions transmitted by Florian HOMM via email (prodiplomat@hushmail.com) using his false identity of Colin TRAINOR, from account no. ⬛2674 in the name of ENERGY EIAC CAPITAL LTD at UBS AG, in Zug, to account no. ⬛5-057 in the name of Sammy KAPLETA at HSBC BANK (PANAMA) SA in Panama (**Ref. 116**),

58) one transfer in an amount of USD 2,000,000 made on October 30, 2008 at the order of Urs MEISTERHANS of October 28, 2008, from account no. ⬛1447 in the name of ENERGY EIAC CAPITAL LTD with REICHMUTH & CO, in Luzerne, to the account in the name of SINITUS LTD (client number ⬛0440 and reference SITO2AOBU) with INVESTEC BANK (AUSTRALIA) LTD in Australia (**Ref. 117**),

Proceedings number: SV.09.0135-FAL

59)   one transfer in an amount of USD 481,808 made on November 5, 2008, made from account no. ███ 676-1, in the name of Colin TRAINOR at CREDIT SUISSE AG, in Zurich, to account no. ███ 679-2 in the name of SORONDO INVEST & FINANCE LTD at the same bank (**Ref. 118**),

60)   three transfers in a total amount of USD 3,850,000 between November 10, 2008 and December 15, 2008, on the orders of Urs MEISTERHANS on November 6, 2008, November 28, 2008, and December 15, 2008, from account no. ███ 1447 in the name of ENERGY EIAC CAPITAL LTD at REICHMUTH & CO, in Luzerne, to accounts in the name of FAIRLAND CONSULTING S.A., no. ███ 4-053 with HSBC BANK (PANAMA) SA and no. ███ 4-001 BANCO PANAMENO DE LA VIVIENDA S.A. in Panama, (**Ref. 119**),

61)   one transfer in an amount of USD 3,000,000 made on December 15, 2008 at the order of Urs MEISTERHANS, from account no. ███ 1447 in the name of ENERGY EIAC CAPITAL LTD with REICHMUTH & CO, in Luzerne, to account no. ███ 3760, in the name of STELLAR PARTNERS LTD at CREDIT AGRICOLE AG, in Zurich (**Ref. 120**),

62)   one transfer in an amount of USD 1,150,000 made on December 31, 2008 at the order of Urs MEISTERHANS, from account no. ███ 676-1 in the name of Colin TRAINOR at CREDIT SUISSE AG, in Zurich, to account no. ███ 816-4 in the name of Colin TRAINOR with PRIMER BANCO DEL ISTMO in Panama (**Ref. 121**),

63)   transfers of securities and liquid assets in an estimated value of USD 2,793,986 in all, on December 31, 2008, at the order of Urs MEISTERHANS December 23, 2008, from account no. ███ 1447 in the name of ENERGY EIAC CAPITAL LTD at REICHMUTH & CO, in Luzerne (closed on January 6, 2009), to bank account no. ███ 2061 in the name of PLANTATION FOUNDATION with the same banking establishment, for which the beneficial owner named on the form A is Rosendo FERNANDEZ ZAMBRANO (**Ref. 122**),

64)   sales, between July 21, 2009 and August 6, 2010, of one portion of the aforementioned securities deposited into the bank account in the name of the PLANTATION FOUNDATION with the bank REICHMUTH & CO and successive transfers of the proceeds from the sales in the amount of USD 988,000 on July 15, 2010 to ARMADALE LTD, account no. ███ 201-0 with BANK VON ROLL in Switzerland, and in the amount of CHF 964,468 on August 10, 2010 in favor of OFINA CORPORATION, account no. ███ 7509 at LGT BANK in Liechtenstein, on the order of Urs MEISTERHANS on July 12 and August 4, 2010 respectively (**Ref. 123**),

65)   transfer of shares of MISTRAL MEDIA AG, on July 27, 2010, having a value of USD 487,849 - securities which had been initially transferred from ENERGY EIAC CAPITAL LTD with REICHMUTH & CO, in Luzerne, from the account of PLANTATION FOUNDATION - in favor of DATAMENTUM TECHNOLOGY GMBH at STADTSPARKASSE WUPPERTAL in Germany, on the order of Urs MEISTERHANS of July 15, 2010 (**Ref. 124**),

66)   transfer of securities from FORTUNE MANAGEMENT INC, on August 4, 2010, having a value of approximately USD 140,877, securities which had initially been transferred from ENERGY EIAC CAPITAL LTD at REICHMUTH & CO, Luzerne, from the account of PLANTATION FOUNDATION - to bank account no. ███ .1001 (formerly ███ 1679) in the name of SINITUS SERVICES LTD at REICHMUTH & CO, at the order of Urs MEISTERHANS on August 2, 2010 (**see Ref. 123 and Ref 125**),

Proceedings number: SV.09.0135-FAL

It is stated that the transferred assets come from the proceeds drawn by Florian HOMM of his fraud which had transited namely by the accounts of SINITUS LTD, in Australia, and IBEX ENERGY LTD, in Norway, or came directly from CSI ASSET MANAGEMENT ESTABLISHMENT by means of gold transactions (see supra no. 4, 5, 8 to 11, 29 to 33) (**Ref. 216**),

It is stated that all of the aforementioned operations (no. 44 to 66) were performed following the resignation and flight of Florian HOMM on September 18, 2007,

It is stated that Urs MEISTERHANS was the manager at SINITUS AG, starting May 11, 2006, for the client ENERGY EIAC CAPITAL LTD, whose beneficial owner is Colin TRAINOR (**Ref. 127**),

It is stated that Colin TRAINOR is the false Irish identity of Florian HOMM, of which Urs MEISTERHANS had knowledge at the time of the alleged acts (see infra pt. 1.3),

It is stated that Urs MEISTERHANS, from his office at SINITUS AG, in Küsnacht, managed the affairs of Florian HOMM under the cover of his false Irish identity, Colin TRAINOR (**Ref. 128**),

It is recalled that Urs MEISTERHANS, on December 22, 2006 and September 3, 2007, opened bank accounts in the name of ENERGY EIAC CAPITAL LTD with UBS AG, Zug, and REICHMUTH & CO, in Luzerne, over which she possessed an individual power of signature (**Ref. 129**), appointing Colin TRAINOR as the beneficial owner and presenting to the banks in question Florian HOMM's false Irish passport made out in the name of Colin TRAINOR,

It is stated that Urs MEISTERHANS, also on January 8, 2007, opened account no. ████676-1 in the name of Colin TRAINOR at CREDIT SUISSE AG, Zurich, in which he possessed an individual power of signature (**Ref. 130**),

It is stated that the two transfers, in a total amount of USD 1,139,280, on October 30 and November 14, 2007, correspond to the purchase price of a yacht named "Reel Extreme" purchased on October 27, 2007 by Colin TRAINOR at J & I MARINE LLC (acting through its "selling Broker" David J. GIANONE and its "listing Broker" HMY YACHT SALES) (**Ref. 131**),

It is stated that Florian HOMM admitted, during his deposition of February 9, 2010, that he had purchased this asset (**Ref. 132**).

It is stated that the aforementioned transfers nos. 44 to 52 are costs associated with this boat.

It is stated that by a decision of the board of directors of ENERGY EIAC CAPITAL LTD of November 8, 2007, signed by Urs MEISTERHANS, in his capacity as director of ENERGY EIAC CAPITAL LTD, it was decided that Urs MEISTERHANS was authorized to perform the procedures pertaining to the purchase of said boat, that being to sign that the following documents: "*Purchaser's Closing Agreement, Affidavit for Exemption of Boat sold for removal from the state of Florida by a non-resident purchaser, Buyer's Power of Attorney*" which he did from Switzerland (**Ref. 133**),

Proceedings number: SV.09.0135-FAL

It is stated that these documents were signed by Urs MEISTERHANS and sent, by email, on November 9, 2007, through the intermediary of Hertha OESTERLE, an employee of SINITUS AG, and then via UPS, from Switzerland, quite probably from the headquarters of SINITUS AG, in Küsnacht (**Ref. 134**),

It is stated that Urs MEISTERHANS also undertook steps in Panama to obtain an operating permit associated with said boat, which was granted, provisionally, on December 11, 2007 (**Ref. 135**),

It is stated that all documents pertaining to this yard were found in the offices of SINITUS AG, in Küsnacht, during the search and seizure of July 22, 2009 (**Ref. 136**),

It is stated that it was by using this boat that Florian HOMM fled to live clandestinely,

It is stated that, with regard to the transfer of an amount of USD 790,000 on December 20, 2007, to BOMBOLI TRADING SA, this was, according to counsel for the BOMBOLI TRADING SA company, a payment related to the sale of land on the island of Contadora in Panama entered into between Nebojsa VLAHOVIC and Icchak ZAIDMAN, in which Colin TRAINOR participated acting as an associate of Icchak ZAIDMAN (**Ref. 137**),

It is stated that the name of ZAIDMAN appears in the email sent on December 18, 2007 to Urs MEISTERHANS by Florian HOMM, using his false identity of Colin TRAINOR, in which the latter asks him to send him bank letters of reference to the following address: "*Colin Trainor care of Isaac Zaidman and Pamela, Pan American Ralty Group,* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓*, Panama, Republic of Panama*" indicating that he would be charged an amount of USD 10,000 for this special service requested during the Christmas period (**Ref. 138**),

It is stated that the transfer of EUR 6,795, on January 4, 2008, from account no. ▓▓▓▓2674 in the name of ENERGY EIAC CAPITAL LTD at UBS AG, in Zug, to account no. ▓▓▓▓298-1 in the name of SINITUS AG at POSTFINANCE AG (see ch. 54), corresponds to USD 10,000, using the exchange rate of the time (1 USD = 0.679 EUR environ),

It is stated that, at the time of his deposition on December 9, 2010, Sammy KAPLETA indicated that Florian HOMM had used the account of FAIRLAND CONSULTING S.A. in the context of the purchase of an apartment in Panama and also to recover his money in the context of the litigation with Urs MEISTERHANS (**Ref. 139**),

It is stated that Florian HOMM took refuge in Panama when he took flight following his departure from ACMH (**Ref. 140**),

It is stated that, related to the transactions associated with PLANTATION FOUNDATION (see nos. 63 to 66), according to statements by Urs MEISTERHANS on September 3, 2009, the transactions made between the account for ENERGY EIAC CAPITAL LTD and PLANTATION FOUNDATION at REICHMUTH & CO, Luzerne, were offsetting operations intended to cut the connection between ENERGY EIAC CAPITAL LTD and the account from which Colin TRAINOR wish to recover his money when he wished to cease collaboration with SINITUS AG. Thus, on November 25, 2008, he opened the account for PLANTATION FOUNDATION by appointing as beneficial owner in Mexican client by the name of Rosendo,

Proceedings number: SV.09.0135-FAL

FERNANDEZ ZAMBRANO who would have been amenable to take over the "doubtful investments" of ENERGY EIAC CAPITAL LTD and to pay the consideration in cash to Colin TRAINOR (**Ref. 141**),

It is stated that according to the statements by Tobias PFRUNDER of April 14, 2011, the account advisor for ENERGY EIAC CAPITAL LTD and PLANTATION FOUNDATION at REICHMUTH & CO, Luzerne, the transactions performed on the PLANTATION FOUNDATION account were offsetting operations (**Ref. 142**),

It is stated that the account in the name of PLANTATION FOUNDATION at REICHMUTH & CO, Luzerne, was closed on August 6, 2010, after having transferred, on August 4, 2010, the FORTUNE MANAGEMENT INC securities to bank account no. ████.1001 (formerly ███ 1679) in the name of SINITUS SERVICES LTD at REICHMUTH & CO, in Luzerne.

It is stated that the assets deposited into bank account no. ███ 0353 (formerly ███ 1679) in the name of SINITUS SERVICES LTD at REICHMUTH & CO, in Luzerne, were the subject of a seizure ordered on April 15, 2011(**Ref. 143**).

### 1.2.1.3.3         *Transfers of assets abroad or in Switzerland from and to references in the name of third parties in Switzerland for the account of Florian HOMM*

Urs MEISTERHANS is accused of having committed, in his capacity as financial intermediary, member of the board of directors and shareholder, within SINITUS AG, in Küsnacht, acting as an individual from the head office of this company, between March 2007 and July 2008, deeds specifically to hinder the identification of the origin, discovery and confiscation of assets resulting from acts of fraud reproached to Florian HOMM, in the aim of keeping them out of the hands of the legal authorities and of injured parties, by carrying out on behalf of Florian HOMM, the following transactions from third party references in Switzerland:

*From reference n° ███ 9035 in the name of GLOBAL TRADE GROUP LTD with UBS AG, Zug:*

67)       a transfer of EUR 1,000,000 on March 6, 2007, on the order of Urs MEISTERHANS dated March 1, 2007, to the reference no ██ 2351, in the name of BREK STIFTUNG with the BANQUE SCS ALLIANCE SA Zurich, whose economic beneficiary was Susan DEVINE (**ref. 144**),

68)       one transfer of USD 280,000 on October 25, 2007 at the order of Urs MEISTERHANS on October 22, 2007, to account no. ████ 0270 PAN AMERICAN CAPITAL CORPORATION SA at GLOBAL BANK CORPORATION in Panama (**Ref.145**),

It is stated that these transfers were ordered by Urs MEISTERHANS following instructions by Florian HOMM via his secretary Daniella SCHAEFER or his false identity of Colin TRAINOR (**Ref. 146**)

Proceedings number: SV.09.0135-FAL

It is stated that Urs MEISTERHANS was director of GLOBAL TRADE GROUP LTD and had an individual power of signature for account no. ████9035 in the name of GLOBAL TRADE GROUP LTD at UBS AG, Zug (**Ref. 147**).

It is stated that the transfer of USD 280,000 of October 25, 2007 (no. 68)was performed following the resignation and flight of Florian HOMM on September 18, 2007.

It is stated that the beneficial owner designated on form A respecting account no. ████9035 for GLOBAL TRADE GROUP LTD, at UBS AG, Zug, dated July 4, 2003 and signed by Urs MEISTERHANS is George SAGREDOS (**Ref. 148**).

It is stated that George SAGREDOS stated, during his deposition of November 27, 2012, that he never was the beneficiary of this bank account that he did not know the company GLOBAL TRADE GROUP LTD (**Ref. 149**).

It is stated that said form A was used in the context of transactions performed by Urs MEISTERHANS on behalf of Florian HOMM namely, by thereby dissimulating the identity of the genuine beneficial owner of the assets at issue.

***From account no.*** ████***7975 in the name of ROSEWOOD CONSULTANT LTD at UBS AG, Zug:***

69)    one transfer of USD 210,000 on November 27, 2007 at the order of Urs MEISTERHANS on November 26, 2007, to account no. ████0270 PAN AMERICAN CAPITAL CORPORATION SA at GLOBAL BANK CORPORATION in Panama (**Ref. 150**),

70)    one transfer of USD 498,750 on April 22, 2008 at the order of Urs MEISTERHANS on April 18, 2008, to account no. ████0826 in the name of TWO OCEANS FUND LP at CITY NATIONAL BANK (**Ref. 151**),

71)    one transfer of USD 430,000 on May 2, 2008 at the order of Urs MEISTERHANS on May 1, 2008, to account no. ████0270 PAN AMERICAN CAPITAL CORPORATION SA at GLOBAL BANK CORPORATION in Panama (**Ref. 152**).

72)    one transfer of USD 500,000 on July 9, 2008 at the order of Urs MEISTERHANS on July 6, 2008, to account no. ████0270 PAN AMERICAN CAPITAL CORPORATION SA at GLOBAL BANK CORPORATION in Panama (**Ref. 153**).

It is stated that these transfers were ordered by Urs MEISTERHANS following instructions received from Florian HOMM through his false identity of Colin TRAINOR (**Ref. 154**)

It is stated that Urs MEISTERHANS was director of ROSEWOOD CONSULTANT LTD and had an individual power of signature for account no. ████7975 in the name of ROSEWOOD CONSULTANT LTD at UBS AG, Zug (**Ref. 155**).

It is stated that these transfers (nos. 69 to 72) were performed following the resignation and flight of Florian HOMM on September 18, 2007.

Proceedings number: SV.09.0135-FAL

It is stated that the beneficial owner designated on form A respecting account no. ▮▮▮7975 for ROSEWOOD CONSULTANT LTD, at UBS AG, Zug, dated May 26, 2003 and signed by Urs MEISTERHANS is Victoria BRADBURN.

It is stated that, according to the statements by Victoria BRADBURN of November 25, 2014, she is not the beneficial owner of this account (**Ref. 156**).

It is stated that said form A was used in the context of transactions performed by Urs MEISTERHANS on behalf of Florian HOMM namely, by thereby dissimulating the identity of the genuine beneficial owner of the assets at issue.

*From or to reference no ▮▮▮5484 in the name of ADMEREX LTD with the BANQUE PASCHE SA, Zurich:*

73)    one transfer of USD 49,000 on November 19, 2007 at the order of Urs MEISTERHANS on November 15, 2007, to account no. ▮▮▮8407 in the name of TS VERWALTUNGS AG at THURGAUER KANTONALBANK(**Ref. 157**),

74)    a credit of USD 3,000,000 on January 22, 2008 coming from CORPNORDIC DENMARK A/S KOBENHAVN at NORDEA BANK DENMARK AIS, in Copenhagen (**Ref. 158**),

75)    one transfer of USD 1,381,000 on February 20, 2008 at the order of Urs MEISTERHANS on February 16, 2008, to Philip HALL, Trustee, RONALD E. HALL LIVING TRUST, account no.▮▮▮4950 at WELLS FARGO BANK NA in the United States (**Ref. 158**),

76)    one transfer of USD 50,000 on February 20, 2008, at the order of Urs MEISTERHANS on February 16, 2008, to John Robert SCHANNON, account no. ▮▮▮▮7485 at BANCO CUSCATLAN DE COSTA RICA SA in Costa Rica (**see Ref. 158**),

77)    one transfer of USD 68,000 on February 20, 2008, at the order of Urs MEISTERHANS on February 16, 2008, to Adolfo Garcia BAUDRIT, account no. ▮▮▮▮2202 at BANCO CUSCATLAN DE COSTA RICA SA in Costa Rica (**see Ref. 158**),

It is stated that these transfers (no. 73, 75 to 77) were ordered by Urs MEISTERHANS following instructions received from Florian HOMM through his false identity of Colin TRAINOR (**Ref. 159**),

It is stated that Urs MEISTERHANS had an individual power of signature for account no. ▮▮▮5484 in the name of ADMEREX LTD at BANQUE PASCHE SA, Zurich (**Ref. 160**),

It is stated that these transfers were performed following the resignation and flight of Florian HOMM on September 18, 2007,

Proceedings number: SV.09.0135-FAL

It is stated that the transfer of CHF 49,000 (no. 63) corresponds to a loan for 10% of the subscription of the initial capital of the TS VERWALTUNGS AG company, which became the bank PRIVAT- UND HANDELSBANK ZURICH AG (hereinafter: PHZ), by ADMEREX GMBH (**Ref. 161**),

while it is understood that Susan DEVINE and her children invested in the initial capital of the PHZ bank for a sum of CHF 1,000,000,

while it is understood that the PHZ bank was used by Susan DEVINE to deposit, between September 2009 and November 2009, more than USD 27,000,000 coming from the BANQUE SCS ALLIANCE SA bank in Zurich, and originating from the fraud committed by Florian HOMM, of which more than EUR 15,000,000 are confiscated to date,

It is stated that the former managers of Florian HOMM's fortune deposited with BANQUE SCS ALLIANCE SA, In Zurich, that being Marcel EICHMANN and Pascal FREI are respectively the *Chief Executive Officer and Compliance Officer* at the PHZ bank.

while it is understood that criminal proceedings were opened by the MPC [Public Prosecutor of the Swiss Confederation], on December 4, 2014 (SV.14.1581-FAL), against Marcel EICHMANN and Pascal FREI for aggravated money-laundering (art. 305bis ch. 2 CP), and that the FINMA [Swiss Financial Market Supervisory Authority] delivered, on April 24, 2015, a provisional decision appointing an investigating officer to determine notably the activity of the PHZ in the context of the transactions linked to Florian HOMM, Susan DEVINE, or to persons linked to them, BREK STIFTUNG, HOSIFA STIFTUNG, MALON CONSULTING AG, LIBERIA RENAISSANCE FOUNDATION, Sammy KAPLETA and to ADMEREX GMBH, and in order to define the roles of Marcel EICHANN and Pascal FREI,

It is stated that the credit of USD 3,000,000 on January 22, 2008 (no. 74) corresponds to the proceeds of the sale of the PILATUS PC 12 airplane belonging to Florian HOMM by the company JAVELIN AVIATION LTD, which had to be sold following Florian HOMM's flight (**Ref. 162**).

It is stated that the transfer of the amount of USD 1,381,000 on February 20, 2008 (no. 75) relates to a party named "McDonald," according to a handwritten note placed on the payment order made by Urs MEISTERHANS (**Ref. 163**).

It is stated that this very probably is another false identity used by Florian HOMM, probably within the context of the acquisition of property in Costa Rica (it should be noted that the MPC is awaiting information from the American and Irish authorities on this subject).

It is stated that the beneficial owner named on the form A dated December 19, 2003 and signed by Urs MEISTERHANS regarding the account in the name of ADMEREX LTD at BANQUE PASCHE SA, Zurich, is Michael MILNE, an Australian national, arrested on February 29, 2008 for tax fraud and money laundering related to the company ADMEREX LTD and sentenced to 4 years and 9 months in prison, in 2011, in Australia (**Ref. 164**).

It is stated that this form A was used in the context of transactions performed by Urs MEISTERHANS on behalf namely of Florian HOMM, by thereby dissimulating the identity of the genuine beneficial owner of the assets at issue.

Proceedings number: SV.09.0135-FAL

### 1.2.1.3.4 Delivery and storage of furniture and works of art in Switzerland

Urs MEISTERHANS is accused of having committed, in his capacity as financial intermediary, member of the board of directors and shareholder, within SINITUS AG, in Küsnacht, acting as an individual from the head office of this company, between September 2007 and June 2008, deeds specifically to hinder the identification of the origin, discovery and confiscation of assets resulting from acts of fraud reproached to Florian HOMM, in the aim of keeping them out of the hands of the legal authorities and of injured parties, by ordering or by performing the following transactions for Florian HOMM, respectively his wife Susan DEVINE HOMM:

78) the delivery between September and November 2007, via the COSMOTRANS AG company in Zurich, from Palma in Majorca to Switzerland, free port Embrach-Embraport (ZU), of furniture and works of art at an estimated value of EUR 2,282,000,

79) the storage in Switzerland, in Embrach-Embraport (ZU), from September/October 2007 to June 2008, via the COSMOTRANS AG company in Zurich, of the furniture and works of art in question,

80) the delivery on May 21, 2008, via the COSMOTRANS AG company in Zurich, from Switzerland to London to an art gallery, of two paintings by Claude Joseph VERNET, of a value of CHF 2,794,970,

81) the delivery on June 9, 2008 from Switzerland (Embrach-Embraport, ZU) to Palma in Majorca, via the COSMOTRANS AG company in Zurich, of the furniture and works of art in question,

while it is understood that the furniture and works of art concerned are those identified in the list appearing in the documentation delivered by the COSMOTRANS AG company to the MPC [Public Prosecutor of the Swiss Federation] on May 14, 2013 (**ref. 165**), a list which largely corresponds to the one sent, by email on May 23rd 2006, to Urs MEISTERHANS by Andreas SCHAER,

while it is understood that on May 23, 2006, Andreas SCHAER sent an email to Urs MEISTERHANS stating: *"Beiligend the first survey of paintings (in the Excel sheet) with more precise information and LEITS Bildem of art, furnishings in the house and the daZugehõrigan insurance policy,""with as annexes: "Hiscox police HV.DAG.090.1091 - House insurance.tif, Üebericht Establiments.pdf, Üebericht Art Deko.pdf, Übericht Gemälde.xls (1:02 MB),"*

while it is understood that this email was found in the Outlook mailbox of Urs MEISTER-HANS coming from the internal meeting of SINITUS AG seized during the search of the premises of SINITUS AG on July 22, 2009 and that the documents in annex were also found in the office of Urs MEISTERHANS during the search taking place on April 25th and 26th 2013 at SINITUS AG (**ref. 166**),

while it is understood that according to the computer properties of the document *"Uebericht Gemälde.xls,"* the author of the said document is Susan HOMM, who created it on May 18 2006 and saved it for the last time on May 23, 2006,

while it is understood that the insurance contract dated June 18 , 2004, is in the name of Susan DEVINE-HOMM but, on the attached file regarding the paintings: *"Gemäldesammlung Susan u. Florian Homm – Devine"* is indicated,

Proceedings number: SV.09.0135-FAL

while it is understood that, according to the insurance policy, a value of EUR 2,282,000 is indicated for the furniture, the works of art and other valuable items,

while it is understood that on May 23 2006, following Andreas SCHAER's email, Urs MEISTERHANS sent him, by email, a document "*Loan Agreement von New York Art Trading Ltd. Vom 10.05. 2004*" *[Loan Agreement from New York Art Trading Ltd. dated May 10th 2004]* asking him to have it signed by "*Susan*" (**ref. 167**),

while it is understood that, according to this loan contract, dated May 10 2004, the NEW YORK ART TRADING LTD. Company, represented by Urs MEISTERHANS lent to Susan DEVINE-HOMM various works of art, for a value of EUR 2,000,000 (**ref. 168**),

while it is understood that this contract was backdated and that, in reality, it was signed in May 2006 (**ref. 169**),

while it is understood that this contract gave the appearance that the works of art belonged to the NEW YORK ART TRADING LTD company who gave them on loan, in 2004, to Susan DEVINE HOMM while, in reality these works of art belonged to Florian HOMM,

while it is understood that, according to the statements of Andreas SCHAER, the personal assistant of the HOMM spouses, the purpose of this contract was to have these works of art held by a third party (**ref. 170**),

while it is understood that, according to the statements of Florian HOMM, these works of art had been loaned to him by his mother and he held them through a foundation called "NEW YORK ART FOUNDATION" under the responsibility of Urs MEISTERHANS (**ref. 171**),

while it is understood that Urs MEISTERHANS organized in September 2007 and in June 2008, through the company NEW YORK ART TRADING LTD, from his office at SINITUS AG in Küsnacht, the delivery, via the COSMOTRANS AG company in Zurich, from Palma in Majorca to Switzerland (Embrach-Embraport), respectively from Switzerland (Embrach-Embraport, ZU) to Palma in Majorca, items inventoried in the list forwarded on May 23, 2006 by Andreas SCHAER and also in the list found in the documentation delivered by the COSMOTRANS AG company to the MPC [Public Prosecutor of the Swiss Confederation] on May 14, 2013 (**ref. 172),**

while it is understood that Urs MEISTERHANS acted on instructions from Susan DEVINE-HOMM (**ref. 173**),

while it is understood that Urs MEISTERHANS also organized, in May 2008, at the request of Susan DEVINE HOMM, the transport, via COSMOTRANS AG, of two paintings by the artist, Claude Joseph VERNET, from Switzerland to London, to the GANDER AND WHITE gallery (**ref. 174**),

while it is understood that Urs MEISTERHANS signed, for NEW YORK ART TRADING LTD, a contract entitled "WHITFIELD FINE ART CONSIGNMENT FOR SALE" relative to the VERNET paintings, which contains the seal of SINITUS AG / ███████████ CH-8700 Küsnacht and fixes the sales price at EUR 1,700,000 (**ref. 175**),

while it is understood that Susan DEVINE acknowledged, at her hearing dated May 30, 2012, that she had sent to Switzerland, for their protection, the furniture and paintings situated in the property in Majorca and had sent the VERNET paintings to London, admitting too

Proceedings number: SV.09.0135-FAL

that Urs MEISTERHANS had given the instructions to send the items stored in Switzerland back to Majorca (**ref. 176**),

while it is understood however that Susan DEVINE stated, at the same hearing, that Urs MEISTERHANS had ordered, on the instructions of Florian HOMM, a removal lorry which arrived, with Florian HOMM, at his property in Majorca, to collect her furniture and that the instructions given by Florian HOMM appeared to come from her,

while it is understood that, at her hearing on May 29 , 2012, Susan DEVINE stated that she had already moved her furniture and paintings, feeling that things were taking a turn for the worse, when Florian HOMM had come in the night to take them from her (**ref. 177**),

while it is understood that Susan DEVINE also stated at her hearing on May 30 , 2012, that only once had she had contact with Urs MEISTERHANS in 2007 in connection with a transfer of money for her children's account and that, following this meeting, she no longer had any contact with him (**ref. 178**),

while it is understood that the statements of Susan DEVINE blatantly contradict the facts mentioned above which are documented.

### *1.2.1.3.5 Transfers of criminally-acquired assets from the SINITUS LTD account in Australia to other accounts in Panama and Costa Rica*

Urs MEISTERHANS is accused of having committed, in his capacity as a financial intermediary, member of the board of directors and partner, within SINITUS AG, in Küsnacht, by acting, in particular, from the headquarters of this company, from September 2007 to September 2008, actions designed to hinder the identification and origin, discovery and confiscation of valuable assets arising from the fraudulent acts of which Florian HOMM is accused, with the purpose of removing them from seizure by justice and harmed parties, and did so by ordering from Switzerland the following transfers from the SINITUS LTD account (customer number ▮0440 and reference SIT02AOBU), at INVESTEC BANK (AUSTRALIA) LTD in Australia to accounts in Panama and Costa Rica:

82) a transfer of USD 3,500,000 on September 17, 2007, following a conversion of EUR 2,526,346 into USD 3,500,000, at the order of Urs MEISTERHANS on September 16, 2007, in favor of COWELL WORLDWIDE INC., account no. ▮461-0 at PRIMER BANCO DE ISTMO S.A., in Panama (**Ref. 179**).

83) one transfer of USD 618,628 on December 19, 2007 at the order of Urs MEISTERHANS on December 17, 2007, to FEINZAIG, SCHARF & VAN DER PUTTEN, account no. ▮476-9 at SCOTIA BANK in Costa Rica (**Ref. 180**),

84) one transfer of USD 619,047.25 on February 13, 2008 at the order of Urs MEISTERHANS on February 12, 2008, to PAN AMERICAN CAPITAL CORPORATION SA, account no. ▮0270 at GLOBAL BANK CORPORATION in Panama (**Ref. 181**),

85) one transfer of USD 500,000 on July 16, 2008, at the order of Urs MEISTERHANS on July 15, 2008, to MUNDIAL FIDUCIARIA FID-0038-BTPANAMA, account no. ▮03-19 at BANCO PANAMENO DE LA VIVIENDA in Panama (**Ref. 182**).

Proceedings number: SV.09.0135-FAL

86)  one transfer of USD 430,000 on September 8, 2008 at the order of Urs MEISTERHANS on September 5, 2008, to account no. ▮▮▮▮▮0270 PAN AMERICAN CAPITAL CORPORATION SA at GLOBAL BANK CORPORATION in Panama (**Ref. 183**),

It is stated that Florian HOMM, between August 31, 2006 and August 21, 2007, had transferred from his account and that of CSI ASSET MANAGEMENT ESTABLISHMENT at BANQUE SCS ALLIANCE SA, in Zurich, one part of the proceeds drawn from his fraud in an amount of EUR 12,500,000 in all to the SINITUS LTD account with INVESTEC BANK (AUSTRALIA) LTD (see supra transfers nos. 4, 9, to 11).

It is stated that these transfers were ordered by Urs MEISTERHANS from the offices of SINITUS AG, in Küsnacht, following instructions received from Florian HOMM through his false identity of Colin TRAINOR (**Ref. 184**)

It is stated that all of these transfers were ordered following the resignation and flight of Florian HOMM on September 18, 2007, except for the transfer of USD 3,500,000 (no. 82) which was ordered one day prior to said resignation.

It is stated that the transfer order of September 16, 2007 pertaining to the amount of USD 3,500,000, sent by Urs MEISTERHANS to the bank INVESTEC BANK (AUSTRALIA) LTD, in Australia, as well as the instructions given by Colin TRAINOR to Urs MEISTERHANS and various documents related to this transaction, were found during the search and seizure operations of April 25 and 26, 2013 of the premises of SINITUS AG in Küsnacht, in the office of Urs MEISTERHANS (**Ref. 185**).

It is stated that the transfer order from Urs MEISTERHANS on December 17, 2007 regarding the amount of USD 618,268 to FEINZAIG, SCHARF & VAN DER PUTTEN at SCOTIA BANK in Costa Rica, as well as the SWIFT message confirming this transfer, or found at Urs MEISTERHANS' domicile during the search and seizure of July 22, 2009 (**Ref. 186**).

It is stated that the transfer orders from Urs MEISTERHANS on February 12, 2008 and September 5, 2008 regarding the amounts of USD 619,047.25 and USD 430,000 to PAN AMERICAN CAPITAL CORPORATION SA, at GLOBAL BANK CORPORATION in Panama, were found in the premises of SINITUS AG, in Küsnacht, during the search and seizure operations of July 22 and October 12, 2009 (**Ref. 187**).

It is stated that the transfer order from Urs MEISTERHANS on July 15, 2008 regarding the amount of USD 500,000 to MUNDIAL FIDUCIARIA FID-0038-BTPANAMA, at BANCO PANAMENO DE LA VIVIENDA in Panama, as well as the SWIFT message confirming this transfer, were found at Urs MEISTERHANS' domicile during the search and seizure of October 12, 2009 (**Ref. 188**).

It is stated that Florian HOMM took refuge in Panama when he took flight following his departure from ACMH (**Ref. 189**).

Proceedings number: SV.09.0135-FAL

### 1.2.1.3.6 Transfers of criminally-acquired assets from the SINITUS LTD account in Australia to other accounts in the name of SINITUS AG at CREDIT AGRICOLE (SUISSE) SA

Urs MEISTERHANS is accused of having committed, in his capacity as a financial intermediary, member of the board of directors and partner, within SINITUS AG, in Küsnacht, by acting, in particular, from the headquarters of this company, in April and June 2009, actions designed to hinder the identification and origin, discovery and confiscation of valuable assets arising from the fraudulent acts of which Florian HOMM is accused, with the purpose of removing them from seizure by justice and harmed parties, and did so by ordering from Switzerland the following transfers from the SINITUS LTD account (customer number ▊0440 and reference SITO2AOBU), at INVESTEC BANK (AUSTRALIA) LTD in Australia to account no. ▊5910 opened in the name of SINITUS AG at CREDIT AGRICOLE (SUISSE) SA, in Zurich:

87)   a transfer of USD 600,000 on April 2, 2009, at the order of Urs MEISTERHANS of March 31, 2009 (**Ref. 190**).

88)   a transfer of USD 2,000,000 on June 5, 2009, at the order of Urs MEISTERHANS of June 4, 2009 (**see Ref. 190**).

89)   a transfer of USD 2,000,000 on June 12, 2009, at the order of Urs MEISTERHANS of June 11, 2009 (**see Ref. 190**).

It is stated that Florian HOMM, between August 31, 2006 and August 21, 2007, had transferred from his account and that of CSI ASSET MANAGEMENT ESTABLISHMENT at BANQUE SCS ALLIANCE SA, in Zurich, one part of the proceeds drawn from his fraud in an amount of EUR 12,500,000 in all to the SINITUS LTD account with INVESTEC BANK (AUSTRALIA) LTD (see supra transfers no. 4, 9, to 11).

It is stated that the analysis of the account in the name of SINITUS AG at CREDIT AGRICOLE (SUISSE) SA, in Zurich, allows the finding that this account was used for transactions associated with various clients, including Florian HOMM, although the form A dated September 20, 2007, and signed by Urs MEISTERHANS, in Küsnacht, indicates SINITUS AG as being the beneficial owner of the assets deposited in said account (**see Ref. 190**).

It is stated that the bank's opening committee had validated the opening of the account by emphasizing that it was to be used strictly for the company's own activity (**see Ref. 190**).

It is stated that, following the seizure of assets filed in said account ordered on September 3, 2009, Urs MEISTERHANS sent a form A to the bank, dated April 18, 2012, naming Ondine DE ROTHSCHILD as the beneficial owner for the seized assets and, subsequently, a form T dated June 29, 2012, naming Ondine DE ROTHSCHILD as the beneficiary of the PHETRI/OTEA TRUST (**see Ref. 190**).

It is stated that CREDIT AGRICOLE (SUISSE) SA did not record the forms in question due to a lack of clarification about the change in the beneficial owner (**see Ref. 190**).

Proceedings number: SV.09.0135-FAL

It is stated that it has been able to be determined that Ondine DE ROTHSCHILD is not the beneficial owner of the assets filed in the account in the name of SINITUS AG at CREDIT AGRICOLE (SUISSE) SA, in Zurich, and which are the subject of a seizure (**ref. 191**).

In all, the acts of obstruction committed by Urs MEISTERHANS (ch. 1 to 89, except ch. 15,16, 31, 33, 79 and 81), between May 2006 and February 2011 involved more than USD 97,531,576, EUR 53,483,829, CHF 14,096,008, AUD 10,000,000 and GBP 3,247,338. All of these actions constitute acts of obstruction as understood by Art. 305bis ch. 1 CP.

### 1.2.2 By omission

In addition to the commission of the above-described acts of money-laundering (ch. 1 to 89), Urs MEISTERHANS is accused of having committed, in his capacity as a financial intermediary, member of the board of directors, and partner, at SINITUS AG, by engaging, in particular, from the headquarters of this company, in acts of money-laundering by omission as understood by Art. 11 CP,

due to the fact that he did not clarify, pursuant to Art. 6 LBA, the economic background and purpose of the aforementioned transactions despite their unusual character and the existence of indicia of money laundering,

due to the fact that he did not provide notice, pursuant to Art. 9 par. 1 let. a LBA, to the Office of money-laundering communication (MROS) of the existence of Florian HOMM's assets, over which he had management and about which he knew or should have known, at the very least presumed, there criminal origin on the basis of well-founded suspicions which shall be presented below in point 1.3.

due to the fact that he did not block these assets, pursuant to Art. 10 LBA,

and thereby prevented the confiscation by the criminal authorities of these criminally-acquired assets in the amount, at least, of USD 54,805,840 deposited in accounts over which he had control.

### 1.3 Knowledge of the criminal origin of the laundered assets and the intent to hinder the discovery of these assets

Urs MEISTERHANS knew or at the very least should have presumed that the assets belonging to Florian HOMM under his management came from criminal activities and that his actions were likely to hinder the identification of the origin, the discovery, and confiscation thereof, this being on the basis of the circumstances of which he had knowledge at the time of the alleged facts, specifically:

Proceedings number: SV.09.0135-FAL

### 1.3.1 Relationship with Florian HOMM

Urs MEISTERHANS met Florian HOMM in 2000, began to have a business relationship with him from January 2006 at the latest (**ref. 192**) and became his asset manager from May 2006 (**ref. 193**).

Urs MEISTERHANS knew that Florian HOMM was a German national, married to Susan DEVINE HOMM, father of two children, *hedge fund manager*, CIO of ACMH and that his assets were composed of ACMH shares held through CSI ASSET MANAGEMENT ESTABLISHMENT, in Liechtenstein (**ref. 194**).

Urs MEISTERHANS knew that the ACMH company had purchased shares of the German company SPUETZ AG (which became MISTRAL MEDIA AG in October 2006), in which he was one of the directors (**Ref. 195**), it being recalled that, according to the alert by Darius PARSI given in April 2006, the shares of this company had been subject to manipulations by Florian HOMM within ACMH (**Ref. 196**).

Urs MEISTERHANS knew that Florian HOMM benefited from a special residence permit "Cultural attaché to the Permanent Delegation of the Republic of Liberia with the United Nations Organization for Education, Science and Culture (U.N.E.S.C.O.)" issued by the Ministry for foreign affairs of the French Republic as well as a diplomatic passport issued by the Republic of Liberia. A copy of this document was found in the office of Urs MEISTERHANS at SINITUS AG as well as a copy of the German passport of Florian HOMM and the Brazilian passport of Susan DEVINE, sent by fax by Florian HOMM on May 24, 2006 (**ref. 197**).

Urs MEISTERHANS should have known, by fulfilling his duties of verification as a financial intermediary within SINITUS AG, that Florian HOMM had, in 2004 and 2005, been the subject of proceedings initiated by the German authorities related to share price manipulation which concerned the company SIXT AG as well as the company WCM BETEILIGUNGS-UND GRUNDBESITZ AG (**Ref. 198**), which resulted in judgments against Florian HOMM in August 2004 and December 2005 (**Ref. 199**).

Urs MEISTERHANS knew that Florian HOMM had resigned from ACMH on September 18, 2007 and that, since that date, he was living clandestinely namely in Panama and Costa Rica, it being stated that Urs MEISTERHANS had remained in contact with Florian HOMM both by telephone and by letter (**Ref. 200**)

Urs MEISTERHANS knew, already on the day following this resignation, that the Absolute funds, which were managed by Florian HOMM at ACMH, had invested in illiquid positions going up to USD 500 million, that the ACMH share price had lost more than 73% of its value, and that the skills and abilities of Florian HOMM as a hedge fund manager had been brought strongly into question (**Ref. 201**).

Urs MEISTERHANS knew, starting in February 2008 at the latest, that Florian HOMM had been the subject of complaints by investors in funds managed by ACMH due to suspected fraud (**Ref. 202**)

Proceedings number: SV.09.0135-FAL

**1.3.2 Florian HOMM's false identities**

Urs MEISTERHANS knew that Florian HOMM had received a false Irish identity in the name of Colin TRAINOR, since as of May 11, 2006, at SINITUS AG, he was the manager of mandate ▮▮▮▮▮5-GES respecting the client ENERGY EIAC CAPITAL LTD (**Ref. 203**), in which Colin TRAINOR was the beneficial owner, and since using this false identity, he managed the assets entrusted by Florian HOMM starting on May 26, 2006 (**Ref. 204**)

Urs MEISTERHANS did not show Florian HOMM on the list of SINITUS AG clients, this party appearing only under his false identity of Colin TRAINOR (**Ref. 205**)

Urs MEISTERHANS knew that Florian HOMM's Irish identity, established in the name of Colin TRAINOR, was a false identity, as is shown namely by an agenda found in his office at SINITUS AG during the search and seizure operations of April 25 and 26, 2014, an agenda where the following handwritten notations are found on the pages concerning the period going from January 14 to January 20, 2008: " *Sammy Kapleta/Panama false identities in Ireland for diverse clients in need John Collin 2 russians*" and « *Homm/DE Collin Trainor (Irish) a boat/ship travel all the time John Holmes hush mail Energy E1AC (credit card & phone bills & no) pmt for boat & fuel & diverse charges for navigation (South America - Venezuela)* » (**réf.206**).

Urs MEISTERHANS had himself participated, in collaboration with Sammy KAPLETA, in obtaining other false Irish passports for two other Russian national clients of his, namely Nikolay CHERNISHEV and Artem KHACHIKYAN, who had judgments delivered against them with Sammy KAPLETA on the basis of summary findings of criminal liability of January 31, 2012 and April 17, 2012, which have become final and binding (**Ref. 207**). On the basis of these facts, Urs MEISTERHANS has been accused as part of the proceedings SV.12.0743-FAL.

Urs MEISTERHANS, furthermore, himself on May 11, 2006 formed the company ENERGY EIAC CAPITAL LTD, in St. Vincent & the Grenadines, in which he was director via the offshore company GOLD-COAST DIRECTORS LTD by virtue of a "MANDATE AGREEMENT" of May 11, 2006 (**Ref. 208**)

Furthermore, he utilized Florian HOMM's false Irish passport to open, on December 22, 2006, January 8, 2007, and September 3, 2007, bank accounts in the name of ENERGY EIAC CAPITAL LTD ( for which Colin TRAINOR is the beneficial owner) or Colin TRAINOR at UBS AG in Zug, CREDIT SUISSE AG, in Zurich, and at REICHMUTH & CO, in Luzerne. On August 6, 2007, he also took steps to obtain an AMERICAN EXPRESS CORPORATE CARD credit card in the name of Colin TRAINOR (**Ref. 209**)

In this context, he provided false information to the banks in question about personal and professional data as well as about the origin of Colin TRAINOR's fortune, i.e. that he was single, childless, without gainful employment, had been an entrepreneur in real estate, primarily in Ireland, and that his fortune came from the real estate boom in Ireland **ref. 210**)

Proceedings number: SV.09.0135-FAL

Urs MEISTERHANS had to know that Florian HOMM had received another false identity in the name of Martin Joseph MCDONALD and that this has been used in the context of the transaction related to the transfer of USD 1,381,000 made on February 20, 2008 to Philip HALL from the bank account in the name of ADMEREX LTD at the BANQUE PASCHE SA, in Zurich (see the aforementioned transfer no. 75, Ref. 211).

### 1.3.3 Concealment of Florian HOMM's assets exceeding USD 50 million

Urs MEISTERHANS knew or respectively, should have known, as of the formation of the company ENERGY EIAC CAPITAL LTD on May 11, 2006 that the accounts for the offshore companies which he controlled in Singapore, Australia, and Norway were intended to hide Florian HOMM's assets above USD 50,000,000 and that these assets were going to be transferred into Switzerland and abroad, on the one hand, into accounts opened using Florian HOMM's false identity, i.e. Colin TRAINOR, and, on the other hand, using third-party accounts on behalf of Florian HOMM.

With this purpose, Urs MEISTERHANS did not show Florian HOMM on the list of SINITUS AG clients, and managed this latter party's assets under his false identity of Colin TRAINOR (**Ref. 212**)

With this purpose, Urs MEISTERHANS created fictitious contracts and provided false information to the concerned banks in order to justify the economic background of the above-mentioned transfers (**Ref. 213**).

With this purpose, Urs MEISTERHANS particularly used bank accounts by naming false economic beneficiaries, third-party accounts, transit accounts, and performed transactions in gold and cash, offsetting operations, exchange operations, transfers to accounts of companies domiciled in at-risk jurisdictions, and did this without fulfilling the verification duties incumbent upon him as a financial intermediary. Furthermore, this can be seen from handwritten notes that he himself took and which were found in his office during the search and seizure of the SINITUS AG premises on April 25 and 26, 2013 (**Ref. 214**).

Additionally, as the statements by Andreas SCHAER of April 14, 2014 show, Urs MEISTERHANS was the fortune manager for Florian HOMM's fortune and this fortune had been reorganized with the purpose of having the funds disappear (**Ref. 215**).

Urs MEISTERHANS himself stated, during his deposition on January 30, 2015, that the reason for this "restructuring" was "to forestall potential unforeseen scenarios, namely in the event of divorce" (**Ref. 216**).

Urs MEISTERHANS knew however or at least must have presumed that this "*restructuring*" was not due to the divorce of the HOMM spouses, since many of the transfers had been carried out before the declaration of divorce on May 21st 2007, since Susan DEVINE HOMM was herself aware of the financial vehicles made available to Florian HOMM by Urs MEISTERHANS, as the latter directly informed her of them in a letter dated August 7th, 2006 (**ref. 217**), and since some of these vehicles (SINITUS LTD and OCEAN OFFSHORE BANK SA) were also used by Susan Devine HOMM. Moreover, the latter called on the services of Urs MEISTERHANS before and after the divorce declared on May 21st, 2007,

Proceedings number: SV.09.0135-FAL

in connection with the works of art and the furniture which were hidden in Switzerland (**ref. 218**). Urs MEISTERHANS was moreover in possession of the respective wills of Florian HOMM and Susan DEVINE dated July 12th , 2007, bearing their signatures, which were found in his office at SINITUS AG during the search taking place on April 25th and 26th 2013 (**ref. 219**).

Additionally, according to documents received from the Liechtenstein authorities, in particular a legal opinion from July 21, 2007 from the WALCH & SCHURTI mandated by Beat KRANZ, the director of CSI ASSET-MANAGEMENT ESTABLISHMENT, the divorce between the HOMM spouses appeared to be a simulated divorce ("Scheinscheidung") (**Ref. 220**). It should be noted that a short time following this legal opinion, Beat KRANZ was replaced by Silvio VOGT, who had been recommended to Florian HOMM by Urs MEISTERHANS.

Furthermore, an email from Florian HOMM to Urs MEISTERHANS dated March 4, 2009 and an agreement entitled "SETTLEMENT AGREEMENT" dated April 9, 2009 between Florian HOMM and Urs MEISTERHANS show that Florian HOMM, as of 2006, had given Urs MEISTERHANS a fiduciary mandate concerning approximately CHF 50,000,000, that he was a client of SINITUS AG, that there had only been oral agreements due to existing and potential complaints targeting Florian HOMM, that the mandate consisted in protecting his assets against predators and keeping them in stable currencies, and that significant transfers of funds had been made through Australia and Norway (**Ref. 221**).

In his book "KOPF GELD JAGD" Florian HOMM reveals that he hid his money in accounts opened under a false name to protect his fortune not only from seizure by his spouse, but also from seizure by state services (**Ref. 222**).

### 1.3.4   Progress of events

The progress of events clearly proves that Urs MEISTERHANS must have understood and accepted that the assets of Florian HOMM under his management were of criminal origin and that his actions (described above in point 1.2) were likely to hinder their confiscation by the criminal prosecution authorities, namely:

The implementation of the structures
- On January 12, 2006 CORPORATE ADVISORS EUROPE SA was formed by Urs MEISTERHANS, via the company PANAMA CORPORATE SERVICES SA, in Panama. The original formative documents of this company were found in Urs MEISTERHANS's office during the search and seizure operations of the premises of SINITUS AG on April 25 and 26, 2013, it being stated that CORPORATE ADVISORS EUROPE SA had held bank account no. ▮2334 at BANQUE SCS ALLIANCE SA, in Zurich, since February 20, 2006 having as an beneficial owner Florian HOMM (**Ref. 223**). This company was used by Florian HOMM for transactions such as the rental of an apartment.
- On May 11, 2006, the company ENERGY EIAC CAPITAL LTD was formed by Urs MEISTERHANS via the company ST. VINCENT TRUST SERVICE LIMITED, in St. Vincent & the Grenadines (**Ref. 224**), it being stated that this company was used by Florian HOMM under his false identity of Colin TRAINOR, to open accounts in Switzerland and to transit his criminally-acquired assets.

Proceedings number: SV.09.0135-FAL

- On May 11, 2006, the "MANDATE AGREEMENT" was reached through which a Florian HOMM, using his false identity as Colin TRAINOR, mandated Urs MEISTERHANS, acting in his capacity as director of the offshore company GOLD-COAST DIRECTORS LTD, as administrator and director of the company ENERGY EIAC CAPITAL LTD (**Ref. 225**).
- On January 20, 2006, the mandate ███████5-GES was opened at SINITUS AG pertaining to the client ENERGY EIAC CAPITAL LTD, for which Colin TRAINOR was the beneficial owner and for which Urs MEISTERHANS was the manager (**Ref. 226**).
- On June 15, 2006, Urs MEISTERHANS ordered, via SINITUS AG, a credit card in the name of John HOLMES from UBS AG, it being stated that the data pertaining to the holder of the credit card corresponded to the domicile, the nationality, and the date of birth of Florian HOMM (**Ref. 227**) and that he held an account with BANQUE SCS ALLIANCE SA, in Zurich, entitled "Holmes" (**Ref. 228**).
- on December 22, 2006, bank account no. ███████2674 was opened at UBS AG in Zug, in the name of ENERGY EIAC CAPITAL LTD, for which the beneficial owner on form A, dated December 19, 2006 and signed by Urs MEISTERHANS in Küsnacht, was named Colin TRAINOR (**Ref. 229**).
- On January 8, 2007, bank account no. ███████676-1 in the name of Colin TRAINOR was opened CREDIT SUISSE AG, Zurich, at the request of Urs MEISTERHANS (**Ref. 230**) by using Florian HOMM's false Irish passport issued on November 9, 2006, for which form A, dated December 23, 2006 and bearing the signatures of Urs MEISTERHANS and Colin TRAINOR, names Colin TRAINOR as the beneficial owner.
- On August 6, 2007, Urs MEISTERHANS applied for an AMERICAN EXPRESS CORPORATE CARD credit card on behalf of Colin TRAINOR (**Ref. 231**).
- on September 3, 2007, bank account no. ███1447 was opened at REICHMUTH & CO, in Luzerne, in the name of ENERGY EIAC CAPITAL LTD, at the request of the Urs MEISTERHANS, for which the beneficial owner on form A, dated August 31, 2007 and signed by Urs MEISTERHANS, was designated as Colin TRAINOR (**Ref. 232**).
- on September 14, 2007, the termination of the mandate of CONSISTA TREUUNTERNEHMEN REG with respect to CSI ASSET MANAGEMENT ESTABLISHMENT and the assumption of the mandate by the company JURACTA TREUUNTERNEHMEN REG, represented by Silvio VOGT, for whom the Vertragspartner (contractual counterpart) for CSI ASSET-MANAGEMENT ESTABLISHMENT is Urs MEISTERHANS (**Ref. 233**), who, namely, provided a copy of the Florian HOMM's German passport, appointed as beneficiary of CSI ASSET MANAGEMENT ESTABLISHMENT.

It is stated that, parallel to the implementation of the structure, from May 26, 2006 to October 31, 2007, Urs MEISTERHANS transferred to the accounts of OCEAN OFFSHORE BANK SA, in Singapore, to SINITUS LTD, in Australia, to IBEX ENERGY LTD, in Norway, and to ALLEN PARTNERS SA, in Switzerland, of which he had control, an amount greater than USD 65,000,000 belonging to Florian HOMM, of which at least USD 54,805,840 came from the latter's criminal activities, and then transferred one part of these assets to Switzerland using accounts whose beneficial owner was Colin TRAINOR (see points 1.2.1.2.1 and 1.2.1.3.1);

Proceedings number: SV.09.0135-FAL

*Preparations for the flight and clandestine life of Florian HOMM*

- In May and June 2006, Urs MEISTERHANS took steps on behalf of Florian HOMM in order to obtain visas for Cuba, the island of São Tomé and Principe (**Ref. 234**).
- On May 29, 2006, a contract was formed entitled "SHARE SALE AND TRANSFER AGREEMENT" between Florian HOMM and JAVELIN AVIATION LTD, represented by Urs MEISTERHANS in his capacity as director. This contract was created by Urs MEISTERHANS to give the appearance that Florian HOMM had sold to JAVELIN AVIATION LTD his stakes amounting to 77.15% in the company CORPORATE ADVISORS EUROPE ApS which owned the PILATUS PC 12 airplane, even though in reality Florian HOMM continue to remain the effective owner, since this airplane was sold by Florian HOMM in January 2008, that being after his resignation from ACMH and his flight, for a price of USD 3,000,000, received in account no. ████5484 of ADMEREX LTD at BANQUE PASCHE SA, in Zurich (**Ref. 235**).
- On November 9, 2006, Florian HOMM was issued a false Irish passport under the identity of Colin TRAINOR.
- From the end of June to the start of July 2007, several emails were exchanged between Urs MEISTERHANS, Andreas SCHAER, and Beatrice MUELLER of the MALLORCA RESIDENCE S.L. company, concerning the rental of a villa by Florian HOMM in Palma de Majorque, in which it appears that Urs MEISTERHANS wished to rent the house in his name so as not to have the name of Florian HOMM appear on the rental contract (**Ref. 236**).
- On August 8, 2007, an email was sent from Urs MEISTERHANS to Carlos LLORENTE for the purpose of quickly opening bank accounts with "not cooperative" local banks in Panama and Nicaragua using Florian HOMM's false identity in the name of Colin TRAINOR (**Ref. 237**).

**Creation of fake contracts to hinder the discovery of Florian HOMM's assets**

- on May 23rd 2006, the forwarding by Urs MEISTERHANS to Andreas SCHAER of a contract backdated to May 10th 2004 entitled LOAN AGREEMENT between the NEW YORK ART TRADING LTD company (lender) and Susan DEVINE-HOMM concerning a loan of antiques estimated at approximately EUR 2,000,000 (**ref, 238**),
- a contract entitled "PURCHASE AGREEMENT," dated May 26, 2006, between OCEAN OFFSHORE BANK S.A. ("The Seller") and Florian HOMM ("The Purchaser"), bearing the signature of Urs MEISTERHANS for OCEAN OFFSHORE BANK S.A. and that of Florian HOMM (**Ref. 239**). With this contract, Florian HOMM acquires, for the price of EUR 12,000,000, the entire capital of the company SAO TOME INVEST SA, which owns the MIRAMAR Hotel in São Tomé and Principe. It should be noted that the purchase price and the contract date correspond to the date and the total amount transferred from accounts under Florian HOMM's control at BANQUE SCS ALLIANCE SA, in Zurich, to the account of OCEAN OFFSHORE BANK SA at COMMERZBANK (SOUTH EAST ASIA) LIMITED ( see supra transfers no. 1 to 3). Hence, this contract was established to justify the economic background of these transfers, without, however, comporting with reality.
- a document entitled "PROMISSORY NOTE" dated July 11, 2006, in which ENERGY CORP promises to repay, on first demand by ENERGY EIAC CAPITAL LTD, to the European office for the latter at SINITUS AG, in Küsnacht, in

Proceedings number: SV.09.0135-FAL

Switzerland, the amount of USD 18,255,000, with a maturity date of June 30, 2008, as well as a statement without heading (**Ref. 240**) sent to ENERGY EIAC CAPITAL LTD, bearing the signature of George SAGREDOS, which makes reference to the aforementioned agreement and by which George SAGREDOS confirms having received for ENERGY CORP., in 2006, the amount of USD 18,255,000 from OCEAN OFFSHORE BANK SA via COMMERZBANK (SOUTH EAST ASIA) LIMITED. It should be noted that George SAGREDOS, during his deposition of November 27, 2012, disputed the contents of the aforementioned statement and that he had signed a "PROMISSORY NOTE" for the amount of USD 18,255,000 (**Ref. 241**). It should also be noted that the blank A4 pages containing the signature of George SAGREDOS were found in Urs MEISTERHANS' office, following the aforementioned statement sent to ENERGY EIAC CAPITAL LTD And bearing George SAGREDOS' signature, during the search and seizure operations of the premises of SINITUS AG on April 25 and 26, 2013 (**Ref. 242**). Furthermore, it has been able to be established that said statement sent to ENERGY EIAC CAPITAL LTD was created or modified on January 14, 2009 by Urs MEISTERHANS who, furthermore, made the last backup (**Ref. 243**). With respect to the "PROMISSORY NOTE" dated July 11, 2006, the properties of the computer file pertaining to this document show that Urs MEISTERHANS made the last modification and backup of the document on December 24, 2008 (**see Ref, 243**). It should be noted that these modifications were made by Urs MEISTERHANS following the email that he had received from Florian HOMM on October 10, 2008 in which the latter stated he was shocked by the search and seizure operations of the SINITUS AG premises (see infra*: Simulated litigation between Florian HOMM and Urs MEISTERHANS* These documents were created to give the appearance that the total amount of EUR 12,000,000 transferred on May 26, 2006 from accounts in Switzerland controlled by Florian HOMM to the account of OCEAN OFFSHORE BANK SA at COMMERZBANK (SOUTH EAST ASIA) LIMITED, in Singapore, had been invested in ENERGY CORP, even though the aforementioned contract of May 26, 2006 made reference to the purchase of a hotel in São Tomé and Principe for EUR 12,000,000.
•The conclusion of a contract to purchase ships, dated May 25, 2007, between CSI ASSET MANAGEMENT ESTABLISHMENT and IBEX ENERGY LTD, represented by Urs MEISTERHANS in his capacity as director, to give the appearance that the amount of EUR 9,500,000, transferred on May 31, 2007 to the account in the name of IBEX ENERGY LTD at DNB NOR BANK ASA in Norway from the account in the name of CSI ASSET MANAGEMENT ESTABLISHMENT at BANQUE SCS ALLIANCE SA, Zurich, was invested in the acquisition of ships (**Ref. 244**) even though this amount was repatriated into Switzerland and deposited into account opened under the Florian HOMM's false identity, that being Colin TRAINOR (see pt. 1.2.1.2.1).
•On June 27, 2007, Urs MEISTERHANS sent via email, to Andreas SCHAER, a contract entitled "Option Agreement," dated June 15, 2007, between CSI ASSET MANAGEMENT ESTABLISHMENT and INVESTEC BANK (AUSTRALIA) LTD, regarding the purchase of a Russian company at the price of EUR 17,500,000, in order to falsely demonstrate the transfer of EUR 4,000,000 made on June 19, 2007 from the account in the name of CSI ASSET MANAGEMENT ESTABLISHMENT at BANQUE SCS ALLIANCE SA, Zurich, to the account in the name of SINITUS LTD at INVESTEC BANK (AUSTRALIA) LTD, as well as the other transfers of Florian HOMM's assets to this account, that being a total of EUR 70,500,000 (see supra transfers nos. 4, 9 to 11) (**Ref. 245**).

Proceedings number: SV.09.0135-FAL

- a contract entitled Option Agreement," dated July 9, 2007, between STELLAR ASSET MANAGEMENT LTD, represented by Urs MEISTERHANS, and CSI ASSET MANAGEMENT ESTABLISHEMENT, by which this entity, whose beneficial owner is Florian HOMM, granted a purchase option to STELLAR ASSET MANAGEMENT LTD which, by virtue of this option, obtain the right to purchase 23,394,163 ACMH shares from CSI, in a price fixed namely at 10% of the share's market value. This contract had the purpose of allowing Urs MEISTERHANS to possess the ACMH shares, through STELLAR ASSET-MANAGEMENT LTD, on behalf of Florian HOMM, and thereby allow the latter to no longer appear as being the beneficial owner of said shares (**Ref. 246**).

### *Resignation, disappearance of Florian Homm and successive events*

- on September 18, 2007, Florian HOMM's resignation letter to the shareholders and investors of ACMH was published, found in Urs MEISTERHANS's office at SINITUS AG and bearing the printout date of September 18, 2007 (**Ref. 247**).
- on September 18, 2007, Urs MEISTERHANS sent via email to Andreas SCHAER Florian HOMM's letter of resignation (**Ref. 248**).
- On September 18, 19, and 20, 2007, printouts of articles published on the net related to Florian HOMM's resignation from ACMH were found in Urs MEISTERHANS' office at SINITUS AG (**Ref. 249**).
- On September 19, 2007, Leon SCHUALL sent an email to Urs MEISTERHANS in which it appears that Florian HOMM did not give market value to significant positions invested by the funds managed under his oversight at ACMH and that these funds accordingly found themselves with illiquid positions estimated to be between 440 and 530 million USD.
- On October 27, 2007, the yacht named "Reel Extreme" was purchased with performance of the formalities associated with this purchase up until August 2008, namely an application made to the Panamanian authorities to obtain an operating permit associated with said boat (see **Ref. 131 and 132**).
- Between November and December 2007, there were numerous telephone contacts between Urs MEISTERHANS and Florian HOMM (namely from Panama) (**Ref. 250**)
- Between December 15, 2007 and February 10, 2008, Urs MEISTERHANS conducted Internet research related to Florian HOMM in which it appears that suspicions of fraud were weighing against Florian HOMM and that investors had filed complaints seeking damages and interest.
- On December 18, 2007, Florian HOMM, under the cover of his false identity of Colin TRAINER, asked Urs MEISTERHANS to send him three bank reference letters to Panama by UPS Courier in exchange for USD 10,000 (**Ref. 251**).
- On December 21, 2007, Urs MEISTERHANS sent to Florian HOMM via UPS letters of reference from CREDIT SUISSE AG, UBA AG, REICHMUTH & CO and OCEAN OFFSHORE BANK SA, as well as two SIM cards (**Ref. 252**).
- In January 2008, Florian HOMM sold the airplane at the price of USD 3,000,000, received in account no. ▮▮▮▮5484 of ADMEREX LTD at BANQUE PASCHE SA, in Zurich,
- Between January 6th 2008 and May 31st 2008, several exchanges of emails between Urs MEISTERHANS and Susan DEVINE on the subject of the assets which are stored with the COSMOTRANS AG company in Zurich and the transport of two paintings from Switzerland to Great Britain (**ref. 253**),

Proceedings number: SV.09.0135-FAL

- On March 26 2008, emails were exchanged between Urs MEISTERHANS and Andreas SCHAER related to a room rented at 47 Park Street Hotels by CORPORATE ADVISORS EUROPE on behalf of Florian HOMM, in which Andreas SCHAER indicates to Urs MEISTERHANS that he does not think that Florian HOMM wishes to rent a room in his name this year (**Ref. 254**).

It is stated that following the resignation and fight of Florian HOMM, Urs MEISTERHANS transferred, between September 2007 in August 2010, criminally acquired monies in surplus of USD 51.7 million, EUR 7.9 million, CHF 14 million and GBP 3.2 million, to accounts in Switzerland and abroad, namely in Panama, and for which the beneficial owner was Colin TRAINOR, i.e. Florian HOMM, or third parties.

### *Simulated dispute between Urs MEISTERHANS and Florian HOMM*

- On October 10, 2008, Florian HOMM sent an email to Urs MEISTERHANS in which Florian HOMM stated he was shocked by the search and seizure operations targeting SINITUS AG the previous day (it being stated that this searches seizure had been performed by the Zurich authorities in the context of a request for mutual assistance from Australia related to the MILNE affair) and he strongly recommended to him that he change telephones and numbers, to check in his office and his domicile as to whether any listening devices were placed, and to be extremely prudent with all documentation, in particular emails pertaining to his clients. Florian HOMM also asked Urs MEISTERHANS to perform cash withdrawals from his accounts in the amounts of EUR 300,000, USD 50,000 and CHF 100,000, and to deposit this money in a locked box in Urs MEISTERHANS' vault (**Ref. 255**).
- On December 24, 2008, last modification and backup of the "PROMISSORY NOTE" dated July 11, 2006 by Urs MEISTERHANS, with the purpose of giving the appearance that ENERGY EIAC CAPITAL LTD invested the amount of USD 18,255,000 in ENERGY CORP
- On January 10, 2009, email from Florian HOMM to Urs MEISTERHANS, in which the former accuses Urs MEISTERHANS of having lied to him and of having defrauded him by making risky, unauthorized investments, particularly in a SPAC in the amount of USD 18.25 million and in two hedge funds in the amount of 3 million. He also complains that he caused his assets to transit through accounts which have no connection with him ("unrelated to me") and to have failed to correctly protect his assets against predators. Despite these complaints, Florian HOMM was ready to give Urs MEISTERHANS a second chance and to find an amicable solution if he were to write a handwritten confession, signed by a witness. In this same email, Florian HOMM additionally explains that he has been the subject of numerous collective actions and a criminal investigation in Switzerland (**Ref. 256**).
- On January 13, 2009, Urs MEISTERHANS sent an email to Gitte ZEIDLER at COMMERZBANK (SOUTH EAST ASIA) LTD having as its subject "Ocean Offshore Bank account" in which he asked her to confirm to him, by letter, that in July 2006, an amount of USD 8,255,000 was transferred to ENERGY CORP as financing for the ENERGY INFRASTRUCTURE ACQUISITION CORP IPO with the BANK OF NEW YORK (**Ref. 257**),
- On January 14, 2009, Gitte ZEIDLER sent a letter to Urs MEISTERHANS, in which she confirmed that an amount of EUR 6,477,577.82 had indeed been transferred, with a posting date of July 12, 2006, to the recipient (**Ref. 258**).

Proceedings number: SV.09.0135-FAL

- On January 14, 2009, Urs MEISTERHANS modified the email from Gitte ZEIDLER, namely by eliminating the amount indicated by Gitte ZEIDLER and adding in the text for the subject, the following statements "transfer of USD 18.255 million – SPAC EIAC" (**Ref. 259**).
- On January 14, 2009, Urs MEISTERHANS created the statement, without a heading, sent to ENERGY EIAC CAPITAL LTD, Bearing the signature of George SACREDOS and indicating that ENERGY CORP. received in 2006 the amount of USD 18,255,000 from OCEAN OFFSHORE BANK SA via COMMERZBANK (SOUTH EAST ASIA) LIMITED, to give the appearance that the total amount of EUR 12,000,000 transferred on May 26, 2006 from accounts in Switzerland controlled by Florian HOMM to the account of OCEAN OFFSHORE BANK SA at COMMERZBANK (SOUTH EAST ASIA) LIMITED, in Singapore had been invested in ENERGY CORP. (**see Ref. 243 and 259**),
- On March 4, 2009, Florian HOMM sent an email to Urs MEISTERHANS in which the former complained that he has still not received an admission of culpability from Urs MEISTERHANS and offered him wording for his admission of culpability, in which it appears, namely, that Florian HOMM, as of the beginning of 2006, had given Urs MEISTERHANS a fiduciary mandate, that he was a client of SINITUS AG, that there had only been oral agreements due to existing and potential complaints targeting Florian HOMM, that the mandate consisted in protecting his assets from predators and keeping them in stable currencies, that significant transfers of funds had been made through Australia and Norway, and that Urs MEISTERHANS had not complied with these agreements by, namely, investing USD 18 million in as SPAC and 3 million in a hedge fund and by mixing Florian HOMM's funds with those of other clients (**Ref. 260**).
- On the same day, following receipt of the aforementioned email, Urs MEISTERHANS forwarded the email to his own email address with SINITUS AG (urs.meisterhans@sinitus.com), while making some modifications to it, i.e. removing the paragraph in which it was said that Florian HOMM was a client of SINITUS AG and by adopting the entire remainder of the text proposed by the latter (**see Ref. 260**).
- On April 9, 2009, there was a "SETTLEMENT AGREEMENT" between Florian HOMM and Urs MEISTERHANS (**Ref. 261**) in which it is stipulated under point (A), that the date for the start of the business relationship between Florian HOMM and Urs MEISTERHANS was January 31, 2006 and that Florian HOMM had entrusted him with the management of one portion of his assets equivalent to approximately CHF 50,000,000, under point (B), that during the time of the aforementioned investment and up to March 2008, Urs MEISTERHANS was a partner and Director of SINITUS AG, personally in charge of the management of the entrusted assets and under point (C), that a dispute had arisen between Florian HOMM and Urs MEISTERHANS on the one hand and the company SINITUS AG on the other due to a significant loss in the entrusted assets. This agreement further provided for indemnification owed by Urs MEISTERHANS to Florian HOMM, that being the transfer of 15% of Urs MEISTERHANS' stake in SINITUS AG and the payment of a sum total of CHF 3,500,000, of which CHF 500,000 was payable on May 30, 2009 and the balance in 30 annual tranches of CHF 100,000 from 2010 to 2039.
- On December 13, 2010, a letter signed by Florian HOMM was sent to Urs MEISTERHANS by Adam KRAVITZ, via "EXPRESS MAIL" of the UNITED STATES POSTAL SERVICE in which it was stated that Urs MEISTERHANS had fulfilled all of his obligations arising under the "SETTLEMENT AGREEMENT" of April 9

Proceedings number: SV.09.0135-FAL

2009, while at his hearing dated February 9th 2010, Florian HOMM had declared that Urs MEISTERHANS had not fulfilled his obligations (**ref. 262**),

- a document dated August 1st 2011 entitled "*L'affaire Florian Homm du point de vue de la fiduciaire Sinitus AG*" ["*The Florian Homm affair from the point of view of the trustee Sinitus AG*," was found during the search of April 25th and 26th 2014 in the premises of SINITUS AG, which justifies the reasons for which Florian HOMM entrusted Urs MEISTERHANS with the management of his assets and the losses suffered by Florian HOMM in the context of this management (**ref. 263**). It should be noted that, contrary to the "PROMISSORY NOTE," dated July 11th, 2006, and the email from Florian HOMM dated January 10th 2009, it is stated in this document that a sum of approximately USD 10,000,000 was invested in the SPAC and that another sum of the same value had been invested in STELLAR US ABSOLUTE RETURN FUND, which allegedly had been lost. Moreover, it is specified that Florian HOMM was not a client of SINITUS AG. The computer properties of the said document, dated August 1st 2011 reveal that it was Urs MEISTERHANS himself who created it and modified in on August 13th 2011.
  This document was consequently created by Urs MEISTERHANS in the sole aim of giving his version of the facts which changes gradually as false documents are created and which clearly, does not correspond to reality.

While it is understood that the investigation has been able to establish that the reproaches expressed by Florian HOMM against Urs MEISTERHANS do not correspond to reality, since ENERGY EIAC CAPITAL LTD did not invest USD 18,255,0000[1] in ENERGY CORP, as it was Florian HOMM himself who requested Urs MEISTERHANS to use, for certain transfers, "unconnected and unrelated and safe account" (**ref. 264**), since Florian HOMM, respectively Susan DEVINE HOMM, recovered almost all their assets entrusted to Urs MEISTERHANS, and since Urs MEISTERHANS never granted 15% of his stake in SINITUS AG and did not pay any of the annual instalments of CHF 100,000 (**ref. 265**),

thus, by this agreement, Urs MEISTERHANS and Florian HOMM, who was worried by the search of the premises of SINITUS AG (**ref. 266**), wanted to make believe that a significant part of the assets of the latter had been lost in risky investments in the aim of protecting these assets from the claims of parties injured by the criminal acts committed by Florian HOMM, some of whom had already begun legal action against Florian HOMM in 2008 (**ref. 267**).

All these facts were known to Urs MEISTERHANS when they occurred and should have led him to presume that Florian HOMM's assets under his management were of criminal origin, which he could have noted, given his 30 years' experience as a financial intermediary (**ref. 268**) and if he had proceeded, in accordance with art. 6 LBA (Loi sur le Blanchiment d'Argent) [Swiss Confederation Money-laundering law], to carry out the required verifications, upon receipt of the USD 65,000,000 approximately on the structures that he set up in Australia, Norway and Singapore, or at the very least in the second phase, when he transferred these assets, to Switzerland and abroad, to arrangements whose economic beneficiary was Colin TRAINOR, the false identity of Florian HOMM, or whose holders were third parties.

---

[1] Translator's note: there might be an erroneous extra "0" in this number, reproduced here exactly as in the French text.

Proceedings number: SV.09.0135-FAL

### 1.4 Aggravating circumstances

Urs MEISTERHANS is suspected of having laundered an amount of USD 54,805,840 at the very least, which must be retained as the sum referred to in art. 305bis ch.2 let. c CP.

The activities deployed by Urs MEISTERHANS to launder these assets took place from May 2006 to February 2011 at least and were numerous, namely:
- the active participation in the organizational measures taken in the aim of preparing the escape and "disappearance" of Florian HOMM,
- frequent contacts with Florian HOMM, directly or through Andreas SCHAER.
- the creation of offshore structures through third party companies,
- the opening of several bank arrangements, via banks in Switzerland and abroad, using false Form As and false information on the identity of the economic beneficiary,
- the drafting of several false documents to justify substantial transfers of assets and the so-called loss of assets suffered by Florian HOMM,
- actions to hinder on sums totaling over USD 97,531,575, EUR 53,483,829, CHF 14,096,008, AUD 10,000,000 and GBP 3,247,338.

These activities enabled Urs MEISTERHANS to make a significant gain which amounts to over USD 1,317,200 (or 2% of USD 65,860,000 corresponding to 50% of the interest collected by Florian HOMM on his assets entrusted to Urs MEISTERHANS, which amounted to 3.5% up to 4% according to Florian HOMM's statement (**ref. 269**), while it is recalled that merely for sending Florian HOMM bank reference letters in December 2007, Urs MEISTERHANS received USD 10,000 (**ref. 270**).

The criminal acts performed by Urs MEISTERHANS are even more serious because the latter acted in his capacity as financial intermediary subject to the Swiss law on money laundering (LBA) and thus was exercising a profession for which he was authorized by the state authorities.

Thus, in view of the time and attention given to Florian HOMM's assets in terms of both time and frequency of the gains made and of his job as financial intermediary, Urs MEISTERHANS exercised his guilty activity by working to launder money in a way that constitutes a serious case of money laundering in the sense of art. 305bis ch. 2 CP.

### 2 Filing false documents (art. 251 ch. 1 CP) and lack of vigilance in terms of financial transactions (art. 305ter CP)

### 2.1 Use of Florian HOMM's false passport

Urs MEISTERHANS is accused of having used, in his capacity as financial intermediary, member of the board of directors and shareholder within SINITUS AG, in Küsnacht, between December 2006 and January 2013 at least, Florian HOMM's false Irish passport in the name of Colin TRAINOR, to enable the opening with Swiss banking institutions of the following banking arrangements:

Proceedings number: SV.09.0135-FAL

- arrangement n° ▮▮▮676-1 opened in the name of Colin TRAINOR with CREDIT SUISSE AG in Zurich, on January 8th 2007, whose assets were confiscated on August 27th 2009;
- arrangement n°0▮▮▮2674 opened in the name of ENERGY EIAC CAPITAL LTD with UBS AG, in Zug, on December 22nd 2006, of which Colin TRAINOR is indicated as economic beneficiary and whose assets were confiscated on August 25th 2009;
- arrangement n° ▮▮▮1446 (which became n°▮▮▮▮.1001) opened in the name of SINITUS AG with REICHMUTH & CO, in Luzerne, on September 3rd 2007, of which Colin TRAINOR is indicated as economic beneficiary and whose assets were confiscated on March 10th 2011;
- arrangement n° ▮▮▮1447 opened in the name of ENERGY EIAC CAPITAL LTD with REICHMUTH & CO, in Luzerne, on September 3rd 2007, of which Colin TRAINOR is indicated as economic beneficiary, which was closed on December 30th 2008;

in the aim of concealing the real identity of the economic beneficiary, namely Florian HOMM, in order to keep the assets of criminal origin of the latter out of the hands of the legal authorities and thus mislead the above-mentioned banking authorities about the real identity of the co-contracting party and the economic beneficiary,

acting in this way, deliberately and knowingly, in view of his involvement in the progress of events (cf. above pt. 1.3)

while it is understood that Urs MEISTERHANS gave the banks concerned a copy of the Irish passport in the name of Colin TRAINOR required to open the above-mentioned arrangements (**ref. 271**), while he knew that Colin TRAINOR was the false identity of Florian HOMM, and also signed the Form As for the above-mentioned arrangements.

These deeds are qualified as use of forged documents in the sense of art. 251 CP.

**2.2   False form As**

**2.2.1 Designation of Colin TRAINOR as economic beneficiary**

Urs MEISTERHANS is accused, in his capacity as financial intermediary, member of the board of directors and shareholder, within SINITUS AG, in Küsnacht, between December 2006 and January 2013 at least, of having drafted the following false form A's, designating Colin TRAINOR, Florian HOMM's false identity, as economic beneficiary and of having used it to open the above-mentioned bank arrangements:

- form A dated December 23rd 2006 bearing the signatures of Urs MEISTERHANS and Colin TRAINOR, designating Colin TRAINOR as economic beneficiary of the assets deposited on arrangement n° ▮▮▮676-1 opened in the name of Colin TRAINOR with CREDIT SUISSE AG, in Zurich, on January 8th 2007 (**ref. 272**),

Proceedings number: SV.09.0135-FAL

- form A dated December 19th 2006 signed, in Küsnacht, by Urs MEISTERHANS, designating Colin TRAINOR as economic beneficiary of the assets deposited on the arrangement n° ██████2674 opened in the name of ENERGY EIAC CAPITAL LTD with UBS AG, in Zug, on December 22nd 2006 (**ref. 273**),

- form A dated August 31st 2007 signed, in Küsnacht, by Urs MEISTERHANS, designating Colin TRAINOR as economic beneficiary of the assets deposited on arrangement n° ██████.1001 (formerly ████ 1446) opened in the name of SINITUS AG with REICHMUTH & CO, in Luzerne, on September 3rd 2007 (**ref. 274**)

- form A dated August 31st 2007, signed, in Küsnacht, by Urs MEISTERHANS, designating Colin TRAINOR as economic beneficiary of the assets deposited on the arrangement n° ████ 1447 opened in the name of ENERGY EIAC CAPITAL LTD with REICHMUTH & CO, in Luzerne, on September 3rd 2007, closed on December 30th 2008 (**ref. 275**),

in the aim of concealing the real identity of the economic beneficiary, in this case, Florian HOMM, in order to keep the latter's assets of criminal origin out of the hands of the legal authorities and the injured parties and thus mislead the above-mentioned banking institutions about the real identity of the co-contracting party and of the economic beneficiary,

as well as having violated, as financial intermediary, since the opening of the above-mentioned arrangements until they were closed, or until the end of his activity within SINITUS AG in January 2013, his duty to be vigilant in terms of financial transactions by indicating deliberately on the above-mentioned form As an incorrect economic beneficiary,

by acting in this way, deliberately and knowingly, in view of his involvement in the progress of events (cf. above pt. 1.3).

The facts described above are qualified as creation and use of forged documents in the sense of art. 251 CP as well as absence of vigilance in terms of financial transactions in the sense of art. 305ter CP.

**2.2.2 Appointment of third parties as economic beneficiaries**

Urs MEISTERHANS is accused, in his capacity as financial intermediary, member of the board of directors and shareholder within SINITUS AG, in Küsnacht, between May 2003 and January 2013 at least, of having created and used, in the context of opening the banking arrangements referred to below, the following form As, designating a third party as economic beneficiary in connection with transactions carried out for Florian HOMM's account, notably:

- form A dated March 3rd 2008 signed, in Küsnacht, by Urs MEISTERHANS, completed in connection with arrangement n° ██████.1001 (formerly ████ 1679) opened on March 10th 2008 in the name of SINITUS SERVICES LTD with REICHMUTH & CO, in Luzerne, designating SINITUS AG as economic beneficiary, while in reality

Proceedings number: SV.09.0135-FAL

the real economic beneficiary of some of the assets deposited on this arrangement is Florian HOMM (**ref. 276),**

- two form As dated July 31st 2003 and February 1st 2005 signed, in Küsnacht, by Urs MEISTERHANS, completed in connection with arrangement n° ███0705 in the name of RAMO LTD, opened on August 27th 2003 and closed on August 25th 2010, with UBS AG, in Zug, designating respectively Annamaria Alexandra STANCIULESCU and Hans Rudolf KUNZ as economic beneficiaries, while in reality the real economic beneficiary of the assets on this arrangement for the sum of USD 7,223,118, dated February 4th 2008, was Florian HOMM (**ref. 277),**

- form A dated September 3rd 2003 signed in Küsnacht, notably by Urs MEISTERHANS, completed in connection with the arrangement n° ███3367 opened on October 13th 2003 in the name of RAMO LTD with PICTET & CIE BANQUIERS, in Geneva, designating as economic beneficiary, Annamaria Alexandra STANCIULESCU, to which was transferred the balance of the assets of the arrangement n° ███0705 in the name of RAMO LTD with UBS AG following its closure (**ref. 278),**

- form A dated February 20th 2009 signed, n Küsnacht, by Urs MEISTERHANS, completed in connection with the arrangement no ███6.266 in the name of RAMO LTD with ZUERCHER KANTONALBANK, in Zurich, opened on March 2nd 2009 and closed in October 2014, designating as economic beneficiary Hans Rudolf KUNZ, while in reality, the real economic beneficiary of the assets deposited on this arrangement, for the sum of CHF 2,600,000 dated March 6th 2009, was Florian HOMM (**ref. 279),**

- form A dated June 15th 2004 signed notably by Urs MEISTERHANS, in Küsnacht, completed in connection with the arrangement n° ███2256 in the name of ALLEN PARTNERS SA, opened on May 31st 2000 and closed on December 19th 2010, with UBS AG in Zug, designating Victoria Lynne BRADBURN as economic beneficiary, while in reality the real economic beneficiary of the assets deposited on this arrangement for the sum of EUR 8,700,00 at least, between March 15th 2007 and October 11th 2007 was Florian HOMM (**ref. 280),**

- form A dated June 16th 2010 signed, in Küsnacht, by Urs MEISTERHANS, completed in connection with the banking arrangement n° ███7989 in the name of ALLEN PARTNERS SA with IHAG PRIVATBANK in Zurich, opened on June 18th, 2010 and closed on November 27th 2012, designating Victoria Lynne BRADBURN as economic beneficiary while in reality the real economic beneficiary was Florian HOMM (**ref. 281),**

- form A dated March 2nd 2009, signed, in Küsnacht, by Urs MEISTERHANS, completed in connection with the banking arrangement n° ███6312 in the name of SINITUS NOMINEES LTD with UBS AG, in Zug, opened on March 14th 2002 and closed on December 31st 2014, designating Victoria BRADBURN as economic beneficiary (**ref. 282),**

- form A dated November 24th 2008, signed, in Küsnacht, by Urs MEISTERHANS, completed in connection with the arrangement n° ███2061 in the name of PLANTATION FOUNDATION opened on November 28th 2008 and closed on August 11th 2010, with REICHMUTH & CO, in Luzerne, designating Rosendo FERNANDEZ ZAMBRANO

Proceedings number: SV.09.0135-FAL

as economic beneficiary, while in reality the true economic beneficiary of the assets deposited on this account, totaling at least 2,793,986 USD, between December 30, 2008 and August 4, 2010, was Florian HOMM (**ref. 283**),

- form A dated July 4th, 2003, signed in Küsnacht, by Urs MEISTERHANS, established in connection with the reference n° ▮▮▮9036 opened on July 4th 2003 in the name of GLOBAL TRADE GROUP LTD with UBS AG, in Zug, appointing George SAGREDOS as economic beneficiary, while in reality the real economic beneficiaries of the assets on this reference for the amount of EUR 1,000,000 and USD 280,000 at least, on March 6th 2007 and October 25th 2007, were Florian HOMM and Susan DEVINE HOMM (**ref. 284**),

- Form A, dated May 26, 2003 and signed in Küsnacht by Urs MEISTERHANS, completed in relation to account no. ▮▮▮6975 in the name of ROSEWOOD CONSULTANT LTD, opened on May 26, 2003 and closed on January 11, 2011 at UBS AG in Zug, designating Victoria BRADBURN as economic beneficiary, while in reality the true economic beneficiary of the assets on this account, totaling at least 1,638,750 USD, between November 27, 2007 and July 9, 2008, was Florian HOMM (**ref. 285**),

- Form A, dated December 19, 2003 and signed in Küsnacht by Urs MEISTERHANS, completed in relation to account no. ▮▮▮5484 opened on January 6, 2004 in the name of ADMEREX LTD at BANQUE PASCHE AG in Zurich, designating Michael MILNE as economic beneficiary, while in reality the true economic beneficiary of the assets deposited on this account, totaling at least 3,000,000 USD at January 22, 2008, was Florian HOMM (**ref. 286**),

- Form A, dated March 28, 2008 and signed in Küsnacht by Urs MEISTERHANS, completed in relation to account no. ▮▮▮4017 opened on November 23, 2000 in the name of SINITUS AG at BANQUE PASCHE AG in Zurich, designating Matthew Frazer NASH as economic beneficiary, while in reality the true economic beneficiary of the assets deposited on this account, totaling at least 10,000,000 USD between May 14 and June 8, 2007, was Florian HOMM (**ref. 287**),

- Form T, dated July 26, 2012 and signed in Küsnacht by Urs MEISTERHANS, completed in relation to account no. ▮▮▮4017 opened on November 23, 2000 in the name of SINITUS AG at BANQUE PASCHE AG in Zurich, designating PRINCETON UNIVERSITY as the beneficiary of the PRINCETON TRUST, the assets of which were to have been deposited onto the above-mentioned account, while in reality the true economic beneficiary of the assets deposited on this account, totaling at least 10,000,000 USD between May 14 and June 8, 2007, was Florian HOMM (**ref. 288**),

- Form A, dated March 27, 2002 and signed in Küsnacht by Urs MEISTERHANS, designating Matthew Frazer NASH as the economic beneficiary of the assets deposited on account no. ▮▮▮2254 in the name of RADO TRADE AND FINANCE LTD at UBS AG in Zug, opened on May 29, 2000 and closed on July 27, 2010 (**ref. 289**),

- Form A, dated June 28, 2010 and signed in Küsnacht by Urs MEISTERHANS, designating Matthew Frazer NASH as the economic beneficiary of the assets deposited on bank account no. ▮▮▮8248 in the name of RADO TRADE AND FINANCE LTD at IHAG PRIVATBANK in Zurich, opened on July 2, 2010 and closed on February 28, 2012 (**ref. 290**),

Proceedings number: SV.09.0135-FAL

- Form A, dated January 11, 2012 and signed in Küsnacht by Urs MEISTERHANS, designating Matthew Frazer NASH as the economic beneficiary of the assets deposited on bank account no. ████9691 in the name of ITAG VERMÖGENSVERWALTUNG AG sub-heading no. ██0508 in the name of RADO TRADE AND FINANCE LTD at UBS AG in Basel, opened on January 26, 2012 and closed on November 29, 2012 (**ref. 291**),

- Form A, dated January 31, 2011 and signed in Küsnacht by Urs MEISTERHANS, designating Matthew Frazer NASH as economic beneficiary of the assets deposited onto bank account no. ████7340 in the name of RADO TRADE AND FINANCE LTD at BANQUE PASCHE SA in Zurich, opened on February 14, 2011 and closed on July 23, 2012 (**ref. 292**),

- Form A, dated March 18, 2004 and signed in Küsnacht by Urs MEISTERHANS, designating Matthew Frazer NASH as economic beneficiary of the assets deposited onto account no. ████7656 in the name of CENTURY FINANCE GROUP INC at UBS AG in Zug, opened on March 18, 2004 and closed on July 25, 2010 (**ref. 293**),

- Two Form "A"s dated April 16, 2007, one of which was back-dated, and signed in Küsnacht by Urs MEISTERHANS, completed in relation to account no. ███3760 opened on April 27, 2007 in the name of STELLAR PARTNERS LTD at CREDIT AGRICOLE SUISSE AG in Zurich, designating Jivko NIKOLOV and Catalin SCRIPCARU respectively as economic beneficiaries, while in reality the true economic beneficiary of the assets on this account, totaling at least 3,000,000 USD at December 15, 2008, was Florian HOMM (**ref. 294**),

- Form A, dated May 14, 2012 and signed in Küsnacht by Urs MEISTERHANS, completed in relation to account no. ████0.001 opened on May 23, 2012 in the name of DONALDSON VENTURES SA at BANK VONTOBEL AG in Zurich, designating Patrick Noel VAN GEYSEL KELAART as economic beneficiary (**ref. 295**),

- Form A, dated September 20, 2007 and signed by Urs MEISTERHANS in Küsnacht, designating SINITUS AG as economic beneficiary of the assets deposited onto bank account no. ███5910 in the name of SINITUS AG at CREDIT AGRICOLE (SUISSE) SA in Zurich, opened on November 23, 2007, while in reality the true economic beneficiary of the assets deposited on this account, totaling at least 4,600,000 USD, is Florian HOMM (**ref. 296**),

- Form A, dated April 18, 2012 and signed by Urs MEISTERHANS in Küsnacht, designating Ondine DE ROTHSCHILD as economic beneficiary of the assets deposited onto bank account no. ███5910 in the name of SINITUS AG at CREDIT AGRICOLE (SUISSE) AG in Zurich, opened on November 23, 2007 (**see ref. 296**),

- Form T, dated June 29, 2012 and signed by Urs MEISTERHANS, designating Ondine DE ROTHSCHILD as beneficiary of the assets of the trust PHETRI/OTEA TRUST in relation to bank account no. ███5910 in the name of SINITUS AG at CREDIT AGRICOLE (SUISSE) SA in Zurich (**see ref. 296**),

Proceedings number: SV.09.0135-FAL

And this with the intention of concealing the true identity of the economic beneficiary, namely Florian HOMM, with a view to keeping assets derived from crimes by the latter out of the hands of the law and the harmed parties, and thereby harming the rights of others by usurping the identity of a third person to achieve these ends,

And thus misleading the aforesaid banking institutions with regards to the true identity of the co-contracting party and of the economic beneficiary of the assets deposited onto the accounts in question,

As well as having violated, as a financial broker, from the time the aforesaid accounts were opened and until their closure, respectively up to the end of his activities at SINITUS AG in January 2013, his duty of vigilance over financial operations, voluntarily declaring an incorrect economic beneficiary on the aforesaid Form "A"s, respectively not providing the banks in question with a new Form A indicating the real economic beneficiary,

Taking such actions with full knowledge and volition, with a view to the facts described above in point 1.2.1.

The above-described facts are qualified as forgery and the use of falsified documents, as pursuant to Art. 251 of the Swiss Criminal Code, as well as a failure of due diligence in financial operations, as pursuant to Art. 305 *ter* of the Criminal Code.


**II. Civil claims (Art. 326 par. 1, letter a, Swiss Criminal Procedure Code)**

At this stage, the Absolute Funds have calculated their damages as follows:

   1)  448,825 EUR and 206,249,988 USD for investment and brokerage damages;

   2)  6,535,521 EUR, 1,261,536 USD, and 122,273 JPY for damages sustained following the undue payment of management fees;

   3)  36,858,454 EUR, 8,339,507 USD, and 611,911 JPY for damages sustained following the undue payment of performance fees.

This calculated data is taken from the analysis report prepared by the company APPLEBY FUND SERVICES (ISLE OF MAN) LIMITED, pursuant to a mandate by the complainants (**ref. 297**).

The allocation of these damages between Absolute Fund is on page 10 of the repot.

Proceedings number: SV.09.0135-FAL

### III. Compulsory measures (Art. 326 par. 1, letter b, Criminal Procedure Code)

Urs MEISTERHANS was temporarily held in custody during the following periods:

- from July 22, 2009 to October 15, 2009,
- from December 16, 2014 to December 19, 2014.

It is hereby specified that, within the context of the first temporary detention of Urs MEISTERHANS, he was released on October 15, 2009 following the payment of bail in the amount of 50,000 CHF to the Federal Criminal Court (**ref. 298**).

Further, reference was made to the record, in particular to the documents contained under sections 6, 7, and 8 of the record inventory and to the following.

### IV. CONFISCATED ASSETS AND ITEMS (art. 326 paragraph 1 sub-paragraph c CPP)

#### 1 Assets

According to the table below, assets totaling 22,754,233.20 CHF, 4,230,288 EUR, and 818,418 USD were seized on bank accounts controlled and used by Urs MEISTERHANS to hinder the discovery and confiscation of assets derived from crimes by Florian HOMM.

| Account holder | Bank | Account number | Opened | Frozen | Currency | Amount seized |
|---|---|---|---|---|---|---|
| **ENERGY EIAC CAPITAL LTD** | UBS AG (Zug) | ███2674 | 12/22/06 | 08/25/09 | EUR | 815,183 (statement of assets at December 31, 2014) |
| **COLIN TRAINOR** | CREDIT SUISSE AG (Zurich) | ███676-1 | 01/08/07 | 08/27/09 | EUR | 645,874 (statement of assets at December 31, 2014) |
| **SINITUS AG** | BANQUE PASQUE SA (Zurich) | ██4017 | 11/23/00 | 06/09/11 | CHF | 14,707,069 (statement of assets at December 31, 2014) |
| **SINITUS AG** | CREDIT AGRICOLE SA (Zurich) | ██5910 | 11/23/07 | 09/03/09 | CHF | 6,702,805.05 (statement of assets at April 24, 2015) |

Proceedings number: SV.09.0135-FAL

| Account holder | Bank | Account number | Opened | Frozen | Currency | Amount seized |
|---|---|---|---|---|---|---|
| **SINITUS AG** | REICHMUTH & CO. (Luzern) | ███.1001 (█████1446) | 09/03/07 | 03/10/11 | CHF | 185,146.92 (statement of assets at March 31, 2015) |
| **SINITUS SERVICES LTD** | REICHMUTH & CO. (Luzern) | ███.1001 (█████1679) | 03/10/08 | 04/15/11 | CHF | 1,159,212.23 (statement of assets at March 31, 2015) |
| **DONALDSON VENTURES SA** | BANK VONTOBEL AG (Zurich) | █3870 | 05/23/12 | 10/17/14 | USD | 818,418 (statement of assets at December 31, 2014) |
| **RAMO LTD** | PICTET & CIE BANQUIERS (Zurich) | █3367 | 10/13/03 | 05/19/11 | EUR | 2,769,231 (statement of assets at December 31, 2014) |

To this, we add the cash seized during the search of April 25 and 26, 2013 at the premises of SINITUS AG in Küsnacht, which totaled 323,960.20 CHF (according to the statement of account at March 31, 2015 (**ref. 299**)), 223,215 EUR, and 1,200 USD, amounts which were deposited onto an account at BNS, and 11.31 EUR, 4.40 CHF, 451 GBP, 1,20 DKK, 115 LAF, amounts which were deposited into the safe of the MPC. These amounts were also seized in proceedings SV.12.0743-FAL and SV.12.0745-LL, which form the object of a separate indictment (**ref. 300**).

Further, cash totaling 150,000 EUR was seized on May 23, 2012, during a search performed on May 22, 2012 of safety deposit box no. █1-339 rented by SINITUS AG at CREDIT SUISSE AG in Küsnacht (**ref. 301**). These amounts were also seized in proceedings SV.12.0743-FAL.

In relation to the account in the name of ENERGY EIAC CAPITAL LTD at UBS AG in Zug, it is important to reiterate that this company, established through Urs MEISTERHANS, was used by Florian HOMM, under his false identity as Colin TRAINOR, to open bank accounts in Switzerland, including the aforesaid account, and to transit assets derived from his crimes (see 1.2.1.2.1 and 1.2.1.3.1 above in particular). Moreover, this company does not perform any economic activity, and its sole purpose is to act as a screen for is sole economic beneficiary, Colin TRAINOR. This company, composed only of the aforesaid individual, has been found to act as a simple instrument of the latter and should not be considered, in application of the principle of transparency ("Durchgriff"), a third party as defined under Art. 70, par. 2 of the Criminal Code. The assets deposited onto this account, as well as on the account held by Colin TRAINOR at CREDIT SUISSE AG in Zurich are the result respectively of income resulting from criminal activities with which Florian HOMM has been charged, and should consequently be returned to the damaged parties; where this is not possible, they should be confiscated in application of Art. 70, par. 1 of the Criminal Code, or subsidiarily form the object of a compensatory credit in application of Art. 71, par. 1 of the Criminal Code.

Proceedings number: SV.09.0135-FAL

Concerning the accounts opened in the name of SINITUS AG at BANQUE PASCHE SA in Zurich, CREDIT AGRICOLE SA in Zurich, and REICHMUTH & CO. in Luzern, it is also appropriate to reiterate that this company played a central role, notably through its aforesaid bank accounts, within the structure implemented by Urs MEISTERHANS with the objective of laundering the income of criminal actions committed by Florian HOMM (see 1.2.1 above). Moreover, according to the Form A dated August 31, 2007 and signed by Urs MEISTERHANS, the economic beneficiary of the account in the name of SINITUS AG at REICHMUTH & CO. was Colin TRAINOR, the false identity of Florian HOMM. Moreover, it is important to underline that Urs MEISTERHANS held the positions of financial broker, member of the board of directors, and shareholder of the company SINITUS AG in Küsnacht, with individual signing authority, it being specified that he became sole shareholder of this company at the end of 2009. Further, it results from the record that the partners in the company SINITUS AG shared joint infrastructure (IT resources, premises), but in reality each had "*their own company,*" in the sense that each of them had their own clients, their own files, without necessarily needing to specifically report to others (**ref. 302**). To this end, the principle of transparency should likewise apply in this case. In effect, it would be incorrect to uphold, without reservation, the formal existence of two separate legal persons, as the company SINITUS AG has been found to be a simple instrument in the hands of Urs MEISTERHANS, in the implementation of his criminal activities. To this end, the differing nature of the subjects cannot be discussed without manifestly harming the legal interests, particularly those of the damaged parties, or without establishing an abuse of the law. As such, it is appropriate to make an abstract distinction between Urs MEISTERHANS and the company SINITUS AG, in the facts undertaken, and to exclude the hypothesis, without reservation, of a bona fide third party, as defined under Art. 70, par. 2 of the Criminal Code.

With regard to the company SINITUS SERVICES LTD, an offshore company established in the British Virgin Islands, it is a sister company of SINITUS TRUST MANAGEMENT, itself a sister company of SINITUS AG (**ref. 303**). As such, the principle of transparency, to which reference is made above, is likewise applicable in relation to this company. For this reason, it cannot, in the image of SINITUS AG, be considered a bona fide third party in application of Art. 70, par. 2 of the Criminal Code.

In relation to the assets seized on the bank accounts in the name of SINITUS AG and SINITUS SERVICES LTD at REICHMUTH & CO. in Luzern, these originate from criminal activities with which Florian HOMM has been charged (see 1.2.1.2.1 and 1.2.1.3.2 above) and should consequently be returned to the damaged parties; where this is not possible, they should be confiscated in application of Art. 70, par. 1 of the Criminal Code, or subsidiarily form the object of a compensatory credit in application of Art. 71, par. 1 of the Criminal Code.

Insofar as concerns the assets deposited onto the account in the name of SINITUS AG at CREDIT AGRICOLE SA in Zurich (**ref. 304**), and on the account in the name of SINITUS AG at BANQUE PASQUE SA in Zurich, the investigation has not allowed us to establish a direct link (a paper trail) between these assets and the criminal activities with which Florian HOMM has been charged; these assets should thus form the object of a compensatory credit in application of Art. 71, par. 1 of the Criminal Code.

For the cash seized at the premises of SINITUS AG and from the safety deposit box rented by the latter at CREDIT SUISSE AG in Küsnacht, the MPC considers that it is also appropriate to order a compensatory credit equal to the amount seized, as the assets to be confiscated are no longer available, in application of Art. 71, par. 1 of the Criminal Code.

Proceedings number: SV.09.0135-FAL

In relation to the accounts in the name of RAMO LTD at PICTET & CIE BANQUIERS and in the name of DONALDSON VENTURES SA at BANK VONTOBEL AG in Zurich, it is appropriate to note that these companies are companies established and domiciled in St. Vincent and the Grenadines. It is important to mention that these two companies were used in the money laundering mechanism implemented by Urs MEISTERHANS on behalf of Florian HOMM (see 1.2.1.3.1 and 1.2.1.2.3 above). RAMO LTD is managed by the company GOLD-COAST DIRECTORS LTD, itself directed by Urs MEISTERHANS, who has signing authority for this company. With regard to the company DONALDSON VENTURES SA, it is represented by Urs MEISTERHANS. The MPC thus considers that the principle of transparency mentioned above should likewise apply in relation to these two companies. For this reason, they cannot, as with SINITUS AG, be considered as bona fide third parties in application of Art. 70, par. 2 of the Criminal Code. As the investigations have enabled us to establish a direct link between the assets deposited onto the account of RAMO LTD at PICTET & CIE BANQUIERS and the criminal activities with which Florian HOMM has been charged, it is appropriate to return these assets to the damaged parties; where this is not possible, they should be confiscated in application of Art. 70, par. 1 of the Criminal Code, or subsidiarily form the object of a compensatory credit in application of Art. 71, par. 1 of the Criminal Code. Concerning the assets deposited onto the account of DONALDSON VENTURES SA at BANK VONTOBEL AG, they should form the object of a compensatory credit equal to the amount seized, as the assets to be confiscated are no longer available, in application of Art. 71, par. 1 of the Criminal Code.

The total assets laundered by Urs MEISTERHANS, originating from the criminal activities with which Florian HOMM has been charged, amounts to more than 54 million USD. Consequently, a compensatory credit equal to an equivalent amount should be ordered.

Lastly, it is important to note that early termination decisions were handed down on March 3, March 4, and April 30, 2015 with regard to the seized assets, in view of completion of the preliminary proceedings and referral of the indictment in relation to each of the bank accounts outlined above. The decisions relative to the bank accounts in the name of DONALDSON VENTURES SA at BANK VONTOBEL AG and RAMO LTD at PICTET & CIE BANQUIERS have been appealed. As such, proceedings are currently pending before the Appeals Chamber of the Federal Criminal Court.

Decisions relating to the other bank accounts have all been made definitive. However, due to the particular nature of certain assets present on the accounts in question, these could not be transformed immediately into cash, for which reason some of the deposits have not, temporarily, been exclusively composed of liquidity. This likewise has the result that the sized amounts indicated in the table above have not been made final.

Finally, it should be recalled that, in the context of the criminal proceedings led against Florian HOMM, other bank references are confiscated, for a total amount of EUR 17,601,793.- and CHF 53,981. These are the following references:

- n° ■0017 in the name of HOSIFA STIFTUNG with PHZ PRIVA-UND HANDELSBANK ZURICH AG, in Zurich;

Proceedings number: SV.09.0135-FAL

- n° ▊0020 in the name of BREK STIFTUNG with PHZ PRIVAT-UND HANDELSBANK ZURICH AG, in Zurich;
- n° ▊0049 in the name of Susan Elaine DEVINE with PHZ PRIVAT-UND HANDELSBANK ZURICH AG, in Zurich;
- n° ▊0380 in the name of MALON CONSULTING AG with PHZ PRIVAT-UND HANDELSBANK ZURICH AG , in Zurich;
- n° ▊0106 in the name of Susan Elaine DEVINE with TRAFINA PRIVATBANK AG, in Basel.

The said references are however in relation with Susan Elaine DEVINE, the ex-spouse of Florian HOMM and were not directly used in the context of the structure set up by Urs MEISTERHANS. However they are in connection with the criminal activities reproached to Florian HOMM.

## 2        Objects

Within the context of the investigation and in relation to Urs MEISTERHANS in an order of March 6, 2015, the MPC ordered the placement of an interim attachment on the following properties, of which he is the sole owner:

- Sheet 7419 of the Küsnacht land register: co-ownership share, sheet 4898, cadastral register 12450, 3 ½ room apartment on the ground floor at ▊▊▊▊;

- Sheet 7421 of the Küsnacht land register: co-ownership share, sheet 4898, cadastral register 12450, 3 ½ room apartment on the 1ˢᵗ floor, ▊▊▊▊;

- Sheet 7428 of the Küsnacht land register: 1/8 co-ownership share; sheet 7426;

- Sheet 7433 of the Küsnacht land register: 1/8 co-ownership share; sheet 7426;

- Sheet 1385 of the Illnau land register: co-ownership share, sheet 927, cadastral register 1128.

These properties have also been seized in proceedings SV.12.0745-LL, which forms the object of a separate indictment.

A compensatory credit should also be ordered in relation to these properties.

For the other items seized, please make reference to the case record, in particular to the documents provided under sections 7 and 8 of the record inventory. These items should be returned to the rightful persons at the end of the proceedings.

Proceedings number: SV.09.0135-FAL

## V. Applications for sanctions (Art. 326 par. 1, letter f, Criminal Procedure Code)

The MPC will submit its proposed sanctions for consideration.

## VI. Costs incurred in the investigation (Art. 326 par. 1, letter d, Criminal Procedure Code)

The list of costs will likewise be filed in the hearings stage.

## VII. Request to receive a summons (Art. 326 par. 1, letter h, Criminal Procedure Code)

A summons for the hearings stage is requested.

Office of the Attorney General of Switzerland

[signature]        [seal:] OFFICE OF THE ATTORNEY GENERAL OF SWITZERLAND

Graziella de Falco Haldemann
Federal Prosecutor

**Service to:**

- Federal Criminal Court, Criminal Appeals Chamber, case postale 2720, 6501 Bellinzona

- Urs MEISTERHANS, through his defense counsel, Atty. Stefan DISCH, chemin des Trois-Rois 2, case postale 5843, 1002 Lausanne,

- Fonds Absolute, through their defense counsel, Atty. Jean-Marc CARNICE, BCCC AVOCATS Sàrl, rue Jacques-Balmat 5, case postale 5839, 1211 Geneva, 11

**Legal remedy**

In conformity with Art. 324, par. 2, Criminal Procedure Code, the indictment is not subject to appeal.

Proceedings number: SV.09.0135-FAL

**Inventory**

_____

1   **Exhibits 18-04-0350 and following**
2   **Exhibits 18-04-0307 and following**
3   **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following) and its attachment 63 (A-11-00-04-1733 and following)**
4   **Exhibits 22-00-0120 and following, 22-00-0169 and following**
5   **Exhibit 18-04-0904**
6   **Report by the CCEF of July 15, 2011 (11-01-0003 to 11-01-0064) and its attachment 2 (11-01-0073 to 11-01-0125)**
7   **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following) and its attachment 56 (A-11-00-04-1123 to -1141)**
8   **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following) and its attachment 56 (A-11-00-04-1142 to -1151)**
9   **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following) and its attachment 56 (A-11-00-04-1152 to -1181)**
10  **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following) and its attachment 56 (A-11-00-04-1187 to -1206)**
11  **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following) and its attachment 56 (A-11-00-04-1247 to -1258)**
12  **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following) and its attachment 56 (A-11-00-04-1259 to -1287)**
13  **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following) and its attachment 56 (A-11-00-04-1288 to -1349)**
14  **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following) and its attachment 56 (A-11-00-04-1350 to -1357), attachment 72 (A-11-00-04-1844 to -1852) and attachment 110 (A-11-00-04-3523 to -3568)**
15  **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following) and its attachment 56 (A-11-00-04-1358 to -1375)**
16  **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following) and its attachment 56 (A-11-00-04-1376 to -1386)**
17  **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following) and its attachment 56 (A-11-00-04-1387 to -1399)**
18  **Exhibits A-08-01-01-02-011-00023, Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following) and its attachment 110 (A-11-00-04-3523 to -3568), exhibit A-18-05-01-5131**
19  **Exhibits SIN-08-343227-3840 and following, SIN-08-343227-3657, SIN-08-343227-3677, A-07-02-04-04-0026, 13-06-0006, and 13-06-0008, SIN 08-343-227-0293 and following, 10-00-0097 and following**
20  **Report by the CCEF dated October 15, 2014 (11-01-0379 and following)**
21  **Report by the CCEF dated 10/15/2014 (11-01-0379 and following) and its attachment 1 (A-11-00-05-0056 and following), exhibits 12-01-0037 and following, 12-01-0076 and following, 12-02-0002 and following)**
22  **Exhibits 18-14-0037 and following**
23  **Exhibits 18-14-0079 and following**
24  **Exhibit 15-05-0085**
25  **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), Report by the CCEF dated July 15, 2011 (11-01-0003 and following), 13-02-0583**
26  **Exhibits A-07-08-08-01-0009, A-07-08-03-01-0007, A-07-08-03-01-0061, A-07-08-07-01-0009**
27  **Exhibits 13-06-0006, 13-06-0008, 13-06-0010, 13-06-0017**
28  **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following) and its attachment 70 (A-11-00-04-1811 and following), exhibits A-10-11-02-0127 to -0136, A-10-00-02-0224 to -0234, A-10-00-02-0011, PJF Report of June 18, 2013 (10-00-0879), A-10-00-02-0014 and following, 12-42-0030 to 0032**

Proceedings number: SV.09.0135-FAL

29  **Exhibits A-10-00-02-0123 and following**
30  **Summary report by the CCEF dated December 16, 2014 (11-01-0590) and its attachment 56 (A-11-00-04-1123 and following)**
31  **Exhibits A-10-00-02-0224 to -0225**
32  **Summary report by the CCEF dated December 16, 2014 (11-01-0600 and following and 11-01-0605 and following) and its attachment 56 (A-11-00-04-1123 and following)**
33  **Exhibits A-07-02-37-01-0005, A-07-02-37-01-0015 to -0016, A-07-02-37-01-0043**
34  **Exhibit A-08-01-01-04-0011-00006**
35  **Exhibit A-18-05-01-5131 and following**
36  **Exhibit A-07-02-37-01-0006**
37  **Exhibit 10-00-1148 and following**
38  **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following) and its attachment 110 (A-11-00-04-3523 to -3568)**
39  **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following) and its attachment 75 (A-11-00-04-1922), exhibit A-07-02-04-02-03-0004**
40  **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following) and its attachment 72 (A-11-00-04-844 to --1852)**
41  **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following) and its attachments 56 (A-11-00-04-1247 to -1258), 72 (A-11-00-04-1844 to -1852), and 110 (A-11-00-04-3523 to -3568)**
42  **A-08-01-01-02-0011-00020**
43  **Exhibits A-07-02-04-01-0001 and following**
44  **Exhibits SIN-08-343227-0288 and following**
45  **Summary report by the CCEF dated December 16, 2014 (11-01-0623 and following) and its attachment 55 (A-11-00-04-1119 and following)**
46  **Exhibit A-04-05-01-01-0023**
47  **Exhibit SIN-08-343227-0293**
48  **Exhibits A-07-02-04-01-0002 and following**
49  **Exhibit A-07-02-04-01-0017**
50  **Exhibits A-07-01-02-01-0013 and following**
51  **Exhibits A-07-05-01-01-0004 and following, A-07-05-01-0002**
52  **Exhibits A-07-05-05-01-0064, A-07-05-01-04-0342**
53  **Exhibit A-07-05-01-01-0062**
54  **Exhibits A-07-05-01-04-0510, A-07-02-04-01-0002 and following, A-07-01-02-01-0002 and following**
55  **Exhibits SIN-08-343227-3840 and following, 13-06-0006, 13-06-0008, 12-03-0007**
56  **Exhibits 07-01-0010, 07-02-0057, 07-05-0085**
57  **Report by the CCEF dated January 26, 2015 (11-01-0720 and following) and its attachments 60 and 63 (A-11-01-06-0380 to -0382 and A-11-01-06-0390 to -0391), exhibit MEI-08-343227-0831**
58  **Report by the CCEF dated January 26, 2015 (11-01-0720 and following) and its attachment 61 (A-11-01-06-0383 to -0384)**
59  **Report by the CCEF dated January 26, 2015 (11-01-0720 and following) and its attachments 62 and 63 (A-11-01-06-387 to -0389 and A-11-01-06-0390 to -0391), exhibit MEI-08-343227-0832**
60  **Report by the CCEF dated January 26, 2015 (11-01-0720 and following) and its attachments 63 and 64a (A-11-01-06-0390 to -0391)**
61  **Report by the CCEF dated January 26, 2015 (11-01-0720 and following) and its attachment 64b (A-11-01-06-0394 to -0400)**
62  **Report by the CCEF dated January 26, 2015 (11-01-0720 and following) and its attachment 64c (A-11-01-06-0401 to -0404)**
63  **Report by the CCEF dated January 26, 2015 (11-01-0720 and following)**
64  **Report by the CCEF dated January 26, 2015 (11-01-0720 and following) and its attachments 5, 9, and 10a (A-11-01-06-0028, A-11-01-06-0044, and A-11-01-06-0045 to -0051)**

Proceedings number: SV.09.0135-FAL

65 **Exhibits 18-02-0152 and following, in particular 18-02-0201 to -0202**
66 **Exhibit 07-03-0045**
67 **Summary report by the CCEF dated December 16, 2014 (11-01-0602)**
68 **PJF report of June 18, 2013 (exhibit 10-00-02-0023 and following) and its attachments 2 and 4 (exhibits A-10-00-02-0165 and following, A-10-00-02-0217 and following, A-10-00-02-0361)**
69 **Summary report by the CCEF dated December 16, 2014 (11-01-0603)**
70 **Exhibit A-18-05-01-5131**
71 **Exhibits 10-00-1148 and following, A-07-02-37-01-0006**
72 **PJF report of June 18, 2013 (exhibit 10-00-02-0012 and following) and its attachment 2 (exhibits A-10-00-02-0145 and following)**
73 **Exhibits 11-01-0603 and following**
74 **Exhibits 11-01-0705 and following, 11-01-0030 and following**
75 **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following) and its attachment 56 (A-11-00-04-1319), exhibit A-18-12-01-0248 and following**
76 **Exhibit 11-01-0705 and following**
77 **Exhibit 11-01-0604, 11-01-0706, A-11-00-04-3370**
78 **Exhibit 11-01-0706 and following, A-11-00-04-3783**
79 **Exhibit 07-05-0011**
80 **Exhibit A-08-01-01-02-0045-0002, summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 74 (A-11-00-04-1875 to -1903)**
81 **Exhibit A-08-01-01-02-0045-00035**
82 **Exhibit A-08-01-01-02-0045-00036**
83 **Exhibit A-08-01-01-02-0045-00034**
84 **Exhibit A-08-01-01-02-0045-00040**
85 **Summary report by the CCEF dated December 16, 2014 (11-01-0631 and following), its attachment 74 (A-11-00-04-1879)**
86 **summary report by the CCEF dated December 16, 2014 (11-01-0631 and following), its attachment 74 (A-11-00-04-1877 and following)**
87 **Exhibits A-18-05-01-3644 and following, 12-35-0004, 12-35-0015**
88 **summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 74 (A-11-00-04-1904 to -1921)**
89 **Exhibits SIN-08-343227-4935 and following, summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 74 (A-11-00-04-1912 and following)**
90 **Exhibits A-07-02-35-0022 and following**
91 **Exhibits A-07-02-35-0014 and following**
92 **Exhibit 07-10-0051 and following**
93 **Report by the CCEF dated May 8, 2015 (A-11-01-0808 and following) and its attachments 3 and 5 (A-11-00-07-0024 and A-11-00-07-0027 to -0031)**
94 **Report by the CCEF dated May 8, 2015 (A-11-01-0808 and following) and its attachments 8, 9, 10, 12, 13, and 14 (A-11-00-07-0042, A-11-00-07-0044, A-11-00-07-0045 to -0053, A-11-00-07-0055, A-11-00-07-0056, and A-11-00-07-0058)**
95 **Report by the CCEF dated May 8, 2015 (A-11-00-07-0001 and following) and its attachment 13 (A-11-00-07-0056 to -0057)**
96 **Report by the CCEF dated May 8, 2015 (A-11-01-0808 and following) and its attachments 13 and 18 (A-11-00-07-0057 and A-11-00-07-0066), exhibit A-11-00-07-0092**
97 **Report by the CCEF dated May 8, 2015 (A-11-01-0808 and following) and its attachment 19 (A-11-00-07-0067 -0069)**
98 **Report by the CCEF dated May 8, 2015 (A-11-01-0808 and following) and its attachment 22 (A-11-00-07-0077 to -0082)**
99 **Report by the CCEF dated May 8, 2015 (A-11-01-0808 and following) and its attachments 3, 5, 6, and 7a (A-11-00-07-0024, A-11-00-07-0027 to -0031, A-11-00-07-0032 to -0034, and A-11-00-07-0035 to -0037)**
100 **Report by the CCEF dated May 8, 2015 (A-11-01-0808 and following) and its attachments 3 and 5 (A-11-00-07-0024 and A-11-00-07-0027 to -0031), Report by the CCEF dated May 8, 2015 (A-11-01-0808 and following) and its attachments 8, 9, 10, 12, 13, and 14 (A-11-00-07-0024 and A-11-00-07-0042, A-11-00-07-0044, A-11-00-07-0045 to -0053, A-11-00-07-0055, A-11-00-07-0056, and A-11-00-07-0058), Report by the CCEF dated May 8, 2015 (A-11-01-0808 and following) and its attachments 13 and 18 (A-11-00-07-0057**

Proceedings number: SV.09.0135-FAL

and A-11-00-07-0066), exhibit A-11-00-07-0095, Report by the CCEF dated May 8, 2015 (A-11-01-0808 and following) and its attachment 19 (A-11-00-07-0067 to -0069), Report by the CCEF dated May 8, 2015 (A-11-01-0808 and following) and its attachment 22 (A-11-00-07-0077 to -0082)

101 Exhibits A-07-03-13-01-0008 and following
102 CCEF report dated May 8, 2015 (A-11-01-0808 and following) and its attachment 11 (A-11-00-07-0054)
103 CCEF report dated May 8, 2015 (A-11-01-0808 and following) and its attachments 1 and 2 (A-11-00-07-0013 to -0024)
104 CCEF report dated May 8, 2015 (A-11-01-0808 and following) and its attachment 20 (A-11-00-07-0070), exhibit A-07-18-01-0005 to -0006, A-07-18-01-0023
105 CCEF report dated May 8, 2015 (A-11-01-0808 and following) and its attachment 20 (A-11-00-07-0071)
106 Exhibits A-07-18-01-0040 and following
107 CCEF report dated May 8, 2015 (A-11-01-0808 and following) and its attachments 22 and 23 (A-11-00-07-0077 to -0085)
108 CCEF report dated May 8, 2015 (A-11-01-0808 and following) and its attachment 24 (A-11-00-07-0086)
109 Exhibit 07-10-0051 and following
110 Exhibit 07-18-0033 and following
111 Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 75 (A-11-00-04-1923), CCEF report dated October 15, 2014 (11-01-0439 and following), its attachment 11 (A-11-00-05-0406 and following), and exhibits A-0702-04-02-02-0012 and following
112 Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 75 (A-11-00-04-1924 and following) and exhibit A-07-02-04-02-02-0017
113 CCEF report dated October 15, 2014 (11-01-0477 and following), its attachment 23 (A-11-00-05-0625 and following)
114 Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 75 (A-11-00-04-1926 and following) and exhibit A-07-05-01-02-0007
115 Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 75 (A-11-00-04-1927 and following) and exhibit A-07-02-04-02-03-0027
116 Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 75 (A-11-00-04-1929 and following) and exhibit A-07-02-04-02-02-0029
117 Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 75 (A-11-00-04-1931 and following) and exhibit A-07-05-01-02-0014
118 CCEF report dated July 15, 2011 (11-01-0003 and following) and Exhibit A-07-01-02-04-0010
119 Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 75 (A-11-00-04-1932 to -1934) and Exhibits A-07-05-01-02-0014 and following, A-07-05-01-04-0408, A-07-05-01-04-0411, A-07-05-01-04-0417, A-07-05-01-04-0456
120 Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 75 (A-11-00-04-1935) and Exhibit A-07-05-01-02-0015
121 Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 75 (A-11-00-04-1936) and Exhibits A-07-01-02-02-0074, A-07-01-02-04-0016, A-07-01-02-04-0026)
122 Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 73 (A-11-00-04-1936) and Exhibits A-07-05-01-02-0025 and A-07-05-01-02-0041
123 Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 73 (A-11-00-04-1853 to -1874), CCEF report dated July 15, 2011 (11-01-0003 and following), Exhibits A-07-05-04-0439, A-07-05-04-0390, A-07-05-04-0434, A-07-05-04-0379
124 Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 73 (A-11-00-04-1853 to -1874)

Proceedings number: SV.09.0135-FAL

125 **Exhibit A-07-05-04-0437**
126 **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following)**
127 **Exhibit SIN-08-343227-0293**
128 **Exhibits SIN-08-343227-3840 and following, 13-06-0006, 13-06-0008**
129 **Exhibits A-07-02-04-01-0004 and following, A-07-05-01-01-0004 and following**
130 **Exhibits A-07-01-02-01-0013 and following**
131 **Summary report by the CCEF dated December 16, 2014 (11-01-0637), Exhibits A-10-00-02-0068 and following, SIN-08-343227-0317 and following**
132 **Exhibit 13-06-0016**
133 **Exhibit SIN-08-337227-0306 and following**
134 **Exhibit SIN-08-337227-0322 and following**
135 **Exhibit SIN-08-337227-0150 and following and SIN-08-343227-0335 and following**
136 **Exhibit SIN-08-337227-0150 and following and SIN-08-343227-0301 and following**
137 **Exhibits 16-22-0001 to 16-22-0011**
138 **Exhibit A-10-00-02-0666**
139 **Exhibits 13-07-0042 and following**
140 **Exhibits A-10-00-02-0083 and following, A-10-00-02-0845 and following, A-10-00-02-0712 and following, A-10-00-02-0666, A-10-00-02-0060**
141 **Exhibits 13-02-0029 and following**
142 **Exhibit 12-13-0021**
143 **Exhibit 07-05-0110**
144 **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 130 (A-11-00-04-3738 and following)**
145 **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 111 (A-11-00-04-3573 to -3577)**
146 **Exhibit 12-30-0076, Summary report by the CCEF dated December 16, 2014 (11-01-0640 and following), its attachment 111 (A-11-00-04-3573 and following)**
147 **Exhibit A-07-02-33-01-0006**
148 **Exhibit A-07-02-33-01-0005**
149 **Exhibit 18-12-0057**
150 **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 111 (A-11-00-04-3569 to -3572)**
151 **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 113 (A-11-00-04-3596 to -3598)**
152 **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 111 (A-11-00-04-3583 to -3586)**
153 **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 111 (A-11-00-04-3587 to -3589)**
154 **Summary report by the CCEF dated December 16, 2014 (11-01-0640 and following), its attachment 111 (A-11-00-04-3569, A-11-00-04-3583 and following)**
155 **Exhibit A-07-02-69-01-00-00-0006**
156 **Exhibits 10-00-1148 and following**
157 **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 89 (A-11-00-04-2221 and following)**
158 **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 127 (A-11-00-04-3714 to -3722)**
159 **Summary report by the CCEF dated December 16, 2014 (11-01-0678 and following), its attachments 57 (A-11-00-04-1409) and 127 (A-11-00-04-3716)**
160 **Exhibits A-07-13-15-0013 and following**
161 **Exhibits 08-01-01-02-0045-00050 and following, Summary report by the CCEF dated December 16, 2014 (11-01-0679 and following) and its attachment 89 (A-11-00-04-2207 and following)**
162 **Exhibits A-10-00-02-0486 and following, A-08-01-01-02-0045-00041 and following**
163 **Exhibit A-11-00-04-3718**
164 **Exhibit 11-01-0646 and PJF report of June 18, 2013 (10-00-0922) and its attachment 8/12 (A-10-00-02-0507)**

Proceedings number: SV.09.0135-FAL

165 **Exhibits 07-40-0004 and following, A-07-40-01-0083 and following**
166 **Exhibits A-08-01-0010 and following**
167 **Exhibits A-10-00-02-0281 and following**
168 **Exhibits A-08-01-01-02-0011-00023 and following**
169 **Exhibit A-10-00-02-0017**
170 **Exhibit 12-42-0024 and following**
171 **Exhibits 13-06-0004 and following**
172 **Exhibits 07-40-0017, A-07-40-01-0074 to -0076, A-07-40-01-0081 to -0093, A-07-40-01-0134 to -0138, A-07-40-01-0140, A-07-40-01-0143 to -0145, A-07-40-01-0149 to -0153, A-07-40-01-0159 to -0166, A-07-40-01-0176, A-07-40-01-0560 to -0586**
173 **Exhibits A-07-40-01-0077 to -0080, A-07-40-01-0178 to -0180**
174 **A-07-40-01-0178, A-07-40-01-0184 and following, A-07-40-01-0181, A-07-40-01-0108 to -0127**
175 **A-07-40-01-0128 to -0131, A-07-40-01-0111, A-07-40-01-0132 and following**
176 **Exhibits 12-20-0069 and following**
177 **Exhibit 12-20-0012**
178 **Exhibit 12-20-0069**
179 **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 125 (A-11-00-04-3704 and following) and Exhibit A-08-01-01-02-0045-00032**
180 **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 126 (A-11-00-04-3711 and following)**
181 **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 111 (A-11-00-04-3578 and following)**
182 **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 132 (A-11-00-04-3750 and following)**
183 **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 111 (A-11-00-04-3590 and following)**
184 **Exhibits A-08-01-01-02-0045-00009 and following**
185 **Exhibits 08-01-01-02-0045-00010 and following, A-08-01-01-02-0045-00032, 08-01-0118**
186 **Exhibit A-11-00-04-3713**
187 **Summary report by the CCEF dated December 16, 2014 (11-01-0501 and following), its attachment 111 (A-11-00-04-3578 to 3582 and A-11-00-04-3590 to 3594)**
188 **Exhibit A-11-00-04-3752**
189 **Exhibits A-10-00-02-0712 and following, A-10-00-02-0060 and following, A-10-00-02-0666**
190 **CCEF report dated October 15, 2014 (11-01-0413 and following) its attachment 7 (A-11-00-05-0221 and following), Exhibit A-18-07-01-0718, Exhibits SIN-08-343227-5094 and -5098**
191 **CCEF report dated September 13, 2012 and its attachments (A-11-00-03-0001 and following)**
192 **Exhibits A-10-00-02-0007 and following, 13-06-0007 and following**
193 **Exhibits 11-01-0589, 12-42-0018, 12-42-0020, 12-42-0030, 13-06-0007 and following**
194 **Exhibits A-10-00-02-0313 to -0330, A-10-00-02-0838 and following, A-11-00-04-0071 and following, 13-02-0782 and following**
195 **Exhibit 13-02-0262**
196 **Summary report by the CCEF dated December 16, 2014 (11-01-0549 and following), its attachment 63 (A-11-00-04-1733 and following)**
197 **Exhibits A-08-01-01-02-0011-00137 and following**
198 **Exhibit 10-00-0555**
199 **Exhibits 13-06-0004, A-18-05-01-2804**
200 **Exhibits A-10-00-02-0083 and following, A-10-00-02-0845 and following, A-10-00-02-0667 to -0672, A-10-00-02-0712 and following, A-10-00-02-0854 and following, A-18-05-01-2828**
201 **Exhibits 08-01-01-02-0045-00016 to -00025, A-10-00-02-0831 to -0833**
202 **Exhibits A-10-00-02-0086 and following**
203 **Exhibits SIN-08-343227-0293, A-10-00-02-0078 and following**
204 **Exhibits SIN-08-343227-374 and following, 13-06-0008, 13-06-0010. 13-07-0096, A-08-01-01-02-0036-00038, A-10-00-02-0001 and following, 12-03-0007**
205 **Exhibits 10-00-0937 and following, 12-01-0020, 13-06-0010**

Proceedings number: SV.09.0135-FAL

206 **Exhibits A-08-01-01-02-0036-00038, 13-07-0090 and following**
207 **Exhibits 03-00-0012 to -0073**
208 **Exhibit A-10-00-02-0656**
209 **Exhibits A-08-01-01-02-0011-00036, A-10-00-02-0067**
210 **Exhibits A-10-00-02-0680 and following, A-10-00-02-0697 and following, A-10-00-02-0805, 12-41-0013, A-07-02-04-01-0032**
211 **Exhibit A-18-03-02-1008**
212 **Exhibit 10-00-0881 and following, 12-01-0020**
213 **Exhibits A-18-01-01-02-0023-00243, A-10-00-02-0127 to -0136, A-10-00-02-0014 and following, A-10-00-02-0027 to -0234, A-10-00-02-0011, 12-42-0030 to -0032**
214 **Exhibits A-08-01-01-02-0011-00020 and A-08-01-01-02-0011-00022**
215 **Exhibit 12-42-0030**
216 **Exhibit 13-02-0783**
217 **Exhibits A-08-01-01-02-0011-00023, A-11-00-04-01130**
218 **Exhibits A-10-00-02-0560 to -0586**
219 **Exhibits A-08-01-01-02-0011-00037 to -0038**
220 **Summary report by the CCEF dated December 16, 2014 (11-01-0583 and following), its attachment 76 (A-11-00-04-1937 and following)**
221 **Exhibits A-10-00-02-0596 to -0602, A-10-00-02-0604 to -0609**
222 **Exhibit 22-00-0207**
223 **Exhibits A-08-01-01-02-0005-00810 and following**
224 **Exhibits SIN-08-343227-0257 and following**
225 **Exhibits SIN-08-343227-0329 and following**
226 **Exhibits SIN-08-343227-0293, A-10-00-02-0078 and following**
227 **Exhibit A-10-00-02-0340**
228 **Exhibit 13-06-0057**
229 **Exhibits A-07-02-04-01-0043 to -0053**
230 **Exhibits A-07-01-02-01-0013 to -0033**
231 **Exhibit A-08-01-01-02-0011-00036**
232 **Exhibits A-10-00-02-0073 to -0710**
233 **Exhibit A-18-05-01-3640**
234 **Exhibits A-10-00-02-0313 to -0330**
235 **Exhibit 08-01-01-02-0045-00041 to -000046**
236 **Exhibit A-10-00-02-0362 to -0385**
237 **Exhibits A-10-00-02-0712 and following**
238 **Exhibits A-10-00-02-0281 and following, A-08-01-01-02-0011-00024 to -00029**
239 **Exhibit A-08-01-01-02-0011-00043**
240 **Exhibits A-10-00-02-0619 to -0637**
241 **Exhibits 18-12-0065 and following**
242 **PJF report of December 2, 2014 (10-00-1202 and following) and its attachments A-10-00-03-0531 and following and A-08-01-01-02-0027-00004 and following**
243 **PJF report of March 17, 2014 (10-00-1047 and following) and its CD ROM attachment (10-00-1056)**
244 **Exhibits A-11-00-04-1775 and following/A-07-08-03-04-0028 and following, A-18-05-01-2833, 13-06-0190 and following**
245 **Exhibits A-11-00-04-1372 and following**
246 **Exhibits 08-01-01-02-0045-00057 and following, 11-01-0615 and following, A-11-00-04-1739 and following**
247 **Exhibits 08-01-01-02-0045-00016 and following**
248 **Exhibits A-18-05-01-2828 and following**
249 **Exhibits 08-01-01-02-0045-00016 to -00025**
250 **Exhibit A-10-00-02-0083 and following, A-10-00-02-0854 and following**
251 **Exhibit A-10-00-02-0666**
252 **Exhibits 08-01-01-02-0667 to -0672, A-10-00-02-0854 and following**
253 **Exhibits A-10-00-02-0560 and following**
254 **Exhibit 13-02-1075**
255 **Exhibit A-10-00-02-0880**
256 **Exhibits A-10-00-02-0592 to -0595**

Proceedings number: SV.09.0135-FAL

257 **Exhibit A-10-00-02-0615**
258 **Exhibits A-10-00-02-0616 and following**
259 **Exhibits A-10-00-02-0053 and following, A-10-00-002-0616 and following**
260 **Exhibits A-10-00-02-0596 and following**
261 **Exhibits A-10-00-02-0604 to -0609**
262 **Exhibits A-08-01-01-02-0011-00003 to -00006, 13-06-0009**
263 **Exhibits A-08-01-01-02-0011-00147**
264 **Exhibit A-11-00-04-3569**
265 **Exhibit 13-06-0009, 13-02-1006 and following, 12-01-0047**
266 **Exhibit 13-06-0017**
267 **Exhibits A-10-00-02-0086 and following**
268 **Exhibit 13-02-0433**
269 **Exhibit 13-06-0012**
270 **Exhibits A-10-00-02-0666 to -0672, A-10-00-02-0854 and following**
271 **Exhibits A-10-00-02-0063 and following**
272 **Exhibit A-07-01-02-01-0013**
273 **Exhibit A-07-02-04-01-0017**
274 **Exhibit A-07-05-01-00016**
275 **Exhibit A-07-05-01-04-0066**
276 **CCEF report dated October15, 2014 (11-01-0466 and following) and its attachment 19 (A-11-00-05-0542)**
277 **Exhibit A-07-02-35-0022 and following**
278 **Exhibit A-07-10-07-01-0031**
279 **Exhibit A-07-18-01-0033**
280 **Exhibit A-07-02-37-01-0006**
281 **Exhibit A-07-24-21-01-0012**
282 **Exhibit 11-01-0798 and following**
283 **Exhibit A-07-05-04-0016**
284 **Exhibit A-07-02-33-01-0005**
285 **Exhibit A-07-02-69-01-00-0004 and following**
286 **Exhibit A-07-13-15-0018 and following**
287 **CCEF report of October 15, 2015 (11-01-0379 and following) and its attachment 8 (A-11-00-05-0259)**
288 **CEF report of October 15, 2015 (11-01-0379 and following) and its attachment 8 (A-11-00-05-0260 and following)**
289 **Exhibit A-07-02-40-0002**
290 **Exhibit A-07-24-29-01-0021**
291 **Exhibit A-07-02-58-01-0025**
292 **Exhibit A-07-13-20-01-0094**
293 **Exhibit A-07-02-31-01-0011**
294 **Exhibits A-07-04-01-01-0005, A-07-04-01-01-0068**
295 **Exhibit A-07-50-04-01-0011**
296 **CCEF report of 10/15/2014 (11-01-0379 and following) and its attachment 7 (A-11-00-05-0221 and following)**
297 **Exhibits A-15-01-05-0009 and following**
298 **Exhibit 06-01-0271 and following, 13-02-0297**
299 **Exhibit 08-01-0218**
300 **Exhibits 08-01-0129 and following and 08-01-0196 and following, 08-01-0228 and following and 08-01-0238 and following (SV.09-0743-FAL), 08-01-0047 and following and 08-01-0057 and following (SV.12.0745-LL)**
301 **Exhibits 10-00-1030 and following, 08-01-0087 and following**
302 **Exhibit 12-01-01-0035 and following**
303 **Exhibits 11-01-0386 and following**
304 **CCEF analysis report dated September 13, 2012 (11-01-0370 and following) and its attachments (A-11-00-03-0001 and following)**



City of New York, State of New York, County of New York

I, Alitasha Younger, hereby affirm that the following is to the best of my knowledge and belief, a true and accurate Translation from French to English of the document "Meisterhans Indictment".

Alitasha Younger
TransPerfect Translations International, Inc.

Sworn to before me this
May 27, 2015

Signature, Notary Public

AMY LEONG
Notary Public - State of New York
No. 01LE6314554
Qualified in Richmond County
Commission Expires Nov 10, 2018

Stamp, Notary Public



Bundesanwaltschaft
Ministère public de la Confédération
Ministero pubblico della Confederazione
Procura publica federala

**Colis signature**

Tribunal pénal fédéral
Cour des affaires pénales
Case postale 2720
CH-6501 Bellinzona

R E C U 2 0 MAI 2015

Procureure fédérale :                    Graziella de Falco Haldemann
Procureur fédéral:                       Luc Leimgruber
Procureure fédérale assistante:          Cynthia Beauverd
Collaboratrice juridique :               Stéphanie Tumini
Greffière:                               Françoise Kress
Procédure n°:                            SV.09.0135-FAL
**Lausanne, le 19 mai 2015**

# Acte d'accusation
**selon les art. 324 et ss CPP**

En la cause SV.09.0135-FAL

Prévenu          **Urs MEISTERHANS**, né le ▮▮▮▮▮▮▮▮▮ originaire de Illnau-Effreti-
                 kon, domicilié à ▮▮▮▮▮▮▮▮▮, 8307 Effretikon,

                 assisté par Maître Stefan DISCH, AVOCATS-CH, chemin des Trois-Rois 2,
                 case postale 5843, 1002 Lausanne

Infractions      Blanchiment d'argent aggravé (art. 305bis ch. 1 et 2 CP),
                 Faux dans les titres (art. 251 CP) et
                 Défaut de vigilance en matière d'opérations financières (art. 305ter CP)

Langue de
la procédure     Français

Ministère public de la Confédération MPC
Françoise Kress
Route de Chavannes 31
Case postale
1001 Lausanne
Tél. +41 58 480 57 90, Fax +41 58 483 33 20
www.bundesanwaltschaft.ch

Numéro de procédure: SV.09.0135-FAL

| | |
|---|---|
| Détention | Début de la détention : 22 juillet 2009 / Mise en liberté : 15 octobre 2009 |
| | Début de la détention : 16 décembre 2014 / Mise en liberté : 19 décembre 2014 |

Parties plaignantes (art. 118 ss CPP) :

ABSOLUTE RETURN EUROPE FUND LIMITED
ABSOLUTE EUROPEAN CATALYST FUND LIMITED
ABSOLUTE GERMANY FUND LIMITED
ABSOLUTE EAST WEST FUND LIMITED
ABSOLUTE EAST WEST MASTER FUND LIMITED
ABSOLUTE OCTANE FUND LIMITED
ABSOLUTE OCTANE MASTER FUND LIMITED
ABSOLUTE INDIA FUND LIMITED
ABSOLUTE ACTIVIST VALUE MASTER FUND LIMITED
ABSOLUTE ACTIVIST VALUE FUND LIMITED
ABSOLUTE ACTIVIST VALUE FUND LP
ABSOLUTE EAST WEST FUND LP
ABSOLUTE OCTANE FUND LP

(ci-après: les Fonds Absolute)

représentés par Maître Jean-Marc CARNICE, BCCC AVOCATS Sàrl, rue
Jacques-Balmat 5, case postale 5839, 1211 Genève 11

| | |
|---|---|
| Remarque | Expertise psychiatrique en cours |

adressé à la Cour des affaires pénales du Tribunal pénal fédéral (composition à 3 Juges,
art. 36 al. 1 LOAP).

Numéro de procédure: SV.09.0135-FAL

# Table des matières

**I.      Actes reprochés (art. 325 al.1 lit. f CPP)**                                    **4**

**1      Blanchiment d'argent aggravé (art. 305bis ch. 1 et 2 CP)**                        **4**

**1.1    Origine criminelle des avoirs blanchis (infraction préalable)**..........................**4**
**1.2    Actes d'entrave**....................................................................................................**6**
1.2.1    Par commission..................................................................................................6
1.2.1.1  Première phase : Transferts des avoirs d'origine criminelle depuis les relations
         auprès de la BANQUE SCS ALLIANCE SA, à Zurich, sur les relations de OCEAN
         OFFSHORE BANK SA (à Singapour), de SINITUS LTD (en Australie), de IBEX
         ENERGY LTD (en Norvège) et de ALLEN PARTNERS SA (en Suisse).................6
1.2.1.2  Seconde phase: Transferts des avoirs d'origine criminelle depuis les relations de
         IBEX ENERGY LTD (en Norvège), SINITUS LTD (en Australie) et ALLEN
         PARTNERS SA (en Suisse)............................................................................ 10
1.2.1.3  Troisième phase : Autres actes d'entrave effectués après la démission de Florian
         HOMM .......................................................................................................... 17
1.2.2    Par omission ................................................................................................... 36

**1.3    Connaissance de l'origine criminelle des avoirs blanchis et intention
        d'entraver la découverte de ces avoirs**...................................................... **36**
1.3.1    Connaissance de Florian HOMM....................................................................... 37
1.3.2    Fausses identités de Florian HOMM................................................................. 38
1.3.3    Dissimulation des avoirs de Florian HOMM supérieurs à USD 50 millions.............. 39
1.3.4    Déroulement des événements........................................................................... 40

**1.4    Circonstances aggravantes**........................................................................ **48**

**2      Faux dans les titres (art. 251 ch. 1 CP) et défaut de vigilance en matière
        d'opérations financières (art. 305ter CP)**                                      **48**

**2.1    Utilisation du faux passeport de Florian HOMM**............................................ **48**
**2.2    Faux formulaires A**.................................................................................... **49**
2.2.1    Désignation de Colin TRAINOR comme ayant droit économique ........................... 49
2.2.2    Désignation de tiers comme ayants droit économiques ....................................... 50

**II.     Conclusions civiles (art. 326 al. 1 lit. a CPP)**                                **54**

**III.    Mesures de contrainte (art. 326 al. 1 lit. b CPP)**                              **55**

**IV.     Objets et valeurs séquestrés (art. 326 al.1 lit. c CPP)**                        **55**

**1      Valeurs patrimoniales**                                                           **55**

**2      Objets**                                                                          **59**

**V.      Réquisition au sujet de sanctions (art. 326 al. 1 lit. f CPP)**                  **60**

**VI.     Frais d'instruction (art. 326 al. 1 lit. d CPP)**                                **60**

**VII.    Demande d'être cité aux débats (art. 326 al. 1 lit. h CPP)**                     **60**

# I.   Actes reprochés (art. 325 al.1 lit. f CPP)

# 1   Blanchiment d'argent aggravé (art. 305bis ch. 1 et 2 CP)

Urs MEISTERHANS est accusé d'avoir commis des actes, en Suisse et depuis la Suisse, dans le cadre de son activité d'intermédiaire financier, de membre du conseil d'administration et d'associé, au sein de la société SINITUS AG, à Küsnacht, entre mai 2006 et février 2011 au moins, notamment au travers des sociétés SINITUS AG, SINITUS LTD, SINITUS SERVICES LTD, IBEX ENERGY LTD, OCEAN OFFSHORE BANK SA, ENERGY EIAC CAPITAL LTD, ALLEN PARTNERS SA, ADMEREX LTD, STELLAR PARTNERS LTD, RAMO LTD, GLOBAL TRADE GROUP LTD, ROSEWOOD CONSULTANT LTD, PLANTATION FOUNDATION, DONALDSON VENTURES SA, propres à entraver l'identification de l'origine, la découverte et la confiscation, de valeurs patrimoniales à hauteur de USD 54'805'840 au moins, dont il savait ou devait à tout le moins présumer qu'elles provenaient de la fraude commise par Florian HOMM dans le cadre de son activité de *Chief Investment Officer* (ci-après: CIO) au sein de la société de gestion de fonds de placement ABSOLUTE CAPITAL MANAGEMENT HOLDINGS LTD (ci-après : ACMH) au préjudice des investisseurs des fonds de placement (ci-après : les Fonds Absolute) gérés par ACMH.

## 1.1   Origine criminelle des avoirs blanchis (infraction préalable)

Les autorités de poursuite pénale américaines ont déposé contre Florian HOMM, le 6 mars 2013, une plainte pénale (**réf.1**) et, le 19 mars 2013, un acte d'accusation (**réf.2**) auprès du Tribunal fédéral de première instance des Etats-Unis, district central de l'Etat de Californie. Les chefs d'accusation contre Florian HOMM sont notamment les suivants :
* Titre 18, Code des Etats-Unis, section 1349 : Complot en vue de commettre une fraude sur les valeurs mobilières,
* Titre 18, Code des Etats-Unis, section 1348 : Fraude sur les valeurs mobilières,
* Titre 18, Code des Etats-Unis, section 1343 : Fraude électronique.

En substance, les autorités de poursuite pénale américaines reprochent à Florian HOMM d'avoir commis une fraude, au moins entre septembre 2004 et février 2008, de plusieurs millions de dollars (USD) au détriment des investisseurs de plusieurs des Fonds Absolute qu'il gérait, en qualité de CIO, au sein de la société ACMH (constituée le 26 août 2004 aux Iles Caïmans et cotée à la bourse de Londres depuis le 3 mars 2006). Les autorités de poursuite pénale américaines ont pu établir que Florian HOMM, avec ses complices (notamment Sean EWING, Colin HEATHERINGTON et Todd FICETO), a fait investir les Fonds Absolute dans des sociétés à petite capitalisation boursière (« *Penny Stock* »), par l'intermédiaire du courtier-négociant HUNTER WORLD MARKETS INC dont Florian HOMM était actionnaire à 50%, pour ensuite manipuler de manière frauduleuse le cours de ces actions. Ce système de manipulation consistait principalement en des ordres appariés ou opérations croisées (« *Cross-trades* ») entre les différents Fonds Absolute et dans la fixation du cours de l'action de ces « *Penny Stock* » à la clôture du jour ou du mois.

Ces manipulations ont eu pour effet d'augmenter le cours des actions « *Penny Stock* » et, par là même, la valeur du portefeuille des Fonds Absolute (« *Net Asset Value* », ci-après : « NAV »), en trompant ainsi les investisseurs des Fonds Absolute gérés par ACMH sur la valeur réelle des actions des « *Penny Stock* » et de la NAV.

L'augmentation de la NAV des Fonds Absolute a permis à ACMH, soit à ses actionnaires et à ses dirigeants, de toucher d'importants dividendes et commissions de gestion et de performance, sous forme de bonus, lesquelles étaient calculées en proportion de la NAV, respectivement de son augmentation. Ainsi, en sa qualité de CIO et d'actionnaire majoritaire d'ACMH, Florian HOMM a touché des sommes importantes à titre de bonus et dividendes, provenant directement du système frauduleux qu'il avait mis en place avec ses complices au sein d'ACMH. Par ailleurs, Florian HOMM a tiré des profits conséquents résultant de la vente, pour son propre compte, des actions des « *Penny Stock* » (dont le cours était manipulé) aux Fonds Absolute à un prix surfait. Qui plus est, Florian HOMM, en tant qu'actionnaire majoritaire de ACMH, a pu profiter de l'augmentation du cours de ses actions ACMH, dont la valeur s'est accrue suite à l'augmentation de la NAV, et du produit considérable engendré par la vente de ses actions ACMH.

La fraude a été découverte suite à la démission de Florian HOMM de ACMH le 18 septembre 2007, lorsque les Fonds Absolute se sont retrouvés avec des positions illiquides à hauteur de plus de USD 200'000'000. A noter qu'en avril 2006 déjà, un ancien employé de ACMH du nom de Darius PARSI avait lancé une alerte, sous couvert de l'anonymat (Joseph ARNESS), sur des manipulations constatées du la gestion des Fonds ABSOLUTE par Florian HOMM, manipulations qui ont été mises au grand jour par les autorités américaines suite à ladite démission. Dans cette alerte, Darius PARSI fait état notamment de la société SPUETZ AG (devenue MISTRAL MEDIA AG) dont le cours des actions aurait été manipulé (**réf.3**).

Sur mandat d'arrêt des autorités américaines, Florian HOMM a été arrêté le 8 mars 2013 en Italie. Le 12 mai 2014, le Tribunal administratif de la région de Lazio a rejeté le recours de Florian HOMM contre son extradition aux Etats-Unis. Celui-ci a fait recours à la Cour européenne des droits de l'homme qui a fixé à l'Italie un délai pour lui donner les garanties que l'extradition aux Etats-Unis respecte la Convention européenne des droits de l'homme. Florian HOMM a été libéré le 3 juin 2014 pour des raisons administratives propres à la réglementation italienne en matière d'extradition et serait actuellement en Allemagne (**réf.4**). Florian HOMM demeure toujours recherché par les autorités américaines.

Dans le cadre de la procédure pénale menée aux Etats-Unis, d'autres mandats d'arrêt et plaintes pénales ont été émis par les autorités américaines, notamment à l'encontre de Sean EWING (mandat d'arrêt et plainte pénale du 20 août 2013) et de Colin HEATHERINGTON (mandat d'arrêt du 8 octobre 2013 et plainte pénale du 22 octobre 2013). Par ailleurs, plusieurs décisions de séquestre d'avoirs ont été prononcées, notamment celles relatives à Susan DEVINE (ex-épouse de Florian HOMM) en date du 28 février 2014 et à Sean EWING en date du 7 février 2014 et du 2 juillet 2014 (**réf.5**).Une confiscation d'avoirs de Todd FICETO a également été ordonnée en date du 11 août 2014 par UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION.

Il sied de relever que, parallèlement à cette instruction pénale conduite par le parquet de Los Angeles, la SECURITIES AND EXCHANGE COMMISSION (ci-après : SEC) conduit

Numéro de procédure: SV.09.0135-FAL

aussi une procédure administrative pour le même complexe de faits (réf.6), laquelle est sus-
pendue, en l'état, en raison de l'enquête pénale en cours.

Les faits reprochés à Florian HOMM aux Etats-Unis peuvent être qualifiés en droit suisse
d'escroquerie au sens de l'art. 146 CP et de gestion déloyale aggravée au sens de l'art. 158
ch. 1 § 3 CP, lesquelles sont des infractions de nature criminelle.

Enfin, il est important de souligner que Florian HOMM est également poursuivi en Suisse
pour escroquerie par métier, blanchiment d'argent aggravé et faux dans les titres, dans la
procédure SV.09.0135-FAL. L'enrichissement illégitime s'est produit en grande partie en
Suisse pour un montant d'au moins USD 115'000'000, en particulier par l'encaissement de
montants en provenance de HUNTER WORLD MARKETS INC., de dividendes et des bonus
d'ACMH, ainsi que par le dépôt et la vente des actions d'ACMH, sur des comptes bancaires
en Suisse auprès de la BANQUE SCS ALLIANCE SA, devenue CBH COMPAGNIE BAN-
CAIRE HELVETIQUE SA, à Zurich. Ce sont ces avoirs qui ont été blanchis en partie par Urs
MEISTERHANS. Ainsi, les faits reprochés en Suisse à Florian HOMM, en particulier l'escro-
querie par métier et le blanchiment d'argent aggravé, doivent également être retenus comme
infraction préalable du blanchiment d'argent dont Urs MEISTERHANS est accusé dans la
présente procédure.

## 1.2   Actes d'entrave

### 1.2.1  Par commission

*Avant la démission de Florian HOMM de ACMH en date du 18 septembre 2007*

**1.2.1.1   Première phase : Transferts des avoirs d'origine criminelle depuis les rela-
tions auprès de la BANQUE SCS ALLIANCE SA, à Zurich, sur les relations de
OCEAN OFFSHORE BANK SA (à Singapour), de SINITUS LTD (en Australie),
de IBEX ENERGY LTD (en Norvège) et de ALLEN PARTNERS SA (en Suisse)**

Urs MEISTERHANS est accusé d'avoir commis, en sa qualité d'intermédiaire financier, de
membre du conseil d'administration et d'associé, au sein de SINITUS AG, à Küsnacht, en
particulier en agissant depuis le siège de cette société, de mai 2006 à août 2007, des actes
propres à entraver l'identification de l'origine, la découverte et la confiscation d'un montant
total de USD 54'805'840 au moins, issu des actes d'escroquerie reprochés à Florian HOMM,
pour avoir organisé, depuis la Suisse, la dissimulation de ces avoirs en mettant à disposition
de Florian HOMM et de son épouse de l'époque, Susan DEVINE HOMM, des relations ban-
caires au nom de structures offshore, à l'étranger et en Suisse, qu'il contrôlait, depuis la
Suisse, dans le but de les soustraire à la mainmise de la justice et des lésés, et cela en parti-
cipant en qualité de coauteur aux transferts suivants:

1)  un transfert d'un montant de EUR 1'000'000 le 26 mai 2006, sur ordre de Florian
    HOMM du 23 mai 2006, depuis la relation no ▮2127 au nom de Florian HOMM au-
    près de BANQUE SCS ALLIANCE SA, à Zurich, sur la relation no ▮▮▮▮2070 au
    nom de OCEAN OFFSHORE BANK SA auprès de COMMERZBANK (SOUTH EAST
    ASIA) LTD à Singapour (réf.7),

Numéro de procédure: SV.09.0135-FAL

2) un transfert d'un montant de EUR 3'000'000 le 26 mai 2006, sur ordre de Florian HOMM du 23 mai 2006, depuis la relation no █2538 au nom de CSI ASSET MANAGEMENT ESTABLISHMENT auprès de BANQUE SCS ALLIANCE SA, à Zurich, sur la relation no █████2070 au nom de OCEAN OFFSHORE BANK SA auprès de COMMERZBANK (SOUTH EAST ASIA) LTD à Singapour (**réf.8**),

3) un transfert d'un montant de EUR 6'200'000 (sur un montant total de EUR 8'000'000) le 26 mai 2006, sur ordre de Florian HOMM du 23 mai 2006, depuis la relation no █2352 au nom de LOYR STIFTUNG auprès de BANQUE SCS ALLIANCE SA, à Zurich, sur la relation no █████2070 au nom de OCEAN OFFSHORE BANK SA auprès de COMMERZBANK (SOUTH EAST ASIA) LTD à Singapour (**réf.9**),

4) un transfert d'un montant de EUR 1'400'000 le 31 août 2006, sur ordre de Florian HOMM du 28 août 2006, depuis la relation no █2127 au nom de Florian HOMM auprès de BANQUE SCS ALLIANCE SA, à Zurich, sur la relation au nom de SINITUS LTD (numéro client █0440 et référence SIT02AOBU) auprès de INVESTEC BANK (AUSTRALIA) LTD en Australie (auparavant NM ROTHSCHILD & SONS (AUSTRALIA) LTD) (**réf.10**),

5) un transfert d'un montant de USD 1'000'000 le 8 décembre 2006, sur ordre de Florian HOMM du 5 décembre 2006, depuis la relation no █2127 au nom de Florian HOMM auprès de BANQUE SCS ALLIANCE SA, à Zurich, sur la relation no █████1719 au nom de IBEX ENERGY LTD auprès de la DNB NOR BANK ASA, en Norvège (**réf.11**),

6) un transfert d'un montant de EUR 500'000 (du montant total de EUR 1'000'000) le 15 mars 2007, sur ordre de Florian HOMM du 14 mars 2007, depuis la relation no █2127 au nom de Florian HOMM auprès de BANQUE SCS ALLIANCE SA, à Zurich, sur la relation no █████2256 au nom de ALLEN PARTNERS SA auprès de UBS AG, à Zoug (**réf.12**),

7) un transfert d'un montant de EUR 7'700'000 le 7 mai 2007, sur ordre de Florian HOMM du 3 mai 2007, depuis la relation no █2538 au nom de CSI ASSET MANAGEMENT ESTABLISHMENT auprès de BANQUE SCS ALLIANCE SA, à Zurich, sur la relation no █████2256 au nom de ALLEN PARTNERS SA auprès de UBS AG, à Zoug (**réf.13**),

8) un transfert d'un montant de EUR 9'500'000 le 31 mai 2007, sur ordre de Florian HOMM du 29 mai 2007, depuis la relation no █2538 au nom de CSI ASSET MANAGEMENT ESTABLISHMENT auprès de BANQUE SCS ALLIANCE SA, à Zurich, sur la relation no █████1719 au nom de IBEX ENERGY LTD auprès de la DNB NOR BANK ASA, en Norvège (**réf.14**),

9) un transfert d'un montant de EUR 4'000'000 le 19 juin 2007, sur ordre de Florian HOMM du 15 juin 2007, depuis la relation no █2538 au nom de CSI ASSET MANAGEMENT ESTABLISHMENT auprès de BANQUE SCS ALLIANCE SA, à Zurich, sur la relation au nom de SINITUS LTD (numéro client █0440 et référence SIT02AOBU) auprès de INVESTEC BANK (AUSTRALIA) LTD en Australie (auparavant NM ROTHSCHILD & SONS (AUSTRALIA) LTD) (**réf.15**),

10) un transfert d'un montant de EUR 4'600'000 le 30 juillet 2007, sur ordre de Florian HOMM du 25 juillet 2007, depuis la relation no █2127 au nom de Florian HOMM auprès de BANQUE SCS ALLIANCE SA, à Zurich, sur la relation au nom de SINITUS LTD (numéro client █0440 et référence SIT02AOBU) auprès de INVESTEC BANK (AUSTRALIA) LTD en Australie (auparavant NM ROTHSCHILD & SONS (AUSTRALIA) LTD) (**réf.16**),

11) un transfert d'un montant de EUR 2'500'000 le 21 août 2007 depuis la relation no █2127 au nom de Florian HOMM auprès de BANQUE SCS ALLIANCE SA, à Zurich,

Numéro de procédure: SV.09.0135-FAL

sur la relation au nom de SINITUS LTD (numéro client ██0440 et référence SIT02AOBU) auprès de INVESTEC BANK (AUSTRALIA) LTD en Australie (auparavant NM ROTHSCHILD & SONS (AUSTRALIA) LTD) (**réf.17**),

étant précisé que Urs MEISTERHANS détenait et gérait, pour le compte de Florian HOMM et Susan DEVINE HOMM, les avoirs transférés sur les relations de OCEAN OFFSHORE BANK SA, SINITUS LTD, IBEX ENERGY LTD et ALLEN PARTNERS SA, et cela depuis son bureau auprès de SINITUS AG, à Küsnacht (**réf.18**),

étant précisé toutefois que Urs MEISTERHANS agissait pour le compte de Florian HOMM, au sein de SINITUS AG, sous couvert de la fausse identité irlandaise de Florian HOMM, soit Colin TRAINOR (**réf.19**),

étant précisé que Urs MEISTERHANS était employé de SINITUS AG de 1999 à janvier 2013, membre du conseil d'administration de février 2000 à mars 2008 et de juin 2009 à janvier 2013 ainsi qu'actionnaire de la société (**réf.20**),

étant précisé que les sociétés SINITUS AG, à Küsnacht, et SINITUS LTD, à l'Ile Maurice, appartenaient depuis 2001 au moins et jusqu'en mars 2011 aux administrateurs de SINITUS AG, soit Urs MEISTERHANS, Judith HAMBURGER et Ulrich WERTHMULLER (remplacé par Beat STEIMEN dès 2005 jusqu'à fin 2009), pour une participation d'un tiers chacun, et à partir d'avril 2011 à Urs MEISTERHANS exclusivement (**réf.21**),

étant précisé que la société SINITUS AG exerçait une activité d'intermédiaire financier, au sens de l'art. 2 al. 3 LBA, et était, à ce titre, affiliée à un organisme d'autorégulation (ci-après : OAR) jusqu'au 20 juillet 2013, date à laquelle SINITUS AG n'avait plus d'autorisation d'exercer en qualité d'intermédiaire financier, à la suite de quoi la FINMA a rendu une décision le 14 janvier 2014 modifiée le 27 janvier 2014, par laquelle elle a nommé un chargé d'enquête, restreint les pouvoirs des organes de SINITUS AG et a prononcé le blocage de toutes les relations bancaires et dépôts dont SINITUS AG est titulaire ou ayant droit économique (**réf.22**),

étant précisé que la société SINITUS AG a été mise en liquidation par décision de la FINMA du 17 octobre 2014 (**réf.23**) et que l'ouverture de la faillite a été prononcée le 25 février 2015 et publiée dans la Feuille officielle suisse du commerce (FOSC) le 13 mars 2015 (**réf.24**),

étant précisé que les montants transférés sur les véhicules financiers contrôlés par Urs MEISTERHANS, soit au total EUR 40'400'000 et USD 1'000'000 (ch. 1 à 11), constituent une partie du produit tiré par Florian HOMM de son escroquerie commise en sa qualité de CIO au sein de la société ACMH entre septembre 2004 et février 2008 au moins (**réf.25**),

étant précisé que le produit de cette escroquerie a été déposé en Suisse sur les relations de Florian HOMM, CSI ASSET MANAGEMENT ESTABLISHMENT et LOYR STIFTUNG, auprès de BANQUE SCS ALLIANCE SA, à Zurich, dont les ayants droit économiques désignés sur les formulaires A respectifs étaient Florian HOMM, Susan DEVINE (ex-épouse de Florian HOMM selon jugement de divorce du 21 mai 2007) et/ou leurs enfants (**réf.26**),

étant précisé que ces transferts sont survenus après l'alerte lancée en avril 2006 par un ancien employé de ACMH, du nom de Darius PARSI, sous couvert de l'anonymat, sur des irrégularités constatées dans la gestion des Fonds ABSOLUTE par Florian HOMM,

Numéro de procédure: SV.09.0135-FAL

étant précisé que c'est Urs MEISTERHANS qui a organisé ces transferts d'avoirs depuis la Suisse et qu'il avait « carte blanche » de la part de Florian HOMM pour la mise en place des montages (**réf.27**),

étant précisé que Urs MEISTERHANS a fourni aux banques concernées des informations fallacieuses, ainsi que des faux documents pour justifier l'origine et l'arrière-plan économique de ces transferts d'avoirs (**réf.28**),

étant précisé que Urs MEISTERHANS était administrateur, directeur général et unique employé de la société OCEAN OFFSHORE BANK SA (enregistrée à Sao Tomé), qui déployait ses activités depuis la Suisse, ainsi qu'au bénéfice d'un pouvoir de signature individuelle sur la relation de cette entité auprès de COMMERZBANK (SOUTH EAST ASIA) LTD à Singapour, qu'il a en cette qualité transmis les coordonnées bancaires de ladite relation à Susan DEVINE (**réf.29**) et qu'il était en possession, à son bureau de SINITUS AG à Küsnacht, des ordres de paiement donnés par Florian HOMM en lien avec les transferts susmentionnés aux points 1) à 3) à hauteur de EUR 12'000'000 au total effectués sur ladite relation (**réf.30**),

étant précisé que Urs MEISTERHANS était administrateur de SINITUS LTD (enregistrée à l'Île Maurice), qu'il était autorisé à donner des instructions sur la relation bancaire ouverte au nom de cette société auprès de INVESTEC BANK (AUSTRALIA) LTD en Australie, sur laquelle les transferts susmentionnés aux points 4), 9) à 11) à hauteur de EUR 12'500'000 au total ont été effectués, et que, pour ce faire, il a transmis à Andreas SCHAER, l'assistant personnel de la famille HOMM qui était notamment chargé de leurs finances, les coordonnées des comptes en USD et EUR de INVESTEC BANK (AUSTRALIA) LTD (**réf.31**),

étant précisé que Urs MEISTERHANS était administrateur de IBEX ENERGY LTD (enregistrée aux British Virgin Islands), qu'il avait un pouvoir de signature sur la relation bancaire de cette entité auprès de DNB NOR BANK ASA en Norvège, sur laquelle les montants susmentionnés aux points 5) et 8) à hauteur de USD 1'000'000 et de EUR 9'500'000 ont été transférés, et que, pour ce faire, il a transmis à Andreas SCHAER les coordonnées bancaires du compte d'IBEX ENERGY LTD auprès de la DNB NOR BANK en Norvège (**réf.32**),

étant précisé que Urs MEISTERHANS était administrateur de ALLEN PARTNERS SA au travers de GOLD COAST DIRECTORS LTD, qu'il disposait d'un pouvoir de signature sur la relation de cette entité auprès de UBS AG, Zoug, sur laquelle les montants susmentionnés aux points 6) et 7) à hauteur de EUR 8'200'000 au total ont été transférés (**réf.33**),

étant précisé que Urs MEISTERHANS était le responsable auprès de SINITUS AG, Zurich, depuis le 13 novembre 2002, du mandat ██████0-GES relatif au client ALLEN PARTNERS SA (**réf.34**),

étant précisé que la société ALLEN PARTNERS SA était chargée des investissements pour le compte et au nom de Florian HOMM (**réf.35**),

étant précisé que Urs MEISTERHANS a trompé la banque UBS AG, Zoug, en lui dissimulant le fait que le véritable ayant droit économique des avoirs déposés, en mars et mai 2007, à hauteur de EUR 8'700'000 au total sur la relation no ██████2256 au nom de ALLEN PARTNERS SA était Florian HOMM et non pas Victoria Lynne BRADBURN, laquelle figurait

Numéro de procédure: SV.09.0135-FAL

comme ayant droit économique sur le formulaire A, daté du 15 juin 2004 et signé à Küsnacht par Urs MEISTERHANS (**réf.36**),

étant précisé que, selon les déclarations de Victoria BRADBURN du 25 novembre 2014, celle-ci n'est pas la bénéficiaire économique de ladite relation (**réf.37**).

### 1.2.1.2   Seconde phase: Transferts des avoirs d'origine criminelle depuis les relations de IBEX ENERGY LTD (en Norvège), SINITUS LTD (en Australie) et ALLEN PARTNERS SA (en Suisse)

#### 1.2.1.2.1   *Transferts des avoirs d'origine criminelle depuis la relation de IBEX ENERGY LTD (en Norvège) sur des relations en Suisse dont le bénéficiaire économique est Colin TRAINOR et opérations successives*

Urs MEISTERHANS est accusé d'avoir commis, en sa qualité d'intermédiaire financier, de membre du conseil d'administration et d'associé, au sein de SINITUS AG, à Küsnacht, en agissant en particulier depuis le siège de cette société, entre janvier et septembre 2007, des actes propres à entraver l'identification de l'origine, la découverte et la confiscation de valeurs patrimoniales issues des actes d'escroquerie reprochés à Florian HOMM, dans le but de les soustraire à la mainmise de la justice et des lésés, et cela en ordonnant depuis la Suisse l'exécution des transferts suivants et en procédant aux opérations successives suivantes, pour le compte de Florian HOMM:

12) un transfert d'un montant de USD 2'620'000 le 24 janvier 2007, sur ordre de Urs MEISTERHANS du 24 janvier 2007, depuis la relation no▮▮▮1719 au nom de IBEX ENERGY LTD auprès de la DNB NOR BANK ASA, en Norvège, sur la relation no▮▮▮2674 au nom de ENERGY EIAC CAPITAL LTD auprès de UBS AG, à Zoug, dont l'ayant droit économique désigné sur le formulaire A est Colin TRAINOR (**réf.38**),

13) un transfert d'un montant de EUR 500'000 le 24 janvier 2007, sur ordre de Urs MEISTERHANS du 17 janvier 2007, depuis la relation no▮▮▮2674 au nom de ENERGY EIAC CAPITAL LTD auprès de UBS AG, Zoug, sur la relation no▮▮▮676-1 au nom de Colin TRAINOR auprès de CREDIT SUISSE AG, à Zurich (**réf.39**),

14) un transfert d'un montant de USD 12'900'000 le 7 septembre 2007, sur ordre de Urs MEISTERHANS du 31 août 2007, depuis la relation no▮▮▮1719 au nom de IBEX ENERGY LTD auprès de la DNB NOR BANK ASA, en Norvège, sur la relation no▮▮1446 (devenue no▮▮▮1001) au nom de SINITUS AG auprès de REICHMUTH & CO, à Lucerne, dont l'ayant droit économique désigné sur le formulaire A est Colin TRAINOR (**cf. réf.11 et 14**),

15) un retrait en espèces du montant précité de USD 12'900'000 effectué par Urs MEISTERHANS le 7 septembre 2007 depuis la relation no▮▮1446 au nom de SINITUS AG auprès de REICHMUTH & CO, à Lucerne (**réf.40**),

16) un versement en espèces du montant précité de USD 12'900'000 ordonné par Urs MEISTERHANS le 7 septembre 2007 sur la relation no▮▮▮1447 nom de ENERGY EIAC CAPITAL LTD auprès de REICHMUTH & CO, à Lucerne, dont l'ayant droit économique désigné sur le formulaire A est Colin TRAINOR (**cf. réf.40**),

Numéro de procédure: SV.09.0135-FAL

étant précisé que les montants de USD 12'900'000 et USD 1'000'000 (de la somme de USD 2'620'000), constituent une partie du produit tiré par Florian HOMM de son escroquerie qui avait été transféré sur la relation no ▮▮▮▮▮1719 au nom de IBEX ENERGY LTD auprès de la DNB NOR BANK ASA, en Norvège, depuis les relations de Florian HOMM et de CSI ASSET MANAGEMENT ESTABLISHMENT auprès de BANQUE SCS ALLIANCE SA, à Zurich (cf. supra transferts n° 5 et 8) (**réf.41**),

étant précisé qu'il a été retrouvé, lors de la perquisition des 25 et avril 2013, dans le bureau de Urs MEISTERHANS, une note manuscrite portant la date du 11 juillet 2008 et la signature de Urs MEISTERHANS, dans laquelle il est indiqué notamment : « *CT (à la ligne) CS EUR 1,2 (à la ligne) Energy EIAC / UBS EUR 1,7 (à la ligne) do / Reichmuth US$ 12 (à la ligne) EUR 10* » (**réf.42**),

étant précisé que Urs MEISTERHANS a fait constituer, le 11 mai 2006, via la société ST VINCENT TRUST SERVICE LIMITED, la société offshore ENERGY EIAC CAPITAL LTD domiciliée à St. Vincent & les Grenadines, dont il était administrateur et dont l'ayant droit économique est Colin TRAINOR (**réf.43**),

étant précisé que Urs MEISTERHANS a signé le 11 mai 2006 les quatre certificats des 100 actions au porteur de la société ENERGY EIAC CAPITAL LTD, qui ont été retrouvés dans le bureau de Urs MEISTERHANS chez SINITUS AG (**réf.44**),

étant précisé que Urs MEISTERHANS agissait, au travers de GOLD-COAST DIRECTORS LTD, comme unique membre du Conseil d'administration et « *manager* » de la société ENERGY EIAC CAPITAL LTD en vertu d'un « MANDATE AGREEMENT » daté du 11 mai 2006, signé par Colin TRAINOR et Urs MEISTERHANS, pour GOLD-COAST DIRECTORS LTD (**réf.45**),

étant précisé que, selon le document intitulé « *Certificate of Incorporation with List of Directors* », GOLD-COAST DIRECTORS LTD et Urs MEISTERHANS figurent comme administrateurs de la société ENERGY EIAC CAPITAL LTD (**réf.46**),

étant précisé que Urs MEISTERHANS était le responsable auprès de SINITUS AG, depuis le 11 mai 2006, du mandat ▮▮▮▮▮5-GES relatif au client ENERGY EIAC CAPITAL LTD (**réf.47**),

étant précisé que Urs MEISTERHANS a fait ouvrir, le 22 décembre 2006, la relation no ▮▮▮▮▮2674 au nom de ENERGY EIAC CAPITAL LTD auprès de UBS AG, à Zoug, sur laquelle il disposait d'un pouvoir de signature au travers de GOLD-COAST DIRECTORS LTD (**réf.48**),

étant précisé que Urs MEISTERHANS a signé, à Küsnacht, le formulaire A daté du 19 décembre 2006, désignant Colin TRAINOR comme ayant droit économique des avoirs déposés sur la relation précitée (**réf.49**),

étant précisé que Urs MEISTERHANS a fait ouvrir, le 8 janvier 2007, la relation bancaire no ▮▮▮▮▮676-1 au nom de Colin TRAINOR auprès du CREDIT SUISSE AG, Zurich, sur laquelle il avait un pouvoir de signature individuelle (**réf.50**),

Numéro de procédure: SV.09.0135-FAL

étant précisé que Urs MEISTERHANS a signé, à Zurich, le formulaire A daté du 23 décembre 2006 et portant également la signature de Colin TRAINOR, désignant Colin TRAINOR comme ayant droit économique des avoirs déposés sur la relation précitée ouverte au nom de Colin TRAINOR auprès du CREDIT SUISSE AG, à Zurich,

étant précisé que Urs MEISTERHANS a fait ouvrir, le 3 septembre 2007, les relations no ▮▮▮1446 (devenue no ▮▮▮.1001) au nom de SINITUS AG et no ▮▮▮1447 au nom de ENERGY EIAC CAPITAL LTD auprès de REICHMUTH & CO, à Lucerne, sur lesquelles il disposait d'un pouvoir de signature (**réf.51**),

étant précisé que Urs MEISTERHANS a signé, à Küsnacht, les formulaires A datés du 31 août 2007 relatifs aux relations de SINITUS AG et de ENERGY EIAC CAPITAL LTD auprès de REICHMUTH & CO, à Lucerne, désignant Colin TRAINOR comme ayant droit économique des avoirs déposés sur ces relations (**réf.52**),

étant précisé que la relation no ▮▮▮1447 au nom de ENERGY EIAC CAPITAL LTD auprès de REICHMUTH & CO, à Lucerne, a été clôturée le 6 janvier 2009 sur ordre de Urs MEISTERHANS du 24 décembre 2008 (**réf.53**),

étant précisé que Colin TRAINOR est la fausse identité irlandaise de Florian HOMM (dont Urs MEISTERHANS avait connaissance au moment des faits litigieux (cf. infra pt. 1.3),

étant précisé que Urs MEISTERHANS a trompé les banques UBS AG, CREDIT SUISSE AG et REICHMUTH & CO, en leur remettant une copie du faux passeport irlandais de Florian HOMM établi au nom de Colin TRAINOR et en leur dissimulant par ce fait la véritable identité du cocontractant, ainsi qu'en donnant des informations fallacieuses sur l'origine des avoirs déposés sur les relations précitées (**réf.54**),

étant précisé que Urs MEISTERHANS gérait en Suisse, depuis son bureau auprès de SINITUS AG, à Küsnacht, les avoirs de Florian HOMM sous couvert de sa fausse identité irlandaise Colin TRAINOR (**réf.55**), en cachant ce fait aux autres membres du Conseil d'administration de SINITUS AG, au responsable Compliance de SINITUS AG et à l'OAR,

étant précisé que les avoirs déposés sur la relation no ▮▮▮2674 au nom de ENERGY EIAC CAPITAL LTD auprès de UBS AG, à Zoug, sur la relation no ▮676-1 au nom de Colin TRAINOR auprès du CREDIT SUISSE AG, Zurich, et sur la relation no ▮▮▮1230 (anciennement no ▮▮▮1446) au nom de SINITUS AG auprès de REICHMUTH & CO, à Lucerne, font l'objet de séquestres ordonnés respectivement le 25 août 2009, le 27 août 2009 et le 10 mars 2011 (**réf.56**).

### 1.2.1.2.2   *Transferts des avoirs d'origine criminelle depuis la relation de SINITUS LTD en Australie sur la relation au nom de SINITUS AG auprès de la BANQUE PASCHE SA, à Zurich, et opérations successives effectuées sur cette relation pour le compte de Florian HOMM*

Urs MEISTERHANS est accusé d'avoir commis, en sa qualité d'intermédiaire financier, de membre du conseil d'administration et d'associé, au sein de SINITUS AG, à Küsnacht, en agissant en particulier depuis le siège de cette société, de mai 2007 à septembre 2007, des

Numéro de procédure: SV.09.0135-FAL

actes propres à entraver l'identification de l'origine, la découverte et la confiscation de valeurs patrimoniales issues des actes d'escroquerie reprochés à Florian HOMM, dans le but de les soustraire à la mainmise de la justice et des lésés, et cela en ordonnant depuis la Suisse, pour le compte de Florian HOMM, les transferts suivants depuis la relation de SINITUS LTD auprès de INVESTEC BANK (AUSTRALIA) LTD en Australie en faveur de la relation de SINITUS AG auprès de la BANQUE PASCHE SA, à Zurich, ainsi qu'en effectuant depuis cette relation les opérations suivantes :

17) un transfert d'un montant de USD 4'000'000 le 14 mai 2007, sur ordre de Urs MEIS-TERHANS du 13 mai 2007, depuis la relation au nom de SINITUS LTD (numéro client ███440 et référence SIT02AOBU), auprès de INVESTEC BANK (AUSTRALIA) LTD en Australie, sur la relation no ███4017 au nom de SINITUS AG auprès de la BANQUE PASCHE SA, à Zurich (**réf.57**),

18) un retrait en espèces de USD 2'000'000 effectué par Urs MEISTERHANS le 18 mai 2007 depuis la relation no ███4017 au nom de SINITUS AG auprès de la BANQUE PASCHE SA, à Zurich (**réf.58**),

19) un transfert d'un montant de USD 6'000'000 le 8 juin 2007, sur ordre de Urs MEIS-TERHANS du 7 juin 2007, depuis la relation au nom de SINITUS LTD (numéro client ███0440 et référence SIT02AOBU), auprès de INVESTEC BANK (AUSTRALIA) LTD en Australie, sur la relation no ███4017 au nom de SINITUS AG auprès de la BANQUE PASCHE SA, à Zurich (**réf.59**),

20) l'achat de USD 8'305'110 contre AUD 9'900'000, le 15 juin 2007, sur la relation no ███4017 au nom de SINITUS AG auprès de la BANQUE PASCHE SA, à Zurich, effectuée sur ordre de Urs MEISTERHANS (**réf.60**),

21) la souscription, le 15 juin 2007, d'obligations HONAN HOLDINGS PTY LTD d'une valeur de AUD 10'000'000 (dont AUD 9'900'000 résultent de l'opération de change précitée), effectuée sur ordre de Urs MEISTERHANS depuis la relation no ███4017 au nom de SINITUS AG auprès de la BANQUE PASCHE SA, à Zurich, (**réf.61**),

22) un transfert d'un montant de USD 500'000 le 17 septembre 2007, sur ordre de Urs MEISTERHANS du 14 septembre 2007, depuis la relation no ███4017 au nom de SINITUS AG auprès de BANQUE PASCHE SA, à Zurich, sur la relation no ███████618-1 au nom de Colin TRAINOR auprès de PRIMER BANCO DEL ISTMO SA au Panama (**réf.62**),

étant précisé que l'analyse de la relation au nom de SINITUS AG auprès de la BANQUE PASCHE SA, à Zurich a permis de constater que l'objectif de cette relation était de permettre la mise en œuvre d'un montage financier, sous forme d'un emprunt obligataire émis par la société HONAN HOLDINGS PTY LTD, permettant notamment à cette société de faire entrer des avoirs en Australie sous forme de prêt et, parallèlement, de les faire sortir d'Australie sous forme d'intérêts (**réf.63**),

étant précisé que les avoirs utilisés dans ce montage proviennent, en juin 2005 et mars 2007, à hauteur de AUD 40 millions de John Thomas HONAN (alias Dick HONAN), via diverses sociétés, et en juin 2007 de SINITUS LTD depuis sa relation auprès de INVESTEC BANK (AUSTRALIA) LTD, en Australie, à hauteur de AUD 10 millions,

étant précisé que cette relation de SINITUS LTD avait été créditée, entre le 31 août 2006 et le 21 août 2007, d'avoirs à hauteur de EUR 12'500'000 au total provenant de la relation de Florian HOMM et de CSI ASSET MANAGEMENT ESTABLISHMENT auprès de BANQUE

Numéro de procédure: SV.09.0135-FAL

SCS ALLIANCE SA, à Zurich, qui sont le résultat des actes d'escroquerie reprochés à Florian HOMM,

étant précisé que Urs MEISTERHANS a dissimulé à la BANQUE PASCHE SA, à Zurich, l'identité du véritable ayant droit économique des avoirs déposés sur cette relation, en désignant faussement, sur le formulaire A daté du 23 novembre 2000 et le formulaire A daté du 28 mars 2008, SINITUS AG puis Matthew Frazer NASH comme ayant droit économique (**réf.64**),

étant précisé que Matthew Frazer NASH a déclaré ne pas être l'ayant droit économique des avoirs déposés sur cette relation (**réf.65**),

étant précisé que Urs MEISTERHANS a transmis aux banques concernées de fausses informations sur Matthew Frazer NASH pour compléter les profils-client relatifs à l'identification de l'ayant droit économique,

étant précisé que Urs MEISTERHANS a transmis, le 26 juillet 2012, à la BANQUE PASCHE SA, à Zurich, un formulaire T daté du 26 juillet 2012 et portant sa signature, désignant PRINCETON UNIVERSITY comme ayant droit économique des avoirs déposés sur la relation au nom de SINITUS AG ouverte auprès de ladite banque,

étant précisé que la BANQUE PASCHE SA n'a pas appliqué ledit formulaire T par manque de clarification sur le changement de l'ayant droit économique et d'irrégularités constatées dans ce formulaire,

étant précisé que les avoirs déposés sur la relation au nom de SINITUS AG auprès de la BANQUE PASCHE AG, à Zurich, font l'objet d'un séquestre ordonné le 9 juin 2011 (**réf.66**).

### 1.2.1.2.3 Transferts des avoirs d'origine criminelle depuis la relation de ALLEN PARTNERS SA auprès de UBS AG, Zoug, sur des relations à l'étranger

Urs MEISTERHANS est accusé d'avoir commis, en sa qualité d'intermédiaire financier, de membre du conseil d'administration et d'associé, au sein de SINITUS AG, à Küsnacht, en agissant en particulier depuis le siège de cette société, de mars 2007 à octobre 2007, des actes propres à entraver l'identification de l'origine, la découverte et la confiscation de valeurs patrimoniales issues des actes d'escroquerie reprochés à Florian HOMM, dans le but de les soustraire à la mainmise de la justice et des lésés, et cela en ordonnant depuis la Suisse, pour le compte de Florian HOMM, les transferts suivants depuis la relation no█████ 2256 au nom de ALLEN PARTNERS SA auprès de UBS AG, Zoug :

23) cinq transferts d'un montant total de EUR 999'488, dont un montant de EUR 500'000 au moins d'origine criminelle, entre le 30 mars 2007 et le 18 juillet 2007, sur ordre de Urs MEISTERHANS des 22 mars 2007, 22 avril 2007, 22 mai 2007, 22 juin 2007 et 22 juillet 2007, en faveur de RICH GERMANY GMBH, relation no IBAN DE█████████4300 auprès de SPARKASSE NUERNBERG en Allemagne (**réf.67**),

24) deux transferts d'un montant total de EUR 50'000, les 9 et 29 juillet 2007, sur ordre de Urs MEISTERHANS des 5 et 26 juillet 2007, en faveur de INVESPAN ANSTALT (**réf.68**),

Numéro de procédure: SV.09.0135-FAL

25) un transfert d'un montant de EUR 500'000 le 4 juin 2007, sur ordre de Urs MEISTER-HANS du 31 mai 2007, en faveur de Ismail Hakki SIMSEK, relation no ████ 7300 auprès de COMMERZBANK AG en Allemagne **(réf.69),**

26) un transfert d'un montant de EUR 300'000 le 15 juin 2007, sur ordre de Urs MEIS-TERHANS du 14 juin 2007, en faveur de LIFEJACK AG, relation no IBAN DE████████1300 auprès de COMMERZBANK AG en Allemagne **(cf. réf.13),**

27) un transfert d'un montant de USD 5'000'000 le 14 septembre 2007, sur ordre de Urs MEISTERHANS du 11 septembre 2007, en faveur de HYCARBEX AMERICAN ENERGY INC., relation no████████-0201 auprès de PICIC COMMERCIAL BANK LIMITED au Pakistan **(cf. réf.13),**

28) un transfert d'un montant de EUR 3'000'000 le 11 octobre 2007, sur ordre de Urs MEISTERHANS du 9 octobre 2007, en faveur de VERTICAL FINANCIAL HOLDING ESTABLISHMENT, relation no IBAN MC██████████████1T03 auprès de BANK JULIUS BAER (MONACO) S.A.M (anciennement ING BARING PRIVATE BANK) à Monaco **(cf. réf.13),**

étant précisé que Florian HOMM avait fait transférer, les 15 mars et 7 mai 2007, depuis sa relation et celle de CSI ASSET MANAGEMENT ESTABLISHMENT auprès de BANQUE SCS ALLIANCE SA, à Zurich, une partie du produit tiré de son escroquerie d'un montant de EUR 8'200'000 au total sur la relation de ALLEN PARTNERS SA auprès de UBS AG, Zoug (cf. supra transferts n°6 et 7),

étant rappelé que la société ALLEN PARTNERS SA était chargée des investissements au nom de Florian HOMM **(réf.70),**

étant rappelé que ces faits ont été dissimulés à la banque par Urs MEISTERHANS, en désignant faussement sur le formulaire A Victoria Lynne BRADBURN comme ayant droit économique, alors que selon les propres déclarations de cette dernière du 25 novembre 2014, celle-ci n'est pas la bénéficiaire économique de ladite relation **(réf.71),**

étant précisé que les deux transferts d'un montant total de EUR 50'000, effectués les 9 et 29 juillet 2007, sont en lien avec la location d'une villa à Majorque par Urs MEISTERHANS pour le compte de Florian HOMM **(cf. réf.68),**

étant précisé que les transferts en faveur de RICH GERMANY GMBH, Ismail Hakki SIMSEK et LIFEJACK AG, ont tous été effectués à la demande de Florian HOMM **(réf.72),**

étant précisé que le transfert de EUR 3'000'000 du 11 octobre 2007, effectué après la démission de Florian HOMM de ACMH, correspondait, selon JULIUS BAER (MONACO) S.A.M, à un dividende de EUR 3'668'814, sous déduction des coûts liés à DONALDSON VENTURES SA de EUR 668'000, qui était dû à l'actionnaire ultime de DONALDSON VENTURES SA, soit VERTICAL FINANCIAL HOLDING ESTABLISHMENT, à la suite de la vente de la société MASS RESPONSE GMBH à AUSTRIAN TELEKOM **(réf.73),**

étant toutefois précisé que l'analyse de la relation de ALLEN PARTNERS SA auprès de UBS AG, Zoug, a pu établir que le montant de EUR 3'000'000 provient en réalité de la vente des actions ACMH et de dividendes de ACMH reçus par CSI ASSET MANAGEMENT ESTA-BLISHMENT **(réf.74),** soit le produit tiré par Florian HOMM de ses activités criminelles,

Numéro de procédure: SV.09.0135-FAL

étant précisé que l'ayant droit économique de la relation bancaire au nom de VERTICAL FI-NANCIAL HOLDING ESTABLISHMENT auprès de JULIUS BAER (MONACO) S.A.M, à Monaco, est notamment Jacob AGAM, ami de Florian HOMM (**réf.75**),

étant précisé qu'un dividende de EUR 3'668'814 a également été crédité le 4 octobre 2007 sur la relation au nom de DONALDSON VENTURES S.A. auprès de UBS AG à Singapour par VERTICAL TWISTER B.V. dans le cadre de la vente de MASS RESPONSE GMBH (MRS) (**réf.76**),

étant précisé qu'il a été retrouvé, lors de la perquisition des 25 et 26 avril 2013 des locaux de SINITUS AG, un avis de crédit pour un montant de EUR 3'668'814 confirmant le transfert précité du 4 octobre 2007 sur la relation au nom de DONALDSON VENTURES S.A. auprès de UBS AG à Singapour (**réf.77**),

étant précisé qu'il a également été retrouvé, lors de cette même persuisition, dans le bureau de Urs MEISTERHANS, la note manuscrite susmentionnée (**cf. réf. 42**), portant la date du 11 juillet 2008 et la signature de Urs MEISTERHANS, dans laquelle il est notamment fait référence à « *Donaldson / UBS S EUR 5.5* » sous le titre « *in transit* », étant rappelé que dans la même note il est fait référence aux comptes de « CT » (Colin TRAINOR) auprès de « CS », « UBS » et « Reichmuth »,

étant précisé que, lors de la perquisition des 25 et 26 avril 2013 des locaux de SINITUS AG, il a été retrouvé, un ordre de clôture daté du 23 février 2010 de la relation au nom de DO-NALDSON VENTURES SA auprès de UBS AG à Singapour, lequel porte la signature de Judith HAMBURGER et Urs MEISTERHANS. Par cet ordre, il est demandé de transférer tous les avoirs en compte en faveur de la relation au nom de DONALDSON VENTURES SA auprès de PRIVATBANK IHAG ZURICH AG en Suisse (**réf.78**),

étant précisé qu'un montant de EUR 377'574 a été transféré le 9 avril 2010 depuis la relation au nom de DONALDSON VENTURES SA auprès de UBS AG à Singapour en faveur de la relation du même nom auprès de PRIVATBANK IHAG ZURICH AG,

étant précisé que Urs MEISTERHANS, en sa qualité d'administrateur de la société DO-NALDSON VENTURES SA, a entrepris les démarches pour faire ouvrir, le 4 février 2010, la relation au nom de DONALDSON VENTURES SA auprès de PRIVATBANK IHAG ZURICH AG et a désigné, sur le formulaire A, Patrick Noel VAN GEYZEL KELAART comme ayant droit économique,

étant précisé que la relation au nom de DONALDSON VENTURES SA auprès de PRIVAT-BANK IHAG ZURICH AG a été clôturée le 11 juillet 2012, sur ordre de Urs MEISTERHANS du 29 mai 2012, par lequel celui-ci a demandé la clôture de ladite relation et le transfert des avoirs en compte en faveur de la relation du même nom auprès de BANK VONTOBEL AG à Zurich, dont l'ayant droit économique est Patrick Noel VAN GEYZEL KELAART,

étant précisé que cette relation fait actuellement l'objet d'un séquestre pénal ordonné le 17 octobre 2014 (**réf.79**).

Numéro de procédure: SV.09.0135-FAL

## *Après la démission de Florian HOMM de ACMH en date du 18 septembre 2007*

### 1.2.1.3   <u>Troisième phase</u> : Autres actes d'entrave effectués après la démission de Florian HOMM

#### *1.2.1.3.1  Transactions d'or*

Urs MEISTERHANS est accusé d'avoir commis, en sa qualité d'intermédiaire financier, de membre du conseil d'administration et d'associé, au sein de SINITUS AG, à Küsnacht, en agissant en particulier depuis le siège de cette société, entre septembre 2007 et février 2011, des actes propres à entraver l'identification de l'origine, la découverte et la confiscation de valeurs patrimoniales issues des actes d'escroquerie reprochés à Florian HOMM, dans le but de les soustraire à la mainmise de la justice et des lésés, et cela en ordonnant ou en exécutant, pour le compte de Florian HOMM, les opérations suivantes :

*Opérations portant sur 150 kg d'or :*

29) achat de 150 kg d'or (contenu dans les boîtes no 879 à 884), le 28 septembre 2007, à CREDIT SUISSE AG, Zurich, par CSI ASSET MANAGEMENT ESTABLIS-HEMENT, depuis son compte n° 0052538.0001.EUR auprès de BANQUE SCS ALLIANCE SA, pour un montant de EUR 2'508'750 (**réf.80**),

30) livraison de 100 kg d'or, dans les boîtes n° 880 à 883, le 23 octobre 2007 par Urs MEISTERHANS, via SECUREPOST AG, à UBS AG, Küsnacht, pour être crédités sur la relation n° 0273-232674 au nom de ENERGY EIAC CAPITAL LTD auprès de UBS AG, Zoug, dont Colin TRAINOR est désigné comme l'ayant droit économique (**cf. réf.80**),

31) vente de 100 kg d'or le 23 octobre 2007 (date valeur : 25 octobre 2007) à UBS AG, Suisse, pour un montant de CHF 2'849'715, crédité sur la relation bancaire n° 0273-232674 au nom de ENERGY EIAC CAPITAL LTD auprès de UBS AG, Zoug (**cf. réf.80**),

32) livraison de 47 kg d'or (des 50 kg d'or restants) le 23 octobre 2007 à CREDIT SUISSE AG, Küsnacht (**cf.réf.80**),

33) vente de 47 kg d'or le 23 octobre 2007 (date valeur : 25 octobre 2007) à CREDIT SUISSE AG, Suisse, sur ordre de Urs MEISTERHANS, pour un montant de CHF 1'337'855, crédité sur la relation bancaire n° 0405-32676-1 au nom de Colin TRAINOR auprès de CREDIT SUISSE AG, Zurich (**cf.réf.80**),

étant précisé que l'achat des 150 kg d'or a été financé au moyen des fonds résultant de la vente, le 26 septembre 2007, par CSI ASSET MANAGEMENT ESTABLISHEMENT de dix millions d'actions ACMH depuis son compte n° 0052538.0002.GBP auprès de BANQUE SCS ALLIANCE SA, Zurich, pour un montant net de GBP 3'520'000 crédité sur ledit compte le 26 septembre 2007,

étant précisé que le document intitulé BOERSENABRECHNUNG daté du 25 septembre 2007 relatif à cette opération a été retrouvé, lors de la perquisition des 25 et 26 avril 2013 des locaux de SINITUS AG, Küsnacht, dans le bureau de Urs MEISTERHANS (**réf.81**),

Numéro de procédure: SV.09.0135-FAL

étant précisé que l'avis de débit relatif à l'achat des 150 kg d'or par CSI ASSET MANAGE-MENT ESTABLISHEMENT, depuis son compte n° ███████0001.EUR auprès de BANQUE SCS ALLIANCE SA, pour un montant de EUR 2'508'750 a été retrouvé, lors de la perquisition des 25 et 26 avril 2013 des locaux de SINITUS AG, Küsnacht, dans le bureau de Urs MEISTERHANS **(réf.82)**,

étant précisé qu'un document intitulé « Sendungsbordereau no 28816 » de CREDIT SUISSE AG, attestant la livraison par cette banque de 150 kg d'or à BANQUE SCS ALLIANCE SA dans les boîtes no 879 à 884 et portant une note manuscrite indiquant 147 kg, a été retrouvé, lors de la perquisition des 25 et 26 avril 2013 des locaux de SINITUS AG, Küsnacht, dans le bureau de Urs MEISTERHANS **(réf.83)**,

étant précisé qu'a été retrouvé, lors de la perquisition des 25 et 26 avril 2013 des locaux de SINITUS AG, Küsnacht, dans le bureau de Urs MEISTERHANS, un document intitulé « Lie-ferschein / Auftrag », daté du 28 septembre 2007, selon lequel MSE a livré, sur ordre de CREDIT SUISSE UETLIHOF, Zurich, à BANQUE SCS ALLIANCE SA, Zurich, 6 boîtes por-tant les numéros 879 à 884 avec un poids total de 153.3 kg **(réf.84)**,

étant précisé qu'a été retrouvé, lors de la perquisition des 25 et 26 avril 2013 des locaux de SINITUS AG, Küsnacht, dans le bureau de Urs MEISTERHANS, le bordereau de prélève-ment, non signé, des 150 kg d'or acquis depuis la relation de CSI ASSET MANAGEMENT ESTABLISHMENT auprès de BANQUE SCS ALLIANCE SA, Zurich **(réf.85)**,

étant précisé que le bordereau de prélèvement des 150 kg d'or, daté du 28 septembre 2007, reçu de BANQUE SCS ALLIANCE SA, porte la signature de Silvio VOGT, administrateur de CSI ASSET MANAGEMENT ESTABLISHMENT auprès de JURACTA TREUUNTERNEH-MEN REG. à Vaduz, depuis le  27 septembre 2007 **(réf.86)**,

étant précisé que, lors de son audition du 18 octobre 2013, Silvio VOGT a confirmé avoir si-gné ce bordereau de prélèvement de 150 kg d'or depuis son bureau au Liechtenstein mais nie le fait d'avoir eu en sa possession ces 150 kg d'or,

que, par ailleurs, Silvio VOGT a reconnu que son «Vertragspartner» dans le cadre de son mandat pour CSI ASSET MANAGEMENT ESTABLISHMENT était Urs MEISTERHANS et que les transactions en or avaient été planifiées par ce dernier **(réf.87)**,

que, dès lors, Urs MEISTERHANS a orchestré l'achat de 150 kg d'or le 28 septembre 2007 par CSI ASSET MANAGEMENT ESTABLISHEMENT, depuis son compte n° ███████.0001.EUR auprès de BANQUE SCS ALLIANCE SA, dont l'ayant droit économique était Florian HOMM, et la livraison de 147 kg de cet or à UBS AG, Küsnacht, le 23 octobre 2007, afin de le faire vendre et de créditer le produit de cette vente, à hauteur de CHF 4'187'570 au total (CHF 2'849'715 + CHF 1'337'855), sur des relations dont Florian HOMM n'était plus indiqué comme ayant droit économique, mais sa fausse identité Colin TRAINOR,

que, dès lors, ces actes d'entrave effectués par Urs MEISTERHANS ont permis à Florian HOMM d'encaisser, en Suisse, sous couvert de sa fausse identité Colin TRAINOR, plus de CHF 4'000'000 correspondant au produit de la vente de 147 kg d'or,

étant précisé que toutes les opérations susmentionnées (n°29 à 33) ont été effectuées après la démission et la fuite de Florian HOMM le 18 septembre 2007.

Numéro de procédure: SV.09.0135-FAL

*Opérations portant sur 243 kg d'or :*

34) achat de 118 kg d'or par SINITUS AG auprès de UBS AG, Suisse, sur ordre de Urs MEISTERHANS, pour un montant de USD 2'802'541, depuis la relation de SINITUS LTD auprès de INVESTEC BANK (AUSTRALIA) LTD, en date du 5 octobre 2007 **(réf.88),**

35) achat de 125 kg d'or par SINITUS AG auprès de UBS AG, Suisse, sur ordre de Urs MEISTERHANS, pour un montant de USD 3'641'360, depuis la relation de SINITUS LTD auprès de INVESTEC BANK (AUSTRALIA) LTD, en date du 28 janvier 2008 **(cf. réf. 88),**

36) vente de 243 kg d'or (118 kg + 125 kg) à UBS AG, Suisse, sur ordre de Urs MEISTERHANS du 4 février 2008, pour un montant de USD 7'223'118 crédité sur la relation bancaire no ███████0705 au nom de RAMO LTD auprès de UBS AG, Zoug, en date du 4 février 2008 **(cf. réf. 88),**

37) transfert de USD 1'823'000, en date du 4 février 2008, sur ordre de Urs MEISTERHANS du 31 janvier 2008, depuis la relation bancaire no ███████0705 au nom de RAMO LTD auprès de UBS AG, Zoug, sur la relation no █████2674 de ENERGY EIAC CAPITAL LTD auprès de UBS AG, Zoug, dont Colin TRAINOR est désigné comme l'ayant droit économique **(cf. réf. 88),**

étant précisé que Florian HOMM avait transféré, entre le 31 août 2006 et le 21 août 2007, depuis sa relation et celle de CSI ASSET MANAGEMENT ESTABLISHMENT auprès de BANQUE SCS ALLIANCE SA, à Zurich, une partie du produit tiré de son escroquerie d'un montant de EUR 12'500'000 au total sur la relation de SINITUS LTD auprès de INVESTEC BANK (AUSTRALIA) LTD (cf. supra transferts n°4, 9 à 11),

étant précisé que toutes les opérations susmentionnées (n°34 à 37) ont été effectuées après la démission et la fuite de Florian HOMM le 18 septembre 2007,

étant précisé que Urs MEISTERHANS a agi depuis la Suisse, en particulier depuis son bureau auprès de SINITUS AG, à Küsnacht **(réf.89),**

étant précisé que ces actes d'entrave effectués par Urs MEISTERHANS ont permis à Florian HOMM de rapatrier en Suisse ses avoirs d'origine criminelle, sous couvert notamment de sa fausse identité Colin TRAINOR, en interrompant le tracement des flux financiers,

étant précisé que, selon les formulaires A datés des 31 juillet 2003 et 1er février 2005 et signés par Urs MEISTERHANS, en lien avec la relation n° █████0705 au nom de RAMO LTD auprès de UBS AG, à Zoug, l'ayant droit économique des avoirs déposés sur cette relation était Annamaria Alexandra STANCIULESCU, respectivement Hans Rudolf KUNZ **(réf.90),** alors qu'en réalité le véritable ayant droit économique des avoirs résultant de la vente de 243 kg d'or était Florian HOMM,

étant précisé que Urs MEISTERHANS avait un pouvoir de signature sur la relation précitée **(réf.91),**

étant précisé que la relation no █████0705 au nom de RAMO LTD auprès de UBS AG, Zoug, a été clôturée le 25 août 2010, sur ordre de Urs MEISTERHANS daté du 5 août 2010, et le solde a été transféré sur la relation no █████3367 de RAMO LTD auprès de la banque

Numéro de procédure: SV.09.0135-FAL

PICTET & CIE BANQUIERS à Genève, dont les avoirs font l'objet d'un séquestre ordonné le 19 mai 2011 **(réf.92)**,

étant précisé que, selon le formulaire A du 3 septembre 2003 signé par Urs MEISTERHANS et Michel VONLANTHEN, l'ayant droit économiques des avoirs déposés sur la relation no ██ ██3367 au nom de RAMO LTD, auprès de PICTET & CIE BANQUIERS, est Annamaria Alexandra STANCIULESCU**,** ce qui n'est pas conforme à la réalité.

***Opérations portant sur 149 kg d'or :***

38) achat d'environ 149 kg d'or (12 barres) par SINITUS LTD, le 31 juillet 2007, depuis sa relation auprès de INVESTEC BANK (AUSTRALIA) LTD (no client ██0440 et référence SIT02A OBU), sur ordre de Urs MEISTERHANS, pour un montant de EUR 2'336'284 débité en date du 2 août 2007 **(réf.93)**,

39) dépôt de ces 149 kg d'or sur la relation no ██████5239 au nom de SINITUS TRUSTEE LTD auprès de JULIUS BAER & CO AG, à Zurich, en date du 17 février 2009, et vente de cet or, en date du 20 février 2009, sur ordre de Urs MEISTERHANS, pour un montant de GBP 3'247'338 crédité le même jour sur le compte GBP no ██████ ████02.01 de la relation SINITUS TRUSTEE LTD **(réf.94)**,

40) conversion en USD, le 20 février 2009, du produit de la vente de l'or, soit USD 4'610'570, sur la relation no ██████5239 au nom de SINITUS TRUSTEE LTD auprès de JULIUS BAER & CO AG, à Zurich **(réf.95)**,

41) conversion en CHF, le 6 mars 2009, d'une partie du montant précité (USD 2'209'006), soit CHF 2'600'000, sur la relation no ██████5239 au nom de SINITUS TRUSTEE LTD auprès de JULIUS BAER & CO AG, à Zurich, sur ordre de Urs MEISTERHANS **(réf.96)**,

42) transfert d'un montant de CHF 2'600'000, le 6 mars 2009, depuis la relation no ██████5239 au nom de SINITUS TRUSTEE LTD auprès de JULIUS BAER & CO AG, à Zurich, en faveur de la relation no ██████6.266 au nom de RAMO LTD auprès de ZUERCHER KANTONALBANK, à Zurich, sur ordre de Urs MEISTERHANS du 4 mars 2009 **(réf.97)**,

43) transfert d'un montant de CHF 900'000, le 15 février 2011, depuis la relation no ██████ ██6.266 au nom de RAMO LTD auprès de ZUERCHER KANTONALBANK, à Zurich, en faveur de la relation no ██████3367 au nom de RAMO LTD auprès de PICTET & CIE BANQUIERS, à Genève, sur ordre de Urs MEISTERHANS du 11 février 2011 **(réf.98)**,

étant précisé que Florian HOMM avait transféré, les 20 juin et 31 juillet 2007, depuis sa relation et celle de CSI ASSET MANAGEMENT ESTABLISHMENT auprès de BANQUE SCS ALLIANCE SA, à Zurich, sur la relation de SINITUS LTD auprès de INVESTEC BANK (AUSTRALIA) LTD, en Australie, des montants à hauteur de EUR 4'000'000 et de EUR 4'600'000, provenant de ses activités criminelles (cf. supra transferts n°9 et 10),

étant rappelé que l'achat des 149 kg d'or a été effectué le 31 juillet 2007, depuis la relation au nom de SINITUS LTD auprès de INVESTEC BANK (AUSTRALIA) LTD,

étant précisé que cet or était déposé en Suisse auprès de UBS AG, à Zurich, et a, par la suite, été déposé auprès de COSMOTRANS AG, à Zurich, de août 2007 à février 2009 **(réf.99)**,

Numéro de procédure: SV.09.0135-FAL

étant précisé que les opérations qui ont suivi cet achat d'or (n°39 à 43) ont été effectuées après la démission et la fuite de Florian HOMM le 18 septembre 2007,

étant précisé que toutes les opérations susmentionnées ont été ordonnées par Urs MEIS-TERHANS qui a agi depuis la Suisse, en particulier depuis son bureau auprès de SINITUS AG, à Küsnacht (**réf.100**),

étant précisé que Urs MEISTERHANS avait un pouvoir de signature individuelle par l'inter-médiaire de GOLD-COAST DIRECTORS LTD sur la relation no ████5239 au nom de SINI-TUS TRUSTEE LTD auprès de JULIUS BAER & CO AG, à Zurich (**réf.101**),

étant précisé que, selon le formulaire A daté du 28 mai 2008 et portant la signature de Judith HAMBURGER, les ayants droit économiques des avoirs déposés sur la relation de SINITUS TRUSTEE LTD auprès de JULIUS BAER & CO AG étaient Sergey KUZNETSOV, Alexander MYACHIN et Alexander BARMASHOV (**réf.102**),

étant précisé, toutefois, que ces personnes désignées sur le formulaire A n'étaient pas les ayants droit économiques des 149 kg d'or, respectivement du produit de la vente de cet or, déposés sur la relation au nom de SINITUS TRUSTEE LTD auprès de JULIUS BAER & CO AG, puisque les avoirs ayant financé l'achat de cet or provenaient de Florian HOMM (**réf.103**),

étant précisé que la relation no ████6.266 au nom de RAMO LTD auprès de ZUER-CHER KANTONALBANK, à Zurich, a été ouverte le 2 mars 2009, sur demande de Urs MEISTERHANS (**réf.104**), soit quelques jours avant le transfert d'une partie du produit résul-tant de la vente dudit or, soit CHF 2'600'000 en provenance de SINITUS TRUSTEE LTD au-près de JULIUS BAER & CO AG en date du 6 mars 2009,

étant précisé que, selon le formulaire A daté du 20 février 2009 signé par Urs MEISTER-HANS, l'ayant droit économique des avoirs déposés sur la relation au nom de RAMO LTD auprès de ZUERCHER KANTONALBANK, à Zurich, est Hans Rudolf KUNZ (**réf.105**), ancien président du conseil d'administration de SINITUS AG du 1er avril 2010 au 22 mars 2012,

étant précisé que Urs MEISTERHANS avait un pouvoir de signature individuelle sur la rela-tion au nom de RAMO LTD auprès de ZUERCHER KANTONALBANK, à Zurich (**réf.106**),

étant précisé qu'aucun autre montant, à part celui de CHF 2'600'000 provenant de SINITUS TRUSTEE LTD, n'a été crédité sur la relation précitée jusqu'au 15 février 2011, date à la-quelle le montant de CHF 900'000 (cf. supra transfert n°42) est transféré en faveur de la rela-tion no ████3367 au nom de RAMO LTD auprès de PICTET & CIE BANQUIERS, à Genève (**réf.107**),

étant rappelé que, selon le formulaire A du 3 septembre 2003 signé par Urs MEISTERHANS et Michel VONLANTHEN, l'ayant droit économique des avoirs déposés sur la relation no ████ ████3367 au nom de RAMO LTD, auprès de PICTET & CIE BANQUIERS, est Annamaria Alexandra STANCIULESCU (**réf.108**), ce qui n'est pas conforme à la réalité,

étant rappelé que la relation no ████3367 de RAMO LTD auprès de la banque PICTET & CIE BANQUIERS, à Genève, fait l'objet d'un séquestre ordonné le 19 mai 2011 (**réf.109**),

Numéro de procédure: SV.09.0135-FAL

étant précisé que la relation no ▮▮▮6.266 au nom de RAMO LTD auprès de ZUER-CHER KANTONALBANK, à Zurich, a été clôturée le 10 octobre 2014 sur ordre de Urs MEIS-TERHANS daté du 29 septembre 2014, et le solde a été transféré sur un compte auprès de la BANK OF BARODA à Dubaï **(réf.110)**.

### 1.2.1.3.2   *Transferts des avoirs d'origine criminelle à l'étranger ou en Suisse depuis des relations en Suisse dont le bénéficiaire économique est Colin TRAINOR et opérations successives*

Urs MEISTERHANS est accusé d'avoir commis, en sa qualité d'intermédiaire financier, de membre du conseil d'administration et d'associé, au sein de SINITUS AG, à Küsnacht, en agissant en particulier depuis le siège de cette société, entre novembre 2007 et août 2010, des actes propres à entraver l'identification de l'origine, la découverte et la confiscation de valeurs patrimoniales issues des actes d'escroquerie reprochés à Florian HOMM, dans le but de les soustraire à la mainmise de la justice et des lésés, et cela en ordonnant, pour le compte de Florian HOMM, les transferts suivants depuis des relations en Suisse dont le bénéficiaire économique est Colin TRAINOR, la fausse identité de Florian HOMM, et en procédant aux opérations successives suivantes:

44) deux transferts d'un montant total de USD 1'139'280, les 30 octobre et 14 novembre 2007, sur ordre de Urs MEISTERHANS du 9 novembre 2007 (relatif au 2ème transfert), depuis la relation no ▮▮▮2674 au nom de ENERGY EIAC CAPITAL LTD auprès de UBS AG, à Zoug, sur la relation no ▮▮▮4813 au nom de HMY YACHT SALES INC. ESCROW auprès de la BANK OF AMERICA aux Etats-Unis, avec comme référence « *purchaser Colin Trainor Vessel : Reel Extreme* » et « *VESSEL : M.Y. VIKING REEL EXTREME* » **(réf.111)**,

45) sept transferts d'un montant total de USD 125'830, effectués entre le 30 octobre 2007 et le 5 septembre 2008, sur ordre de Urs MEISTERHANS, depuis la relation no ▮▮▮2674 au nom de ENERGY EIAC CAPITAL LTD auprès de UBS AG, à Zoug, en faveur de DAVID J GIANONE INC, avec comme référence « *Colin TRAINER* », « *Colin TRAINOR* », « *EXPENSES M.Y. VIKING REEL EXTREME* » ou « MY Reel Extreme » **(cf. réf.111)**,

46) six transferts d'un montant total de USD 65'347, effectués entre le 31 décembre 2007 et le 12 septembre 2008, sur ordre de Urs MEISTERHANS, depuis la relation no ▮▮▮2674 au nom de ENERGY EIAC CAPITAL LTD auprès de UBS AG, à Zoug, en faveur de DELFINO MARITIME AGENCY SA, avec comme référence « *Name of Vessel : Reel Extreme for Panama Canal*» notamment **(cf. réf.111)**,

47) quatre transferts d'un montant total de USD 43'695, effectués entre le 13 février 2008 et le 12 septembre 2008, sur ordre de Urs MEISTERHANS, depuis la relation no ▮▮▮2674 au nom de ENERGY EIAC CAPITAL LTD auprès de UBS AG, à Zoug, en faveur de ISOBUNKERS LLC, avec comme référence «*Reel Extreme*» **(cf. réf.111)**,

48) deux transferts d'un montant total de USD 9'183, les 24 avril et 2 juin 2008, sur ordre de Urs MEISTERHANS, depuis la relation no ▮▮▮2674 au nom de ENERGY EIAC CAPITAL LTD auprès de UBS AG, à Zoug, en faveur de CRISTOBAL MARINE REPAIR SA, avec comme référence « *VESSEL : M.Y. VIKING REEL EXTREME* » **(cf. réf.111)**,

49) deux transferts d'un montant total de USD 10'529, les 8 mai et 1 juillet 2008, sur ordre de Urs MEISTERHANS, depuis la relation no ▮▮▮2674 au nom de

Numéro de procédure: SV.09.0135-FAL

ENERGY EIAC CAPITAL LTD auprès de UBS AG, à Zoug, en faveur de FALCON ELECTRONICS, avec comme référence « *MY VIKING REEL EXTREME* » notamment **(cf. réf.111)**,

50) un transfert d'un montant de USD 10'000, le 9 mai 2008, sur ordre de Urs MEISTER-HANS, depuis la relation no ███████2674 au nom de ENERGY EIAC CAPITAL LTD auprès de UBS AG, à Zoug, en faveur de Jeremy CORUM, avec comme référence « *MY VIKING REEL EXTREME* » **(cf. réf.111)**,

51) un transfert d'un montant de USD 15'000, le 15 mai 2008, sur ordre de Urs MEIS-TERHANS, depuis la relation no ██████2674 au nom de ENERGY EIAC CAPITAL LTD auprès de UBS AG, à Zoug, en faveur de FUERTE AMADOR RESORT + MA-RINA, avec comme référence « *MY VIKING REEL EXTREME* » **(cf. réf.111)**,

52) deux transferts d'un montant total de USD 224'068, les 30 juin et 12 août 2008, sur ordre de Urs MEISTERHANS, depuis la relation no ██████2674 au nom de ENERGY EIAC CAPITAL LTD auprès de UBS AG, à Zoug, en faveur de ELITE DIE-SEL SERVICE LLC, avec comme référence « *REEL EXTREME* » notamment **(cf. réf.111)**,

53) un transfert d'un montant de USD 790'000 le 20 décembre 2007, sur ordre de Urs MEISTERHANS du 17 décembre 2007 selon les instructions transmises par Florian HOMM par courriel (prodiplomat@hushmail.com) du 18 décembre 2007 sous sa fausse identité de Colin TRAINOR, depuis la relation no ██████2674 au nom de ENERGY EIAC CAPITAL LTD auprès de UBS AG, Zoug, sur la relation no IBAN CH██████████████0000 au nom de BOMBOLI TRADING SA auprès de PICTET & CIE BANQUIERS en Suisse **(réf.112)**,

54) un transfert d'un montant de EUR 6'795, le 4 janvier 2008, sur ordre de Urs MEIS-TERHANS, depuis la relation no ██████2674 au nom de ENERGY EIAC CAPITAL LTD auprès de UBS AG, à Zoug, sur la relation no ██████298-1 au nom de SINITUS AG auprès de POSTFINANCE AG **(réf.113)**,

55) un transfert d'un montant de USD 500'000 le 10 mars 2008, sur ordre de Urs MEIS-TERHANS du 7 mars 2008, depuis la relation no█████1447 au nom de ENERGY EIAC CAPITAL LTD auprès de REICHMUTH & CO, à Lucerne, sur la relation no █████9317 au nom de ENERGY INFRASTRUCTURE ACQUISITION CORP auprès de JP MORGAN CHASE aux Etats-Unis **(réf.114)**,

56) un transfert d'un montant de EUR 100'000 le 23 mai 2008, sur ordre de Urs MEIS-TERHANS du 21 mai 2008, selon les instructions du même jour de Florian HOMM envoyées par courriel (prodiplomat@hushmail.com) sous sa fausse identité de Colin TRAINOR, depuis la relation no ██████2674 au nom de ENERGY EIAC CAPITAL LTD auprès de UBS AG, à Zoug, sur la relation no IBAN ES████████████████3812 au nom de FAIRLAND auprès de CAIXABANK S.A en Espagne **(réf.115)**,

57) un transfert d'un montant de USD 595'000 le 12 juin 2008, sur ordre de Urs MEIS-TERHANS du 10 juin 2008 selon les instructions du même jour de Florian HOMM envoyées par courriel (prodiplomat@hushmail.com) sous sa fausse identité de Colin TRAINOR, depuis la relation no ██████2674 au nom de ENERGY EIAC CAPITAL LTD auprès de UBS AG, à Zoug, sur la relation no ██████5-057 au nom de Sammy KAPLETA auprès de HSBC BANK (PANAMA) SA au Panama **(réf.116)**,

58) un transfert d'un montant de USD 2'000'000 le 30 octobre 2008, sur ordre de Urs MEISTERHANS du 28 octobre 2008, depuis la relation no ███1447 au nom de ENERGY EIAC CAPITAL LTD auprès de REICHMUTH & CO, à Lucerne, sur la rela-tion au nom de SINITUS LTD (numéro client █0440 et référence SIT02AOBU) auprès de INVESTEC BANK (AUSTRALIA) LTD en Australie **(réf.117)**,

Numéro de procédure: SV.09.0135-FAL

59) un transfert d'un montant de USD 481'808 le 5 novembre 2008, depuis la relation no ███████676-1 au nom de Colin TRAINOR auprès de CREDIT SUISSE AG, à Zurich, sur la relation no ███████679-2 au nom de SORONDO INVEST & FINANCE LTD auprès de la même banque **(réf.118)**,

60) trois transferts d'un montant total de USD 3'850'000, entre le 10 novembre 2008 et le 15 décembre 2008, sur ordres de Urs MEISTERHANS des 6 novembre 2008, 28 novembre 2008 et 15 décembre 2008, depuis la relation no ████1447 au nom de ENERGY EIAC CAPITAL LTD auprès de REICHMUTH & CO, à Lucerne, sur les relations au nom de FAIRLAND CONSULTING S.A., no ███████4-053 auprès de HSBC BANK (PANAMA) SA et no ███████4-001 BANCO PANAMENO DE LA VIVIENDA S.A. au Panama, **(réf.119)**,

61) un transfert d'un montant de USD 3'000'000 le 15 décembre 2008, sur ordre de Urs MEISTERHANS du 13 décembre 2008, depuis la relation no ████1447 au nom de ENERGY EIAC CAPITAL LTD auprès de REICHMUTH & CO, à Lucerne, sur la relation no ████3760 au nom de STELLAR PARTNERS LTD auprès du CREDIT AGRICOLE AG, à Zurich **(réf.120)**,

62) un transfert d'un montant de USD 1'150'000 le 31 décembre 2008, sur ordre de Urs MEISTERHANS du 29 décembre 2008, depuis la relation no ████676-1 au nom de Colin TRAINOR auprès de CREDIT SUISSE AG, à Zurich, sur la relation no ████████816-4 au nom de Colin TRAINOR auprès de PRIMER BANCO DEL ISTMO au Panama **(réf.121)**,

63) des transferts de titres et de liquidités pour une valeur estimée à USD 2'793'986 au total, en date du 31 décembre 2008, sur ordre de Urs MEISTERHANS du 23 décembre 2008, depuis la relation no ████1447 au nom de ENERGY EIAC CAPITAL LTD auprès de REICHMUTH & CO, à Lucerne (clôturée le 6 janvier 2009), en faveur de la relation bancaire no ████2061 au nom de PLANTATION FOUNDATION auprès du même établissement bancaire, dont l'ayant droit économique désigné sur le formulaire A est Rosendo FERNANDEZ ZAMBRANO **(réf.122)**,

64) ventes, entre le 21 juillet 2009 et le 6 août 2010, d'une partie des titres précités déposés sur la relation bancaire au nom de PLANTATION FOUNDATION auprès de la banque REICHMUTH & CO et transferts successifs du produit de ces ventes à hauteur de USD 988'000 le 15 juillet 2010 en faveur de ARMADALE LTD, relation no ████████201-0 auprès de la BANK VON ROLL en Suisse, et à hauteur de CHF 964'468 le 10 août 2010 en faveur de OFINA CORPORATION, relation no ████7509 auprès de LGT BANK au Liechtenstein, sur ordre de Urs MEISTERHANS des 12 juillet et 4 août 2010 respectivement **(réf.123)**,

65) transfert des titres de MISTRAL MEDIA AG, le 27 juillet 2010, pour une valeur de USD 487'849 - titres qui avaient été transférés initialement de ENERGY EIAC CAPITAL LTD auprès de REICHMUTH & CO, à Lucerne, sur la relation de PLANTATION FOUNDATION - en faveur de DATAMENTUM TECHNOLOGY GMBH auprès de STADTSPARKASSE WUPPERTAL en Allemagne, sur ordre de Urs MEISTERHANS du 15 juillet 2010 **(réf.124)**,

66) transfert des titres de FORTUNE MANAGEMENT INC, le 4 août 2010, pour une valeur de USD 140'877 environ - titres qui avaient été transférés initialement de ENERGY EIAC CAPITAL LTD auprès de REICHMUTH & CO, Lucerne, sur la relation de PLANTATION FOUNDATION - en faveur de la relation bancaire no ████████1001 (anciennement ████1679) au nom de SINITUS SERVICES LTD auprès de la REICHMUTH & CO, sur ordre de Urs MEISTERHANS du 2 août 2010 **(cf. réf. 123 et réf.125)**,

Numéro de procédure: SV.09.0135-FAL

étant précisé que les valeurs patrimoniales transférées sont issues du produit tiré par Florian HOMM de son escroquerie qui avait transité notamment par les relations de SINITUS LTD, en Australie, et de IBEX ENERGY LTD, en Norvège, ou provenant directement de CSI AS-SET MANAGEMENT ESTABLISHEMENT par le biais de transactions d'or (cf. supra n°4, 5, 8 à 11, 29 à 33) **(réf.126)**,

étant précisé que tous les transferts susmentionnés (n°44 à 66) ont été effectués après la démission et la fuite de Florian HOMM le 18 septembre 2007,

étant rappelé que Urs MEISTERHANS était le responsable auprès de SINITUS AG, depuis le 11 mai 2006, du client ENERGY EIAC CAPITAL LTD dont l'ayant droit économique est Colin TRAINOR **(réf.127)**,

étant rappelé que Colin TRAINOR est la fausse identité irlandaise de Florian HOMM, dont Urs MEISTERHANS avait connaissance au moment des faits litigieux (cf. infra pt. 1.3),

étant rappelé que Urs MEISTERHANS gérait en Suisse, depuis son bureau auprès de SINI-TUS AG, à Küsnacht, les avoirs de Florian HOMM sous couvert de sa fausse identité irlandaise, Colin TRAINOR **(réf.128)**,

étant rappelé que Urs MEISTERHANS a fait ouvrir, le 22 décembre 2006 et le 3 septembre 2007, les relations bancaires au nom de ENERGY EIAC CAPITAL LTD auprès de UBS AG, Zoug, et de REICHMUTH & CO, à Lucerne, sur lesquelles il disposait d'un pouvoir de signature individuelle **(réf.129)**, en désignant Colin TRAINOR comme bénéficiaire économique et en présentant aux banques concernées le faux passeport irlandais de Florian HOMM établi au nom de Colin TRAINOR,

étant rappelé que Urs MEISTERHANS a également fait ouvrir, le 8 janvier 2007, la relation bancaire no ███676-1 au nom de Colin TRAINOR auprès du CREDIT SUISSE AG, Zurich, sur laquelle il avait un pouvoir de signature individuelle **(réf.130)**,

étant précisé que les deux transferts d'un montant total de USD 1'139'280, les 30 octobre et 14 novembre 2007, correspondent au prix d'achat du yacht nommé « Reel Extreme » acheté le 27 octobre 2007 par Colin TRAINOR à J & I MARINE LLC (agissant au travers de son « selling Broker » David J. GIANONE et son « listing Broker » HMY YACHT SALES) **(réf.131)**,

étant précisé que Florian HOMM a reconnu, lors de son audition du 9 février 2010, avoir acheté ce bien **(réf.132)**,

étant précisé que les transferts susmentionnés n°44 à 52 sont des frais liés à ce bateau,

étant précisé que, par décision du conseil d'administration de ENERGY EIAC CAPITAL LTD du 8 novembre 2007, signé par Urs MEISTERHANS, en sa qualité d'administrateur de ENERGY EIAC CAPITAL LTD, il a été décidé que Urs MEISTERHANS était autorisé à exécuter les modalités relatives à l'achat dudit bateau, soit à signer les documents suivants : « *Purchaser's Closing Agreement, Affidavit for Exemption of Boat sold for removal from the state of Florida by a non-resident purchaser, Buyer's Power of Attorney* », ce qu'il a fait depuis la Suisse **(réf.133)**,

Numéro de procédure: SV.09.0135-FAL

étant précisé que ces documents ont été signés par Urs MEISTERHANS et envoyés, par courriel le 9 novembre 2007, par l'intermédiaire de Hertha OESTERLE, employée de SINI-TUS AG, et ensuite via UPS, depuis la Suisse, très probablement depuis le siège de SINI-TUS AG, à Küsnacht **(réf.134)**,

étant précisé que Urs MEISTERHANS a également entrepris les démarches au Panama pour obtenir une patente de navigation en lien avec ledit bateau, laquelle a été octroyée, à titre provisoire le 11 décembre 2007 **(réf.135)**,

étant précisé que tous les documents relatifs à ce yacht ont été retrouvés dans les locaux de SINITUS AG, à Küsnacht, lors de la perquisition du 22 juillet 2009 **(réf.136)**,

étant précisé que c'est au moyen de ce bateau que Florian HOMM s'est enfui pour vivre dans la clandestinité,

étant précisé que, s'agissant du transfert d'un montant de USD 790'000 le 20 décembre 2007 en faveur de BOMBOLI TRADING SA, il s'agit, selon le conseil de la société BOMBOLI TRADING SA, d'un versement lié à la vente d'un terrain sur l'île de Contadora au Panama conclue entre Nebojsa VLAHOVIC et Icchak ZAIDMAN, à laquelle participait Colin TRAINOR comme associé de Icchak ZAIDMAN **(réf.137)**,

étant précisé que le nom de ZAIDMAN apparaît dans le courriel envoyé, le 18 décembre 2007, à Urs MEISTERHANS par Florian HOMM, sous sa fausse identité de Colin TRAINOR, dans lequel ce dernier lui demandait de lui envoyer des lettres de référence bancaire à l'adresse suivante : « *Colin Trainor care of Isaac Zaidman and Pamela, Pan Ameican Ralty Group,* ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Panama, Republic of Panama* », en lui indiquant de mettre à sa charge un montant de USD 10'000 pour ce service spécial de-mandé pendant la période de Noël **(réf.138)**,

étant précisé que le transfert de EUR 6'795, le 4 janvier 2008, depuis la relation no ▉▉▉▉ ▉▉2674 au nom de ENERGY EIAC CAPITAL LTD auprès de UBS AG, à Zoug, sur la relation no ▉▉▉298-1 au nom de SINITUS AG auprès de POSTFINANCE AG (cf. ch. 54), corres-pond à USD 10'000, selon le cours de l'époque (1 USD = 0,679 EUR environ),

étant précisé que, lors de son audition du 9 décembre 2010, Sammy KAPLETA a indiqué que Florian HOMM avait utilisé le compte de FAIRLAND CONSULTING S.A dans le cadre de l'achat d'un appartement au Panama et également pour récupérer son argent dans le cadre du litige avec Urs MEISTERHANS **(réf.139)**,

étant précisé que Florian HOMM s'est réfugié au Panama lorsqu'il a pris la fuite suite à son départ d'ACMH **(réf.140)**,

étant précisé, en lien avec les transactions liées à PLANTATION FOUNDATION (cf. n°63 à 66), que selon les déclarations de Urs MEISTERHANS du 3 septembre 2009, les opérations effectuées entre la relation de ENERGY EIAC CAPITAL LTD et de PLANTATION FOUNDA-TION auprès de REICHMUTH & CO, Lucerne, étaient des opérations de compensation ayant pour but de couper le lien entre ENERGY EIAC CAPITAL LTD et le compte sur lequel Colin TRAINOR voulait récupérer son argent lorsqu'il a voulu cesser sa collaboration avec SINITUS AG. Il a ainsi ouvert la relation de PLANTATION FOUNDATION le 25 novembre 2008, en désignant comme ayant droit économique un client mexicain du nom de Rosendo

Numéro de procédure: SV.09.0135-FAL

FERNANDEZ ZAMBRANO qui aurait été d'accord de reprendre les « placements douteux » de ENERGY EIAC CAPITAL LTD et de payer la contrepartie en espèces à Colin TRAINOR (**réf.141**),

étant précisé que, selon les déclarations de Tobias PFRUNDER du 14 avril 2011, conseiller des relations de ENERGY EIAC CAPITAL LTD et de PLANTATION FOUNDATION auprès de REICHMUTH & CO, Lucerne, les opérations effectuées sur la relation de PLANTATION FOUNDATION étaient des opérations de compensation (**réf.142**),

étant précisé que la relation au nom de PLANTATION FOUNDATION auprès de REICHMUTH & CO, Lucerne, a été clôturée le 6 août 2010, après avoir transféré, le 4 août 2010, les titres de FORTUNE MANAGEMENT INC sur la relation bancaire no ███████.1001 (anciennement ████1679) au nom de SINITUS SERVICES LTD auprès de la REICHMUTH & CO, à Lucerne,

étant précisé que les avoirs déposés sur la relation bancaire no ████0353 (anciennement ████1679) au nom de SINITUS SERVICES LTD auprès de la REICHMUTH & CO, à Lucerne, font l'objet d'un séquestre ordonné le 15 avril 2011 (**réf.143**).

### 1.2.1.3.3  Transferts d'avoirs à l'étranger ou en Suisse depuis et sur des relations au nom de tiers en Suisse pour le compte de Florian HOMM

Urs MEISTERHANS est accusé d'avoir commis, en sa qualité d'intermédiaire financier, de membre du conseil d'administration et d'associé, au sein de SINITUS AG, à Küsnacht, en agissant en particulier depuis le siège de cette société, entre mars 2007 et juillet 2008, des actes propres à entraver l'identification de l'origine, la découverte et la confiscation de valeurs patrimoniales issues des actes d'escroquerie reprochés à Florian HOMM, dans le but de les soustraire à la mainmise de la justice et des lésés, et cela en effectuant, pour le compte de Florian HOMM, les opérations suivantes depuis des relations de tiers en Suisse :

*Depuis la relation n° ████████9035 au nom de GLOBAL TRADE GROUP LTD auprès de UBS AG, Zoug :*

67) un transfert de EUR 1'000'000 le 6 mars 2007, sur ordre de Urs MEISTERHANS du 1er mars 2007, sur la relation no █2351 au nom de BREK STIFTUNG auprès de BANQUE SCS ALLIANCE SA, Zurich, dont l'ayant droit économique était Susan DE-VINE (**réf.144**),

68) un transfert de USD 280'000 le 25 octobre 2007, sur ordre de Urs MEISTERHANS du 22 octobre 2007, sur la relation no ████████0270 PAN AMERICAN CAPITAL COR-PORATION SA auprès de GLOBAL BANK CORPORATION au Panama (**réf.145**),

étant précisé que ces transferts ont été ordonnés par Urs MEISTERHANS selon les instructions de Florian HOMM, via sa secrétaire Daniella SCHAEFER ou sa fausse identité de Colin TRAINOR (**réf.146**),

étant précisé que Urs MEISTERHANS était administrateur de GLOBAL TRADE GROUP LTD et avait un pouvoir de signature individuelle sur la relation n° ████9035 au nom de GLOBAL TRADE GROUP LTD auprès de UBS AG, Zoug (**réf.147**),

étant précisé que le transfert de USD 280'000 du 25 octobre 2007 (n° 68) a été effectué après la démission et la fuite de Florian HOMM le 18 septembre 2007,

étant précisé que l'ayant droit économique désigné sur le formulaire A relatif à la relation no ████9035 de GLOBAL TRADE GROUP LTD, auprès de UBS AG, Zoug, daté du 4 juillet 2003 et signé par Urs MEISTERHANS est George SAGREDOS (**réf.148**),

étant précisé que George SAGREDOS a déclaré, lors de son audition du 27 novembre 2012, qu'il n'a jamais été bénéficiaire de ce compte bancaire et qu'il ne connaissait pas la société GLOBAL TRADE GROUP LTD (**réf.149**),

étant précisé que ledit formulaire A a été utilisé dans le cadre des transactions effectuées par Urs MEISTERHANS pour le compte de Florian HOMM notamment, en dissimulant ainsi l'identité du véritable ayant droit économique des avoirs en cause.

*Depuis la relation n° ████7975 au nom de ROSEWOOD CONSULTANT LTD auprès de UBS AG, Zoug :*

69) un transfert de USD 210'000 le 27 novembre 2007, sur ordre de Urs MEISTERHANS du 26 novembre 2007, sur la relation no ████0270 PAN AMERICAN CAPITAL CORPORATION SA auprès de GLOBAL BANK CORPORATION au Panama (**réf.150**),

70) un transfert de USD 498'750 le 22 avril 2008, sur ordre de Urs MEISTERHANS du 18 avril 2008, sur la relation no ████0826 au nom de TWO OCEANS FUND LP auprès de CITY NATIONAL BANK aux Etats-Unis (**réf.151**),

71) un transfert de USD 430'000 le 2 mai 2008, sur ordre de Urs MEISTERHANS du 1er mai 2008, sur la relation no ████0270 PAN AMERICAN CAPITAL CORPORATION SA auprès de GLOBAL BANK CORPORATION au Panama (**réf.152**),

72) un transfert de USD 500'000 le 9 juillet 2008, sur ordre de Urs MEISTERHANS du 6 juillet 2008, sur la relation n° ████0270 PAN AMERICAN CAPITAL CORPORATION SA auprès de GLOBAL BANK CORPORATION au Panama (**réf.153**),

étant précisé que ces transferts ont été ordonnés par Urs MEISTERHANS selon les instructions reçues de Florian HOMM au travers de sa fausse identité Colin TRAINOR (**réf.154**),

étant précisé que Urs MEISTERHANS était administrateur de ROSEWOOD CONSULTANT LTD et avait un pouvoir de signature individuelle sur la relation n° ████7975 au nom de ROSEWOOD CONSULTANT LTD auprès de UBS AG, Zoug (**réf.155**),

étant précisé que ces transferts (n° 69 à 72) ont été effectués après la démission et la fuite de Florian HOMM le 18 septembre 2007,

Numéro de procédure: SV.09.0135-FAL

étant précisé que l'ayant droit économique désigné sur le formulaire A relatif à la relation n° ████ 7975 de ROSEWOOD CONSULTANT LTD auprès de UBS AG, Zoug, daté du 26 mai 2003 et signé par Urs MEISTERHANS, est Victoria BRADBURN,

étant précisé que, selon les déclarations de Victoria BRADBURN du 25 novembre 2014, celle-ci n'est pas la bénéficiaire économique de cette relation (**réf.156**),

étant précisé que ledit formulaire A a été utilisé dans le cadre des transactions effectuées par Urs MEISTERHANS pour le compte de Florian HOMM notamment, en dissimulant ainsi l'identité du véritable ayant droit économique des avoirs en cause.

### *Depuis ou sur la relation no ████5484 au nom de ADMEREX LTD auprès de la BANQUE PASCHE SA, Zurich :*

73) un transfert de CHF 49'000 le 19 novembre 2007, sur ordre de Urs MEISTERHANS du 15 novembre 2007, sur la relation no ████8407 au nom de TS VERWAL-TUNGS AG auprès de THURGAUER KANTONALBANK, à Weinfelden (**réf.157**),

74) un crédit de USD 3'000'000, le 22 janvier 2008, en provenance de CORPNORDIC DENMARK A/S KOBENHAVN auprès de NORDEA BANK DANMARK A/S, à Copen-hague (**réf.158**),

75) un transfert de USD 1'381'000 le 20 février 2008, sur ordre de Urs MEISTERHANS du 16 février 2008, en faveur de Philip HALL, Trustee, RONALD E. HALL LIVING TRUST, relation no ████4950 auprès de WELLS FARGO BANK NA aux Etats-Unis (**cf. réf.158**),

76) un transfert de USD 50'000 le 20 février 2008, sur ordre de Urs MEISTERHANS du 16 février 2008, en faveur de John Robert SCHANNON, relation no ████7485 auprès de BANCO CUSCATLAN DE COSTA RICA SA au Costa Rica (**cf. réf.158**),

77) un transfert de USD 68'000.- le 20 février 2008, sur ordre de Urs MEISTERHANS du 16 février 2008, en faveur de Adolfo Garcia BAUDRIT, relation no ████ ████2202 auprès de BANCO CUSCATLAN DE COSTA RICA SA au Costa Rica (**cf. réf.158**),

étant précisé que les transferts (n°73, 75 à 77) ont été ordonnés par Urs MEISTERHANS se-lon les instructions reçues de Florian HOMM au travers de sa fausse identité Colin TRAINOR (**réf.159**),

étant précisé que Urs MEISTERHANS avait un pouvoir de signature individuelle sur la rela-tion no ████5484 au nom de ADMEREX LTD auprès de la BANQUE PASCHE SA, Zurich (**réf.160**),

étant précisé que ces transferts ont été effectués après la démission et la fuite de Florian HOMM le 18 septembre 2007,

Numéro de procédure: SV.09.0135-FAL

étant précisé que le transfert de CHF 49'000 (n°63) correspond à un prêt de 10 % de la souscription du capital de constitution de la société TS VERWALTUNGS AG, devenue la banque PRIVAT- UND HANDELSBANK ZURICH AG (ci-après : PHZ), par ADMEREX GMBH (réf.161),

étant précisé que Susan DEVINE et ses enfants ont investi dans le capital de constitution de la banque PHZ à hauteur de CHF 1'000'000,

étant précisé que la banque PHZ a été utilisée par Susan DEVINE pour déposer, entre septembre 2009 et novembre 2009, plus de USD 27'000'000 provenant de la banque BANQUE SCS ALLIANCE SA, à Zurich, et ayant pour origine la fraude commise par Florian HOMM, dont plus de EUR 15'000'000 sont séquestrés à ce jour,

étant précisé que les anciens gestionnaires de la fortune de Florian HOMM déposée auprès de BANQUE SCS ALLIANCE SA, à Zurich, soit Marcel EICHMANN et Pascal FREI, sont respectivement *Chief Executive Officer* et *Compliance Officer* de la banque PHZ,

étant précisé qu'une procédure pénale a été ouverte par le MPC, en date du 4 décembre 2014 (SV.14.1581-FAL), à l'encontre de Marcel EICHMANN et Pascal FREI pour blanchiment d'argent aggravé (art. 305bis ch. 2 CP), et que la FINMA a rendu, le 24 avril 2015, une décision provisoire nommant un chargé d'enquête pour déterminer notamment l'activité de la PHZ dans le cadre des transactions liées à Florian HOMM, Susan DEVINE, ou à des personnes se trouvant dans un rapport de parenté avec eux, BREK STIFTUNG, HOSIFA STIFTUNG, MALON CONSULTING AG, LIBERIA RENAISSANCE FOUNDATION, Sammy KAPLETA et à ADMEREX GMBH, et pour définir les rôles de Marcel EICHMANN et Pascal FREI,

étant précisé que le crédit de USD 3'000'000 le 22 janvier 2008 (n°74), correspond au produit de la vente de l'avion PILATUS PC 12 appartenant à Florian HOMM, par la société JAVELIN AVIATION LTD, qui a dû être vendu suite à la fuite de Florian HOMM (réf.162),

étant précisé que le transfert du montant de USD 1'381'000 le 20 février 2008 (n°75) est en relation avec un dénommé « McDonald », selon une note manuscrite apposée sur l'ordre de paiement effectué par Urs MEISTERHANS (réf.163),

étant précisé qu'il s'agit très probablement d'une autre fausse identité utilisée par Florian HOMM, probablement dans le cadre de l'acquisition d'un bien immobilier au Costa Rica (à noter que le MPC est dans l'attente d'informations des autorités américaines et irlandaises à ce sujet),

étant précisé que l'ayant droit économique désigné sur le formulaire A, daté du 19 décembre 2003 et signé par Urs MEISTERHANS, relatif à la relation au nom de ADMEREX LTD auprès de la BANQUE PASCHE SA, Zurich, est Michael MILNE, ressortissant australien, arrêté le 29 février 2008 pour escroquerie fiscale et blanchiment d'argent en lien avec la société ADMEREX LTD et condamné à 4 ans et 9 mois de réclusion, en 2011, en Australie (réf.164),

étant précisé que ce formulaire A a été utilisé dans le cadre des transactions effectuées par Urs MEISTERHANS pour le compte de Florian HOMM notamment, en dissimulant ainsi l'identité du véritable ayant droit économique des avoirs en cause.

Numéro de procédure: SV.09.0135-FAL

### 1.2.1.3.4  Livraison et stockage de mobilier et d'œuvres d'art en Suisse

Urs MEISTERHANS est accusé d'avoir commis, en sa qualité d'intermédiaire financier, de membre du conseil d'administration et d'associé, au sein de SINITUS AG, à Küsnacht, en agissant en particulier depuis le siège de cette société, de septembre 2007 à juin 2008, des actes propres à entraver l'identification de l'origine, la découverte et la confiscation de valeurs patrimoniales issues des actes d'escroquerie reprochés à Florian HOMM, dans le but de les soustraire à la mainmise de la justice et des lésés, et cela en ordonnant ou en exécutant, pour le compte de Florian HOMM, respectivement son épouse Susan DEVINE HOMM, les opérations suivantes :

78) la livraison entre septembre et novembre 2007, via la société COSMOTRANS AG à Zurich, de Palma de Majorque en Suisse, au port-franc de Embrach-Embraport (ZU), de mobilier et d'œuvres d'art pour une valeur estimée à EUR 2'282'000,

79) le stockage en Suisse, à Embrach-Embraport (ZU), de septembre/octobre 2007 à juin 2008, via la société COSMOTRANS AG à Zurich, du mobilier et des œuvres d'art en question,

80) la livraison le 21 mai 2008, via la société COSMOTRANS AG à Zurich, de la Suisse à Londres auprès d'une galerie d'art, de deux tableaux de Claude Joseph VERNET d'une valeur de CHF 2'794'970,

81) la livraison le 9 juin 2008 de Suisse (Embrach-Embraport, ZU) à Palma de Majorque, via la société COSMOTRANS AG à Zurich, du mobilier et des œuvres d'art en question,

étant précisé que les meubles et oeuvres d'art concernés sont ceux répertoriés dans la liste figurant dans la documentation remise par la société COSMOTRANS AG au MPC en date du 14 mai 2013 (**réf.165**), liste qui correspond en grande partie à celle transmise, par courriel du 23 mai 2006, à Urs MEISTERHANS par Andreas SCHAER,

étant précisé que le 23 mai 2006, Andreas SCHAER a adressé un courriel à Urs MEISTER-HANS en indiquant : « *Beiliegend die erste übersicht über Gemälde (im Excel-Sheet) mit teils genaueren Angaben und Bildern der Kunst, Einrichtungsgegenstände hier im Hause und der dazugehörigen Versicherungspolice* », avec comme annexes : « *Hiscox police HV.DAG.090.1091 – house insurance.tif, Uebericht Establiments.pdf, Uebericht Kunst-Deko.pdf, Uebericht Gemälde.xls (1.02 MB)* »,

étant précisé que ce courriel a été retrouvé dans la boîte email Outlook de Urs MEISTER-HANS provenant de la session interne de SINITUS AG saisie lors de la perquisition des locaux de SINITUS AG du 22 juillet 2009 et que les documents en annexe ont été retrouvés également dans le bureau de Urs MEISTERHANS lors de la perquisition des 25 et 26 avril 2013 auprès de SINITUS AG (**réf.166**),

étant précisé que selon les propriétés informatiques du document « *Uebericht Ge-mälde.xls* », l'auteur dudit document est Susan HOMM, qui l'a créé le 18 mai 2006 et l'aurait sauvegardé pour la dernière fois le 23 mai 2006,

étant précisé que le contrat d'assurance daté du 18 juin 2004 est au nom de Susan DEVINE-HOMM mais, sur le fichier joint relatif aux tableaux, il est indiqué : « *Gemäldesammlung Su-san u. Florian Homm – Devine* »,

Numéro de procédure: SV.09.0135-FAL

étant précisé que, selon la police d'assurance, il est indiqué une valeur de EUR 2'282'000 pour les biens mobiliers, les objets d'art et autres objets de valeur,

étant précisé que le 23 mai 2006, suite au courriel de Andreas SCHAER, Urs MEISTER-HANS lui a transmis, par courriel, un document « *Loan Agreement von New York Art Trading Ltd. Vom 10.05.2004* » en lui demandant de le faire signer par « *Susan* » (**réf.167**),

étant précisé que, selon ce contrat de prêt, daté du 10 mai 2004, la société NEW YORK ART TRADING LTD, représentée par Urs MEISTERHANS, prêtait à Susan DEVINE-HOMM divers objets d'art, d'une valeur de EUR 2'000'000 (**réf.168**),

étant précisé que ce contrat était antidaté et qu'en réalité il a été signé en mai 2006 (**réf.169**),

étant précisé que ce contrat donnait l'apparence que les oeuvres d'art appartenaient à la société NEW YORK ART TRADING LTD qui les donnait en prêt, en 2004, à Susan DEVINE HOMM, alors qu'en réalité ces œuvres d'art appartenaient à Florian HOMM,

étant précisé que, selon les déclarations de Andreas SCHAER, l'assistant personnel des époux HOMM, ce contrat avait pour but de faire détenir ces oeuvres d'art par un tiers (**réf.170**),

étant précisé que, selon les déclarations de Florian HOMM, ces œuvres d'art lui avaient été prêtées par sa mère et il les détenait au travers d'une fondation du nom de « NEW YORK ART FOUNDATION » dont Urs MEISTERHANS avait la charge (**réf.171**),

étant précisé que Urs MEISTERHANS a organisé en septembre 2007 et en juin 2008, au travers de la société NEW YORK ART TRADING LTD, depuis son bureau auprès de SINITUS AG, à Küsnacht, la livraison, via la société COSMOTRANS AG, Zurich, de Palma de Majorque en Suisse (Embrach-Embraport), respectivement de Suisse (Embrach-Embraport, ZU) à Palma de Majorque, des objets inventoriés dans la liste transmise le 23 mai 2006 par Andreas SCHAER et également dans la liste trouvée dans la documentation remise par la société COSMOTRANS AG au MPC en date du 14 mai 2013 (**réf.172**),

étant précisé que Urs MEISTERHANS a agi, sur instructions de Susan DEVINE HOMM (**réf.173**),

étant précisé que Urs MEISTERHANS a également organisé, en mai 2008, sur demande de Susan DEVINE HOMM, le transport, via COSMOTRANS AG, de deux tableaux du peintre Claude Joseph VERNET, de la Suisse à Londres, auprès de la galerie GANDER AND WHITE (**réf.174**),

étant précisé que Urs MEISTERHANS a signé, pour NEW YORK ART TRADING LTD, un contrat intitulé « WHITFIELD FINE ART CONSIGNMENT FOR SALE » relatif aux tableaux VERNET, lequel comporte le seau de SINITUS AG / ████████████ / CH-8700 Küsnacht et fixe le prix de vente à EUR 1'700'000 (**réf.175**),

étant précisé que Susan DEVINE a reconnu, lors de son audition du 30 mai 2012, avoir envoyé en Suisse, pour leur protection, les meubles et les tableaux se trouvant dans la propriété de Majorque et avoir envoyé à Londres les tableaux de VERNET, en admettant aussi

Numéro de procédure: SV.09.0135-FAL

que Urs MEISTERHANS avait donné les instructions pour renvoyer à Majorque les objets stockés en Suisse **(réf.176)**,

étant précisé toutefois que Susan DEVINE a déclaré, lors de la même audition, que Urs MEISTERHANS avait commandé, sur instruction de Florian HOMM, un camion de déménagement qui s'était rendu, avec Florian HOMM, à sa propriété à Majorque, pour lui prendre son mobilier et que les instructions données par Florian HOMM paraissaient venir d'elle,

étant précisé que, lors de son audition du 29 mai 2012, Susan DEVINE a déclaré, qu'elle avait déjà déplacé son mobilier et des peintures sentant que les choses tournaient mal, lorsque Florian HOMM était venu dans la nuit les lui prendre **(réf.177)**,

étant précisé que Susan DEVINE a également déclaré, lors de l'audition du 30 mai 2012, qu'elle avait eu une seule fois un contact avec Urs MEISTERHANS en 2007 en lien avec un transfert d'argent pour le compte de ses enfants et que, suite à cette rencontre, elle n'a plus eu de contact avec lui **(réf.178)**,

étant précisé que les déclarations de Susan DEVINE sont en contradiction flagrante avec les faits susmentionnés qui sont documentés.

### 1.2.1.3.5  Transferts des avoirs d'origine criminelle depuis la relation de SINITUS LTD en Australie sur d'autres relations au Panama et au Costa Rica

Urs MEISTERHANS est accusé d'avoir commis, en sa qualité d'intermédiaire financier, de membre du conseil d'administration et d'associé, au sein de SINITUS AG, à Küsnacht, en agissant en particulier depuis le siège de cette société, de septembre 2007 à septembre 2008, des actes propres à entraver l'identification de l'origine, la découverte et la confiscation de valeurs patrimoniales issues des actes d'escroquerie reprochés à Florian HOMM, dans le but de les soustraire à la mainmise de la justice et des lésés, et cela en ordonnant depuis la Suisse, pour le compte de Florian HOMM, les transferts suivants depuis la relation de SINITUS LTD (numéro client ███0440 et référence SIT02AOBU) auprès de INVESTEC BANK (AUSTRALIA) LTD en Australie en faveur de relations au Panama et au Costa Rica :

82) un transfert de USD 3'500'000 le 17 septembre 2007, après conversion de EUR 2'526'346 en USD 3'500'000, sur ordre de Urs MEISTERHANS du 16 septembre 2007, en faveur de COWELL WORLDWIDE INC., compte no ███████461-0 auprès de PRIMER BANCO DE ISTMO S.A., au Panama **(réf.179)**,

83) un transfert de USD 618'628 le 19 décembre 2007, sur ordre de Urs MEISTERHANS du 17 décembre 2007, en faveur de FEINZAIG, SCHARF & VAN DER PUTTEN, compte no ███████476-9 auprès de SCOTIA BANK au Costa Rica **(réf.180)**,

84) un transfert de USD 619'047.25 le 13 février 2008, sur ordre de Urs MEISTERHANS du 12 février 2008, en faveur de PAN AMERICAN CAPITAL CORPORATION SA, compte no ███████0270 auprès de GLOBAL BANK CORPORATION au Panama **(réf.181)**,

85) un transfert de USD 500'000 le 16 juillet 2008, sur ordre de Urs MEISTERHANS du 15 juillet 2008, en faveur de MUNDIAL FIDUCIARIA FID-0038-BTPANAMA, relation no ███████03-19 auprès de BANCO PANAMENO DE LA VIVIENDA au Panama **(réf.182)**,

Numéro de procédure: SV.09.0135-FAL

86) un transfert de USD 430'000 le 8 septembre 2008, sur ordre de Urs MEISTERHANS du 5 septembre 2008, en faveur du compte no ████████0270 au nom de PAN AME-RICAN CAPITAL CORPORATION SA auprès de GLOBAL BANK CORPORATION au Panama (réf.183),

étant précisé que Florian HOMM avait transféré, entre le 31 août 2006 et le 21 août 2007, depuis sa relation et celle de CSI ASSET MANAGEMENT ESTABLISHMENT auprès de BANQUE SCS ALLIANCE SA, à Zurich, une partie du produit tiré de son escroquerie d'un montant total de EUR 12'500'000 sur la relation de SINITUS LTD auprès de INVESTEC BANK (AUSTRALIA) LTD (cf. supra transferts 4, 9 à 11),

étant précisé que tous les transferts précités ont été ordonnés par Urs MEISTERHANS, de-puis les locaux de SINITUS AG à Küsnacht, selon les instructions reçues de Florian HOMM au travers de sa fausse identité Colin TRAINOR (réf.184),

étant précisé que tous ces transferts ont été ordonnés après la démission et la fuite de Flo-rian HOMM le 18 septembre 2007, à l'exception du transfert de USD 3'500'000 (n°82) qui a été ordonné un jour avant ladite démission,

étant précisé que l'ordre de transfert du 16 septembre 2007 relatif au montant de USD 3'500'000, adressé par Urs MEISTERHANS à la banque INVESTEC BANK (AUSTRALIA) LTD, en Australie, ainsi que les instructions données par Colin TRAINOR à Urs MEISTER-HANS et diverses pièces relatives à cette opération, ont été retrouvés, lors de la perquisition des 25 et 26 avril 2013 des locaux de SINITUS AG, à Küsnacht, dans le bureau de Urs MEISTERHANS (réf.185),

étant précisé que l'ordre de transfert de Urs MEISTERHANS du 17 décembre 2007 relatif au montant de USD 618'628 en faveur de FEINZAIG, SCHARF & VAN DER PUTTEN auprès de SCOTIA BANK au Costa Rica, ainsi que le message SWIFT confirmant ce transfert, ont été retrouvés au domicile de Urs MEISTERHANS lors de la perquisition du 22 juillet 2009 (réf.186),

étant précisé que les ordres de transfert de Urs MEISTERHANS du 12 février 2008 et du 5 septembre 2008 relatifs aux montants de USD 619'047.25 et de USD 430'000 en faveur de PAN AMERICAN CAPITAL CORPORATION SA, auprès de GLOBAL BANK CORPORA-TION au Panama, ont été retrouvés dans les locaux de SINITUS AG, à Küsnacht, lors des perquisitions des 22 juillet et 12 octobre 2009 (réf.187),

étant précisé que l'ordre de transfert de Urs MEISTERHANS du 15 juillet 2008 relatif au montant de USD 500'000 en faveur de MUNDIAL FIDUCIARIA FID-0038-BTPANAMA, au-près de BANCO PANAMENO DE LA VIVIENDA au Panama, ainsi que le message SWIFT confirmant ce transfert, ont été retrouvés dans les locaux de SINITUS AG à Küsnacht, lors de la perquisition du 12 octobre 2009 (réf.188),

étant précisé que Florian HOMM s'est réfugié au Panama et au Costa Rica lorsqu'il a pris la fuite suite à son départ d'ACMH (réf.189).

Numéro de procédure: SV.09.0135-FAL

**1.2.1.3.6   Transferts des avoirs d'origine criminelle depuis la relation de SINITUS LTD en Australie sur la relation au nom de SINITUS AG auprès du CREDIT AGRI-COLE (SUISSE) SA**

Urs MEISTERHANS est accusé d'avoir commis, en sa qualité d'intermédiaire financier, de membre du conseil d'administration et d'associé, au sein de SINITUS AG, à Küsnacht, en agissant en particulier depuis le siège de cette société, en avril et juin 2009, des actes propres à entraver l'identification de l'origine, la découverte et la confiscation de valeurs patrimoniales issues des actes d'escroquerie reprochés à Florian HOMM, dans le but de les soustraire à la mainmise de la justice et des lésés, et cela en ordonnant depuis la Suisse, pour le compte de Florian HOMM, les transferts suivants depuis la relation de SINITUS LTD (numéro client █0440 et référence SIT02AOBU) auprès de INVESTEC BANK (AUSTRALIA) LTD, en Australie, en faveur de la relation no █5910 ouverte au nom de SINITUS AG auprès du CREDIT AGRICOLE (SUISSE) SA, à Zurich :

87) un transfert de USD 600'000 le 2 avril 2009, sur ordre de Urs MEISTERHANS du 31 mars 2009 **(réf.190)**,

88) un transfert de USD 2'000'000 le 5 juin 2009, sur ordre de Urs MEISTERHANS du 4 juin 2009 **(cf. réf.190)**,

89) un transfert de USD 2'000'000 le 12 juin 2009, sur ordre de Urs MEISTERHANS du 11 juin 2009 **(cf. réf.190)**,

étant précisé que Florian HOMM avait transféré, entre le 31 août 2006 et le 21 août 2007, depuis sa relation et celle de CSI ASSET MANAGEMENT ESTABLISHMENT auprès de BANQUE SCS ALLIANCE SA, à Zurich, une partie du produit tiré de son escroquerie d'un montant total de EUR 12'500'000 sur la relation de SINITUS LTD auprès de INVESTEC BANK (AUSTRALIA) LTD (cf. supra transferts 4, 9 à 11),

étant précisé que l'analyse de la relation au nom de SINITUS AG auprès du CREDIT AGRI-COLE (SUISSE) SA, à Zurich, a permis de constater que cette relation a été utilisée pour des transactions liées à différents clients, dont Florian HOMM, alors que le formulaire A daté du 20 septembre 2007 et signé par Urs MEISTERHANS, à Küsnacht, indique SINITUS AG comme ayant droit économique des avoirs déposés sur ladite relation **(cf. réf.190)**,

étant précisé que le Comité d'ouverture de la banque avait validé l'ouverture de la relation en soulignant qu'elle devait être utilisée strictement pour l'activité propre à la société **(cf. réf.190)**,

étant précisé que, suite au séquestre des avoirs déposés sur ladite relation ordonné le 3 septembre 2009, Urs MEISTERHANS a transmis à la banque un formulaire A daté du 18 avril 2012 désignant Ondine DE ROTHSCHILD comme ayant droit économique des avoirs séquestrés et, par la suite, un formulaire T daté du 29 juin 2012 désignant Ondine DE ROTHSCHILD comme bénéficiaire du Trust PHETRI/OTEA TRUST **(cf. réf.190)**,

étant précisé que le CREDIT AGRICOLE (SUISSE) SA n'a pas enregistré les formulaires en question par manque de clarification sur le changement de l'ayant droit économique **(cf. réf.190)**,