UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ABSOLUTE ACTIVIST VALUE MASTER FUND LIMITED, ABSOLUTE EAST WEST FUND LIMITED, ABSOLUTE EAST WEST MASTER FUND LIMITED, ABSOLUTE EUROPEAN CATALYST FUND LIMITED, ABSOLUTE GERMANY FUND LIMITED, ABSOLUTE INDIA FUND LIMITED, ABSOLUTE OCTANE FUND LIMITED, ABSOLUTE OCTANE MASTER FUND LIMITED, and ABSOLUTE RETURN EUROPE FUND LIMITED,

    Plaintiffs,

v.                                Case No: 2:15-cv-328-FtM-29MRM

SUSAN ELAINE DEVINE,

    Defendant.
_____

## **OPINION AND ORDER**

This matter comes before the Court on Intervenor Homm's Emergency Motion Re: Payment of College Tuition (Doc. #160) filed on December 10, 2015. Plaintiffs filed a Memorandum in Opposition (Doc. #163) and Affidavit in support of same (Doc. #164) on December 14, 2015. Pursuant to leave of Court (Doc. #167), Conrad Homm filed a Reply in Support of his Emergency Motion (Doc. #168) on December 16, 2015.

**I.**

On June 1, 2015, plaintiffs filed a six-count Complaint against Ms. Susan Devine ("Devine") alleging that Devine engaged in a money laundering enterprise with her ex-husband, Florian Homm, to conceal tens of millions of dollars fraudulently taken from the plaintiffs pursuant to an illegal "Penny Stock Scheme." (Doc. #2.) Concurrently with the filing of the Complaint, plaintiffs filed an *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction seeking to "restrain[] Devine from transferring or dissipating any and all assets in her name." (Doc. #3, p. 10.) On July 1, 2015, the Court entered an Order granting plaintiffs' Motion for Temporary Restraining Order. (Doc. # 10.) Assets held for the benefit of Devine's children, Conrad Homm and Isabella Devine, are among the assets frozen pursuant to the Temporary Restraining Order ("TRO"). (Id. at 66-67.)

Following the asset freeze, on July 26, 2015, Devine moved to modify the TRO to release funds for living expenses and attorney's fees. (Doc. #44.) The Court entered an Order modifying the TRO on August 3, 2015. (Doc. #68.) As part of the modification, the Order allowed for "[a] one-time release of $21,000 to pay for [Conrad Homm's] college tuition" out of the Ciel Horizon's Trust. (Id. at 3.)

On October 2, 2015, Laird Lile, as custodian f/b/o Isabella Devine and Conrad Homm, Orion Corporate & Trust Services, Ltd,

Hosifa Stiftung Foundation, 200017, and Conrad Homm moved to intervene as a matter of right to protect their interests in assets subject to the Court's TRO. (Docs. ##103, 105.) On December 7, 2015, the Court allowed intervention by Laird Lile in his custodial capacity, Orion Corporate & Trust Services, Ltd, and Conrad Homm. (Doc. #156.)

Now, intervenor Conrad Homm is requesting the Court release funds from the frozen assets to pay for his college tuition. (Doc. #160.) The money released on August 3, 2015 (Doc. #68) was for Conrad's 2015 fall semester tuition and now he seeks funds to pay for his 2016 spring semester tuition. (Doc. #160.) Plaintiffs oppose Conrad's request for the release of funds for his College tuition. (Docs. ##163, 164.) Plaintiffs assert that Devine's claim that her children have blocked her from accessing the funds in the Ciel Horizon's Trust account, and Conrad's subsequent request for release of additional funds for college tuition, is part of an overall scheme to release funds from U.S. Bank accounts and eventually obtain the amount originally requested to be released by Devine. (Doc. #163.)

**II.**

On August 24, 2015, an additional modification to the TRO was made, whereby the Court released $1,306,891.03[1] from the Ciel

---

[1] The Court released a total of $2,335,219.57 from three different accounts. (Doc. #76.)

Horizon's Trust for Devine's living expenses and attorney's fees during the course of this litigation. (Doc. #76.) This was the remaining amount left in the Ciel Horizon's Trust following the release of $38,900 on August 3, 2015.[2] Since the Court's release of the remaining amount from the Ciel Horizon's Trust, numerous assertions have been made that Devine's children have denied Devine access to these funds in the Ciel Horizon's Trust[3] (see, e.g., Doc. #129, pp. 16-17; Doc. #163, pp. 8-9; Doc. #168, ¶ 3)—therefore preventing Devine from accessing the full amount released by the Court. Based upon these assertions, and Conrad Homm and Isabella Devine's responses to the assertions (see, e.g., Doc. #168, ¶ 3), it appears that there are still funds in the Ciel Horizon's Trust.

On December 7, 2015, the Court ordered Devine to file a notice within seven days

> disclosing all actions she or anyone else has taken since the entry of the TRO to alter or modify in any way her ability to directly or indirectly control any of the assets subject to the TRO, including change in control of any entity that itself has direct or indirect control over any such asset.

---

[2] Devine's initial asset disclosure list provided that a total of $1,345,791.03 was in the Ciel Horizon's Trust. On August 3, 2015, the Court released $38,900 from the Ciel Horizon's Trust (Doc. #68), resulting in the remaining balance being $1,306,891.03.

[3] Conrad Homm and Isabella Devine are the beneficiaries of the Ciel Horizon's Trust.

(Doc. #156, pp. 20-21.)  On December 24, 2015, after being granted two extensions (Docs. ##158, 159, 171, 172), Devine filed her notice in compliance with the December 7, 2015 Order.  (Doc. #176.) Attached to Devine's notice is an updated asset list containing updated amounts of the assets subject to the TRO.  (Doc. #176-1, pp. 1-8.)  The spreadsheet does not contain an updated amount for the Ciel Horizon's Trust, just an indication that the funds have been "released."  (Id.)  Therefore, the Court is unable to determine the amount remaining in the Ciel Horizon's Trust.

The release of assets from a TRO is within the sound discretion of the Court.  SEC v. Dowdell, 175 F. Supp. 2d 850, 854 (W.D. Va. 2001).  The Court finds that Conrad Homm's request for release of funds to pay for his college tuition for the upcoming college semester is reasonable. Accordingly, the Court will conditionally release funds to pay for Conrad's 2016 spring college tuition from the Ciel Horizon's Trust.

Accordingly, it is hereby

**ORDERED:**

1. Intervenor Homm's Emergency Motion Re: Payment of College Tuition (Doc. #160) is **GRANTED** to the extent set forth in this Order.

2. Intervenor Homm is hereby directed to provide the Court with detailed account activity statements for the Ciel

Horizon's Trust, showing the account balances and all account activity from July 1, 2015 through January 4, 2016.

3. Upon receipt of the account statements for the Ciel Horizon's Trust, the Court will issue an Order modifying the TRO to permit the release of $20,000 to Conrad Homm for his 2016 spring college tuition from the account in the name of Ciel Horizon's Trust, located at Heritage International Bank and Trust Limited, Belize City, Belize, with the account number ending in 4566.

**DONE and ORDERED** at Fort Myers, Florida, this __4th__ day of January, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record