UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ABSOLUTE ACTIVIST VALUE MASTER FUND LIMITED, ABSOLUTE EAST WEST FUND LIMITED, ABSOLUTE EAST WEST MASTER FUND LIMITED, ABSOLUTE EUROPEAN CATALYST FUND LIMITED, ABSOLUTE GERMANY FUND LIMITED, ABSOLUTE INDIA FUND LIMITED, ABSOLUTE OCTANE FUND LIMITED, ABSOLUTE OCTANE MASTER FUND LIMITED, and ABSOLUTE RETURN EUROPE FUND LIMITED,

    Plaintiffs,

v.                            Case No: 2:15-cv-328-FtM-29MRM

SUSAN ELAINE DEVINE,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Complaint (Doc. #94) filed on September 29, 2015. Plaintiffs filed a Response in Opposition (Doc. #124) and Affidavits in support of same (Docs. ##125-26) on October 27, 2015. Pursuant to leave of Court (Docs. ##134, 138, 151), defendant filed a Reply to plaintiffs' Response (Doc. #144) on November 20, 2015 and plaintiffs filed a Surreply (Doc. #162) on December 10, 2015.

I.

After reviewing the Complaint, the Court finds that it cannot resolve the substantive issues because the Complaint is a shotgun pleading. A shotgun pleading is a pleading that "incorporate[s] every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1279 (11th Cir. 2006). As a result, most of the counts in a typical shotgun complaint "contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).

Here, plaintiffs' Complaint incorporates by reference all of the facts and legal conclusions contained in the preceding paragraphs into each subsequent count. (Doc. #2, ¶¶ 233, 273, 280, 293, 301, 308.) The Eleventh Circuit has consistently frowned upon shotgun pleadings such as the one presented herein, and shotgun pleadings "exact an intolerable toll on the trial court's docket." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997). See also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases). Accordingly, the Eleventh Circuit has established that when faced with a shotgun pleading, a district court should require the parties to file an amended pleading rather than allow such a case

to proceed to trial.  Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001).

Further, the Court notes that plaintiffs have alleged both federal question and diversity jurisdiction to establish federal subject matter jurisdiction, but have only vaguely plead the basis for federal diversity jurisdiction.  (See Doc. #2, ¶ 22.)  The plaintiffs are directed to plead the basis of federal diversity jurisdiction with more specificity, including the business structure and citizenship of the plaintiffs, when amending their Complaint.

Accordingly, it is hereby

**ORDERED:**

1.  Plaintiffs shall file an Amended Complaint within **FOURTEEN days** of this Opinion and Order.

2.  Defendant Susan Devine's Motion to Dismiss (Doc. #94) is **denied as moot.**

3.  Defendant Susan Devine's Motion for Judicial Notice of Exhibits Attached to Motion to Dismiss Complaint (Doc. #95) is **denied as moot.**

**DONE and ORDERED** at Fort Myers, Florida, this __5th__ day of January, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record