UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ABSOLUTE ACTIVIST VALUE
MASTER FUND LIMITED,
ABSOLUTE EAST WEST FUND
LIMITED, ABSOLUTE EAST WEST
MASTER FUND LIMITED,
ABSOLUTE EUROPEAN CATALYST
FUND LIMITED, ABSOLUTE
GERMANY FUND LIMITED,
ABSOLUTE INDIA FUND LIMITED,
ABSOLUTE OCTANE FUND
LIMITED, ABSOLUTE OCTANE
MASTER FUND LIMITED, and
ABSOLUTE RETURN EUROPE FUND
LIMITED,

      Plaintiffs,

v.                         Case No: 2:15-cv-328-FtM-29MRM

SUSAN ELAINE DEVINE,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiffs' Motion for an Order Requiring Defendant to Show Cause Why She Should Not Be Held in Contempt (Doc. #184) filed on January 5, 2016. Defendant filed an Opposition to the plaintiffs' Motion (Doc. #203) on January 19, 2016. Also before the Court is Defendant's Motion for Specified Relief (Doc. #176) filed on December 24, 2015, to which plaintiffs filed a Partial Opposition (Doc. #184) on January 5, 2016.

**I.**

On June 1, 2015, plaintiffs filed a six-count Complaint against Ms. Susan Devine ("defendant" or "Devine") alleging that Devine engaged in a money laundering enterprise with her ex-husband, Florian Homm, to conceal tens of millions of dollars fraudulently taken from the plaintiffs pursuant to an illegal "Penny Stock Scheme."[1]  (Doc. #2.)  Concurrently with the filing of the Complaint, plaintiffs filed an *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction seeking to "restrain[] Devine from transferring or dissipating any and all assets in her name."  (Doc. #3, p. 10.)

On July 1, 2015, this Court entered an Order granting plaintiffs' Motion for Temporary Restraining Order.  (Doc. # 10.) The Court discussed in detail the intricate factual allegations that form the basis of the claims.  (Id. at 1-49)  The TRO contains the following pertinent provision:

> Defendant Susan Elaine Devine, her officers, agents, servants, and employees and any persons in active concert or participation with them are temporarily restrained and enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any money or other of Devine's assets, including: (i) any assets located in bank accounts or other financial accounts in Devine's name (or for her benefit or the benefit of her children) or the names of foundations benefitting or controlled by

---

[1] On January 14, 2016, plaintiffs filed an Amended Complaint (Doc. #196), which is now the operative pleading.

> Devine, including but not limited to any account of Brek Stiftung, Loyr Stiftung, Hosifa Stiftung, Floma Foundation, and/or Levanne Stiftung, or otherwise under her direct or indirect control; (ii) Devine's residence in Naples Florida; and (iii) any other assets of any type, and in any form, held by Devine, or under her direct or indirect control, anywhere in the world.

(Id. at 66-67.)  Additionally, the Court ordered Devine to produce "documents sufficient to identify all assets, anywhere in the world, currently under her direct or indirect control . . . ." (Id. at 67.)  The TRO was initially in place for a period of fourteen days and has since been modified (see, e.g., Docs. ##68, 76) and, pursuant to agreement of the parties, extended through the trial on the merits. (Docs. ##81, 83.)

During the pendency of the TRO, it came to the attention of plaintiffs that Devine had transferred custodianship of accounts out of her name and into the name of Laird Lile. (Doc. #115, pp. 7-10.)  In response, plaintiffs moved the Court to order Devine to show cause why she should not be held in contempt for violation of the TRO as a result of the transfer of custodianship. (Doc. #115.)  The Court found the transfer of custodianship to be in violation of the TRO, but declined to sanction Devine. (Doc. #156.) The Court also ordered Devine to:

> File a notice within seven (7) days of the date of the Opinion and Order disclosing all actions she or anyone else has taken since the entry of the TRO to alter or modify in any way her ability to directly or indirectly control any of the assets subject to the TRO, including change in control of any entity that itself has direct or indirect control over any such asset.

(Id. at 20-21.)  After being granted two extensions to file her notice in response to the Court's Order, Devine filed Defendant's Notice as Required by the Court's December 7, 2015 Order and Opinion and Motion for Specified Relief (Doc. #176) on December 24, 2015.  Devine's Notice contains a number of transactions in regard to the assets subject to the TRO that occurred after the entry of the TRO. (Id.)  Devine's Notice also requests permission of the Court to continue using the funds in the frozen bank accounts, replenish those funds, and provide an updated accounting every ninety days. (Id.)

## II.

Based upon information in Devine's Notice, plaintiffs assert Devine has violated the TRO and seek to have her found in contempt. (Doc. #184.)  More specifically, plaintiffs seek:  (1) an Order requiring defendant to show cause why she should not be held in contempt for violating the Court's July 1, 2015 TRO; (2) an evidentiary hearing where Devine can be questioned under oath regarding her violations of the TRO; (3) a finding that Devine is in contempt; (4) imposition of a fine equal to the total amount of transferred in violation of the TRO; (5) an order requiring Devine to produce complete bank account statements for every account listed on her Asset listing indicating all activity since the TRO's entry; (6) an order that Devine open new accounts to accept any

rental income from her properties; (7) an order that Devine submit, on a monthly basis going forward, a sworn affirmation that she and her agents are in compliance with the TRO; and (8) an order that the assets removed by Devine from her Bank of America safe deposit box be placed in her counsel's possession.  (<u>Id.</u>)

Defendant's Response asserts that Devine should not be held in contempt because she was forthcoming with the violations and replaced the funds that were removed, resulting in no prejudice to the plaintiffs. (Doc. #203.)  Further, Devine requests that the Court: (1) notify Bank of America of its obligations in regard to the TRO; (2) permit Devine to appeal the seizure of the Neue Bank safe deposit box and account; (3) continue to permit discretionary trading in Ms. Devine's Deutsche Bank brokerage accounts; (4) permit the continued use of the Spanish, French, and Luxembourg accounts subject to replenishment and continued reporting; (5) permit the excess rental income to be used to support other properties; and (6) permit Devine to use her Brazilian account. (<u>Id.</u> at 3.)

### III.

A finding of civil contempt must be supported by clear and convincing evidence that (1) the "allegedly violated order was valid and lawful," (2) "the order was clear and unambiguous," (3) "the alleged violator had the ability to comply with the order," and (4) the order was violated.  <u>F.T.C. v. Leshin</u>, 618 F.3d 1221,

1232 (11th Cir. 2010) (citing <u>Riccard v. Prudential Ins. Co.</u>, 307 F.3d 1277, 1296 (11th Cir. 2002)).  "Once this prima facie showing of a violation is made, the burden then shifts to the alleged contemnor to produce evidence explaining [her] compliance at a 'show cause' hearing." <u>Chairs v. Burgess</u>, 143 F.3d 1432, 1436 (11th Cir. 1998).

Defendant's Opposition (Doc. #203) essentially short-circuits the procedural requirements and gets right to the explanation of her conduct and its compliance or non-compliance with the TRO.  In light of the full replenishment of the funds, the Court is satisfied with the explanations as to the BMN accounts ending in 2648, 8596, 7501; the Banco Popular account ending in 8743; the Caisse D'Epargue accounts ending in 9495 and 7980; and the Banque Internationale a Luxembourg (BIL) account ending in 9700.  Any violations of the TRO as to these accounts has been cured, and the Court finds no other remedy is necessary.  The Court is also satisfied with the explanation of the BMN account ending in 4336 and finds no violation of the TRO.  The Court also finds no violation with regard to a portion of the Caisse D'Epargne account ending in 9495 in light of the August 24, 2015 Order.  The Court also finds no violation in the BIL account ending in 3600 in light of the increase in the balance, and no violation in the BIL account ending in 1800 in light of the nominal bank fee.  The Court also finds at most a de minimis violation with regard to the Bank of

America safety deposit box, but declines to require counsel to retain custody of the former contents nor to provide any particular instructions or sanctions to Bank of America.

Both sides request certain additional modifications to the TRO.  Those which the Court agrees are appropriate are set forth below.

Accordingly, it is hereby

**ORDERED:**

1.   Plaintiffs' Motion for an Order Requiring Defendant to Show Cause Why She Should Not Be Held in Contempt and Partial Opposition to Defendant's Motion for Specified Relief (Doc. #184) is **DENIED.**

2.   Defendant's Motion for Specified Relief (Doc. #176) is **GRANTED IN PART** as set forth in paragraph 3 below.

3.   The Temporary Restraining Order (Doc. #10), as previously amended (Docs. ##68, 76, 198), is further amended as follows:

(a)   Defendant Susan Elaine Devine shall be permitted to pay for the maintenance and upkeep of her foreign properties out of the foreign accounts set up for that purpose, and her Brazilian account, provided that (i) she replenishes those funds with monies unfrozen by the Court within forty-five (45) days of the expenditure, and (ii) she provides an accounting of such expenditures and

replenishments to counsel for plaintiffs within ninety (90) days of the first expenditure and every ninety (90) days thereafter;

(b)   Defendant Susan Elaine Devine shall be permitted to utilize surplus rental income earned by one property to pay for the maintenance of another of her properties;

(c)   Defendant Susan Elaine Devine may take appropriate legal steps, including an appeal, concerning the Liechtenstein government's seizure of her Neue Bank safe deposit box;

(d)   Defendant Susan Elaine Devine may request that her brokers continue trading activity on her Deutsche Bank brokerage accounts to the extent that the accounts are truly discretionary; and

(e)   Defendant Susan Elaine Devine is authorized to open new financial accounts to accept rental income for entities with rental income.

**DONE and ORDERED** at Fort Myers, Florida, this __1st__ day of February, 2016.


_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of Record

- 8 -