UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ABSOLUTE ACTIVIST VALUE MASTER FUND LIMITED, ABSOLUTE EAST WEST FUND LIMITED, ABSOLUTE EAST WEST MASTER FUND LIMITED, ABSOLUTE EUROPEAN CATALYST FUND LIMITED, ABSOLUTE GERMANY FUND LIMITED, ABSOLUTE INDIA FUND LIMITED, ABSOLUTE OCTANE FUND LIMITED, ABSOLUTE OCTANE MASTER FUND LIMITED and ABSOLUTE RETURN EUROPE FUND LIMITED,

Plaintiffs,

v. Case No: 2:15-cv-328-FtM-29MRM

SUSAN ELAINE DEVINE,

Defendant.
_______________________________________/

**ORDER**

This cause comes before the Court on Plaintiffs' Emergency Motion to Confirm Dates of Hearings Scheduled for April 25 and 26, 2016 with Certain Clarifications and to Quash Deposition Subpoenas Issued to Plaintiff's Experts (Doc. 345); Defendant's Emergency Motion for Continuance of Hearings Scheduled for April 25, 2016 and April 26, 2016 (Doc. 346); and Defendant's Emergency Motion to Preclude Plaintiffs from Relying on Materials in the Swiss Investigative File Obtained through the U.S.-Swiss MLAT and All Information and Material Derived Therefrom and for Related Relief (Doc. 349). The Court ordered expedited responses to the Emergency Motions filed as Docs. 345 and 346 (Doc. 347). These motions were also filed in the parties' related action, Case No. 2:16-cv-47-FtM-99MRM.

The Court previously scheduled motion hearings on the Joint Supplemental Motion for Protective Order and to Quash Subpoenas Duces Tecum (Doc. 17, Case No. 2:16-cv-47-FtM-99MRM); Defendant's Renewed Motion to Quash Subpoenas Duces Tecum Directed to Collins & Associates (Doc. 18, Case No. 2:16-cv-47-FtM-99MRM); and Defendant's Emergency Motion for Protective Order, Stay of Plaintiffs' Production of Documents to the Swiss Prosecutor, and for Related Relief (Doc. 248, Case No. 2:15-cv-328-FtM-29MRM). These hearings were ultimately scheduled to occur on April 25-26, 2016. The emergency motions filed as Docs. 345, 346, and 349 in the above-captioned case seek, *inter alia*, various forms of relief in connection with the upcoming hearings.

## I. Plaintiffs' Emergency Motion to Confirm Dates of Hearings Scheduled for April 25 and 26, 2016 with Certain Clarifications and to Quash Deposition Subpoenas Issued to Plaintiff's Experts (Doc. 345) and Defendant's Emergency Motion for Continuance of Hearings Scheduled for April 25, 2016 and April 26, 2016 (Doc. 346)

In Plaintiffs' Emergency Motion (Doc. 345), Plaintiffs request: (1) confirmation regarding which Motions, listed above, would be discussed on which hearing date; (2) clarification on how the hearing on Defendant's Emergency Motion (Doc. 248) would be conducted; and (3) an Order quashing the deposition subpoenas served on Plaintiffs for the April 19, 2016 depositions of Amy Jeffress and Georg Friedli. (Doc. 345 at 2).

In Defendant's Emergency Motion for Continuance (Doc. 346), Defendant requests that the Court continue the hearings until after the Court has ruled on Defendant's pending motion to compel (Doc. 315). (Doc. 346 at 12). Defendant also requests a "reasonable period of time after ruling on that motion to ensure that Plaintiffs produce all responsive documents and to enable the parties to complete the fact and expert discovery, including depositions, necessary to address

fully the issues raised in her Emergency Motion for Protective Order and Motion to Quash [Doc. 248]." (Doc. 346 at 12-13).

Upon careful review of the parties' recent submissions, the Court is not convinced that the previously set motion hearings are necessary or that the hearings would be a productive expenditure of the Court's or the parties' limited time and resources. Therefore, the Court hereby cancels the April 25-26 hearings and takes the parties' requests for a hearing under advisement. The Court will evaluate the parties' written submissions to determine the necessity, if any, of convening a hearing once all of the briefing and related materials ordered previously or ordered *infra* are filed. However, the parties are advised that the Court may in its discretion proceed to rule on any and all pending matters based solely on the parties' completed written submissions without convening any further hearings.

Although the Court is cancelling the hearings, the Court finds that deposition testimony from the parties' experts – including reasonable cross-examination of the experts – would greatly assist the Court's understanding and analysis of the outstanding discovery disputes in this case. Therefore, the Court will require that the tendered experts be made available for deposition within thirty (30) days of the date of this Order.[1] To the extent the parties wish the Court to consider any expert testimony or opinion regarding the issues raised in the Motion (Doc. 248) or otherwise pending before the Court, the parties are advised that the Court will not accept further

---

[1] The Court grants Plaintiffs' Motion (Doc. 345) to the extent Plaintiffs ask the Court to quash the deposition subpoenas served for the April 19, 2016 depositions of Amy Jeffress and Georg Friedli. The expert depositions will take place consistent with the timeframes and procedures set forth in this Order without regard to the previously served subpoenas. Additionally, the Court admonishes the parties to meet and confer regarding mutually agreeable deposition dates within the next thirty (30) days when the experts will be available and to avoid undue or unnecessary delay in scheduling the depositions. To that end, the Court notes that because the April 25-26 hearings are now cancelled, the parties' counsel and the experts should still be available for deposition on those dates.

sworn declarations or affidavits in lieu of deposition testimony. The Court finds that, under the highly contentious circumstances of this case, opposing parties should be afforded a reasonable opportunity for cross-examination before the Court considers any expert's opinion(s). In conducting these depositions, the party tendering the expert for the Court's consideration shall conduct the direct examination of the witness and any party challenging the expert's opinion(s) shall be permitted to cross-examine the witness. These depositions shall not count against any party's ten-deposition limit as set forth in Fed. R. Civ. P. 30(a)(2)(A)(i) or the parties' thirty-five-deposition limit stipulated in the Case Management Report (Doc. 86 at 6).

Additionally, within forty-five (45) days of the date of this Order, the Court orders the parties to file supplemental briefs not to exceed twenty-five (25) pages in length. These supplemental briefs shall set forth the parties' positions as to the effect, if any, of the experts' deposition testimony on the issues raised by the Motion (Doc. 248) or any other discovery-related motion pending before the Court.

Also within forty-five (45) days of the date of this Order, the Court orders the parties to prepare and jointly file Notices of Filing that attach full and complete copies of each expert deposition transcript – including complete copies of all deposition exhibits – generated pursuant to this Order. The Court will not accept deposition excerpts or summaries in lieu of the full deposition transcript.

Insofar as Defendant's Motion (Doc. 346 at 2-3) asks the Court to permit some indefinite period of additional fact discovery, including depositions, concerning Plaintiffs' possession and use of the documents and information at issue, the Court denies Defendant's request. The Court will not permit the parties to delay further the presentation and resolution of the pending discovery disputes or, ultimately, the resolution of the case on the merits.

## II. Defendant's Emergency Motion to Preclude Plaintiffs from Relying on Materials in the Swiss Investigative File Obtained through the U.S.-Swiss MLAT and All Information and Material Derived Therefrom and for Related Relief (Doc. 349)

In this Emergency Motion (Doc. 349), Defendant requests an Order:

- prohibiting Plaintiffs from directly or indirectly using the MLAT materials from the Swiss file produced by the United States and any information or documents derived therefrom during the remainder of these proceedings, and, at a minimum, precluding their use at the hearing on the motions to quash the Collins and Associates subpoenas;

- requiring Plaintiffs and their counsel to identify specifically those portions of the Amended Complaint that reference or rely upon MLAT materials;

- requiring Plaintiffs and their counsel to identify by Bates number and produce to Ms. Devine, with appropriate load files, all MLAT materials in their possession, custody, or control;

- requiring Plaintiffs and their counsel to identify by Bates number and produce to Ms. Devine, with appropriate load files, all documents that incorporate, refer to, or rely upon the MLAT materials that are in their possession, custody, or control;

- scheduling a hearing after appropriate discovery for findings as to those portions of the Amended Complaint that reference or relied upon MLAT materials and, upon identification, striking those portions of the Amended Complaint.

(Doc. 349 at 9-10).

Because the Court has cancelled the hearings, Defendant's request to prohibit Plaintiffs from using the alleged MLAT materials *at the hearings* is rendered moot. To the extent Defendant requests that Plaintiffs be precluded from relying on the documents and information in dispute for all purposes in this litigation, Defendant's request is premature. The Court cannot logically address or grant such relief without first resolving Defendant's Emergency Motion for Protective Order, Stay of Plaintiffs' Production of Documents to the Swiss Prosecutor, and for Related Relief (Doc. 248). Thus, the Court denies Defendant's Motion (Doc. 349) as moot and as premature. This Order is without prejudice, however, to Defendant's ability to renew her

request following the Court's resolution of Defendant's Emergency Motion for Protective Order, Stay of Plaintiffs' Production of Documents to the Swiss Prosecutor, and for Related Relief (Doc. 248).

**IT IS HEREBY ORDERED:**

1) The Court **CANCELS** the hearings previously scheduled for April 25-26, 2016 in this case and the parties' related action, Case No. 2:16-cv-47-FtM-99MRM.

2) Plaintiffs' Emergency Motion to Confirm Dates of Hearings Scheduled for April 25 and 26, 2016 with Certain Clarifications and to Quash Deposition Subpoenas Issued to Plaintiff's Experts (Doc. 345) is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

3) Defendant's Emergency Motion for Continuance of Hearings Scheduled for April 25, 2016 and April 26, 2016 (Doc. 346) is **GRANTED IN PART** and **DENIED IN PART** as set forth above. The Motion is denied insofar as Defendant seeks any additional relief not expressly granted by this Order.

4) Defendant's Emergency Motion to Preclude Plaintiffs from Relying on Materials in the Swiss Investigative File Obtained through the U.S.-Swiss MLAT and All Information and Material Derived Therefrom and for Related Relief (Doc. 349) is **DENIED WITHOUT PREJUDICE** to Defendant's ability to renew the Motion after the Court has resolved Defendant's Emergency Motion for Protective Order, Stay of Plaintiffs' Production of Documents to the Swiss Prosecutor, and for Related Relief (Doc. 248).

**DONE AND ORDERED** in Fort Myers, Florida on April 14, 2016.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties