```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ABSOLUTE ACTIVIST VALUE MASTER FUND LIMITED, ABSOLUTE EAST WEST FUND LIMITED, ABSOLUTE EAST WEST MASTER FUND LIMITED, ABSOLUTE EUROPEAN CATALYST FUND LIMITED, ABSOLUTE GERMANY FUND LIMITED, ABSOLUTE INDIA FUND LIMITED, ABSOLUTE OCTANE FUND LIMITED, ABSOLUTE OCTANE MASTER FUND LIMITED, and ABSOLUTE RETURN EUROPE FUND LIMITED,

     Plaintiffs,

v.                                                   Case No: 2:15-cv-328-FtM-29MRM

SUSAN ELAINE DEVINE,

     Defendant.

---

## **OPINION AND ORDER**

This matter comes before the Court on defendant's Objection to Amended Order Denying Defendant's Emergency Motion for Protective Order, Stay of Plaintiffs' Production of Documents to the Swiss Prosecutor, and for Related Relief (Doc. #507) filed on January 13, 2017. Plaintiffs filed a Response (Doc. #518) on January 31, 2017, to which defendant filed a Reply (Doc. #525) on February 17, 2017.

**I.**

Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court may reconsider or review the Magistrate Judge's Order on a pretrial matter if shown that it was clearly erroneous or contrary to law.

**II.**

On December 21, 2016, Magistrate Judge Mac. R. McCoy entered an Amended Order on Defendant's Emergency Motion for Protective Order, Stay of Plaintiffs' Production of Documents to the Swiss Prosecutor, and for Related Relief. (Doc. #502.) Specifically, the Magistrate Judge found that (1) the "Protective Order expressly permits Plaintiffs to comply with the Swiss prosecutor's request," (id. at 11); (2) the second sentence of paragraph 14 of the Protective Order should be construed as "requiring notice to the 'Party' that designated the materials as 'Confidential' before the Discovery Material is disclosed,"[1] (id. at 13); (3) defendant had not met her burden in making a "particular and specific demonstration" that the documents sought to be produced by plaintiffs exceeded the scope of documents requested by the Swiss

---

[1] The second sentence of paragraph 14 of the Protective Order reads:  "In the event a Party receives a request for production of Discovery Material marked as Confidential pursuant to . . . [a] request from any criminal authority seeking disclosure, such Party must provide written notice of such request to *the Party* that produced such *Discovery Material* before the Party receiving such request complies with such request."  (Doc. #64, ¶ 14) (emphasis added).

prosecutor and that said documents appear to be encompassed within the request (id. at 17-18); (4) defendant failed to establish how grand jury secrecy rules or the Treaty Between the United States of America and the Swiss Confederation on Mutual Assistance in Criminal Matters, U.S.-Switz., May 25, 1973, 27 U.S.T. 2019 [hereinafter MLAT] were violated by plaintiffs' receipt, production, and/or use of documents at issue (Doc. #502, pp. 20-24, 33-40); (5) defendant failed to establish that plaintiffs are engaged in an unlawful joint venture with the Swiss prosecutor (id. at 36, 40-41); and (6) defendant's request to strike plaintiffs' supplemental briefing and Ms. Jeffress's testimony was not warranted (id. at 41-42).

On January 13, 2017, defendant filed an Objection to Amended Order Denying Defendant's Emergency Motion for Protective Order, Stay of Plaintiffs' Production of Documents to the Swiss Prosecutor, and for Related Relief (Doc. #507), a Motion for Oral Argument (Doc. #508), and a Motion for Leave to Supplement the Record (Doc. #509). Defendant asserts that the Magistrate erred in concluding that (1) plaintiffs are not acting in an unlawful de facto joint venture with the Swiss prosecutor (id. at 10-14); (2) defendant did not show that the document production to plaintiffs violated Article 5 of the MLAT (id. at 14-19); (3) defendant did not show that the MLAT must be used by the Swiss prosecutor for the requests to plaintiffs (id. at 19-20); (4) defendant did not

show that grand jury secrecy rules were violated (id. at 20-21); (5) the protective order does not preclude plaintiffs' proposed production to the Swiss prosecutor (id. at 22-25); and (6) defendant had only made conclusory statements that plaintiffs' proposed production exceeds the scope of the Swiss prosecutor's request (id. at 25-27).[2]  On January 31, 2017, plaintiffs filed a Response to Defendant's Objection to the Magistrate Judge's December 21, 2016 Amended Order (Doc. #518), and on February 17, 2017, defendant filed a Reply (Doc. #525).

**A. Defendant's Motion to Supplement the Record (Doc. #509)**

Defendant filed a Motion for Leave to Supplement the Record (Doc. #509) on January 13, 2017 seeking to supplement the record with a declaration of Adrian Bachmann setting forth information regarding developments that had not yet transpired when defendant briefed the issues that are subject to the Objection currently before the Court.  On January 27, 2017, plaintiffs filed an Opposition to defendant's Motion for Leave to Supplement the Record.  (Doc. #517.)  Plaintiffs assert that the information sought to be presented by defendant is not in fact new information; even if it were new, it is improper to present new information

---

[2] Devine represents that due to page limitations, she is "able to present summary argument here," and "suggests that the Court accept additional briefing on her objections as well as oral argument to elucidate the complex and novel issues raised herein." (Doc. #507, p. 5 n.2.)

when reviewing a Magistrate Judge's nondispositive order; and the information adds nothing meaningful to the issues currently before the Court.  (Id.)

Upon review of the motion and response, the Court **denies** defendant's Motion for Leave to Supplement the Record.  (Doc. #509.)  The Court finds that the information presented was either presented in some form to the Court prior to the Magistrate Judge's issuance of the Amended Order or is not essential to the Court's resolution of the Objection currently before the Court.  The Court highlights the Magistrate Judge's accurate notation in his Amended Order that the "parties' proclivity for excessive filing greatly overcomplicated the issues presented by the pending Motions." (Doc. #502, p. 4 n.2.)

### B. Defendant's Request for Oral Argument (Doc. #508)

On January 13, 2017, defendant filed a Motion for Oral Argument on Defendant's Objection to Amended Order Denying Defendant's Emergency Motion for Protective Order, Stay of Plaintiffs' Production of Documents to the Swiss Prosecutor, and for Related Relief.  (Doc. #508.)  Defendant asserts that oral argument will aid the Court in assessing the numerous "complex issues and issues of first impression raised in the Objection." (Id. at 2.)  On January 27, 2017, plaintiffs filed an Opposition to defendant's request for oral argument (Doc. #516), asserting that oral argument is wholly unnecessary to resolve defendant's

Objection.  The Court agrees and hereby **denies** defendant's Request for Oral Argument.

### C. Defendant's Objection to the Magistrate Judge's Amended Order (Doc. #507)

#### 1. *De Facto* Joint Venture with Swiss Prosecutor

Defendant first asserts that the Magistrate Judge erred in finding that defendant had not established a *de facto* joint venture between plaintiffs and the Swiss prosecutor.[3] (Doc. #507, pp. 10-14.)  Defendant points to allegations that she deems clearly support a finding of a joint venture between plaintiffs and the Swiss prosecutor.  (Id. at 11-12.)  The Court finds that the factual allegations rehashed in defendant's Objection are insufficient to support a finding of a *de facto* joint venture between plaintiffs and the Swiss prosecutor.  Defendant also alleges that the Magistrate Judge didn't even discuss cases she cited in her "Emergency Motion II."[4]  (Id. at 13.)  Emergency Motion II was, however, not before the Court and had been previously denied without prejudice.  (Doc. #363, p. 6.)  Defendant also cites to two criminal cases wherein it was discussed

---

[3] Defendant aims to establish a *de facto* joint venture so that "any conduct by the Plaintiffs is attributable to governmental action and, therefore, Ms. Devine's constitutional rights must be protected from Plaintiffs, through whom the Swiss prosecutor is acting." (Doc. #248, p. 19.)

[4] The cases defendant cites to stand for the proposition that the district court has the authority to sanction improper discovery practices by placing limitations on the use of documents.

that if a United States law enforcement agent acts as an agent of a foreign government, the exclusionary rule may apply to the evidence obtained by the foreign government in violation of the Fourth Amendment. (Doc. #507, p. 13.) The Court finds these cases inapplicable to the case at hand.

Upon review of the Magistrate Judge's Amended Order and defendant's Objection thereto, the Court finds the Magistrate Judge's finding that defendant had not established a *de facto* joint venture between plaintiffs and the Swiss prosecutor was not clearly erroneous or contrary to the law. Accordingly, this portion of defendant's Objection is overruled.

**2. Swiss Prosecutor's Document Production to Plaintiffs**

Defendant asserts that the Magistrate Judge erred in finding that defendant had not shown that the Swiss prosecutor's document production to plaintiffs violated Article 5 of the MLAT. (Id. at 14-19.) Specifically, defendant asserts that the Magistrate Judge erred in finding that (1) defendant had not met her burden of showing that plaintiffs must use the MLAT, and (2) there was no violation of MLAT because both parties (plaintiffs and Devine) had equal access to the Swiss file. (Id. at 14-15.)

In the Amended Order, the Magistrate Judge held that the document production to plaintiffs was not violative of the MLAT because, as the Eleventh Circuit explained, "[a] plain reading of the U.S.-Switzerland MLAT indicates that it is designed to help

federal and state prosecutors" and "[a]ll of the language in the treaty speaks to facilitating discovery for the 'Contracting Parties' or 'Contracting States,' namely, the United States and Switzerland." (Doc. #502, p. 34) (alteration in original) (quoting Weber v. Finker, 554 F.3d 1379, 1383 (11th Cir. 2009)).  Therefore, the Magistrate Judge held that because plaintiffs are private third-parties, and not a contracting state or a prosecutor from a contracting state, there's no indication that plaintiffs are required to use the MLAT to receive information.  Defendant has not challenged this finding, but instead challenges the Magistrate Judge's alternative findings.[5]  (Doc. #507, pp. 14-19.) Therefore, while the current Objection is academic, the Court overrules the Objection because the findings are not clearly erroneous or contrary to the law.

Defendant also asserts that the Magistrate Judge erred in declining to credit one expert witness over the other.  Nothing in the record establishes that the Magistrate Judge's credibility choice was contrary to the law or clearly erroneous.

---

[5] Alternative to his holding that the MLAT applies to the "Contracting Parties" or "Contracting States," the Magistrate Judge held that (1) defendant did not meet her burden of demonstrating that the document production by the Swiss prosecutor to plaintiffs violates Article 5 of the MLAT; (2) even if it did violate the MLAT, defendant did not show that this Court has the power or authority to remedy those violations; and (3) defendant does not have standing to contest any MLAT violation.  (Doc. #502, pp. 36-40.)

### 3. Swiss Prosecutor's Request for Documents to Plaintiffs

Defendant next asserts that the Magistrate Judge erred in concluding that defendant had not shown that the MLAT or 28 U.S.C. § 1782[6] had to be used by the Swiss prosecutor for her request to plaintiffs. (Doc. #507, pp. 19-20.) Specifically, defendant alleges that the Magistrate Judge erred by examining each action in isolation and not as a whole, because the conduct is plainly inconsistent with the MLAT. (Id.)

The Magistrate Judge noted that neither plaintiffs nor defendant dispute that the MLAT must be used to compel a person to testify or to produce documents. (Doc. #502, p. 35.) However, the Swiss prosecutor did not *compel* plaintiffs to produce documents. Instead, the Swiss prosecutor sent an informal request to plaintiffs, and plaintiffs *voluntarily* agreed to comply. Therefore, there was no obligation for plaintiffs to comply with the request from the Swiss prosecutor. The parties agree that had the request been compulsory, the MLAT would have had to have been followed. However, that situation is not at issue here.

---

[6] Defendant briefly mentions 28 U.S.C. § 1782 in this portion of her Objection but does not otherwise discuss it. (Doc. #502, p. 19-20.) The Court notes that, on its face, 28 U.S.C. § 1782 does not apply to plaintiffs as plaintiffs do not reside, nor are they found, in this district.

The Magistrate Judge's rationale on this issue is not contrary to the law or clearly erroneous. Accordingly, this portion of the Objection is also overruled.

### 4. Violation of Grand Jury Secrecy Rules

Defendant asserts that the Magistrate Judge erred in finding that the Grand Jury Secrecy rules were not violated by the Swiss prosecutor's production to plaintiffs. (Doc. #507, pp. 20-21.) Defendant asserts that the United States government would not have provided the grand jury materials to the Swiss government pursuant to Federal Rule of Criminal Procedure 6(e)(2)(E) "if it had known that the Swiss Prosecutor would, in turn, provide those documents to Plaintiffs for use in civil litigation pending in the U.S." (Id. at 21.)

The Court finds that this assertion is based entirely on speculation as to what the U.S. government would and would not have done, and is not supported by the plain language of Federal Rule of Criminal Procedure 6, as articulated by the Magistrate Judge. Accordingly, the Court finds that the Magistrate Judge's ruling regarding the grand jury secrecy rules to be neither contrary to the law nor clearly erroneous.

### 5. Preclusion of Production by the Protective Order

Defendant asserts that plaintiffs' proposed production of documents to the Swiss prosecutor violates the Protective Order entered into between the parties. (Doc. #507, pp. 22-25.)

Defendant argues that the Magistrate Judge's finding that such production did not violate the Protective Order was a "formalistic reading of the Protective Order [which] elevate[d] form over substance." (Id. at 22.) While defendant may not have anticipated this situation at the time she negotiated the Protective Order, this does not change the plain language of the Protective Order that allows for the production of materials to an international criminal authority.

Accordingly, the Court finds the Magistrate Judge's ruling is not contrary to the law or clearly erroneous, and overrules defendant's Objection.

### 6. Production in Excess of Scope of Request

Lastly, defendant asserts that the Magistrate Judge erred in concluding that defendant had only made conclusory statements that the proposed production by plaintiffs exceeds the scope of the request from the Swiss prosecutor. (Doc. #507, pp. 25-27.) Defendant asserts that plaintiffs' proposal to produce Ms. Devine's deposition transcript and the July 30, 2015 hearing transcript exceed the scope of documents requested by the Swiss prosecutor. (Id.)

Upon review, the Court finds that the Magistrate Judge's ruling that "the documents that Plaintiffs propose to disclose appear to be fairly implicated and encompassed by the Swiss prosecutor's request" (Doc. #502, pp. 17-18) is not contrary to

the law or clearly erroneous. Accordingly, this portion of defendant's Objection is overruled.

Accordingly, it is hereby

**ORDERED:**

1.  Defendant's Motion for Leave to Supplement the Record (Doc. #509) is **DENIED.**

2.  Defendant's Motion for Oral Argument on Defendant's Objection to Amended Order Denying Defendant's Emergency Motion for Protective Order, Stay of Plaintiffs' Production of Documents to the Swiss Prosecutor, and for Related Relief (Doc. #508) is **DENIED.**

3.  Defendant's Objection to Amended Order Denying Defendant's Emergency Motion for Protective Order, Stay of Plaintiffs' Production of Documents to the Swiss Prosecutor, and for Related Relief (Doc. #507) is **OVERRULED.**

**DONE and ORDERED** at Fort Myers, Florida, this __15th__ day of March, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record