UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ABSOLUTE ACTIVIST VALUE
MASTER FUND LIMITED,
ABSOLUTE EAST WEST FUND
LIMITED, ABSOLUTE EAST WEST
MASTER FUND LIMITED,
ABSOLUTE EUROPEAN CATALYST
FUND LIMITED, ABSOLUTE
GERMANY FUND LIMITED,
ABSOLUTE INDIA FUND
LIMITED, ABSOLUTE OCTANE
FUND LIMITED, ABSOLUTE
OCTANE MASTER FUND LIMITED,
and ABSOLUTE RETURN EUROPE
FUND LIMITED,

          Plaintiffs,

v.                                    Case No: 2:15-cv-328-FtM-29MRM

SUSAN ELAINE DEVINE,

          Defendant.
_____

## ORDER

     This matter comes before the Court on defendant's Objection
to Order Denying Defendant's First, Second, and Third Motions to
Compel (Doc. #537) filed on March 15, 2017.  Plaintiffs filed a
Response (Doc. #549) on April 4, 2017.

### I.

     Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court may
reconsider or review the Magistrate Judge's Order on a pretrial
matter if shown that it was clearly erroneous or contrary to law.

**II.**

On February 24, 2017, the Magistrate Judge issued an Order denying defendant's First, Second, and Third Motions to Compel Plaintiffs to Produce Documents Responsive to Her First Set of Requests for Production of Documents. (Doc. #526.) Defendant filed an Objection to the Magistrate Judge's Order (Doc. #537) on March 15, 2017.

**A. First Motion to Compel (Doc. #315)**

The Magistrate Judge's Order on defendant's First Motion to Compel related to two requests for production – Numbers 23 and 24. (Doc. #526, pp. 3-22.)

Request number 23 requests the following:

> All communications between Plaintiffs and any domestic or foreign governmental or enforcement agent or agency, including but not limited to the Swiss Prosecutor's Office, Interpol, the United States Department of Justice, the United States Attorney's Office for the Central District of California or any other United States Attorney's Office, the United States Securities and Exchange Commission, the United States Federal Bureau of Investigation, and the London Stock Exchange, that relate to Devine, her children, or assets directly or indirectly held by Devine or her children.

(Doc. #315, p. 4; Doc. #526, p. 3.) Plaintiffs asserted the following objection in response to request for production number 23:

> Plaintiffs object to Document Request No. 23 because it is overly broad, unduly burdensome, and redundant of other Document Requests. Plaintiffs further object to Document Request No. 23 to the extent it calls for the production of documents regarding matters that are not relevant to the claims or defenses of any party to this action or proportional to the needs of the case, or calls for the production of documents or information protected from disclosure by the work product doctrine. Plaintiffs further object to Document Request No. 23 to the extent responsive documents are available in the Swiss files, to which Devine has equal access. To the extent Plaintiffs have provided documents to a governmental or enforcement agent or agency that are not protected from disclosure and are responsive to another Document Request, subject to the objections herein, Plaintiffs will produce those documents.

(Doc. #315, p. 4; Doc. #526, p. 3.) Request number 24 requests the following:

> All documents Plaintiffs discussed with, exchanged with, accessed from, or provided to any domestic or foreign governmental or enforcement agent or agency, including but not limited to the Swiss Prosecutor's Office, the United States Department of Justice, the United States Attorney's Office for the Central District of California or any other United States Attorney's Office, the United States Securities and Exchange Commission, the United States Federal Bureau of Investigation, and the London Stock Exchange.

(Doc. #315, p. 4; Doc. #526, pp. 3-4.) Plaintiffs asserted the following objection to request for production number 24:

> Plaintiffs object to Document Request No. 24 because it is overly broad, unduly

burdensome, and redundant of other Document
Requests.    Plaintiffs    further    object    to
Document Request No. 24 to the extent it calls
for the production of documents regarding
matters that are not relevant to the claims
or defenses of any party to this action or
proportional to the needs of the case, or
calls for the production of documents or
information protected from disclosure by the
work product doctrine, and to the extent
responsive documents are available in the
Swiss files, to which Devine has equal access.
To    the    extent    Plaintiffs    have    provided
documents to a governmental or enforcement
agent or agency that are not protected from
disclosure and are responsive to another
Document Request, subject to the objections
herein,    Plaintiffs    will    produce    those
documents.

(Doc. #315, p. 4; Doc. #526, p. 4.) Defendant moved to compel

documents responsive to these requests asserting, among other

things, that plaintiffs had waived their work-product privilege

by producing documents to government entities. (Doc. #315, p.

6.)

In ruling on the First Motion to Compel, the Magistrate Judge

started off by stating that the waiver of the attorney-client

privilege is not at issue because plaintiffs have only asserted

that the materials are protected work product. (Doc. #526, p.

10.) The Magistrate Judge went on to explain that the type of

privilege claimed is of importance because "while voluntary

disclosure to third-parties waives the attorney-client privilege,

it does not necessarily waive work-product protection." (Id.)

The Magistrate Judge stated that although the Eleventh Circuit has little precedent on what constitutes a waiver of the work-product privilege, other federal courts have addressed the issue and those courts have focused on whether the disclosure was to an adversary or non-adversary. (<u>Id.</u> at 11.) The Magistrate Judge then reviewed the three categories of waiver of work product protection when items are produced to governmental entities. (<u>Id.</u> at 12-16.) The first category occurs where work product is produced to a governmental entity that is an ally in litigation or has a common interest with the producing party. (<u>Id.</u> at 12.) This production does not result in waiver. (<u>Id.</u>) The second category occurs where there is disclosure to a governmental entity in response to some coercion by the governmental authority, which is not expected to reveal the material to the producing party's adversary. (<u>Id.</u> at 14.) This production does not typically result in a waiver. (<u>Id.</u>) The third category occurs where the producing party voluntarily produces material to a governmental agency to incite an attack on the producing party's adversary. (<u>Id.</u> at 15.) This category of production waives the work-product protection. (<u>Id.</u>)

The Magistrate Judge examined the applicability of these categories and whether there had been a waiver of the work-product privilege. (<u>Id.</u> at 16-20.) The Magistrate Judge started out by

stating that there is no evidence that the plaintiffs were adversaries to the government entities to which documents may have been disclosed. (Id. at 16-17.) Instead, the Magistrate Judge found that it appeared as if the plaintiffs and government entities to which the plaintiffs produced work-product material shared a common interest. (Id. at 17-18.) The Magistrate Judge held that he could not conclude that Plaintiffs waived work-product protections because "nothing in the record demonstrates that Plaintiffs voluntarily provided such materials to United States or Swiss authorities to incite an attack of Defendant." (Id.)

The Magistrate Judge also held that while the existence of a confidentiality agreement is not determinative, it can make the case against waiver even stronger. (Id.) The Magistrate Judge found that here, due to the existence of a confidentiality agreement with the USAO, plaintiffs maintained a reasonable expectation of confidentiality in the documents at issue. (Id.) As to the Swiss Prosecutor, the Magistrate Judge found that plaintiffs and the Swiss Prosecutor are not adversaries, it is unclear what documents were produced and whether they ended up in the "Swiss file" and whether plaintiffs are even still claiming these documents are work product, and that it seems that defendant has a vehicle for obtaining these documents. (Id. at 19.)

Further, the Magistrate Judge found that there is no indication that there was a disclosure of these documents by the Swiss Prosecutor that undermined the plaintiffs' reasonable expectation of confidentiality. (Id.) Therefore, the Magistrate Judge declined to find that plaintiffs had waived the work product privilege.[1] (Id.)

The Magistrate Judge also found that he could not assess the relevancy of the documents due to the current stage of the pleadings. (Id. at 21.) At the time the Magistrate Judge entered his Order, this Court had dismissed plaintiffs' federal claims and it was unknown whether plaintiffs would file a Second Amended Complaint and what the scope of the claims and defenses would be. (Id.)

In her Objection, defendant asserts that the Magistrate Judge's Order is clearly erroneous because it relied on clearly erroneous factual findings in support of the Court's denial. (Doc. #537, p. 9.) Defendant makes three main assertions: that the Magistrate Judge erred (1) in finding that nothing in the record demonstrates that plaintiffs voluntarily provided work-product materials to United States or Swiss authorities to incite

---

[1] The Magistrate Judge made additional findings in regard to three reports sought by Defendant. (Doc. #526, p. 19.) These, however, are not specifically the subject of defendant's Objection.

an attack on Ms. Devine; (2) in finding that there was no indication in the record that the Swiss Prosecutor had disclosed any putative work-product documents in a manner that would undermine plaintiff's expectation of confidentiality; and (3) by improperly applying the law regarding implied waiver of the work-product doctrine. (Id. at 9-18.)

### 1) Voluntary Production to Incite an Attack

First, defendant asserts that the Magistrate Judge erred in finding that nothing in the record demonstrates that plaintiffs voluntarily provided work-product materials to United States or Swiss authorities to incite an attack on Ms. Devine. (Id.) Specifically, defendant asserts that "[t]he failure to require Plaintiffs to specify what work-product material they shared, with whom they shared it, and when and under what circumstances they provided it to each governmental agency, was clearly erroneous." (Id. at 9-10.) Defendant asserts that the criminal complaint provided to the Swiss Prosecutor was work product because it "reveals Plaintiffs' counsels' understanding of this case," plaintiffs have conceded to this Court that they provided work-product materials to governmental agencies, and plaintiffs' February 18, 2014 and April 29, 2014 letters to the Swiss Prosecutor were also work product. (Id. at 10-12.)

Plaintiffs respond that the Magistrate Judge's primary ruling was that he could not assess the relevance of defendant's document requests at this time and that defendant has not challenged this ruling. (Doc. #549, pp. 4-5.) Plaintiffs point out that they have never asserted that the criminal complaint nor the two letters were work product, that these specific documents have either been filed on the public docket in this matter or are in defendant's possession, and any attempt to assert that these instances justify a broad waiver of work-product privilege fails. (Id. at 7-8.)

The Court finds that the Magistrate Judge's ruling declining to find a waiver of the asserted work-product privilege to be neither clearly erroneous nor contrary to the law. Defendant relies on the criminal complaint submitted to the Swiss Prosecutor dated May 26, 2015 and two letters to the Swiss Prosecutor dated February 18, 2014 and April 29, 2014. (Doc. #537, pp. 10-12.) It is clear, however, that the Swiss Prosecutor initiated the investigation into Florian Homm and defendant well before these dates. (See Docs. ##27-14 to -16.) Therefore, the Court finds that even if these documents were work product [2] that were

---

[2] Plaintiffs are not claiming that the complaint and two letters are work product and defendant does not dispute that she either has access to these documents or she has them in her possession already.

voluntarily submitted to the Swiss Prosecutor, they were not submitted to incite an attack on defendant. An investigation into the penny stock scheme allegedly perpetrated by defendant and Florian Homm was already underway. See RMS of Wis., Inc. v. Shea-Kiewit Joint Venture, No. 13-CV-1071, 2015 WL 3454272, at *2 (E.D. Wis. June 1, 2015) ("[I]in cases where the government is already investigating the adversary and the government and the one claiming work product protection have a 'common interest' and a 'reasonable expectation that confidentiality of the communications would be preserved,' there is authority supporting no waiver." (citation omitted)); E.I. Du Pont de Nemours and Co. v. Kolon Indus., Inc., 76 Fed. R. Serv. 3d 453 (E.D. Va. 2010) (finding no waiver where documents were sent after government had initiated its investigation, the producing party and the government shared a common interest, and there was a reasonable expectation of confidentiality); Info. Res., Inc. v. Dun & Bradstreet Corp., 999 F. Supp. 591, 593 (S.D.N.Y. 1998) (finding waiver of work product protection where "plaintiff sought to persuade uncommitted agencies to initiate actions which would disadvantage its competitor and perhaps provide plaintiff with the advantages of collateral estoppel from a governmentally-litigated favorable judgment, or at least useful evidence from a

governmental authority's investigation"). Accordingly, this portion of defendant's Objection is overruled.

### 2) Indication that Production of Documents Undermined Plaintiffs' Expectation of Confidentiality

Defendant also asserts that the Magistrate Judge erred by finding no indication in the record that the Swiss Prosecutor has disclosed any putative work-product documents in a manner that would undermine plaintiffs' reasonable expectation of confidentiality. (Doc. #537, pp. 13-14.) Specifically, defendant asserts that the fact that plaintiffs' January 22, 2014 and April 29, 2014 letters to the Swiss Prosecutor were eventually provided to Ms. Devine "eviscerates the notion that Plaintiffs' reasonable expectations of privacy as to the letters – privacy that Plaintiffs explicitly requested from the Swiss Prosecutor – were not undermined." (Id. at 13.) Defendant also asserts that the Magistrate Judge's finding is further underscored by his own assertion that defendant has the same access to the documents in the Swiss file as the plaintiffs do. (Id. at 14.) Plaintiffs respond that defendant has waived this argument because she did not discuss these letters in her briefing to the Magistrate Judge, and even assuming this was properly before the Court, the disclosure of one document does not waive the privilege as to other documents. (Doc. #549, pp. 9-11.)

The Court finds that the Magistrate Judge's ruling is neither clearly erroneous nor contrary to the law. Defendant makes the blanket assertion that because "both letters eventually were provided to Ms. Devine obviously eviscerates the notion that Plaintiffs' reasonable expectations of privacy as to the letters – privacy that Plaintiffs explicitly requested from the Swiss Prosecutor – were not undermined." (Doc. #537, p. 13.) However, defendant does not outright say that the Swiss Prosecutor provided these documents to her. And the fact that plaintiff eventually came into possession of these letters does not support a finding that plaintiffs did not have a reasonable expectation of confidentiality in the documents claimed to be work product that were produced to the Swiss Prosecutor. Defendant has not identified any documents provided to her by the Swiss Prosecutor that the plaintiffs claim to be protected by the work-product privilege to support her claim that plaintiffs did not have a reasonable expectation in the work-product documents.

Even assuming that these documents were placed in the Swiss file, to which defendant obtained access, the Court still does not find the Magistrate Judge's ruling to be erroneous or contrary to the law. When there are common interests between the transferor and the transferee against a common adversary, as there are in this case, "the transferee is not at all likely to disclose

the work product material to the adversary." United States v. AT&T, 642 F.2d 1285, 1299 (D.C. Cir. 1980). Under these circumstances, a confidentiality agreement is not essential to prevent waiver, but it can make "the case against waiver [] even stronger." Id. Here, not only did plaintiffs and the Swiss Prosecutor have common interests against a common adversary, the plaintiffs also requested, at least in two letters, to the extent permitted by law, that the Swiss Prosecutor refrain from communicating certain information to defendant. Defendant has not identified one document claimed to be protected work product that was produced by the Swiss Prosecutor to defendant. Accordingly, this portion of the Objection is overruled.

### 3) The Appropriate Law Regarding Implied Waiver of Work-Product Privilege

Defendant next asserts that the Magistrate Judge erred by "improperly applying the law regarding implied waiver of the work product doctrine." (Doc. #537, pp. 14-18.) Specifically, defendant asserts that the Magistrate Judge focused on whether the plaintiffs and the government entities were adversaries when the appropriate inquiry is "whether the disclosure at issue was inconsistent with the maintenance of secrecy from the *disclosing party's adversary*." (Id. at 14-15 (emphasis in original) (citation omitted) (internal quotation marks omitted)). Defendant claims that because the Swiss Prosecutor was a "conduit to an adversary"

who eventually disclosed at least some of the work product materials to defendant, the work product privilege was waived. (Id. at 14-18.) Plaintiffs respond that defendant's argument completely overlooks the portion of the Magistrate Judge's decision where he explicitly discussed within the legal standard that voluntary disclosure to an adversary or a conduit to an adversary results in a waiver of the work-product protection. (Doc. #549, pp. 11-13.)

The Court agrees with plaintiffs and finds the Magistrate Judge's ruling to be neither clearly erroneous nor contrary to the law. In his Order, the Magistrate Judge explicitly stated that "the voluntary disclosure of attorney work product to an adversary *or a conduit* to an adversary waives work-product protection for that material." (Doc. #526, p. 11 (citation omitted)). Further, it is clear that the Swiss Prosecutor and defendant are adversaries as defendant is/was the target of an investigation by the Swiss Prosecutor. See Westinghouse Elec. Corp. v. Republic of Philippines, 951 F.2d 1414, 1428 (3d Cir. 1991) (discussing that a target of an investigation results in an adversarial relationship between the target and the investigating agency).

Accordingly, the Court overrules this portion of the Objection. Further, as stated within the Magistrate Judge's

standard, the disclosure of these materials that are ultimately revealed to the adversary results in the waiver "for that material." Plaintiffs are not claiming work-product privilege for the letters that defendant refers to.

**B. Second Motion to Compel (Doc. #321)**

The Magistrate Judge's Order on defendant's Second Motion to Compel related to the defendant's request to compel responses to "Document Request Nos. 8, 13, 98, 122, 201, and 206." (Doc. #526, p. 22.) In response to those requests, plaintiffs asserted that the responsive documents are privileged. (Doc. #321, pp. 4-6.) Defendant moved to compel those responses, asserting that plaintiffs had waived their attorney-client privilege as to the responsive documents by asserting fraudulent concealment and lack of knowledge of their injury. (Doc. #526, pp. 22-23.)

The Magistrate Judge noted that most of plaintiffs' claims have been dismissed, and only plaintiffs' claim for unjust enrichment remains. (Id. at 24.) He stated that despite the dismissal of the other claims, defendant's contention that plaintiffs waived their applicable privileges applies to the unjust enrichment allegations. (Id.)

The Magistrate Judge then began his analysis by discussing the "seminal case" of Cox v. Administrator United States Steel & Carnegie, 17 F.3d 1386 (11th Cir.), opinion modified on other

grounds, 30 F.3d 1347 (11th Cir. 1994). (Doc. #526, p. 24.)
Applying the standard as set forth in Cox, the Magistrate Judge
found that "Plaintiffs have not waived any applicable privilege."
(Id. at 25.) The Magistrate Judge based his determination that
plaintiffs had not waived any privilege on Federal Rule of Civil
Procedure 11(b), which requires a reasonable inquiry for all
pleadings submitted to the Court, and his finding that there was
no indication that plaintiffs intended to rely on confidential
communications in proving their claims. (Id. at 26.)

Defendants assert that the Magistrate Judge improperly
applied the narrow view of Rhone's[3] waiver-by-implication doctrine
to the case at hand, and that the Eleventh Circuit's decision in
Cox contains the determinative law regarding plaintiffs' waiver
of their attorney-client privilege. (Doc. #537, pp. 18-19.)
Plaintiffs respond that defendant is incorrect and the Magistrate
Judge did in fact rely primarily on the Eleventh Circuit's
decision in Cox and discussed the case in detail. (Doc. #549,
pp. 13-17.) As to Rhone, plaintiffs state that the Magistrate
Judge indicated that the decision had not been expressly adopted
by the Eleventh Circuit, but found it instructive. (Id. at 16.)
Plaintiffs also assert that their allegation of fraudulent

---

[3] Rhone-Poulenc Rorer Inc. v. Home Indemnity Co., 32 F.3d 851
(3d Cir. 1994).

concealment does not waive their attorney-client privilege. (<u>Id.</u> at 16-17.)

The Court first notes that the Magistrate Judge based his determination on the Eleventh Circuit's decision in <u>Cox</u>. (Doc. #526, pp. 24-26.) Only after the Magistrate Judge determined that, under <u>Cox</u>, plaintiffs had not "injected their counsels' investigation into the litigation such that it in fairness requires disclosure of otherwise confidential communications," (<u>id.</u> at 26 (citing <u>Cox</u>, 17 F.3d at 1419)), did the Magistrate Judge discuss the Third Circuit's decision in <u>Rhone-Poulenc Rorer Inc. v. Home Indemnity Co.</u>, 32 F.3d 851 (3d Cir. 1994), as it had been discussed by both parties in their briefs, (Doc. #526, pp. 26-29). While the Magistrate Judge found his ruling to also be consistent with <u>Rhone</u>, contrary to what defendant suggests, the Magistrate Judge did not base his decision on the Third Circuit's decision. For this reason, the Court finds this ruling to neither be erroneous nor contrary to the law and overrules this portion of the defendant's Objection.

### C. Third Motion to Compel (Doc. #322)

Defendant's Third Motion to Compel sought information related to a settlement agreement between plaintiffs and a non-party. (Doc. #526, p. 29.) Defendant asserted that the settlement agreement is critical to determining what plaintiffs knew and

when.  (Id. at 29-30.)  Plaintiffs opposed the request asserting that the motion should be denied as untimely and that the settlement agreement is not relevant.  Alternatively, plaintiffs requested the Magistrate Judge to review the settlement agreement *in camera*.  (Id. at 30.)

The Magistrate Judge held that he could not properly determine the relevance of the settlement agreement at that time due to the possibility that plaintiffs may file a Second Amended Complaint.  (Id.)  Therefore, the Magistrate Judge denied the Motion to Compel without prejudice, indicating that defendant may file a renewed motion to compel after plaintiffs filed a Second Amended Complaint.  (Id.)

Defendant now asserts that the Magistrate Judge erred in concluding that he could not determine the relevance of the settlement agreement.  (Doc. #537, pp. 21-22.)  Plaintiffs respond that the Magistrate Judge's ruling was not erroneous and defendant is free to file a renewed motion.  (Doc. #549, p. 18.)

The Court finds the Magistrate Judge's Order to be neither erroneous nor contrary to the law.  Now that plaintiffs have indicated they will only be proceeding on their unjust enrichment claim, the Magistrate Judge will be able to analyze the scope of the claims and defenses and defendant is free to file a renewed motion seeking to compel the production of the settlement

agreement. Accordingly, this portion of defendant's Objection is also overruled.

Accordingly, it is now

ORDERED:

Defendant's Objection to Order Denying Defendant's First, Second, and Third Motions to Compel (Doc. #537) is **OVERRULED.**

**DONE and ORDERED** at Fort Myers, Florida, this __8th__ day of May, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE



Copies: Counsel of Record