UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ABSOLUTE ACTIVIST VALUE MASTER FUND LIMITED, ABSOLUTE EAST WEST FUND LIMITED, ABSOLUTE EAST WEST MASTER FUND LIMITED, ABSOLUTE EUROPEAN CATALYST FUND LIMITED, ABSOLUTE GERMANY FUND LIMITED, ABSOLUTE INDIA FUND LIMITED, ABSOLUTE OCTANE FUND LIMITED, ABSOLUTE OCTANE MASTER FUND LIMITED, and ABSOLUTE RETURN EUROPE FUND LIMITED,

    Plaintiffs,

v.                                  Case No: 2:15-cv-328-FtM-29MRM

SUSAN ELAINE DEVINE,

    Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Reconsideration of Court's Order Denying Her Motion to Dissolve Temporary Restraining Order (Doc. #380) filed on May 17, 2016. Plaintiffs filed a Response (Doc. #408) on June 14, 2016.

**I.**

On June 1, 2015, plaintiffs filed a six-count Complaint against Ms. Susan Devine ("Devine") alleging that Devine engaged in a money laundering enterprise with her ex-husband, Florian Homm, to conceal tens of millions of dollars fraudulently taken from the

plaintiffs pursuant to an illegal "Penny Stock Scheme." (Doc. #2.) Plaintiffs' initial and Amended Complaint asserted claims against Devine for: (1) Violation of RICO, 18 U.S.C. § 1962(c); (2) RICO Conspiracy, 18 U.S.C. § 1962(d); (3) Florida RICO and Civil Remedies for Criminal Activities; (4) Florida RICO and Florida Civil Remedies for Criminal Activities—Conspiracy; (5) Unjust Enrichment; and (6) Constructive Trust. (Docs. ##2, 196.) Concurrently with the filing of the initial Complaint, plaintiffs filed an *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction seeking to "restrain[] Devine from transferring or dissipating any and all assets in her name or under her control." (Doc. #3, p. 10.)

On July 1, 2015, this Court entered an Order granting plaintiffs' Motion for Temporary Restraining Order. (Doc. # 10.) The Temporary Restraining Order ("TRO") contained the following language:

> Defendant Susan Elaine Devine, her officers, agents, servants, and employees and any persons in active concert or participation with them are temporarily restrained and enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any money or other of Devine's assets, including: (i) any assets located in bank accounts or other financial accounts in Devine's name (or for her benefit or the benefit of her children) or the names of foundations benefitting or controlled by Devine, including but not limited to any

> account of Brek Stiftung, Loyr Stiftung, Hosifa Stiftung, Floma Foundation, and/or Levanne Stiftung, or otherwise under her direct or indirect control; (ii) Devine's residence in Naples Florida; and (iii) any other assets of any type, and in any form, held by Devine, or under her direct or indirect control, anywhere in the world.

(Id. at 66-67.)  Additionally, the Court ordered Devine to produce "documents sufficient to identify all assets, anywhere in the world, currently under her direct or indirect control." (Id. at 68.)  In response, Devine produced a list of eighty-two individually identified assets, eleven of which were shown as being held by Devine for the benefit of her children, Isabella Devine ("Isabella") and/or Conrad Homm ("Conrad"). (Docs. ##116-1, 130-1.)

The TRO was initially in place for a period of fourteen days and has since been modified (see, e.g., Docs. ##68, 76, 198, 230, 233, 275, 313, 333, 445, 556) and, pursuant to agreement of the parties, extended through the trial on the merits, (Docs. ##81, 83).  On September 29, 2015, defendant moved to dissolve the TRO (Doc. #96), which this Court denied on April 19, 2016 (Doc. #368).  On May 17, 2016, defendant sought reconsideration of the Court's Order denying her Motion to Dissolve Temporary Restraining Order, (Doc. #380), and on May 19, 2017 defendant filed a Notice of

- 3 -

Interlocutory Appeal of the Court's Order denying her Motion to Dissolve Temporary Restraining Order (Doc. #383).[1]

On February 8, 2017, the Court granted in part and denied in part defendant's Motion to Dismiss Amended Complaint, dismissing without prejudice plaintiffs' federal and Florida RICO claims and dismissing with prejudice plaintiffs' constructive trust claim, leaving only the unjust enrichment claim remaining. (Doc. #521.) The Court allowed plaintiffs twenty-one days to amend, should they desire. (Id.) On February 28, 2017, plaintiffs notified the Court that they would be proceeding on their sole remaining state law claim of unjust enrichment.[2] (Doc. #527.)

**II.**

"As a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal." Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003) (citing Griggs v. Provident Consumer Disc. Co., 459

---

[1] It was just brought to the Court's attention that the Eleventh Circuit Court of Appeal stayed briefing pending this Court's resolution of the Motion for Reconsideration. (Doc. #539, p. 3 n.2.)

[2] The Court directed plaintiffs to file a Second Amended Complaint containing only their unjust enrichment claim and the related allegations. (Doc. #559.) On May 15, 2017, plaintiffs filed a Second Amended Complaint, the operative pleading before the Court. (Doc. #560.)

Defendant has since again moved to dissolve the *Ex Parte* TRO. (Doc. #530.) This motion is currently pending before the Court.

U.S. 56, 58 (1982)). The filing of a notice of appeal does not, however, "prevent the district court from taking action 'in furtherance of the appeal,'" id. (quoting Lairsey v. Advance Abrasives Co., 542 F.2d 928, 930 (5th Cir. 1976)), nor from "entertaining motions on matters collateral to those at issue on appeal," id. (citation omitted). Even after the filing of a notice of appeal, district courts retain jurisdiction to entertain or deny a Rule 60(b) motion because the court's action is in furtherance of the appeal. Id. at 1180 (citation omitted). The jurisdiction is limited to denying the Rule 60(b) motion and "following the filing of a notice of appeal district courts do not possess jurisdiction to grant a Rule 60(b) motion." Id.

> Accordingly, a district court presented with a Rule 60(b) motion after a notice of appeal has been filed should consider the motion and assess its merits. It may then deny the motion or indicate its belief that the arguments raised are meritorious. If the district court selects the latter course, the movant may then petition the court of appeals to remand the matter so as to confer jurisdiction on the district court to grant the motion.

Id.

Therefore, because defendant has filed her Motion for Reconsideration pursuant to Rule 60(b), this Court has jurisdiction to entertain and deny the motion or indicate its belief that the arguments are meritorious.

### III.

Reconsideration of a court's previous order is an

extraordinary remedy, and reconsideration is a power to be "used sparingly." United States ex rel. Mastej v. Health Mgmt. Assocs., Inc., 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012). In particular, motions filed under Rule 60(b)(6)'s "catch-all" provision "must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." Galbert v. W. Caribbean Airways, 715 F.3d 1290, 1294 (11th Cir. 2013) (citation omitted). The movant has the burden of showing such extraordinary circumstances. Mastej, 869 F. Supp. 2d at 1348.

A motion for reconsideration does not provide an opportunity to argue for the first time a new issue that could have been raised previously, or to argue more vociferously an issue the Court has previously decided. Id. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). When the Court has carefully considered the relevant issues and rendered its decision, "the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." Mastej, 869 F. Supp. 2d at 1348 (citations omitted). Accordingly, a motion to reconsider should set forth material facts previously unknown to the party seeking reconsideration or direct the Court's attention to "law of a strongly convincing nature to demonstrate to the court the reason

to reverse its prior decision." Id. (citations omitted).

Defendant seeks reconsideration of the Court's ruling on the following issues:

> (1) The incorrect legal standard for tracing was applied, and the tracing analysis was predicated on errors of fact and erroneous applications of law to fact;
> (2) No authority exists under Florida law to restrain Ms. Devine's assets on the basis of unjust enrichment, for controlling precedent in this Circuit establishes that Florida does not recognize a claim for unjust enrichment predicated on wrongful or tortious conduct;
> (3) No authority exists under Florida law to restrain Ms. Devine's assets on the basis of Florida RICO, for controlling precedent in this Circuit establishes that Florida law does not apply extraterritorially;
> (4) No authority exists under the federal RICO statute to restrain any of Ms. Devine's assets, for federal RICO does not apply extraterritorially;
> (5) No authority exists under the RICO statutes to restrain assets because Plaintiffs' RICO claims (and the predicate acts they rely upon) are barred by the PSLRA; and
> (6) No authority exists to restrain assets located outside of this judicial district, for this Court has no authority to determine Plaintiffs' title to such assets.

(Doc. #380, p. 2.)

Defendant's arguments in her Motion for Reconsideration relating to issues 3, 4, and 5 will be **denied as moot** as plaintiffs' federal and Florida RICO claims have been dismissed from this action. (Docs. ##521, 527.) Following the Court's dismissal of Counts I, II, III, IV, and VI, defendant has again moved to dissolve the TRO on the basis that the dismissal of these counts

substantially changed the posture of the case and now justifies the dissolution of the TRO on the grounds set forth in her currently-pending Motion to Dissolve *Ex Parte* Temporary Restraining Order Based on Court's Dismissal of Counts I, II, III, IV, and VI of Plaintiff's Amended Complaint. (Doc. #530.) The Court agrees the posture of this matter has substantially changed as a result of the dismissal of the federal counts and the filing of the Second Amended Complaint, will consider the issues raised in defendant's Motion to Dissolve Ex Parte Temporary Restraining Order Based on Court's Dismissal of Counts I, II, III, IV, and VI of Plaintiffs' Amended Complaint (Doc. #530), and finds that the original Motion to Dissolve (Doc. #96) and Motion for Reconsideration (Doc. #380) have become moot.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Reconsideration of Court's Order Denying Her Motion to Dissolve Temporary Restraining Order (Doc. #380) is **DENIED as moot.**

**DONE and ORDERED** at Fort Myers, Florida, this __25th__ day of July, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record