```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ABSOLUTE ACTIVIST VALUE
MASTER FUND LIMITED,
ABSOLUTE EAST WEST FUND
LIMITED, ABSOLUTE EAST WEST
MASTER FUND LIMITED,
ABSOLUTE EUROPEAN CATALYST
FUND LIMITED, ABSOLUTE
GERMANY FUND LIMITED,
ABSOLUTE INDIA FUND LIMITED,
ABSOLUTE OCTANE FUND
LIMITED, ABSOLUTE OCTANE
MASTER FUND LIMITED, and
ABSOLUTE RETURN EUROPE FUND
LIMITED,

     Plaintiffs,

v.                              Case No: 2:15-cv-328-FtM-29MRM

SUSAN ELAINE DEVINE,

     Defendant.

_____

## **OPINION AND ORDER**

    This matter comes before the Court on plaintiffs' Emergency Motion for a Stay of the Court's July 25, 2017 Order (Doc. #577) filed on July 26, 2017. Defendant filed a Response (Doc. #596) on August 9, 2017.

    On July 25, 2017, the Court entered an Order dissolving a Temporary Restraining Order entered on July 1, 2015 that restrained virtually all of the assets held by, or under the control of, defendant Susan Devine. (Doc. #575.) On July 26, 2017, plaintiffs filed a Notice of Interlocutory Appeal (Doc. #577) and

an Emergency Motion to Stay the Court's July 25, 2017 Order (Doc. #578). In their Motion to Stay, plaintiffs request two things: (1) a stay of the Court's July 25, 2017 Order until defendant has a chance to respond to their Motion to Stay and the Court rules thereon; and (2) a stay of the Court's July 25, 2017 Order pending their appeal of the Court's July 25, 2017 Order. (Id.)

On July 26, 2017, this Court entered an Order denying a stay pending this Court's decision on Motion to Stay, but taking under advisement the remainder of the motion. (Doc. #582.) On July 28, 2017, the Eleventh Circuit entered an Order temporarily staying this Court's July 25, 2017 Order dissolving the TRO pending their (the Eleventh Circuit's) resolution of Appellants' Emergency Motion to Stay District Court Order Pending Appeal. (Doc. #590.) Then, on October 3, 2017, the Eleventh Circuit entered an Order clarifying that the dissolution of the TRO will be stayed pending the District Court's Order on the Motion to Stay and their (the Eleventh Circuit's) Order following issuance of the District Court's Order. (Absolute Activist Value Master v. Devine, No. #17-13364 (11th Cir. Oct. 3, 2017)).

**I.**

A stay pending appeal under Federal Rule of Civil Procedure 62 is considered extraordinary relief for which the moving party bears a heavy burden. Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986). In determining whether the issuance of

a stay is warranted, courts consider (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

**A. Likelihood of Success on Appeal**

The plaintiffs assert various arguments as to why they are likely to succeed on the appeal of the Order dissolving the TRO, including: (1) the Court previously stated that the unjust enrichment claim supported the TRO; (2) the Court erred in finding the funds had been commingled, and if they had been commingled, it was with bad funds; (3) plaintiffs were precluded from having a hearing on the preliminary injunction due to Devine's stipulation to extend the TRO; (4) the discovery received from third-party financial institutions establishes sufficient tracing to support a constructive trust; (5) plaintiffs could have made a showing that they are likely to succeed on their request for a constructive trust had the Court indicated its prior analysis would change; and (6) equitable and preliminary injunctive relief are available for plaintiffs' unjust enrichment claim. (Doc. #577, pp. 3-9.) Devine disagrees with each argument presented. (Doc. #596, pp. 4-16.)

**1. Change in Circumstances**

Plaintiffs first briefly assert that there was no change in circumstances to justify the dissolution because this Court previously held that the unjust enrichment claim also supported the TRO. (Doc. #577, pp. 3-4.)

The Court finds there was a sufficient change in circumstances due to the dismissal of all of the claims arising under federal law, resulting the case proceeding based off of diversity jurisdiction with one Florida state law claim. Further, in the Order dissolving the TRO, it was explicitly acknowledged that the Court had previously described a Florida claim for unjust enrichment as equitable, although upon a closer analysis of the case law on point, it is deemed an action at law under Florida law. (Doc. #575, p. 14 n.8.) Therefore, the Court does not find that plaintiffs have established a likelihood of success on appeal on this basis.

**2. Commingled Funds**

Plaintiffs next assert that the Court incorrectly found that the funds were commingled, thereby precluding the imposition of a constructive trust. (Doc. #577, pp. 4-5.) Plaintiffs assert that the cases relied upon by the Court involved mixing good funds with bad funds, whereas here bad funds were mixed with bad funds. (Id.)

Plaintiffs fail to cite any case law on point to support this assertion. The Court finds that even if the funds were mixed with

bad funds, they were still commingled resulting in the inability to determine which funds actually came from the alleged illegal activity and were derived from the plaintiffs. Therefore, the Court does not find that plaintiffs have established a likelihood of success on appeal on this basis.

### 3. Stipulation of Extension

Plaintiffs next assert that it was Devine's strategic decision to stipulate to the TRO, thereby foregoing her right to a prompt hearing where tracing evidence could be examined. (Id. at 5.)

The Court disagrees. Plaintiffs were not blindsided by the Order that was issued by this Court dissolving the TRO. Instead, plaintiffs had ample opportunity to respond and assert their arguments and evidence of tracing. (Docs. ##539, 553.) They were clearly aware that defendant was asserting that there was not sufficient tracing to support the constructive trust and had the ability to rebut this assertion. Therefore, the Court does not find that plaintiffs have established a likelihood of success on appeal on this basis.

### 4. Tracing of Penny Stock Proceeds to Support Constructive Trust

Plaintiffs assert that earlier this month they submitted to Devine an expert report that demonstrates tracing of Penny Stock Scheme proceeds to almost all of the bank accounts. (Doc. #577, p. 6.)

The Court notes that the expert report was filed with the Court on July 28, 2017 (Doc. #588), after the Court had entered its order dissolving the Temporary Restraining Order on July 25, 2017 (Doc. #575). Even when this report is considered, plaintiffs have not established a likelihood of success on the merits such that a TRO based solely on a claim of unjust enrichment should be continued.

### 5. Availability of Equitable and Preliminary Injunctive Relief

Plaintiffs argue that the Court erred in looking to Florida law in determining whether preliminary injunctive relief was available for the state cause of action. (Doc. #577, pp. 6-7.)

As stated previously, Ferrero v. Associated Materials, Inc. clearly holds that Rule 65 is procedural and, in determining whether a federal court should issue an injunction, the four part test set forth in Rule 65 is applied, even in diversity cases. 923 F.2d 1441, 1448-49 (11th Cir. 1991). Even jumping straight into a Rule 65 analysis, without consideration of whether the state court would permit a preliminary injunction for the cause of action, the Court finds that plaintiffs are not likely to succeed on appeal because they cannot establish the first two prongs of the preliminary injunction test.

The sole remaining cause of action is for unjust enrichment under Florida law. Florida law provides that unjust enrichment

is an action at law.[1] Land Title Guarantee Co. v. Downs, No. 6:12-cv-485-Orl-28GJK, 2012 WL 1326232, at *1 (M.D. Fla. Apr. 17, 2012) ("Under Florida law, however, 'counts for conversion and unjust enrichment [are] both actions at law,' at least when the property alleged to have been converted and the benefit conferred unjustly are money." (alteration in original) (citation omitted)). (See Doc. #575, p. 14.) Plaintiffs have requested the following relief for their unjust enrichment claim: permanent injunction, accounting, disgorgement, and imposition of a constructive trust. (Doc. #560, pp. 98-99.) Regardless of how these types of relief are classified, under Florida law, equitable relief is unavailable because unjust enrichment is an action and law and what plaintiffs are really requesting are money damages. In the Order dissolving the TRO, the Court cited Florida cases for the proposition that preliminary injunctive relief is not available for state law claims of Florida unjust enrichment like the one presented here because said claims are actions at law for which, under Florida law, monetary relief is adequate. (Doc. #575, pp. 14-15.) It follows that because the claims are adequately compensated by monetary

---

[1] This position has not been ruled upon by the Florida Supreme Court. Although the Florida Supreme Court has the jurisdiction to review questions certified to it by the Supreme Court of the United States or the United States Court of Appeals, it does not have jurisdiction to review questions certified by district courts. FLA. CONST. art. V, § 3(b)(6); Parry v. Outback Steakhouse of Fla., Inc., No. 8:06-CV-00804-T-17TBM, at *2 (M.D. Fla. Oct. 11, 2006).

relief that (1) plaintiffs are not likely to succeed in obtaining the relief they seek and (2) there is an adequate remedy at law.

Plaintiffs cite to cases in their Motion to Stay for the proposition that just because the relief requested may require one party to pay money to another does not automatically result in the relief being characterized as money damages. (Doc. #577, pp. 8-9.) The Court, however, does not find its Order dissolving the TRO in conflict with any of these cases. First of all, most of the cases cited deal with federal claims. See Bowen v. Massachusetts, 487 U.S. 879 (1988) (holding adjustment of federal grant amount is not characterized as an award of damages); CIGNA Corp. v. Amara, 563 U.S. 421, 439, 441-42 (2011) (holding order by court requiring plan administrator to pay money owed under the plan as equitable because of relationship being synonymous to that of a trustee); FTC v. GEM Merch. Corp., 87 F.3d 466 (11th Cir. 1996) (examining equitable remedies under the Federal Trade Commission Act); Levi Strauss & Co. v. Sunrise Int'l Trading, Inc., 51 F.3d 982 (11th Cir. 1995) (examining claims under the Lanham Act). Secondly, the only one that has state causes of action looks to the law of the state in determining what relief is available. Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc., 14 F.3d 1507, 1518-20 (11th Cir. 1994) (looking to Georgia law to see whether equitable relief is a viable remedy for a state law cause of action). Further, the cases that discuss that the

payment of money can be classified as equitable relief each state that under certain circumstances, when specific monies are sought to be returned, the relief may properly be classified as equitable. CIGNA Corp., 563 U.S. at 439; Levi Strauss & Co., 51 F.3d at 897; Mitsubishi Int'l Corp., 14 F.3d at 1521. The Court has explained why this has not been established here.

It is clear that in Florida the imposition of a constructive trust may be viable equitable relief for an unjust enrichment claim. Here, however, the evidence presented to the Court fails to establish a likelihood of tracing sufficient to support this remedy of a constructive trust. The Court clearly stated that it did not hold that it would be impossible for plaintiffs to establish the tracing necessary to recover under this theory, just that, at this time, two years into the litigation, plaintiffs had not met the standard sufficient to show a substantial likelihood of success on this claim sufficient to support the continuance of the TRO. (Doc. #575, p. 18 n.10.)

Plaintiffs continue to assert that they are entitled to preliminary injunctive relief pursuant to Federal Rule of Civil Procedure 65 in order to preserve equitable relief. However, this equitable relief is not available under Florida law for plaintiffs' unjust enrichment claim. To hold otherwise would allow plaintiffs to list remedies that are unavailable based on the state cause of action asserted for the sole purpose of obtaining the preliminary

injunctive relief that would not otherwise be available. Therefore, the Court does not find that there is a substantial likelihood that plaintiffs will succeed in having the TRO remain intact to preserve the remedies sought.

The Court finds that plaintiffs are not likely to succeed in having the TRO reinstated because they cannot establish the four prerequisites to such preliminary relief for the sole remaining state law unjust enrichment claim. Accordingly, the Court finds that plaintiffs are unlikely to succeed on their appeal. In light of plaintiffs' unlikelihood of success on appeal, the Court finds that the other factors do not support the issuance of a stay. See Garcia-Mir, 781 F.2d at 1453 (holding that likelihood of success on appeal is the most important factor in considering whether or not to issue a stay pending appeal). Accordingly, plaintiffs' motion for a stay pending appeal is denied.

Accordingly, it is hereby

**ORDERED:**

Plaintiffs' Emergency Motion for a Stay of the Court's July 25, 2017 Order (Doc. #577) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __17th__ day of November, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record