UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ABSOLUTE ACTIVIST VALUE
MASTER FUND LIMITED,
ABSOLUTE EAST WEST FUND
LIMITED, ABSOLUTE EAST WEST
MASTER FUND LIMITED,
ABSOLUTE EUROPEAN CATALYST
FUND LIMITED, ABSOLUTE
GERMANY FUND LIMITED,
ABSOLUTE INDIA FUND LIMITED,
ABSOLUTE OCTANE FUND
LIMITED, ABSOLUTE OCTANE
MASTER FUND LIMITED, and
ABSOLUTE RETURN EUROPE FUND
LIMITED,

     Plaintiffs,

v.                                 Case No: 2:15-cv-328-FtM-29MRM

SUSAN ELAINE DEVINE,

     Defendant.

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Reconsideration of Court's Opinion and Order Granting in Part and Denying in Part Her Motion for Award of Costs and Fees (Doc. #770) filed on August 29, 2019. Plaintiff filed a Memorandum in Opposition (Doc. #774) on September 12, 2019. Also before the Court is defendant's Amended Motion for Leave to Submit Attorney Billing records for *In Camera* Review (Doc. #772) and plaintiffs' Memorandum in Opposition (Doc. #774).

On August 1, 2019, the Court issued an Opinion and Order (Doc. #761) granting in part and denying in part defendant's Motion for Award of Costs and Fees.  The Court granted taxable costs and some non-taxable expenses pursuant to Fed. R. Civ. P. 37(d), but no attorney fees.  Under Rule 60(b),

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Defendant appears to rely solely on Rule 60(b)(6), and the Court finds that (1) through (5) do not apply, except as to the one issue of 'newly discovered evidence.' "Federal courts grant relief under Rule 60(b)(6) only for

extraordinary circumstances." Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1288 (11th Cir. 2000) (citation omitted). "Consequently, relief under Rule 60(b)(6) requires showing 'extraordinary circumstances' justifying the reopening of a final judgment." Arthur v. Thomas, 739 F.3d 611, 628 (11th Cir. 2014) (citations and quotation marks omitted). "The courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). "It is well established in this circuit that '[a]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration.'" Wallace v. Holder, 846 F. Supp. 2d 1245, 1248 (N.D. Ala. 2012) (citation omitted). Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988).

Defendant argues that it would be manifestly unjust to deny her: (1) the attorney fees pursuant to Rule 37(d) attributable exclusively to plaintiffs' failure to appear at the depositions; (2) an award pursuant to the Court's inherent authority for the

costs and attorneys' fees; and (3) an award for damages against the $10,000 TRO Bond.

**1. Attorney Fees under Rule 37(d)**

The Court found that defendant was entitled to fees and expenses as a sanction pursuant to Fed. R. Civ. P. 37(d) for the failure of plaintiff's counsel to attend properly noticed depositions. The Court noted that "Defendant incurred costs in the amount of $28,200.86 as a result of plaintiffs' failure to attend the depositions. (Doc. #742, ¶ 28.)" (Doc. #761, p. 26.) However, defendant did not provide any redacted billing statements to support this specific amount, and Matthew D. Lee's original Declaration instead offered "[t]o the extent that the Court wishes to examine Ms. Devine's counsels' unredacted billing records to verify that the sums cited herein are accurate, Ms. Devine will submit those records to the Court for in camera review." (Doc. #714, p. 7 n.2.) As a result, the Court allowed only $886.60 in expenses because it was "not inclined to carry the burden" of sifting through all the billable hours to determine which ones were attributable to the failure to attend the depositions.

Defendant argues that she "incurred – at a minimum – $3,750 in fees charged by her counsel for attorney time that is attributable exclusively" to the failure to appear. (Doc. #770, p. 5.) Defendant goes on to state that "her attorneys spent at

least eleven additional hours preparing a motion to compel." (Id.) Defendant argues that the records establish that she "incurred at least $8,843 in fees", and therefore reconsideration is warranted. (Id., p. 6.) Defendant's use of "at a minimum" and "at least" , and only now pointing out specific entries, see Doc. #770, p. 5 n. 4-5, reflects just how impossible it was for the Court to verify the hours to determine the reasonableness of the fees upon review of the original motion and reply. The Court declines to revisit the issue because there was no error, and it would be unjust to give defendant a second bite at the apple to justify the amount of fees.

**2. Inherent Authority**

The Court declined to impose sanctions pursuant to its inherent power to do so because "[a]lthough defendant continually raises this theory of bad faith and collusion, there is insufficient information to support the imposition of sanctions, even if plaintiffs were working with the Swiss government or collecting data for discovery in related cases." (Doc. #761, p. 29.) The Court found that this case did not rise to the level of Purchasing Power[1] "by any stretch of the imagination." (Id.)

---

[1] Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1223 (11th Cir. 2017).

Defendant argues that the Court incorrectly applied the law because as the litigation progressed, it at least became substantially motivated by plaintiffs' bad faith. Defendant argues that the Court failed to consider the evidence in the reply regarding the undisclosed existence of the private Swiss criminal complaint. Defendant cited to the Report of Lawrence J. Fox, a former chairman of the ABA Standing Committee on Ethics and Professional Responsibility, concluding that the concealment of the criminal complaint violated several ethics rules and effectuated a fraud on Defendant and the Court. (Doc. #770, pp. 11-12.) As additional proof, defendant points out plaintiffs' contrary positions in this case from the criminal complaint filed in Switzerland. Defendant argues that plaintiffs did engage in "purposely vexation behavior" towards her, and specifically after the Court's 2017 rulings despite the Court's denial of sanctions. (Id., p. 13.) The Court did in fact "assess that compelling evidence" presented by defendant, Doc. #770, p. 10, and simply disagreed that it was sufficient. This is not tantamount to an incorrect application of the law. Reconsideration is denied.

Defendant also submits "newly available evidence" supporting bad faith. (Id., pp. 16-17.) Defendant is admittedly not one of the individuals charged in a bill of indictment connected to the 135 Proceeding, but she is considered a third party with limited

rights.  Defendant argues that her assets remain restrained as a result of the indictment and will remain frozen while the Proceeding is pending before the Swiss Court of Criminal Affairs. On February 18, 2019, months before the Court issued its Opinion and Order, the Attorney General of Switzerland issue a note in the 135 Proceeding that the private criminal complaint initiated by plaintiffs would be transferred to another proceeding under a different Proceeding number but the Attorney General did not inform defendant's Swiss counsel of same.  (Doc. #770, pp. 17-18.) Defendant argues that it was not until April 2019, when her Swiss counsel learned of the new 1255 Proceeding, which has been suspended.  Defendant's Swiss counsel has appealed the new Proceeding which targets defendant as a result of the discovery in this case.  Defendant argues that this 'newly available evidence' shows that the collusion with the Attorney General of Switzerland is no longer conjecture.  (Id., p. 20.)  None of this information constitutes new evidence, and does not otherwise change the conclusion.  The Court finds it remains insufficient evidence to justify sanctions in *this* case.  The proceedings in Switzerland cannot form the basis for sanctions in this case.  The request for reconsideration is granted to the extent the Court considered the 'new evidence', but the request is otherwise denied.

### 3. The TRO Bond

On July 1, 2015, in a 69-page Opinion and Order (Doc. #10), the Court granted a temporary restraining order against defendant and directed plaintiffs to post a $10,000 bond. After several continuances, the Court consolidated the preliminary injunction hearing with the trial on the merits. (Doc. #83.) The Court modified the temporary restraining order several times to release funds as required, and on April 19, 2016, the Court denied a motion to dissolve the injunction. (Doc. #368.) Defendant filed an interlocutory appeal from this Opinion and Order. (Doc. #383.) The appeal was stayed pending a decision on a motion for reconsideration, which was denied as moot on July 25, 2017, after the dismissal of federal claims. (Doc. #574.) The injunction was dissolved because the Court found that plaintiffs were requesting monetary damages on the remaining state law claim for unjust enrichment, and Florida law precludes the injunctive relief to preserve the ultimate availability of otherwise unrestricted fund. (Doc. #575, pp. 15-16.) The Court found that the commingling of funds in accounts and difficulty in tracing assets meant that plaintiffs were substantially unlikely to prevail on the imposition of a constructive trust. The injunction was dissolved.

(Id., pp. 17-18.) The case and the interlocutory appeal were voluntarily dismissed. (Docs. ## 681, 682.)

Defendant points out that good faith in seeking the injunction is not sufficient to refuse damages on a bond under State of Ala. ex rel. Siegelman v. U.S. E.P.A., 925 F.2d 385, 390 (11th Cir. 1991). The case also stated that "good faith is a factor that should only be noteworthy when absent or when coupled with another basis for discharge." Id. An award of damages pursuant to an injunction bond rests in the sound discretion of the district court. City of Riviera Beach v. Lozman, 672 F. App'x 892, 895 (11th Cir. 2016). "To recover against an injunction bond, a party must prove that it was wrongfully enjoined and that its damages were proximately caused by the erroneously issued injunction." Milan Exp., Inc. v. Averitt Exp., Inc., 254 F.3d 966, 981 (11th Cir. 2001).

The Court found that the injunction was properly granted and that it was timely dissolved because the commingling of funds made the likelihood of success minimal. Therefore, the Court found good reason for not requiring damages to be paid by plaintiffs. (Doc. #761, p. 33.) As there is no finding that the injunction was improper or erroneously issued, the Court stands by the decision to deny the damages. Reconsideration is denied.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion for Leave to Submit Attorney Billing records for *In Camera* Review (Doc. #771) is **DENIED** as moot.

2. Defendant's Amended Motion for Leave to Submit Attorney Billing records for *In Camera* Review (Doc. #772) is **DENIED** as moot.

3. Defendant's Motion for Reconsideration of Court's Opinion and Order Granting in Part and Denying in Part Her Motion for Award of Costs and Fees (Doc. #770) is **GRANTED** to the extent reconsidered herein, and otherwise **DENIED** on the merits.

**DONE and ORDERED** at Fort Myers, Florida, this ___23rd___ day of September, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record