UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ABSOLUTE ACTIVIST VALUE
MASTER FUND LIMITED,
ABSOLUTE EAST WEST FUND
LIMITED, ABSOLUTE EAST WEST
MASTER FUND LIMITED,
ABSOLUTE EUROPEAN CATALYST
FUND LIMITED, ABSOLUTE
GERMANY FUND LIMITED,
ABSOLUTE INDIA FUND LIMITED,
ABSOLUTE OCTANE FUND
LIMITED, ABSOLUTE OCTANE
MASTER FUND LIMITED, and
ABSOLUTE RETURN EUROPE FUND
LIMITED,

        Plaintiffs,

v.                     Case No: 2:15-cv-328-FtM-29MRM

SUSAN ELAINE DEVINE,

        Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Emergency Motion for a Stay of the Court's January 10, 2020 Opinion and Order (Doc. #796) filed on January 17, 2020. Defendant filed a Notice of Appeal (Doc. #795) from the Opinion and Order (Doc. #794), which directed defendant to comply with the terms of the Protective Order, and seeks a stay pending resolution of her appeal. Plaintiffs filed an Opposition (Doc. #798) on January 21, 2020. For the reasons set forth below, the motion is denied.

It is well-settled that:

> the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). "[T]he factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987) (collecting cases). Even without a showing of a likelihood of success on the merits, a stay may be granted if the balance of the equities weighs heavily in favor of granting the stay. Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986). The Court finds that defendant has established none of the factors required to justify a stay.

The Court finds that defendant is not likely to prevail on the merits on appeal. The substantive litigation in this case has long concluded, and it is clear that the Court had the authority to modify its own Protective Order, both explicitly (Doc. #64, p. 8, ¶ 19), and inherently. Indeed, defendant had requested a significant modification by the Court, which the Court declined.

Additionally, defendant mis-reads the Court's Opinion and Order to the extent she argues that the Court modified paragraph 14 of the Protective Order by narrowing its parameters to an MLAT proceeding. Under paragraph 14 of the Protective Order, the parties may disclose discovery materials marked confidential if necessary to comply with a subpoena or order of any court, or based on a request for information from any criminal authority. By accepting plaintiffs' offer to retain a copy of the confidential information "until the conclusion of the Swiss proceedings so that those materials will be available should the Swiss seek to obtain them through an MLAT proceeding", the Court did not narrow or modify paragraph 14. The Court simply imposed an additional obligation not previously required. Plaintiffs were ordered to retain a copy of the Confidential documents "until the conclusion of the Swiss proceedings" in case they are requested by the Swiss. The Court did not limit the retention to an MLAT proceeding.

The Court also finds that defendant will not suffer irreparable injury if a stay is denied. While the Court has mitigated potential injury by accepting plaintiffs' offer to maintain copies of the Confidential Material, the Court will further mitigate potential injury by requiring defendant to deposit its copy of the Confidential Material under seal with the Clerk of the Court pending the appeal. While plaintiffs have a substantial interest in either retrieving their Confidential

Material or ensuring that it has been destroyed, the Court finds they will not suffer substantial harm by having the documents maintained under seal by the Clerk of the Court. The Court further finds that no public policy is implicated by denial of a stay or custody of the material by the Clerk of the Court.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Emergency Motion for a Stay of the Court's January 10, 2020 Opinion and Order (Doc. #796) is **DENIED.**

2. Defendant shall deposit under seal her copy of the Confidential documents which are subject to the Protective Order with the Clerk's Office **on or before January 24, 2020.** Each package or container of documents shall be identified with the caption of the case and a prominent indication that it is being filed under seal pursuant to this Opinion and Order.

3. The Clerk's Office shall maintain the documents under seal pending further order of the Court.

**DONE and ORDERED** at Fort Myers, Florida, this ___22nd___ day of January, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

- 4 -