UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ABSOLUTE ACTIVIST VALUE
MASTER FUND LIMITED,
ABSOLUTE EAST WEST FUND
LIMITED, ABSOLUTE EAST WEST
MASTER FUND LIMITED,
ABSOLUTE EUROPEAN CATALYST
FUND LIMITED, ABSOLUTE
GERMANY FUND LIMITED,
ABSOLUTE INDIA FUND LIMITED,
ABSOLUTE OCTANE FUND
LIMITED, ABSOLUTE OCTANE
MASTER FUND LIMITED, and
ABSOLUTE RETURN EUROPE FUND
LIMITED,

       Plaintiffs,

v.                        Case No:  2:15-cv-328-JES-MRM

SUSAN ELAINE DEVINE,

       Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Time-Sensitive Motion to Enforce Protective Order (Doc. #822) filed on March 21, 2022.  Defendant also filed a Supplement (Doc. #824) on March 24, 2022.  Plaintiffs filed an expedited Opposition (Doc. #830) on March 28, 2022, and on April 13, 2022, defendant filed a Reply Brief in Support (Doc.#841).

On September 14, 2021, the Court vacated its Opinion and Order (Doc. #794) after the Eleventh Circuit found that the voluntary dismissal by plaintiffs stripped the Court of jurisdiction to

consider defendant's post-dismissal motion to modify the protective order. (Doc. #812.) On September 28, 2021, the Court granted an emergency motion for a limited stay pending an appeal to the U.S. Supreme Court and stayed the destruction or return of confidential documents held by plaintiffs pending further order. (Doc. #816.) On January 28, 2022, defendant confirmed the filing of a petition for a writ of certiorari. (Doc. #819.) On March 28, 2022, the Court was notified that the petition was denied. (Doc. #831.) An appeal is currently pending before the Eleventh Circuit from the Court's September 14, 2021 Order (Doc. #817).

Defendant now seeks to "enforce" the Protective Order to enable her to comply with a February 16, 2022, request from the Liechtenstein Regional Court for the confidential documents. Defendant argues that plaintiffs relied on the Protective Order to produce records to the Swiss government, and the allegations in the Liechtenstein court are similar in nature but currently in an investigative stage. Defendant seeks to have plaintiffs turn over the documents to her so that she can then disclose the materials to the Liechtenstein Court. The translated letter from the Liechtenstein court discloses preliminary findings against defendant on suspicion of money laundering, and "courteously" asks counsel to submit documents declared confidential for "clarification of the facts and suspected actions". (Doc. #882-3.)

Plaintiffs respond that the requested relief is "beyond the scope of the protective order." Plaintiffs note the Eleventh Circuit has found that the district court has no jurisdiction to modify the protective order post-dismissal, the protective order contains no authority for the disclosure of documents, and defendant has failed to show that the documents are indeed relevant to the Liechtenstein investigation.

In reply, defendant argues that the protective order remains in effect because the litigation has not yet concluded since an appeal remains pending. Defendant argues that plaintiffs are "presently acting as a bailee with respect to the relevant documents pursuant to an Order of this Court." (Doc. #841, p. 4.) Alternatively, it is argued that plaintiffs are trustees of the documents.

The Court must first examine its jurisdiction to consider the motion in light of the Notice of Appeal which was filed.

> The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); Marrese v. American Academy of Orthopedic Surgeons, 470 U.S. 373, 379 (1985), reh'g denied, 471 U.S. 1062 (1985). The district court retains only the authority to act in aid of the appeal, to correct clerical mistakes or to aid in the execution of a judgment that has not been superseded. See e.g., Matter of Thorpe, 655 F.2d 997 (9th Cir. 1981).

- 3 -

Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n,

Inc., 895 F.2d 711, 713 (11th Cir. 1990).    It appears that

resolution of the pending motion will be an act in aid of the

appeal, which a district court is authorized to do.

The Stipulation and Protective Order states:

> 14. Notwithstanding any provision of this
> Protective Order, the Parties may disclose
> Discovery Material marked as Confidential if
> necessary to comply with a subpoena or court
> order, whether or not originating with the
> Court in this captioned Protective Order;
> pursuant to any other form of legal process
> from any court, any international, federal or
> state regulatory or administrative body, any
> international, federal or state agency, any
> legislative body, or any other person or
> entity; or pursuant to a request for
> information from any international, federal or
> state criminal authority.
>
> . . . .
>
> 18. At the conclusion of this litigation
> (including any appeals) all material
> designated Confidential pursuant to the terms
> of this Protective Order shall either be
> destroyed or returned to the designating
> Party, within sixty (60) days after the
> conclusion of the litigation.
>
> 19. This Protective Order may be modified or
> amended only by an order of this Court or by
> stipulation between the Parties.

(Doc. #64, ¶¶ 14, 18-19.)

Defendant's reliance on the Protective Order is misplaced.

In this case, there is a letter request directed at defendant but

no subpoena or court order.    Plaintiffs' disclosure to Swiss

- 4 -

authorities was voluntary, and the Eleventh Circuit has unequivocally stated that "if a party wishes to enforce the terms of a stipulated protective order following a Rule 41(a)(1)(A)(i) dismissal in federal court, the party can take the stipulated protective order to a state court of general jurisdiction and file a run-of-the-mill breach of contract claim." Absolute Activist Value Master Fund Ltd. v. Devine, 998 F.3d 1258, 1268-69 (11th Cir. 2021), cert. denied sub nom. Devine v. Absolute Activist Value, No. 21-622, 2022 WL 892104 (U.S. Mar. 28, 2022). Alternatively, a *separate suit* for breach may be filed in federal court if the parties are diverse in citizenship and the amount in controversy exceeds $75,000 pursuant to 28 U.S.C. § 1332(a). Id. at 1268 n.9. The Court has no authority to "enforce" the Protective Order as it does not *require* disclosure of confidential discovery, only that the "Parties may disclose" if necessary.[1] Nothing supports defendant's theory that plaintiffs are somehow the holders of documents as bailees or trustees.

Accordingly, it is hereby

**ORDERED:**

---

[1] Also, the Court previously found that "on its face, 28 U.S.C. § 1782 does not apply to plaintiffs as plaintiffs do not reside, nor are they found, in this district." (Doc. #535, p. 9 n.6.)

Defendant's Time-Sensitive Motion to Enforce Protective Order (Doc. #822) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___14th___ day of April 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 6 -